# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 06-~~80108~~ - CIV-RYSKAMP

|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | **PRELIMINARY INJUNCTION** |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| NATIONWIDE CONNECTIONS, INC., | ) | |
| ACCESS ONE COMMUNICATIONS, INC., | ) | |
| NETWORK ONE SERVICES, INC., | ) | |
| WILLOUGHBY FARR, | ) | |
| MARY LOU FARR, | ) | |
| YARET GARCIA, | ) | |
| ERIKA RIABOUKHA, | ) | |
| QAADIR KAID, | ) | |
| | ) | |
| Defendants. | ) | |

FILED by _____ D.C.

MAR - 8 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

On February 27, 2006, the Federal Trade Commission ("FTC" or "Commission") filed a

Complaint for Injunctive and Other Equitable Relief, including consumer redress, pursuant to

Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and applied

*ex parte* for a Temporary Restraining Order and Other Equitable Relief. On that same day, this

Court, having considered the Complaint, Memorandum of Points and Authorities, declarations,

and other exhibits filed in support of Plaintiff's motion, issued a Temporary Restraining Order,

including an asset freeze and appointment of a temporary receiver.

## FINDINGS OF FACT

The Court has considered the pleadings, declarations, exhibits, and memoranda filed in

support of the Commission's motion and finds that:

1.       This Court has jurisdiction over the subject matter of this case, and there is good cause to



believe that it will have jurisdiction over all parties hereto.

2.      There is good cause to believe that Defendants Nationwide Connections, Inc., Access

One Communications, Inc., Network One Services, Inc., Willoughby Farr, Mary Lou

Farr, Yaret Garcia, Erika Riaboukha, and Qaadir Kaid have engaged and are likely to

engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a),

and that the Commission has demonstrated a substantial likelihood of prevailing on the

merits of this action.

3.      There is good cause to believe that immediate and irreparable damage will result from

Defendants' ongoing violations of Section 5(a) of the FTC Act.

4.      There is a substantial likelihood that, absent the continuation of the asset freeze and the

receivership, Defendants will conceal, dissipate, or otherwise divert their assets, and

thereby defeat the possibility of effective final relief in the form of equitable monetary

relief. Defendants have engaged in the widespread unauthorized billing of collect

telephone calls in violation of Section 5 of the FTC Act. Defendants have retained ill-

gotten gains from these practices, and a receiver and asset freeze are reasonably necessary

in order to preserve the possibility of complete and meaningful relief at the conclusion of

this litigation.

5.      Weighing the equities and considering the FTC's substantial likelihood of success on the

merits, issuance of a preliminary injunction with asset freeze and appointment of a

permanent receiver are in the public interest.

6.      Fed. R. Civ. P. 65(c) does not require security of the United States or an officer or agency

thereof for the issuance of a restraining order.

## DEFINITIONS

For the purpose of this Preliminary Injunction Order ("Order"), the following definitions shall apply:

A.  **"Assets"** means any legal or equitable interest in, right to, or claim to any real or personal property of any Defendant, or held for the benefit of any Defendant, wherever located, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," "notes" (as these terms are defined in the Uniform Commercial Code), chattels, leaseholds, contracts, mails, other deliveries, shares of stock, lists of participants, intellectual property, accounts, credits, receivables, cash, and trusts, including, but not limited to, any other trust held for the benefit of any Defendant, any Defendant's minor children, or any Defendant's spouse.

B.  **"Defendants"** means Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Willoughby Farr, Mary Lou Farr, Yaret Garcia, Erika Riaboukha, and Qaadir Kaid. Furthermore, any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of any defendant, and any person or entity in active concert or participation with any of the foregoing who receives actual notice of this Order by personal service or otherwise, is bound to comply with this Order, whether those persons or entities are acting directly or through a trust, corporation, subsidiary, division, or other device. *See* Fed. R. Civ. P. 65(d).

C.  **"Document"** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence,

3

including e-mail and instant messages, photographs, audio and video recordings, computer records, whether active or inactive, and any other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

D.  **"Individual Defendants"** means Willoughby Farr, Mary Lou Farr, Yaret Garcia, Erika Riaboukha, and Qaadir Kaid.

E.  **"Long Distance Service Provider"** means an entity that transports long distance telephone calls.

F.  **"Plaintiff"** means the Federal Trade Commission.

G.  **"Receiver"** shall mean the receiver appointed in Paragraph VIII of this Order. The term "receiver" also includes any deputy receivers as may be named by the receiver.

H.  **"Receivership Defendants"** means: (1) Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc.; (2) the following affiliated entities acting in active concert or participation with them or the Individual Defendants, namely 411TXT, Inc., CELL-INFO-USA, Inc., Enhanced Billing Services, Inc., Toll Free Connect, Inc., Cripple Creek Holdings, LLC, Built to Last, LLC, Not Fade Away, LLC, He's Gone, LLC, The Other One, LLC, Turn on Your Love Light, LLC, China Cat Sunflower, LLC, Lazy River Road Holdings, LLC; and (3) any affiliates, fictitious names, subsidiaries, successors, assigns or d/b/as of the aforementioned entities.

I.  **"TRO"** means the *Ex Parte* Temporary Restraining Order with Asset Freeze and Other Equitable Relief issued by the Court in this matter on February 27, 2006.

4

## PROHIBITED BUSINESS ACTIVITIES

### I.

**IT IS THEREFORE ORDERED** that Defendants, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from directly or indirectly misrepresenting, expressly or by implication, that a consumer is obligated to pay any charge that has not been expressly authorized by the consumer.

### II.

**IT IS FURTHER ORDERED** that Defendants are hereby restrained and enjoined from billing or submitting any charge for billing on a consumer's telephone bill.

### ASSET FREEZE

### III.

**IT IS FURTHER ORDERED** that Defendants, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from:

A.     Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, reserve accounts, contracts, consumer lists, shares of stock, or other assets, or any interest therein, wherever located, that are:  (1) owned or controlled by any Defendant, in whole or in part, for the benefit of any Defendant; (2) in the actual or constructive possession of any Defendant; or (3) owned, controlled by, or in the actual or constructive possession of any

5

corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by

any Defendant, including, but not limited to, Cripple Creek Holdings, LLC, 411TXT, Inc., CELL-

INFO-USA, Inc., Enhanced Billing Services, Inc., Toll Free Connect, Inc., and any assets held by

or for, or subject to access by, any of Defendants, at any bank or savings and loan institution, or

with any broker-dealer, escrow agent, title company, commodity trading company, precious

metals dealer, billing aggregator, or other financial institution or depository of any kind;

B.      Opening or causing to be opened any safe deposit boxes titled in the name of any

Defendant or any Defendant's minor child or any Defendant's spouse, or subject to access by any

of them;

C.      Incurring charges or cash advances on any credit card issued in the name, singly or

jointly, of any Defendant;

D.      Obtaining a personal or secured loan; and

E.      Incurring liens or other encumbrances on real property, personal property or other

assets in the name, singly or jointly, of any Defendant.

*Provided further*, the assets affected by this Paragraph shall include: (1) all assets of

Defendants as of the time the TRO was entered; and (2) for assets obtained after the time the TRO

was entered, only those assets of Defendants that are derived from the actions alleged in the

Commission's Complaint.

## FINANCIAL REPORTS AND ACCOUNTING

### IV.

**IT IS FURTHER ORDERED** that, to the extent that Defendants have not complied with

Section III of the TRO, each Defendant shall immediately:

6

A.     Prepare and deliver to counsel for the FTC completed financial statements on the forms attached to the TRO as Attachments A and B, for themselves, individually or as corporations, and for each business entity under which they conduct business, or of which they are an officer, and for each trust of which they are a trustee. The financial statements shall be accurate as of the date of entry of the TRO; and

B.     Provide the Commission with a statement, verified under oath and accurate as of the date of entry of the TRO, detailing the name, address, and telephone number for each accountant, financial planner, investment advisor, stock broker, or other person who provided any Defendant with financial, business, or tax advice or services since January 1, 2004.

*Provided further,* the Commission and the Permanent Receiver are immediately authorized to issue subpoenas to demand the production of documents from any person or entity relating to the nature, status, extent, location or other relevant information relating to Defendants' assets, income, and financial records.

### FOREIGN ASSET REPATRIATION

### V.

**IT IS FURTHER ORDERED** that, to the extent that Defendants have not complied with Section IV of the TRO, each Defendant shall immediately:

A.     Provide the Commission and the Receiver with a full accounting of all funds, documents, and assets outside of the United States that are: (1) titled in the name, individually or jointly, of any Defendant or the spouse of any Defendant; or (2) held by any person or entity for the benefit of any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant;

B.  Transfer to the territory of the United States and deliver to the Receiver all funds, documents, and assets located in foreign countries that are: (1) titled in the name, individually or jointly, of any Defendant or the spouse of any Defendant; or (2) held by any person or entity, for the benefit of any Defendant; or (3) under any Defendant's direct or indirect control, whether jointly or singly; and

C.  Provide the Commission access to all records of accounts or assets of the Defendants held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records attached to the TRO as Attachment C.

## INTERFERENCE WITH REPATRIATION

## VI.

**IT IS FURTHER ORDERED** that Defendants, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by the preceding Paragraph V of this Order, including but not limited to:

A.  Sending any statement, letter, fax, e-mail or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all assets have been fully repatriated pursuant to Paragraph V of this Order; and

B.  Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time that all assets have been fully repatriated pursuant to Paragraph V

of this Order.

## RETENTION OF ASSETS AND RECORDS BY FINANCIAL INSTITUTIONS

## VII.

**IT IS FURTHER ORDERED** that any financial or brokerage institution, business entity, or person served with a copy of this Order that holds, controls, or maintains custody of any account or asset of any Defendant, or has held, controlled or maintained custody of any such account or asset at any time since the date of entry of this Order, shall:

A. Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, conversion, sale, or other disposal of any such asset except by further order of the Court;

B. Deny the Defendants access to any safe deposit box that is:

  1. titled in any Defendants' name, individually or jointly; or

  2. otherwise subject to access by any Defendant;

C. To the extent that such information has not already been provided to the Commission, provide the Commission's counsel, within five (5) business days of receiving a copy of this Order, a sworn statement setting forth:

  1. the identification number of each such account or asset titled in the name, individually or jointly, of a Defendant, or held on behalf of, or for the benefit of a Defendant;

  2. the balance of each such account, or a description of the nature and value of each such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the

9

date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

3.    the identification of any safe deposit box that is titled in the name, individually or jointly, of a Defendant, or is otherwise subject to access by a Defendant.

D.    Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to each such account or asset, including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs. Any such financial institution, account custodian, or other aforementioned entity may arrange for the Commission to obtain copies of any such records which the Commission seeks.

## APPOINTMENT OF PERMANENT RECEIVER

## VIII.

**IT IS FURTHER ORDERED** that David R. Chase of David R. Chase, P.A. is appointed as Permanent Receiver for the Receivership Defendants. The Receiver shall be the agent of this Court, and solely the agent of this Court, in acting as Receiver under this Order. The Receiver shall be accountable directly to this Court. The Receiver shall comply with all Local Rules and laws governing federal equity receivers.

## RECEIVER'S DUTIES

## IX.

**IT IS FURTHER ORDERED** that the Receiver is authorized and directed to accomplish the following:

A.      Assume full control of the Receivership Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of any of the Receivership Defendants, including any Defendant, from control of, management of, or participation in, the affairs of the Receivership Defendants;

B.      Take exclusive custody, control, and possession of all assets and documents of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated. The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of the Receivership Defendants and other persons or entities whose interests are now held by, or are under the direction, possession, custody, or control of, the Receivership Defendants. The Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to the Receivership Defendants. *Provided, however*, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer was a victim of the unfair or deceptive acts or practices alleged in the Complaint in this matter, without prior Court approval;

C.      Take all steps necessary to secure each location from which the Receivership Defendants operate their business. Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable: (1) serving this Order; (2) completing a written inventory of all receivership assets; (3) obtaining pertinent information from all employees

11

and other agents of the Receivership Defendants, including, but not limited to, the name, home address, social security number, job description, passwords or access codes, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) photographing and video taping any or all portions of the location; (5) securing the location by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at that location; and (6) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or assets of the Receivership Defendants. Law enforcement personnel, including, but not limited to, police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security;

D.     Conserve, hold, and manage all assets of the Receivership Defendants, and perform all acts necessary or advisable to preserve the value of those assets in order to prevent any irreparable loss, damage, or injury to consumers or creditors of the Receivership Defendants, including, but not limited to, obtaining an accounting of the assets and preventing unauthorized transfer, withdrawal, or misapplication of assets;

E.     Enter into contracts and purchase insurance as advisable or necessary;

F.     Prevent the inequitable distribution of assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Receivership Defendants;

G.     Manage and administer the business of the Receivership Defendants until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or

necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents;

     H.     Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

     I.     Have the sole authority to hire legal counsel on behalf of any of the Receivership Defendants;

     J.     Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of or exercising the authority granted by this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendants prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure assets of the Receivership Defendants, such as rental payments;

     K.     Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the assets of the Receivership Defendants, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

     L.     Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or against the Receivership Defendants, as the Receiver deems necessary and advisable to preserve the assets of the Receivership Defendants, or as the Receiver deems necessary and advisable to

carry out the Receiver's mandate under this Order;

M.     Continue to conduct the business, or cease operation of the business, of the Receivership Defendants in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary or appropriate to operate the businesses profitably and lawfully, if at all; *provided that*, the continuation and conduct of the business shall be conditioned upon the Receiver's good faith determination that the businesses can be lawfully operated at a profit using the assets of the receivership estate;

N.     Immediately issue subpoenas and conduct discovery, including depositions, to obtain documents, records, and information pertaining to the receivership on behalf of the receivership estate;

O.     Open one or more bank accounts as designated depositories for funds of the Receivership Defendants. The Receiver shall deposit all funds of the Receivership Defendants in such a designated account and shall make all payments and disbursements from the receivership estate from such an account. The Receiver shall serve copies of monthly account statements on all parties;

P.     Maintain accurate records of all receipts and expenditures that he makes as Receiver; and

Q.     Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency.

## COOPERATION WITH THE RECEIVER

### X.

**IT IS FURTHER ORDERED** that Defendants and all other persons or entities served

14

with a copy of this Order shall fully cooperate with and assist the Receiver. This cooperation and assistance shall include, but not be limited to, providing information to the Receiver that the Receiver deems necessary in order to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any password required to access any computer, electronic file, or telephonic data in any medium; and advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver. Defendants and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from directly or indirectly:

    A.      Transacting any of the business of the Receivership Defendants;

    B.      Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of the Receivership Defendants, including, but not limited to, books, records, accounts, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations, electronically-stored records, or any other papers of any kind or nature;

    C.      Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants, or the Receiver;

    D.      Excusing debts owed to the Receivership Defendants;

    E.      Failing to notify the Receiver of any asset, including accounts, of a Receivership Defendant held in any name other than the name of the Receivership Defendant, or by any person or entity other than the Receivership Defendant, or failing to provide any assistance or

information requested by the Receiver in connection with obtaining possession, custody, or control of such assets; and

F.  Doing any act or refraining from any act whatsoever to interfere with the Receiver managing, or taking custody, control, or possession of, the assets or documents subject to this receivership; or to harass or interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## DELIVERY OF RECEIVERSHIP PROPERTY

### XI.

**IT IS FURTHER ORDERED** that:

A.  Immediately upon service of this Order upon them, or within such period as may be permitted by the Receiver, Defendants and any person or entity served with a copy of this Order shall transfer or deliver possession, custody, and control of the following to the Receiver:

1.  All assets of the Receivership Defendants;

2.  All documents of the Receivership Defendants, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

3.  All assets belonging to members of the public now held by the Receivership Defendants; and

16

4.      All keys, codes, and passwords necessary to gain or to secure access to any assets or documents of the Receivership Defendants, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property.

B.      In the event any person or entity fails to deliver or transfer any asset or otherwise fails to comply with any provision of this Paragraph, the Receiver may file *ex parte* an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the asset, document, or other thing and to deliver it to the Receiver.

## TRANSFER OF FUNDS TO THE RECEIVER

## XII.

**IT IS FURTHER ORDERED** that, upon service of a copy of this Order, all banks, broker-dealers, savings and loans, escrow agents, title companies, commodity trading companies, precious metals dealers and other financial institutions and depositories of any kind, and all third-party billing agents, local exchange carriers, common carriers, and other telecommunications companies shall cooperate with all reasonable requests of the FTC and the Receiver relating to implementation of this Order, including transferring funds at the Receiver's direction and producing records related to the assets and sales of the Receivership Defendants.

## COMPENSATION OF RECEIVER

## XIII.

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, in the possession or control of, or which may be received by, the Receivership Defendants. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## PRODUCTION OF RECORDS

## XIV.

**IT IS FURTHER ORDERED** that, to the extent that Defendants have not complied with Section XIV of the TRO with respect to producing: (1) documents owned by or in the custody or control of the Defendants concerning Defendants' business practices or finances; or (2) computers owned by or in the custody or control of the Defendants that are being used or have been used in connection with Defendants' business practices or finances, which documents or computers were not located at the Defendants' business premises at 215 Fifth Street, Suite 306, West Palm Beach, Florida 33401 during the Immediate Access that took place on March 1, 2006, each Defendant shall immediately identify and produce to the Receiver such documents and computers for copying and inspection. Any such computers shall immediately be powered down (turned off) in

the normal course for the operating systems used on such computers and shall not be used until produced for copying and inspection, along with any codes needed for access.

B.      Defendants and all employees or agents of Defendants shall provide the FTC and the Receiver with any necessary means of access to documents and records, including, without limitation, the locations of Defendants' business premises, keys and combinations to locks, computer access codes, and storage area access information.

C.      To the extent that Defendants have not complied with Section XIV of the TRO, each Defendant shall produce to the Receiver a list of all agents, employees, officers, servants and those persons in active concert and participation with them, who have been associated or done business with the Receivership Defendants.

## DEFENDANTS' ACCESS TO THEIR BUSINESS PREMISES

## XV.

**IT IS FURTHER ORDERED** that the Receiver shall allow the Defendants and their representatives reasonable access to the premises of the Receivership Defendants. The purpose of this access shall be to inspect and copy any and all books, records, accounts, and other property owned by or in the possession of the Receivership Defendants. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

## PRESERVATION OF RECORDS

## XVI.

**IT IS FURTHER ORDERED** that Defendants, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from destroying, erasing, mutilating, concealing, altering,

transferring, writing over, or otherwise disposing of, in any manner, directly or indirectly, any documents or records of any kind that relate to the business practices or business or personal finances of Defendants, including but not limited to, computerized files and storage media, contracts, accounting data, correspondence, advertisements, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, and other documents or records of any kind that relate to the business practices or business or personal finances of Defendants.

## RECORD KEEPING/BUSINESS OPERATIONS

### XVII.

**IT IS FURTHER ORDERED** that Defendants are hereby restrained and enjoined from:

A.      Failing to create and maintain documents that, in reasonable detail, accurately, fairly, and completely reflect their incomes, disbursements, transactions, and use of money; and

B.      Creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first providing the Commission with a written statement disclosing:  (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers and employees; and (4) a detailed description of the business entity's intended activities.

## IDENTIFICATION OF PROVIDERS AND CUSTOMERS

### XVIII.

**IT IS FURTHER ORDERED** that, to the extent that Defendants have not complied with

Section XVIII of the TRO, Defendants shall:

A.     Prepare and deliver to counsel for Plaintiff a completed statement, verified under oath and accurate as of the date of entry of this Order, identifying each long distance service provider that provided services to consumers in connection with any collect calls that were billed on behalf of Defendants; and

B.     Prepare and deliver to counsel for Plaintiff a completed statement, verified under oath and accurate as of the date of entry of this Order, detailing the collect calls that were billed on behalf of Defendants during 2005, including the calling telephone numbers, the recipient telephone numbers, and the date and time of the calls.

## STAY OF ACTIONS

### XIX.

**IT IS FURTHER ORDERED** that:

A.     Except by leave of this Court, during pendency of the receivership ordered herein, Defendants, and all customers, principals, investors, creditors, stockholders, lessors, and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of the Defendants, and all others acting for or on behalf of such persons, including attorneys, trustees, agents, sheriffs, constables, marshals, and other officers and their deputies, and their respective attorneys, servants, agents and employees, be and are hereby stayed from:

1.     Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding against a Receivership Defendant, except that such actions may be filed to toll any applicable statute of limitations;

2.     Accelerating the due date of any obligation or claimed obligation against a

Receivership Defendant; filing or enforcing any lien against a Receivership

Defendant; taking or attempting to take possession, custody, or control of

any asset of a Receivership Defendant; attempting to foreclose, forfeit,

alter, or terminate any interest in any asset of a Receivership Defendant,

whether such acts are part of a judicial proceeding, are acts of self-help, or

otherwise;

3. Executing, issuing, serving, or causing the execution, issuance or service

of, any legal process against a Receivership Defendant, including, but not

limited to, attachments, garnishments, subpoenas, writs of replevin, writs of

execution, or any other form of process whether specified in this Order or

not;

4. Causing any Receivership Defendant to be placed in involuntary

bankruptcy; or

5. Doing any act or thing whatsoever to interfere with the Receiver managing,

or taking custody, control, or possession of, the assets or documents subject

to this receivership, or to harass or interfere with the Receiver in any way,

or to interfere in any manner with the exclusive jurisdiction of this Court

over the assets or documents of the Receivership Defendants.

B. This paragraph does not stay the commencement or continuation of a criminal action

or proceeding.

## DISTRIBUTION OF ORDER BY DEFENDANTS

## XX.

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate marketer, sub-affiliate marketer, affiliate, billing aggregator, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, client company, agent, attorney, spouse and representative of Defendants, and shall, within ten (10) days from the date of entry of this Order, provide the Commission with a sworn statement that Defendants have complied with this provision of the Order, which statement shall include the names, physical addresses, and e-mail addresses of each such person or entity who received a copy of the Order.

## SERVICE OF ORDER

## XXI.

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission or email, upon any financial institution or other entity or person that may have possession, custody, or control of any documents of any Defendant, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

## CONSUMER CREDIT REPORTS

## XXII.

**IT IS FURTHER ORDERED** that, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish a consumer report concerning Defendants to the Commission.

## SERVICE UPON PLAINTIFF

### XXIII.

**IT IS FURTHER ORDERED** that, with regard to any correspondence or pleadings related to this Order, service on the Commission shall be performed electronically or by overnight mail to the attention of Laura Kim at the Federal Trade Commission, 600 Pennsylvania Avenue, NW, Room H-238, Washington, DC 20580.

### RETENTION OF JURISDICTION

### XXIV.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

SO ORDERED, this ___8___ day of ___March___, 2006, at _10 35_ a.m.



KENNETH L. RYSKAMP
United States District Judge

24