SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MICHAEL H. AHRENS, Cal. Bar No. 44766
STEVEN B. SACKS, Cal. Bar No. 98875
JEFFREY K. REHFELD, Cal. Bar No. 188128
ORI KATZ, Cal. Bar No. 209561
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947

Proposed Attorneys for The Billing Resource, dba Integretel

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

[SAN JOSE DIVISION]

| | |
|---|---|
| In re<br><br>THE BILLING RESOURCE, dba INTEGRETEL, a California corporation,<br><br>            Debtor.<br><br>Tax ID: 33-0289863 | Case No. 07-52890<br><br>Chapter 11 |
| THE BILLING RESOURCE, dba INTEGRETEL, a California corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>FEDERAL TRADE COMMISSION, and DAVID R. CHASE, not individually, but solely in his capacity as receiver for Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., 411TXT, Inc., CELL-INFO-USA, INC., Enhanced Billing Services, Inc., Toll Free Connect, Inc., Cripple Creek Holdings, LLC, Built to Last, LLC, Not Fade Away, LLC, He's Gone, LLC, The Other One, LLC, Turn on Your Love Light, LLC, China Cat Sunflower, LLC, Lazy River Road Holdings, LLC,<br><br>            Defendants. | Adv. Proc. No. 07-05156<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF REQUEST FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION AND DECLARATORY RELIEF**<br><br>Date:     October 2, 2007<br>Time:     2:00 p.m.<br>Place:    United States Bankruptcy Court<br>           280 South First Street<br>           San Jose, California<br>Judge:    Hon. Arthur S. Weissbrodt<br>Courtroom: 3020 |

1. This Supplemental Memorandum is filed regarding the pending motion by the Debtor for a Temporary Restraining Order and Order to Show Cause ("TRO Motion") against the Federal Trade Commission ("FTC") and the court-appointed Receiver in the Florida Action. The Court gave the Debtor leave to file a Supplemental Memorandum and additional supporting evidence prior to a hearing set for October 2, 2007 at 2:00 p.m.

2. The Debtor has not heard anything from the FTC as to whether it will accept the Court's suggestion that the parties request an agreed order from the Florida Court giving the parties three weeks of "breathing room" in the present litigation schedule. The Debtor continues to believe that it is extremely important to the success of its reorganization that the Florida Action be stayed as to the Debtor, not just for the next three weeks but for the three to five months that it will likely take to confirm a plan of reorganization. The Debtor has submitted a Supplemental Declaration from the Debtor's President, Ken Dawson to address the "breathing period" stay that shows that Mr. Dawson has his hands full running and reorganizing his company without having to also stay on top of the Florida Action, which has been marked by frequent emergency motions, sudden rulings, and demands that Mr. Dawson come to Florida on a moment's notice to appear in court and testify.

3. What is before the Court now is the Debtor's request for a temporary restraining order and an order to show cause for a preliminary injunction. The Debtor's original Memorandum showed that this Court can enjoin the Florida Litigation if it "threatens the integrity" of the bankruptcy estate. <u>Solidus Networks, Inc. v. Excel Innovations, Inc. (In re Excel Innovations, Inc.)</u>, ___ F.3d ___, 2007 WL 2555941, 07 Cal. Daily Op. Serv. 10,857, 10,859 (9th Cir. 9/7/2007). Here, the Debtor needs to devote its efforts toward saving its business through a bankruptcy reorganization. If it is instead diverted to addressing the pending regulatory proceeding brought by the FTC then it may turn out that there is nothing to regulate because the Debtor is out of business.

4. The Debtor requests that the Court issue the TRO to enjoin prosecution of the Florida Action against the Debtor based on findings that (1) that the Debtor has a reasonable likelihood of reorganization based on the limited time it has had to pursue these

-1-

1  activities; (2) the Florida Action has been and will continue, unless stayed, to divert the
2  Debtor's personnel from focusing their attention on their business and its reorganization;
3  (3) that the Florida Action will be very expensive for the Debtor to defend in light of its
4  available resources; (4) that the FTC will not suffer any significant hardship from being
5  delayed in the prosecution of this case during the pendency of a TRO and thus the balance
6  of hardships tips in favor of the Debtor; (5) that a TRO would further the public interest in
7  fostering bankruptcy reorganizations and would not significantly interfere with the
8  regulatory goals being pursued by the FTC in the Florida Action.

9       The evidence before the Court justifies issuance of a stay for a period longer than
10  that of a TRO, but the Court can and should issue the TRO now and consider the matter
11  further at a preliminary injunction hearing in mid-October.

12  Dated: September 28, 2007

                                  Respectfully submitted,

                                  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                                  By        /s/ Steven B. Sacks
                                         STEVEN B. SACKS
                              Proposed Attorneys for Debtor The Billing
                                    Resource, dba Integretel