WILLIAM BLUMENTHAL
General Counsel

MICHAEL P. MORA
Federal Trade Commission
600 Pennsylvania Ave. NW, Room NJ-2121
Washington, DC  20580
Telephone:  (202) 326-3373
Facsimile:   (202) 326-2558
Email: mmora@ftc.gov

ATTORNEY FOR FEDERAL
TRADE COMMISSION

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>THE BILLING RESOURCE, dba Integretel, a California corporation,<br><br>                  Debtor<br><br>THE BILLING RESOURCE, d/b/a INTEGRETEL, a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL TRADE COMMISSION, et al.<br><br>    Defendants. | **Case No. 07-52890**<br><br>Chapter 11<br><br>Adv. Proc. No. 07-05156<br><br>FEDERAL TRADE COMMISSION'S SUPPLEMENTAL OPPOSITION TO DEBTOR'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION AND DECLARATORY RELIEF<br><br>Date:  October 2, 2007<br>Time:  2:00 p.m.<br>Ctrm:  3020 |

      The Federal Trade Commission ("Commission") supplements its opposition to Integretel's Emergency Motion for Temporary Restraining Order as follows[1]:

---

[1] The Commission intends that neither this Supplemental Opposition nor any later appearance, pleading, claim, or suit shall waive: (1) the FTC's right to have final orders in noncore matters entered only after *de novo* review by a District Court Judge; (2) the FTC's right to have the District Court withdraw the reference in any matter subject to mandatory or

-1-

**PRELIMINARY STATEMENT**

In our opening brief, we showed that the Commission's prosecution of its Enforcement Action against Integretel is excepted from the automatic stay pursuant to the governmental regulatory exception, 11 U.S.C. § 362(b)(4). Florida District Court Judge Ryskamp has so held in the Enforcement Action. And Integretel does not argue otherwise in this proceeding. We further showed that enjoining the Enforcement Action pursuant to section 105 of the Bankruptcy Code, 11 U.S.C. § 105, would be improper as a matter of law, and that, in any event, Integretel has made no evidentiary showing – nor can it – of the extraordinary circumstances upon which such an injunction could be based.

At the September 26, 2007 hearing on Integretel's Cash Collateral Motion and TRO Motion, this Court specifically indicated to Integretel's counsel that Integretel had not submitted sufficient evidence regarding projected litigation expenses during the 2-3 week period that a TRO, if granted, would likely be in effect.[2] The Court gave Integretel an opportunity to supplement the record on that point, and continued the TRO hearing until October 2, 2007. Instead, Integretel submitted a terse and conclusory supplemental memorandum and declaration, devoid of any such evidence. For that reason alone, the Court should deny the TRO.

---

discretionary withdrawal; or (3) any other rights, claims, actions, defenses, setoffs, recoupments, or remedies to which the FTC is or may be entitled, in law or equity, all of which rights, claims, actions, defenses, setoffs, recoupments and remedies the FTC expressly reserves.

[2] At the September 26 hearing, Integretel and the Federal Receiver in the District Court Action announced on the record an agreement, suggested by the Court, whereby those parties agreed to temporarily resolve the Federal Receiver's objections to the Cash Collateral Motion by, *inter alia* (i) requiring Integretel to set aside approximately $1.7 million in a separate blocked account, and (ii) requiring those parties to jointly move before the Florida District Court in the Enforcement Action for a three week stay of the Contempt Proceeding in that action. Counsel for the FTC noted on the record that the Commission did not agree to those terms, but would not object to them. Accordingly, the FTC understands that the continued hearing on the TRO on October 2, 2007, will be limited to Integretel's request to enjoin the FTC's continued prosecution of the Enforcement Action against Integretel.

Moreover, with this Supplemental Opposition, the Commission submits a Declaration of FTC Counsel Laura Kim establishing beyond doubt that Integretel cannot make such a showing. All discovery in the Enforcement Action is set to close at the end of this week, Friday, October 5, 2007. All written and deposition discovery of and by Integretel has already been completed. The remaining depositions were either noticed by others of the 17 defendants in the Enforcement Action or the FTC. *See* Kim Dec. ¶¶ 14-18. Also, although summary judgment motions are due November 6, 2007, Integretel admits that it does not intend to seek summary judgment. Thus, even if it is within the Court's discretion to enjoin, even temporarily, the Commission's Enforcement Action pursuant to section 105, for these reasons and other reasons set forth below, Integretel has not and cannot make the case that it meets the stringent standard for such extraordinary injunctive relief.

**ARGUMENT**

**I. Under Controlling Case Law, Enjoining the FTC's Enforcement Action Is Improper.**

As we showed in our opening brief, courts have held that bankruptcy courts may be authorized to enjoin federal agency action, but only in the rarest circumstances. The Supreme Court in *Board of Governors of the Fed. Reserve Sys. of the United States v. MCorp Fin., Inc.*, 502 U.S. 32 (1991), however, has cast considerable doubt on whether the police and regulatory powers exemption can *ever* be circumvented by a § 105 injunction. *Id.* at 40 (holding that halting administrative agency proceedings on grounds that they may potentially "affect the Bankruptcy Court's control over the property of the estate . . . would . . . render subsection (b)(4)'s [police and regulatory powers] exception almost meaningless").

Although issuance of an injunction under § 105 is in the first instance committed to the bankruptcy court's discretion, given the important public policy goals at stake where the regulatory and police powers exception to the automatic stay applies, the Court should be highly circumspect in exercising that discretion. *See id.* at 40 (police and regulatory powers exemption

reflects "the broad discretion Congress has expressly granted many administrative agencies and . . . the limited authority Congress has vested in bankruptcy courts"); *Midlantic Bank v. New Jersey Dep't of Envtl. Protection*, 474 U.S. 494, 502 (1986) ("Congress has repeatedly expressed its legislative determination that the trustee is not to have carte blanche to ignore nonbankruptcy law"); *Nathanson v. NLRB*, 344 U.S. 25, 30 (1952) ("where the matter in controversy has been entrusted by Congress to an administrative agency, the bankruptcy court should normally stay its hand . . . ."). *See also In re First Alliance Mortgage Co. ("FAMCO")*, 264 B.R. 634, 647-51 (C.D. Cal. 2001) (reversing the bankruptcy court and holding that FTC's action to enforce consumer protection laws falls within the § 362(b)(4) exemption from the stay and should not be enjoined under § 105); *In re Tucson Yellow Cab Co.*, 27 B.R. 621, 622 (B.A.P. 9th Cir. 1982) (vacating § 105 injunction on grounds that "the issuance of back pay orders and other monetary awards is an inseparable part of the exclusive authority given the NLRB to 'prevent any person from engaging in any unfair labor practice . . . affecting commerce'"); *In re Compton Corp.*, 90 B.R. 798, 806-07 (N.D. Tex. 1988) (holding that a § 105 injunction of a DOE action was an abuse of discretion and suggesting that § 105 did not give the bankruptcy court power to enjoin a regulatory or police powers action).

**II.    Integretel Has Failed to Show Any Extraordinary Circumstances Upon Which an Injunction Against the FTC's Action Could Be Based.**

Integretel argues that the Debtor would suffer "significant" harm in the form of litigation expenses, which would constitute a "threat" to the bankruptcy estate, if the FTC's Enforcement Action is not stayed. In reversing a bankruptcy court and rejecting that very same argument under analogous circumstances in *FAMCO,* District Court Judge Carter of the Central District of California noted that the general standard for enjoining a regulatory action under § 105 is closely tied to the irreparable injury prong of the test for injunctive relief. 264 B.R. at 653. In general, the court held, litigation costs do not constitute irreparable injury. 264 B.R. at 656

(*citing EEOC v. Rath Packing Co.*, 787 F.2d 318, 325 (8th Cir. 1985).[3]  If they did, then virtually any contested regulatory action proceeding in a non-bankruptcy forum would constitute a "threat" to the estate, and the regulatory and police powers exception would be rendered a nullity.  *See* 264 B.R. at 654.  Law enforcement would come to a grinding halt in any instance where a defendant in a regulatory action filed for bankruptcy.

The relevant comparison, the *FAMCO* court held, is <u>not</u> between the debtor's costs of defending itself against the government's enforcement action in the non-bankruptcy forum or not defending them at all, but rather between defending itself in the non-bankruptcy forum, and defending itself in the bankruptcy proceeding.  After all, unless the non-bankruptcy litigation is concluded, to establish a bankruptcy claim against the debtor, many of the same facts have to be established in the bankruptcy court.  264 B.R. at 656.

Applying that standard here, enjoining the FTC's Enforcement Action against Integretel, a proceeding with 17 defendants in which discovery of and by all parties, including Integretel, has virtually been completed, would likely increase, rather than decrease, the litigation costs to the estate.  For example, it could require the parties to redo discovery that has already been completed in the Enforcement Action.  In the long run, under the injunction proposed by Integretel, where the non-bankruptcy litigation would resume after Integretel emerges from bankruptcy, Integretel would again face the costs of litigating the Enforcement Action to its conclusion.

---

[3] *See also Davis v. Sheldon (In re Davis)*, 691 F.2d 176, 178 (3d Cir. 1982) (the cost, anxiety, and inconvenience of defending oneself do not constitute irreparable injury); *In re Allegheny Health, Educ. and Research Found.*, 252 B.R. 309, 331 (W.D. Pa. 1999) (inconvenience of having to appear in two forums cannot form basis for finding of substantial harm); *In re Todd Shipyards Corp.*, 92 B.R. 600, 603 (Bankr. D.N.J. 1988) (litigation expenses do not constitute an injury sufficient to justify enjoining litigation against a debtor); *Nicholas, Inc. v. NLRB*, 55 B.R. 212, 218 (D.N.J. 1985) (litigation expenses do not constitute "threat" to the estate, absent detailed showing by debtor).

As the court further held in *FAMCO*, in determining whether such extraordinary injunctive relief is warranted, the Court must also consider the harm to the Commission of not being able to proceed with its action in its chosen forum, here, the Florida District Court. 264 B.R. at 659. Through its Enforcement Action, the Commission seeks *only* equitable relief against the defendants in that action, including Integretel. Beyond monetary injunctive relief in the form of disgorgement of ill-gotten gains and restitution to consumer victims, the FTC seeks a permanent injunction halting Integretel's allegedly unlawful practices, rescission of contracts, and a claims procedure whereby restitution can be made to thousands of consumer victims who paid for unauthorized charges on their phone bills, many of whom are not likely aware of or likely to file claims in this bankruptcy proceeding. This Bankruptcy Court would not be able to grant all such equitable relief.

Being enjoined from proceeding in its chosen forum, the Florida District Court, would also harm the FTC in other critical ways. The court in *FAMCO* observed:

> [T]he hardship to the governmental units of not being allowed to proceed with their actions in their chosen forums includes harms different in character from the harms normally considered on motions for injunctions under § 105. Being able to have a claim determined by the bankruptcy court is qualitatively different from proceeding with a lawsuit in home forums. As Congress recognized when it created the regulatory and police powers exception, the goals of public policy, punishment, and deterrence may sometimes conflict with the goals of maximizing an individual estate's assets and efficiently processing claims. It is the former goals, which are difficult if not impossible to measure in dollars and cents, that are impaired when a governmental unit loses the ability to enforce its laws in its own forum.
>
> Considering deterrence in particular, the harm to the governmental units must be measured with a broader perspective in mind than these parties alone. The bankruptcy court and First Alliance are undoubtedly correct that there will be more money to distribute to borrowers in this case if the separate actions are not allowed to proceed. However, the governmental units are entitled to make the choice that, over time, similarly situated borrowers and consumers benefit more when companies do not violate the law in part because they know that bankruptcy will not provide a way out when their wrongs are discovered. In any given case, reasonable minds could disagree about the marginal costs and the marginal benefits of different approaches and which will maximize the wealth and happiness of the greatest number of people. **The point is that it is the governmental units charged with enforcing consumer protection laws,**

**governmental units that are responsive to the political will of the people, that should be the ones to make the choice, not the bankruptcy court.**

264 B.R. at 659 (emphasis added).

The Commission's need for permanent injunctive relief from the Florida District Court barring Integretel's allegedly unlawful business practices and other equitable relief, and the important public policy goals at stake, are particularly acute here.  As set forth in the Declaration of FTC Counsel Laura Kim, pursuing phone billing aggregators such as Integretel is a vital enforcement strategy that the Commission has pursued to curb the insidious and unlawful practice of "cramming" unauthorized charges on consumers' phone bills.  Kim Dec. ¶ 22. Aggregators, after all, are the ones who provide unscrupulous, alleged service providers with the access and ability to abuse the telephone billing system.  Since 1998, the FTC has filed numerous actions against telephone billing aggregators and obtained appropriate injunctive and monetary equitable relief. *Id*.

More to the point, this is not the first time that the FTC has sued Integretel.  In 2000, the FTC sued Integretel for its role in billing and collecting charges in an international internet pornography case. Kim Dec. ¶ 19.  That litigation was settled as to Integretel in 2002 pursuant to a stipulated final order and permanent injunction.  Despite that court order, in 2006, the Commission had to file suit against Integretel yet again in the subject Enforcement Action, for allegedly unlawful telephone billing and collection practices.  Integretel also acted as the telephone billing aggregator for the defendants in at least three cramming cases that the FTC brought between 2000-2002.  Kim Dec. ¶ 20.  A number of state law enforcement authorities have also commenced regulatory proceedings in the past against Integretel.  Kim Dec. ¶ 21.

Moreover, although the Enforcement Action at issue here concerns unauthorized charges billed by the Nationwide Connections defendants and Integretel from mid-2003 onwards, the FTC has obtained strong evidence indicating that Integretel billed unauthorized charges for a

daisy chain of predecessor entities controlled by the Nationwide defendants and their principals, dating back to at least 2001. Kim Dec. ¶¶ 23-27.

Integretel has failed to address the harm that would result to the FTC if it were enjoined from pursuing its consumer protection action against Integretel in the Florida District Court. In fact, the FTC has shown irreparable injury on the grounds that the Bankruptcy Court lacks jurisdiction to afford it complete relief. Integretel, however — who bears the burden of showing irreparable injury — has provided no evidence of cognizable injury at all. The expenditure of attorney's fees and the inconvenience of litigation do not constitute irreparable injury for purposes of Section 105. Integretel's "evidence" on this issue is sorely lacking, as this Court has observed. A look at the record evidence produced by Integretel reveals only a conclusory declaration of counsel with unsubstantiated estimates. In fact, as we have shown, enjoining the Enforcement Action would mean having to litigate the FTC's claims for relief, again, in the Bankruptcy Court, which would substantially increase, not decrease, the litigation costs to the estate.

Thus, Integretel's alleged "threat" to the estate from litigation costs is unavailing. In any case, it provides no support for halting the FTC's Enforcement Action.

### III. Request for Further Relief

If this Court is inclined to grant any injunctive relief premised on Integretel's TRO Motion, the Commission respectfully requests that the Court grant such relief in the form of a Preliminary Injunction, rather than a Temporary Restraining Order, so that the Commission may pursue an immediate appeal.

**CONCLUSION**

For these reasons, the FTC respectfully requests that this Court deny Integretel's Motion for a Temporary Restraining Order.

Dated: October 1, 2007                    Respectfully submitted,

WILLIAM BLUMENTHAL
General Counsel

/s/ Michael P. Mora
_____
MICHAEL P. MORA
Federal Trade Commission
600 Pennsylvania Ave. NW, Room NJ-2121
Washington, DC  20580
Telephone:  (202) 326-3373
Facsimile:   (202) 326-2558
Email: mmora@ftc.gov

ATTORNEY FOR FEDERAL TRADE COMMISSION