1   ROBERT A. FRANKLIN (091653)
    JENNY LYNN FOUNTAIN (226241)
2   MURRAY & MURRAY
    A Professional Corporation
3   19400 Stevens Creek Blvd., Suite 200
    Cupertino, CA 95014-2548
4   Telephone:  (650) 852-9000; (408) 907-9200
    Facsimile:  (650) 852-9244
5   Email:  rfranklin@murraylaw.com
    Email:  jlfountain@murraylaw.com
6
    Attorneys for LSI Corporation
7

8

9

10                    **UNITED STATES BANKRUPTCY COURT**

11                    **NORTHERN DISTRICT OF CALIFORNIA**

12                             **SAN JOSE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.  07-52890 |
| | ) | |
| THE BILLING RESOURCE *dba* | ) | RS. No.  JLF-001 |
| INTEGRETEL *aka* INTEGRETEL | ) | |
| BILLING SOLUTIONS | ) | Chapter  11 |
| | ) | |
| Debtor. | ) | Date:  November 21, 2007 |
| | ) | Time:  10:30 a.m. |
| Tax ID No. 33-0289863 | ) | Place:  280 South First Street, San Jose, CA |
| | ) | Courtroom 3020 |
| | ) | Judge:  Honorable Arthur S. Weissbrodt |

18

**MOTION FOR ORDER PURSUANT TO 11 U.S.C. § 362(j) AND FOR**
19  **ORDER DIRECTING DEBTOR TO SURRENDER POSSESSION OF THE PREMISES AND FOR THE**
20                    **ISSUANCE OF A WRIT OF POSSESSION**

21          Pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 4001, Bankruptcy Local Rule

22  ("BLR") 4001-1, and Title 11 of the United States Code ("Code") § 362, LSI Corporation ("LSI")

23  hereby moves for an order confirming that the automatic stay has terminated with respect to and

24  does not apply to stay any and all acts and/or actions by LSI to retake possession of the premises at

25  5883 Rue Ferrari, San Jose, California.  This Motion is supported by the Notice of Hearing On LSI

26  Corporation's Motion For Order Pursuant To 11 U.S.C. § 362(j) And For Order Directing Debtor To

27  Surrender Possession Of The Premises And For The Issuance Of A Writ Of Possession and by the

28  Declaration of Don Higbee In Support LSI Corporation's Motion For Order Pursuant To 11 U.S.C.

JLF:cc
K:\LSI-Billing Resource\Pld\relief mtn V4.doc

1   MOTION FOR ORDER PURSUANT TO SECTION 362(J) AND
    FOR ORDER DIRECTING DEBTOR TO SURRENDER
    POSSESSION OF THE PREMISES AND FOR THE ISSUANCE...

1  § 362(j) And For Order Directing Debtor To Surrender Possession Of The Premises And For The

2  Issuance Of A Writ Of Possession ("Higbee Declaration"), which are filed in support and

3  concurrently herewith.

4  ### I.   STATEMENT OF FACTS

5  On October 25, 2000, LSI entered into a Standard Industrial Lease ("Master Lease") with

6  The Realty Associates Fund IV, L.P. ("Master Landlord") whereby LSI leased nonresidential real

7  property located at 5883 Rue Ferrari, San Jose, California (the "Premises") from the Master

8  Landlord.  A true and correct copy of the Master Lease is attached as **Exhibit "A"** to the Higbee

9  Declaration and incorporated by reference herein.

10  The Master Lease provides for a five year rental term, with the term commencing on October

11  1, 2002, and contains an extension option provision whereby LSI could extend the Master Lease for

12  a one time two year extension period.  The two year extension option was not exercised by LSI and

13  the Master Lease terminated by the expiration of its stated term on September 30, 2007.

14  On June 28, 2002, LSI and The Billing Resource *dba* Integretel *aka* Integretel Billing

15  Solutions ("Debtor") entered into a Sublease Agreement (the "Sublease") whereby LSI sublet the

16  Premises to the Debtor.  A true and correct copy of the Sublease is attached as **Exhibit "B"** to the

17  Higbee Declaration and incorporated by reference herein.

18  The Sublease was for a three year term and commenced on October 1, 2002.  Similar to the

19  Master Lease, the Sublease contained a one time extension option whereby Debtor could opt to

20  extend the Sublease for a two year period.

21  The Debtor exercised its option to extend the Sublease for the two year period and the

22  Sublease terminated by expiration of its stated term on September 30, 2007.

23  The Debtor filed for chapter 11 bankruptcy protection on September 16, 2007.

24  The Debtor has not vacated the Premises.  The Debtor has not tendered and LSI has not

25  accepted any rental payments from the Debtor for the month of October and the Sublease has not

26  converted to a month to month tenancy.

27  As of October 1, 2007, the Debtor became a holdover tenant and the estate no longer has any

28  interest in the Premises.

JLF:cc
K:\LSI-Billing Resource\Pld\relief mtn V4.doc

2   MOTION FOR ORDER PURSUANT TO SECTION 362(J) AND
FOR ORDER DIRECTING DEBTOR TO SURRENDER
POSSESSION OF THE PREMISES AND FOR THE ISSUANCE...

## II.    MEMORANDUM OF POINTS AND AUTHORITIES

**A.    The Lease expired by its terms during the case and the automatic stay is no longer applicable.**

Section 362(j) of the Code provides that on request of a party in interest the court shall issue an order under section 362(c) of the Code confirming that the automatic stay has been terminated. *See* 11 U.S.C. § 362(j). Section 362(c)(1) provides that the stay of an act against property of the estate continues until such property is no longer property of the estate. *See* 11 U.S.C. § 362(c)(1). Section 362(b) identifies exceptions to the automatic stay. *See* 11 U.S.C. § 362(b). Section 362(b)(10) specifically provides that the filing of a voluntary bankruptcy petition does not operate as a stay "of any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of the stated term of the lease before the commencement of or during a case under this title to obtain possession of such property." 11 U.S.C. § 362(b)(10).

The Sublease between LSI and Debtor terminated during the case by the expiration of its stated term on September 30, 2007. LSI has not accepted rent for the month of October, the Sublease has not converted to a month to month tenancy, Debtor is a holdover tenant and the estate has no interest in the Premises. As a result, pursuant to section 362(b)(10), the automatic stay no longer applies to any act or action by LSI against the Debtor to retake possession of the premises and LSI requests this Court issue an order to that effect. LSI therefore requests an order pursuant to Section 362(j) specifically declaring that the automatic stay is no longer in effect to facilitate LSI's exercise of its remedies under state law to evict the holdover tenant.

The above facts cannot be controverted. LSI therefore requests a final order to be entered at the hearing. It is necessary and appropriate that the order be entered as soon as possible because not only has the Sublease expired but also because the Master Lease terminated by the expiration of its stated term on September 30, 2007. The Master Landlord is demanding possession of the Premises and has threatened action against LSI. Because Debtor is a holdover tenant, the Master Landlord claims that LSI, by default, also is a holdover tenant. Unless and until LSI retakes possession of the Premises, it is unable to comply with the Master Landlord's demands for turnover of possession of the Premises. Therefore, while LSI does not believe the automatic stay applies, out of an abundance

JLF:cc
K:\LSI-Billing Resource\Pld\relief mtnV4.doc

3    MOTION FOR ORDER PURSUANT TO SECTION 362(J) AND
FOR ORDER DIRECTING DEBTOR TO SURRENDER
POSSESSION OF THE PREMISES AND FOR THE ISSUANCE...

of caution, an order from this Court, pursuant to section 362(j), is requested so that LSI can move forward without hesitancy and retake possession of the Premises.

**B.    The Court has the authority to issue its orders (i) directing the Debtor to surrender the Premises and (ii) for the issuance of a writ of possession.**

Since the Lease expired on its own terms and it, along with the Premises, is no longer property of the estate, this Court has the authority to issue an order compelling the Debtor to immediately surrender the Premises. In *In re Elm Inn, Inc.*, 942 F.2d 630 (9th Cir. 1991) the debtor did not assume or reject a lease of non-residential property within 60 days after the filing of the petition and the lease was deemed rejected as a matter of law. The court considered whether the landlord was entitled to an order compelling surrender of the property where the debtor has no rights thereto or if the landlord is merely in the position to pursue its state court remedies to regain possession. The court held that the landlord was entitled to immediate possession of the premises and an order directing the debtor to surrender same, reasoning that where the party is clearly entitled to the debtor's surrender, "the broad equitable powers of bankruptcy judges all weigh in favor of granting a surrender order." *Ibid*, 942 F.2d at 634.

In *In re 6177 Realty Associates, Inc.*, 142 B.R. 1017, (Bankr. S.D. Fla. 1992), the debtor subleased premises from its principals who were individual debtors in Chapter 7. The Chapter 7 trustee was granted an extension to assume or reject the individuals' lease to February 21. The trustee did not assume and the lease was deemed rejected. On March 12, 6177 Realty Associates filed its Chapter 11 case. At the request of the landlord, the court, citing the *Elm* decision, held that the landlord was entitled to an order directing the debtor to vacate the premises. In so holding the court noted:

> First, the Debtor held no interest in the property as of the filing date. The Papos' interest was extinguished and the leases and subleases terminated as of February 21, 1992 prior to the filing of this Chapter 11 petition. Second, there is no need to require further litigation in this Court or in the state court to determine the rights of 6177 Realty in the property. Rather, having concluded that the underlying lease is terminated, the landlord is entitled to immediate surrender of the premises not only by the Papos but also by 6177 Realty and any other parties who claim an interest in the premises.

The same reasoning is applicable here. The Premises and the Lease are not property of the

JLF:cc
K:\LSI-Billing Resource\Pld\relief mtnV4.doc

4    MOTION FOR ORDER PURSUANT TO SECTION 362(J) AND
FOR ORDER DIRECTING DEBTOR TO SURRENDER
POSSESSION OF THE PREMISES AND FOR THE ISSUANCE...

1  estate, the Lease having expired under its own terms and the Debtor has no rights thereto.  LSI is

2  therefore entitled to an order directing the Debtor to surrender the Premises and requests that this

3  Court issue an order compelling the Debtor to immediately do so.

### III.    CONCLUSION

5      WHEREFORE, for the foregoing reasons, LSI requests this Court: (1) issue an order

6  pursuant to section 362(j) confirming that the automatic stay has terminated with respect to and does

7  not apply to any and all acts and/or actions by LSI to retake by possession of the Premises; (2) issue

8  an order directing the Debtor to surrender possession of the Premises; and (3) issue a writ of

9  possession.

11  Dated:  November 2, 2007

**MURRAY & MURRAY**
A Professional Corporation


By:   */s/ Jenny Lynn Fountain*
         Jenny Lynn Fountain
         Attorneys for LSI Corporation

JLF:cc
K:\LSI-Billing Resource\Pld\relief mtnV4.doc

5    MOTION FOR ORDER PURSUANT TO SECTION 362(J) AND
FOR ORDER DIRECTING DEBTOR TO SURRENDER
POSSESSION OF THE PREMISES AND FOR THE ISSUANCE...