SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MICHAEL H. AHRENS, Cal. Bar No. 44766
STEVEN B. SACKS, Cal. Bar N. 98875
JEFFREY K. REHFELD, Cal. Bar No. 188128
ORI KATZ, Cal. Bar No. 209561
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
Email:    mahrens@sheppardmullin.com
    ssacks@sheppardmullin.com
    jrehfeld@sheppardmullin.com
    okatz@sheppardmullin.com

Proposed Attorneys for The Billing Resource,
dba Integretel

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No. 07-52890 |
| THE BILLING RESOURCE, dba INTEGRETEL, a California corporation, | Chapter 11 |
| Debtor. | **DECLARATION OF NEAL GOLDFARB IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |
| Tax ID: 33-0289863 | |
| | Date:    September 26, 2007<br>Time:    2:15 p.m.<br>Place:    United States Bankruptcy Court<br>    280 South First Street<br>    San Jose, California<br>Judge:    Hon. Arthur S. Weissbrodt<br>Courtroom: 3020 |

I, Neal Goldfarb, declare as follows:

1. I am senior counsel to the law firm of Tighe Patton Armstrong Teasdale PLLC in Washington, D.C., where I have been one of the principal attorneys representing the Debtor in the litigation brought by the FTC in the United States District Court for the Southern District of Florida ("the Florida Action"). My firm has been the Debtor's counsel for regulatory-related matters since approximately 2002, when my co-counsel Richard Gordin joined the firm and brought the Debtor with him as a client. A petition to have my firm appointed as special counsel to the Debtor will be filed shortly.

2. I have been in practice for almost 27 years, during which time I have specialized in litigation, primarily in federal courts. I am admitted to practice in the District of Columbia, Maryland, and Virginia, as well as in the United States Supreme Court; the United States Courts of Appeals for the District of Columbia, Fourth, Sixth, Tenth, and Eleventh Circuits; the United States District Courts for the District of Columbia and for the District of Maryland; and the United States Court of Federal Claims. I am admitted *pro hac vice* in the Florida Action.

3. This declaration is submitted in support of the Debtor's "Emergency Motion For Temporary Restraining Order And Order To Show Cause Re: Preliminary Injunction And Declaratory Relief" ("the Motion"). Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

4. If the Court does not grant the Bankruptcy Code section 105 injunction that the Debtor seeks, the Debtor will most likely incur more than $870,000 in litigation costs in the Florida litigation over the next six months. This amount does not include the expenses to be incurred by the Debtor in having its personnel travel in connection with the pre-trial and trial activities and other incidental expenses incurred by the Debtor directly. The overwhelming bulk of that expense is attributable to the FTC's claim that the Debtor violated the FTC Act, and is unrelated to any litigation regarding the reserves that the District Court has ordered to be paid to the Receiver for Access One and Network One. The fees and costs related to litigation regarding the reserves will likely bring the total

expense to between $920,000 and $1,020.000.

5. The following is a summary of what will have to be done in the Florida Action between now and March 2008:

    a. *Depositions*: Fourteen or fifteen depositions remain to be taken or completed, some of which will require the Debtor's counsel to travel to Florida. Although the Debtor may be able to skip some of the depositions being taken by the other billing-aggregator defendant and let that defendant take the lead at others, several of the depositions are significant to the Debtor's defense and could not be skipped without significant risk to the Debtor's ability to prevail in the litigation.

    b. *Discovery motions*: I anticipate that there will be a number of motions relating to the depositions described above.

    c. *Dispositive motions*: The deadline for dispositive motions is November 6, with oppositions due on December 18. The Debtor does not plan to file a dispositive motion, but I anticipate that the FTC will do so and that opposing that motion will require a very substantial investment of attorney and paralegal time. It will also require the involvement of key employees of the Debtor.

    d. *Other motions*: It is likely that there will be additional motions relating to procedural or evidentiary matters or to the conduct of the trial.

    e. *Pretrial submissions*: There is a fairly extensive set of requirements for pretrial submissions, including (1) designation of witnesses and exhibits, (2) objections to other parties' exhibits, and (3) an extensive joint pretrial statement. Some of these submissions will require conferences with counsel for the opposing parties, who include not only the FTC but another billing aggregator and nine individual defendants and third-party defendants.

f. *Trial*: Trial is scheduled to begin on February 25, 2008 in Florida, and will most likely take two to four weeks. Two or three attorneys from my firm would participate in the trial, and possibly a paralegal. In addition, key employees of the Debtor will have to attend at least parts of the trial, including the Debtor's president, its head of LEC relations (i.e., relations with the telephone companies to which the Debtor submits billing information), its head of sales, and its head of client relations. There will be substantial out-of-pocket expenses for travel, lodging, and food for all of these persons.

6. The following is my best estimate of the fees that will be associated with my firm's work on the foregoing litigation tasks over the next six months:

| | | |
|---|---|---:|
| Richard Gordin (partner) | 600 hours at $400/hour | 240,000 |
| Steven Lancellotta (partner) | 100 hours at $400/hour | 40,000 |
| Neal Goldfarb (senior counsel) | 1,200 hours at $290/hour | 348,000 |
| Joe Cosby (senior counsel) | 100 hours at $260/hour | 26,000 |
| Max Maccoby (of counsel) | 500 hours at $250/hour | 125,000 |
| Evi Georgiou (associate) | 40 hours at $165/hour | 6,600 |
| Paralegals | 300 hours at $120/hour | 36,000 |
| TOTAL | | 821,600 |

7. In addition to these fees, there will most likely also be additional fees for work performed by our local counsel in Florida, who are with the firm of Holland & Knight. A conservative estimate of these fees would be $10,000. There will also be very substantial out-of-pocket costs, which will include travel costs (airfare, hotel, meals, and car rental) not only for the trial itself but also for travel to the Debtor's offices to prepare witnesses for trial, deposition and court transcript expenses, and litigation support costs. These costs will probably run in the range of $50,000-75,000.

8. The fees and expenses described above represent the amount of work that would be required even if the Debtor did not have to deal with the various issues relating to the Receiver's claim to the reserves. Proceedings relating to those matters would add fees and expenses in the range of $50,000 to $150,000. (The actual amount of fees devoted

to these matters would be higher than that, but given the number of attorneys available to work on the case, some of the time devoted to the reserve issues would be time that would otherwise be devoted to working on the main litigation.)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 24, 2007, at Washington, D.C.

　　　　　　　　　　　　　　　　/s/ Neal Goldfarb
　　　　　　　　　　　　　　　　NEAL GOLDFARB