WILLIAM BLUMENTHAL
General Counsel
MICHAEL P. MORA
Federal Trade Commission
600 Pennsylvania Ave. NW, Room NJ-2121
Washington, DC 20580
Telephone: (202) 326-3373
Facsimile: (202) 326-3258
Email: mmora@ftc.gov

COUNSEL FOR FEDERAL TRADE COMMISSION

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| In re:   THE BILLING RESOURCE d/b/a INTEGRETEL, a California Corporation,<br><br>Debtor.<br><br>Tax ID:  33-0289863 | Case No. 07-052890<br><br>Chapter 11 |
| THE BILLING RESOURCE, d/b/a INTEGRETEL, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL TRADE COMMISSION, et al.<br><br>Defendants. | Adv. Proc. No. 07-05156<br><br>**DECLARATION OF LAURA KIM IN OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

DECLARATION OF LAURA KIM
IN OPPOSITION TO PLAINTIFF'S MOTION
FOR A TRO AND PRELIMINARY INJUNCTION

I, Laura Kim, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney employed by the Federal Trade Commission ("FTC" or "Commission") in its Bureau of Consumer Protection, Division of Marketing Practices. My work address is: Federal Trade Commission, 600 Pennsylvania Ave., NW, Room H-288, Washington, DC 20580. Unless otherwise indicated, I have personal knowledge of the facts stated in this Declaration and if called as a witness, could competently testify thereto.

2. I submit this Declaration in opposition to the Motion for a Temporary Restraining Order recently filed by The Billing Resource d/b/a Integretel ("Integretel") in the above-captioned adversarial proceeding.

3. I am the lead attorney representing the Commission in a civil action captioned *Federal Trade Commission v. Nationwide Connections, Inc., et al.*, No. 06-Civ-80180-Ryskamp-Vitunac (the "Enforcement Action"), currently pending in the United States District Court for the Southern District of Florida. Integretel is a defendant in the Enforcement Action.

4. The Commission commenced the Enforcement Action on February 27, 2006, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), against five individuals and the corporations they controlled (collectively, the "Nationwide Defendants"), for violations of Section 5 of the FTC Act, 15 U.S.C. § 45(a) (prohibiting unfair or deceptive practices in or affecting commerce). The same day that the Commission filed suit against the Nationwide Defendants, the Commission submitted to the court volumes of evidence demonstrating that these Defendants had defrauded consumers from throughout the country of more than $30 million dollars by "cramming" bogus collect call charges onto consumers' telephone bills. At the request of the Commission, the District Court entered

an *ex parte* temporary restraining order ("TRO") that shut down the Nationwide Defendants' unlawful operation, froze their personal and corporate assets, appointed David R. Chase, of David R. Chase, P.A., as a temporary receiver ("Receiver") for the corporate defendants, and granted the Receiver and the Commission immediate access to the Nationwide Defendants' business premises.

5. The TRO created a federal equity receivership estate as of the date of its entry that encompassed all of the assets of the corporate defendants, including Defendants Access One Communications, Inc. ("Access One"), and Network One Services, Inc. ("Network One"). The TRO required all entities holding assets of any defendant, including the receivership defendants, upon being served with the TRO, to submit promptly to the Commission a sworn statement accounting for any such assets. The TRO also included a turnover order, requiring any entity served with the TRO to immediately transfer to the Receiver all assets of the receivership defendants in its possession. The District Court subsequently issued on March 8, 2006, a preliminary injunction that made the Receivership permanent but otherwise continued the substantive provisions of the TRO.[1] A true and correct copy of the TRO is attached hereto as **Kim Attachment A**.

6. The FTC served the TRO on Integretel within days of its entry. In response to the TRO, Kenneth Dawson, the president of Integretel, submitted an unsworn statement to the Commission alleging that "no amounts are currently due and owing" Defendants Access One and Network One, companies for which Integretel crammed unauthorized charges

---

[1] The District Court also entered an Amended Preliminary Injunction on September 25, 2006 after a contempt hearing involving two of the individual defendants Willoughby Farr and Mary Lou Farr. For purposes of this Declaration, I will refer to the Amended Preliminary Injunction and the Preliminary Injunction as the "Preliminary Injunction."

onto consumers' phone bills. A true and correct copy of Mr. Dawson's letter is attached hereto as **Kim Attachment B**.

7. Evidence uncovered subsequent to the entry of the TRO revealed that the Nationwide Defendants were not acting alone in carrying out their fraud. The FTC discovered evidence demonstrating that four different billing aggregators, including Integretel, played a central role in this billing scam by, among other things, processing the unauthorized charges that the aggregators passed along to consumers' local phone companies for placement on the consumers' telephone bills; but for Integretel's active involvement in the Nationwide Defendants' scam, consumers would not have been victimized to the extent that they were.

8. As a result, the Commission filed an Amended Complaint, which was docketed on September 21, 2006, that added Integretel and the three other billing aggregators as defendants. As in its original Complaint, the Commission's Amended Complaint alleged the same two causes of action against all of the defendants: (1) a count for deceptive billing practices in violation of Section 5(a) of the FTC Act; and (2) a count for unfair billing practices in violation of Section 5(a) of the FTC Act. Through its Enforcement Action, the Commission seeks *only* equitable relief, including an injunction halting the defendants' unlawful practices, rescission of contracts, disgorgement of ill-gotten gains, and restitution for consumer victims. A true and correct copy of the Commission's Amended Complaint is attached hereto as **Kim Attachment C**.

9. On October 11, 2006, the Receiver learned that Integretel, in violation of the TRO and Preliminary Injunction, had been holding reserve funds ("Reserve Funds") belonging to

Defendants Access One and Network One, and that were therefore funds constituting property of the Receivership Estate. On October 16, 2006, the Receiver filed a Motion for an Order to Show Cause Why Integretel Should Not Be Held in Contempt ("Contempt Motion" or "Contempt Proceeding"). A true and correct copy of the Receiver's motion is attached hereto as **Kim Attachment D**.

10. After extensive briefing by all concerned parties, including the FTC, a hearing was held on the Contempt Motion on April 12, 2007. On September 14, 2007, the District Court entered an Omnibus Order granting the Contempt Motion and ordering Integretel to show cause within 10 days why it should not be held in contempt for failing to turn over the Reserve Funds as required by the TRO and the Preliminary Injunction. The District Court also ordered Integretel to provide a sworn statement identifying the amount of Reserve Funds as of the issuance of the TRO. The District Court further ordered that the Reserve Funds be placed in a segregated Receivership account. A true and correct copy of the District Court's Omnibus Order is attached hereto as **Kim Attachment E**.

11. On September 16, 2007, Integretel filed a petition for relief in this Court pursuant to Chapter 11 of the Bankruptcy Code.

12. On September 21, 2007, the District Court entered an order granting an emergency motion filed by the FTC that requested clarification that the Bankruptcy Code's automatic stay provision did not apply to the FTC's Enforcement Action or to the Contempt Proceeding. A true and correct copy of the District Court's Clarification Order is attached hereto as **Kim Attachment F**. In the Clarification Order, the District Court noted that in its Omnibus Order, it had ruled that the Reserve Funds are property of the

DECLARATION OF LAURA KIM
IN OPPOSITION TO PLAINTIFF'S MOTION
FOR A TRO AND PRELIMINARY INJUNCTION         5

Receivership Estate and that the District Court had ordered Integretel to pay the current Reserve Funds, amounting to $1,762,762.56, to the Federal Receiver. The District Court held that pursuant to the regulatory exception to the automatic stay, 11 U.S.C. § 362(b)(4), and the court's inherent civil contempt powers, Integretel's bankruptcy filing did not stay either the Contempt Proceeding against Integretel, including the enforcement of the turnover order, or the FTC's prosecution of its Enforcement Action against Integretel.

13. On September 24, 2007, Integretel filed a notice of appeal to the U.S. Court of Appeals for the Eleventh Circuit, seeking to appeal both the Omnibus Order and the Clarification Order. Integretel moved for a stay of the two Orders pending appeal, and the District Court conditionally granted Integretel's motion in an Order dated September 26, 2006. The Order conditioned any stay upon Integretel's transferring the $1.7 million in Reserve Funds to the Receiver by Monday, October 1, 2007. A true and correct copy of the Order conditionally granting Integretel's motion for a stay is attached hereto as **Kim Attachment G**.

14(a). Since its commencement in February 2006, the Enforcement Action has grown significantly larger in scope. As indicated above, the Commission originally filed suit against the five individual defendants and their three corporate alter egos. In September 2006 Integretel and the three other billing aggregators were added as defendants, and in June 2007, the aggregators impleaded four more individual third-party defendants. As it now stands, there are seventeen parties to the Enforcement Action, not counting the Receiver.

DECLARATION OF LAURA KIM
IN OPPOSITION TO PLAINTIFF'S MOTION
FOR A TRO AND PRELIMINARY INJUNCTION        6

14(b). The parties to the Enforcement Action are currently in the late stages of discovery. To date, more than thirty depositions have taken place. The District Court's Amended Scheduling Order governing discovery, a true and correct of which is attached hereto as **Kim Exhibit H**, provides that all discovery must be completed by Friday, October 5, 2007.[2] Depositions are scheduled for every business day until that date, in some cases more than one per day in opposite ends of the country. Indeed, on the date currently scheduled for the hearing on Integretel's motion for a TRO in the bankruptcy court, I will be in Texas conducting the Rule 30(b)(6) deposition of one of the other aggregator defendants while my co-counsel Collot Guerard will be in Florida participating in the deposition of one of the third-party defendants. The parties' motions for summary judgment are due on November 6, 2007, and trial has been specially set for February 25, 2008.[3]

15. It is critical that the FTC not be hampered at this late date in its pursuit of the Enforcement Action notwithstanding the filing of Integretel's bankruptcy petition. All of the parties to the Enforcement Action have faced significant challenges in trying to accommodate the schedules of multiple parties, counsel, and witnesses over the course of discovery, and to shut down discovery in its final days would impose a significant hardship on the FTC and no doubt on others as well — including one witness who has yet

---

[2] Pursuant to an earlier scheduling order entered December 11, 2006, discovery was to be completed by July 13, 2007. Following the addition of four third-party defendants in June 2007, however, the parties filed a joint motion to extend discovery to October 5, 2007.

[3] While the Amended Scheduling Order fixed the trial date at February 19, 2008, the District Court subsequently issued a notice to the parties that the trial will commence on February 25, 2008.

DECLARATION OF LAURA KIM
IN OPPOSITION TO PLAINTIFF'S MOTION
FOR A TRO AND PRELIMINARY INJUNCTION          7

to be deposed and who has terminal cancer, and another whose minor son just underwent a bone marrow transplant.

16. Any delay in the FTC's pursuit of the Enforcement Action will also adversely affect consumers. A stay will mean that consumer victims must wait even longer for redress, and it means that the FTC and consumers will have to wait even longer to obtain a permanent injunction that would enjoin Integretel and the aggregator defendants from further unauthorized billing. Moreover, any delay will impede the Commission's ability to provide such redress because with each passing day, more victims move or change telephone numbers.

17. The hardship on Integretel is likely to be minimal in the absence of a stay. As explained above, discovery closes at the end of this week.[4] Integretel has already responded to all of the FTC's requests for production, requests for admission, and interrogatories. Depositions of Integretel and its employees, including its president Ken Dawson, have already been conducted. Almost all of the remaining depositions were either noticed by the other aggregator defendants or the FTC, and Integretel has indicated that it has been able to coordinate discovery with the other aggregator defendants to let them take the lead at many of the remaining depositions. Thus, Integretel's remaining discovery obligations and expenditures should be minimal.

18. Counsel for Integretel in the Enforcement Action is Tighe Patton Armstrong Teasdale, PLLC, a Washington, DC, law firm. Attorneys from this firm have participated in

---

[4] Despite having had ten months to complete discovery, the other three aggregator defendants — Billing Concepts, Inc., ACI Billing Services, Inc., BSG Clearing Solutions North America, LLC — filed a motion on September 28, 2007, to extend discovery in the Enforcement Action until October 26, 2007. The FTC will oppose the motion.

DECLARATION OF LAURA KIM
IN OPPOSITION TO PLAINTIFF'S MOTION
FOR A TRO AND PRELIMINARY INJUNCTION         8

depositions on behalf of Integretel after the filing of Integretel's bankruptcy petition. At those depositions, counsel for Integretel indicated they were participating notwithstanding the petition, and that Integretel did not oppose the taking of the depositions. At no point did counsel state that Integretel would be prejudiced by the taking of any depositions. Attached hereto as **Kim Attachment I** is an excerpt of one such deposition — the deposition of June Burgess.

19. The Enforcement Action is not the first time that the FTC has filed suit against Integretel for violations of the FTC Act. In 2000, the FTC sued Integretel for billing consumers for services that the consumers did not authorize. *See FTC v. Verity Int'l, Ltd., et al.*, Civ. No. 00-7422 (LAK) (S.D.N.Y). That litigation settled as to Integretel in November 2002. *See* "Companies That Billed Consumers for Adult 'Videotext' Internet Services Settle FTC Charges," *available at* http://www.ftc.gov/opa/2002/11/integretel.shtm.

20. Integretel has also billed for other dishonest vendors sued by the FTC. For example, Integretel processed charges for the defendants in *FTC v. Access Resource Services, Inc.*, No. 02-60226 (S.D. Fla.) (Complaint filed Feb. 13, 2002); *FTC v. Cyberspace.com, LLC*, No. C00-1806L (W.D. Wash.) (Complaint filed Oct. 20, 2000); and *FTC v. YP.Net, Inc.*, No. 00-1210 (D. Az.) (Complaint filed June 26, 2000).

21. Several states or state regulatory authorities have also commenced enforcement proceedings against Integretel in the past. Attached hereto as **Kim Attachment J** is listing of cases of which the FTC is aware in which Integretel was a respondent or defendant.

22. Pursuing billing aggregators that violate the law is one way that the Commission has

DECLARATION OF LAURA KIM
IN OPPOSITION TO PLAINTIFF'S MOTION
FOR A TRO AND PRELIMINARY INJUNCTION      9

sought to curb cramming. In addition to the Enforcement Action against Integretel and its co-defendant aggregators, the FTC, at times working with the U.S. Department of Justice, has brought numerous cases against billing aggregators. *See FTC v. 800 Connect, Inc.*, No. 03-60150 (S.D. Fla.) (Complaint filed Feb. 3, 2003)*; United States v. Enhanced Svcs. Billing, Inc. & Billing Concepts, Inc.*, No. 01-1660 (D.D.C.) (Complaint filed Aug. 1, 2001); *FTC v. American Telnet*, Civ. No. 99-1587 (S.D. Fla.) (Complaint filed June 8, 1999); *FTC v. Hold Billing Svcs., Ltd.*, No. SA-98-CA-0629-FB (W.D. Tex.) (Complaint filed July 15, 1998); and *FTC v. International Telemedia Assocs. Inc.* Civ. No. 1:98-1935 (N.D. Ga.) (Complaint filed July 10, 1998).

23. Even though the Enforcement Action against Integretel concerns unauthorized charges that were billed by the Nationwide Defendants and Integretel from mid-2003 onwards, the FTC has obtained evidence demonstrating that since at least 2001 Integretel had billed unauthorized charges for several different predecessor companies controlled by the Nationwide Defendants and their principals. These entities include Switched Access Communications, Inc., VoiceNet, Inc., Directory Services, Inc., and Spoonfull.net.

24. These entities were the subject of a number of different law enforcement investigations. Attached hereto as **Kim Attachment K** is a letter from Integretel president Ken Dawson to the Florida Attorney General's Office responding to a subpoena concerning these companies. The letter was produced to the FTC by Integretel during discovery. The letter indicates that Integretel billed close to $30 million on behalf of these entities.

25. Attached hereto as **Kim Attachment L** is a letter from Integretel president Ken Dawson to the Wisconsin Attorney General's Office responding to an inquiry regarding VoiceNet,

Inc., in which he indicates an awareness that the same persons were behind all of these predecessor companies. The letter was produced to the FTC by Integretel during discovery.

26. Attached hereto as **Kim Attachment M** is a letter from Integretel president Ken Dawson to the Nevada Attorney General's Office responding to a subpoena demanding records relating to one of the Nationwide Defendants, Access One Communications, Inc. In the letter, Dawson acknowledges the connection between the predecessor companies and Access One. The letter was produced to the FTC by the Nevada Attorney General's Office.

27. In 2004 a dispute arose between Integretel and Switched Access regarding Switched Access's entitlement to reserves retained by Integretel pursuant to the billing services contract between the two companies. The companies entered into a settlement that resolved the matter, with Integretel agreeing to pay Switched Access $850,000 to release its claim to the reserves. Attached hereto as **Kim Attachment N** is an e-mail exchange between Dawson and counsel for Switched Access, Melanie Marks, evidencing this settlement. This e-mail and its attachment were recovered by the FTC from the hard drive of one of the Nationwide Defendants' computers. In the e-mail, Dawson stated that Integretel could not pay the settlement in a lump sum without having to borrow money, thus the settlement provided that partial payments would be made over time.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October __1__, 2007
in Washington, DC

LAURA KIM

DECLARATION OF LAURA KIM
IN OPPOSITION TO PLAINTIFF'S MOTION
FOR A TRO AND PRELIMINARY INJUNCTION    11