1  WILLIAM BLUMENTHAL
   General Counsel
2  MICHAEL P. MORA
3  Federal Trade Commission
   600 Pennsylvania Ave. NW, Room NJ-2121
4  Washington, DC 20580
   Telephone: (202) 326-3373
5  Facsimile: (202) 326-3258
6  Email: mmora@ftc.gov

7  COUNSEL FOR FEDERAL TRADE COMMISSION

8

9              UNITED STATES BANKRUPTCY COURT
              NORTHERN DISTRICT OF CALIFORNIA
10                   SAN JOSE DIVISION

11

12
13  In re:  THE BILLING RESOURCE d/b/a        Case No. 07-052890
           INTEGRETEL, a California
14         Corporation,                        Chapter 11

15         Debtor.

16
           Tax ID: 33-0289863
17

18

19  THE BILLING RESOURCE, d/b/a
20      INTEGRETEL, a California corporation,   Adv. Proc. No. 07-05156

21      Plaintiff,                             **DECLARATION OF
                                               COLLOT GUERARD
22  v.                                         IN OPPOSITION TO PLAINTIFF'S
                                               MOTION FOR A PRELIMINARY
23  FEDERAL TRADE COMMISSION, et al.           INJUNCTION**

24      Defendants.

25

26

27

28

I, Collot Guerard, pursuant to 28 U.S.C. § 1746, declare as follows:

1.    I am an attorney employed by the Federal Trade Commission ("FTC" or "Commission") in its Bureau of Consumer Protection, Division of Marketing Practices. My work address is: Federal Trade Commission, 600 Pennsylvania Avenue, NW, Room H-288, Washington, DC 20580. Unless otherwise stated, I have personal knowledge of the facts stated in this Declaration, and if called as a witness, could competently testify thereto.

2.    I submit this Declaration in response to the Motion for a Preliminary Injunction recently filed by The Billing Resource d/b/a Integretel ("Integretel") in the above-captioned adversary proceeding.

3.    I am an attorney representing the Commission in a civil action captioned *Federal Trade Commission v. Nationwide Connections, Inc., et al.*, No. 06-Civ-80180-Ryskamp-Vitunac (the "Enforcement Action"), currently pending in the United States District Court for the Southern District of Florida. Integretel is a defendant in the Enforcement Action.

4.    The FTC expects to file a motion for summary judgment against all defendants in the Enforcement Action. Motions for summary judgment are due November 6, Oppositions must be filed by December 4, and Replies by December 18, 2007.

5.    Integretel's estimate of its projected litigation costs, as set forth in the Neal Goldfarb declaration dated September 24, 2007, if the Enforcement Action is not preliminarily enjoined, appears to be unreasonably high because Integretel's estimate assumes that there will be a lengthy trial. In fact, the FTC believes it is likely to win summary judgment that the defendants violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), by cramming more than $30 million in unauthorized collect call charges onto consumers'

1  telephone bills between 2003 and the end of 2005. The FTC expects to win on liability

2  because it is undisputed that most, if not all, of the collect calls were never made or

3  accepted.

4

5  6.  The FTC also expects to win on the amount of monetary relief against the defendants for

6  consumer injury, which is the amount consumers paid to the telephone companies less

7  any refunds or credits the consumers received. With respect to Integretel, the

8  approximate dollar amount of injury associated with the collect calls billed by Integretel

9  is undisputed. Integretel estimates that the net amount consumers paid associated with

10  the Integretel- Network One charges is $425,493 and the net amount consumers paid

11  associated with the Integretel-Access One charges is $4,408,186, for a total consumer

12  injury amount of $4,833,679. *See* Integretel Response to FTC Interrogatory No. 11,

13  dated June 26, 2007, annexed hereto as **Guerard Attachment A**.

14

15  7.  Integretel's estimate of its projected litigation costs also fails to address the costs of

16  defending itself from the monetary claims that the FTC would assert in the bankruptcy

17  court, regardless of whether the Court were to enjoin the FTC from prosecuting the

18  Enforcement Action in the Florida District Court as to Integretel. Although the same

19  facts and legal arguments that would be made in the Enforcement Action would be made

20  by the FTC before this Court, Integretel's costs of defending itself in the bankruptcy

21  proceeding are likely to be as high or higher than the costs of defending itself in the

22  Enforcement Action, for the following reasons.

23

24  a.  In the bankruptcy proceeding, Integretel will have to defend against both the

25  FTC's proof of claim, and a separate nondischargeability action. Because the

26

27

28

DECLARATION OF COLLOT GUERARD
IN OPPOSITION TO PLAINTIFF'S MOTION
FOR A PRELIMINARY INJUNCTION          Page 3 of 6

entire body of evidence against Integretel and its codefendants is so strong, the

Commission may assert that its monetary claim against Integretel related to the

phone bill cramming scheme at issue in the Enforcement Action constitutes a

nondischargeable debt for money obtained by false pretenses, a false

representation, or actual fraud.

b.    The Florida District Court is already familiar with the parties, the legal issues, the

basic facts, and some of the evidence through the numerous discovery and other

motions on which it has had to rule.  By contrast there will be significant costs

incurred by Integretel (and the FTC) in enlightening this Court with respect to a

case that already has more than 640 docket entries.

c.    Moreover, on information and belief, it is the FTC's understanding that Integretel

and the other Billing Aggregator defendant in the Enforcement Action have been

sharing costs, such as the costs of deposition transcripts.  If Integretel has to

defend against the FTC's monetary claims in the Bankruptcy Court, it will no

longer be able to turn to the other Billing Aggregator defendant to help subsidize

the costs of litigation.

8.    Integretel's generalized estimate of the litigation costs associated with the non-bankruptcy

case appears to be based on the declaration of Neal Goldfarb dated September 24, 2007,

submitted in support of Integretel's Emergency Motion for Temporary Restraining Order

and Preliminary Injunction.  Some of Mr. Goldfarb's observations are misplaced.  First, it

is not at all clear that any more depositions will be taken because discovery has closed

and the Florida Court has not ruled on the motion of the other Billing Aggregator to take

an additional ten depositions or on the motion by Integretel to continue one deposition. The FTC has opposed both motions. Second, it is unlikely that there will be any more motions regarding the depositions, especially if the Court denies the motion to take additional depositions. Third, Mr. Goldfarb's analysis ignores the significant number of admissions that the defendants in the Enforcement Action, including Integretel, have made. This will make any trial abbreviated, in the unlikely event that the FTC loses a summary judgment motion. Fourth, Integretel estimates the trial may last as long as four weeks. This is highly unlikely. In submitting their Joint Scheduling Report, the FTC and two of the individual defendants estimated the trial would only last up to nine days. Counsel for the Billing Aggregator defendants, including Mr. Goldfarb, estimated the trial to last 10 to 15 days. There was never an estimate of four weeks.

9.    In addition to the law enforcement actions brought against Integretel clients by the FTC and/or States that are listed in the Declaration of Laura Kim dated October 1, 2007, filed by the FTC in opposition to Integretel's Motion for a Temporary Restraining Order and Preliminary Injunction [*See* Kim Decl. ¶¶ 19-21, 23-25], two of Integretel's largest creditors have also been targets of law enforcement proceedings:

a.    Another Integretel client by the name of **Email Discount Network**, which is listed in this Court's docket [DE 3] as Integretel's second largest unsecured creditor and is now a member of the Creditors' Committee, was prosecuted by the Florida Attorney General for a fraudulent cramming scheme. Attached hereto as **Guerard Attachment B** are true and accurate copies of the complaint and stipulated order in that action;

DECLARATION OF COLLOT GUERARD
IN OPPOSITION TO PLAINTIFF'S MOTION
FOR A PRELIMINARY INJUNCTION        Page 5 of 6

b.    Several years after being sued by the FTC, Integretel client **Telco Billing, Inc.**, an affiliate of YP.Com (formerly known as YP.Net), was prosecuted by California and 33 other state attorneys general for deceptively marketing Internet yellow pages advertising services through mass mailings of "activation checks" that businesses and non-profits unwittingly deposited.  Victims were then billed on their phone bills for the allegedly unauthorized charges.  Telco Billing is listed as one of Integretel's largest creditors, and is also on the Creditors' Committee.  Attached hereto as **Guerard Attachments C-E** are copies of a related press release, stipulated facts, and settlement order issued by the California Attorney General.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 15 , 2007
in Washington, DC

COLLOT GUERARD