UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80180-CIV-RYSKAMP/VITUNAC

FEDERAL TRADE COMMISSION,

                              Plaintiff,

v.

NATIONWIDE CONNECTIONS, INC.,
*et al.*,
                              Defendants.

## EMERGENCY MOTION OF THE BSG DEFENDANTS TO MODIFY THE SCHEDULING ORDER

Defendants Billing Concepts, Inc. ("BCI"), ACI Billing Services, Inc., d/b/a OAN and BSG Clearing Solutions North America, LLC (collectively, "BSG"), request that the Court amend its July 9, 2007 scheduling order in this case as a result of the order entered by the U.S. Bankruptcy Court for the Northern District of California this past Friday, November 2, 2007, enjoining all proceedings in this case as they relate to defendant The Billing Resource d/b/a Integretel ("Integretel") until March 14, 2008. Because the Bankruptcy Court just entered its injunction last Friday and because the deadline for filing such motions is tomorrow, BSG is filing this motion on an emergency basis. A modification of the July 9, 2007 scheduling order is appropriate to preserve judicial economy and to conserve judicial resources by avoiding multiple trials against BSG and Integretel. Amending the scheduling order will also eliminate any prejudice to BSG due to the unavailability of Integretel witnesses whose testimony will also support the defenses of BSG. Moreover, amending the scheduling order will avoid any unfair prejudice or burden to the eight individual defendants who have had cross-claims or third-party

claims asserted against them by both BSG and Integretel. Amending the scheduling order will also avoid any prejudice to Integretel, which may be bound by the Court's rulings on the FTC's summary judgment motions against the remaining defendants.

Amending the scheduling order will not prejudice the FTC. Indeed, by eliminating the need for two trials it will enable the FTC to avoid "vastly increased litigation expenses," which the FTC has previously stated is a primary concern for the FTC. (FTC Opp. To BSG Motion for Leave, 10) [DE 635].

Cross-claim defendants Yaret Garcia, Erika Riaboukha, and Qaadir Kaid, and third-party defendants Jesus Sandoval, German Miranda, and Ronny Morrillo all consent to and agree with the relief sought in this motion. Integretel did not take a position on this motion. Counsel for BSG has not conferred with Will Farr, who is in prison. The FTC does not consent to this motion. BSG left a message with counsel for the Receiver, but has not been advised of the Receiver's position.

The proposed dates for the amended scheduling order are as follows:

- The deadline for all remaining depositions remains November 16, 2007, as previously ordered by the Court [DE 663].

- The deadline for conducting mediation by the remaining parties be set for December 21, 2007, which is approximately the same date by which mediation must currently be completed. BSG believes that by keeping to the current mediation schedule the remaining parties will be able to engage in meaningful settlement discussion that may assist in the resolution of this case. Indeed, BSG is also filing a motion requesting that this case be referred to a Magistrate Judge for mediation.

- The schedule governing dispositive motions be modified as follows, beginning immediately after the Bankruptcy Court's injunction has ended:

    | | |
    |---|---|
    | Deadline for motions | March 17, 2008 |
    | Deadline for oppositions | April 15, 2008 |
    | Deadline for replies | April 29, 2008 |

- The trial be specially set for the first available date after June 22, 2008, which provides approximately the same amount of time between dispositive motion filing and the trial date as exists under the current scheduling order.

I. <u>Judge Weissbrodt's Injunction and BSG's Proposed Modifications</u>

Late last Friday, November 2, 2007, Judge Arthur S. Weissbrodt, of the U.S. Bankruptcy Court for the Northern District of California, entered an order enjoining all proceedings in this case as they relate to defendant Integretel until March 14, 2008. (Memorandum Decision Re: Order to Show Cause Regarding Preliminary Injunction, Case No. 07-52890-ASW, U.S. Bankruptcy Court for the Northern District of California, a copy of which is attached as Exhibit 1). The proposed modifications to the scheduling order sought by BSG reasonably extend the scheduling order by just four months in order to allow the case to go forward simultaneously with regard to both aggregator defendants, BSG and Integretel, while not unduly delaying the trial date. The deadline for dispositive motions would fall immediately after the injunction is scheduled to be lifted, representing the earliest date for which the case could proceed against both parties at the same time. The other periods of time between deadlines are virtually the same as those set forth in the Court's July 9, 2007 scheduling order.

II. Prejudice to the Defendants

If the current scheduling order is not modified, all of the remaining defendants will be prejudiced. BSG will be deprived of the testimony of Integretel witnesses who will support BSG's defenses. The effect of not amending the scheduling order will cause two separate trials involving the eight individual cross-claim and third-party defendants—a significant duplication of time and expense.

On June 22, 2007, the Court granted both Integretel and BSG leave to file amended answers asserting cross-claims against Willoughby Farr, Yaret Garcia, Erika Riaboukha and

3

Qaadir Kaid, and to assert third-party claims against Jesus Sandoval, German Miranda, Jessy Mendoza and Ronny Morillo.[1] (Order Granting Mot. of Aggregator Defs. For Lv. To Amend Answers) [DE 536]. BSG and Integretel filed amended answers reflecting these claims on June 25, 2007. [DE 544 and 546]. The issues relating to these claims are largely identical for both BSG and Integretel. If the current scheduling order as it relates to BSG goes forward, and an entirely separate scheduling order for Integretel is entered after the March 14, 2008 injunction is lifted, these eight defendants will be faced with the potential burden of two separate trials.[2] Integretel may also be prejudiced if the scheduling order is not amended, as it may be bound by the Court's rulings on the FTC's summary judgment motions against the remaining defendants.

The modifications requested above will also serve the interests of judicial economy by obviating the need for two separate briefing schedules and two separate trials. Throughout this case, it has been the position of the FTC that its claims against BSG and Integretel are of a substantially similar nature. *See, e.g.*, FTC Comb. Resp. Re: Integretel Reserves at 5 [DE 399-1]. Accordingly, many of the issues, witnesses, and testimony will be largely duplicative if two separate summary judgment briefing schedules and two separate trials are required. Modifying the current scheduling order by four months will avoid this duplication of effort.

III.   The FTC Will Not Be Prejudiced.

The FTC will not be prejudiced by this modification of the scheduling order. Summary judgment motions are not due until tomorrow and granting this motion on an emergency basis will relieve the FTC of any obligation to file such a motion. The FTC will also avoid unnecessary duplicative litigation expenses by not having to litigate two separate cases. Indeed,

---

[1] Jessy Mendoza never filed an Answer to the Third-Party Complaints of BSG and Integretel and BSG intends to move for a default judgment as to her.
[2] Cross-claim defendants Yaret Garcia, Erika Riaboukha, and Qaadir Kaid have requested a jury trial on the cross-claims of BSG and Integretel.

4

requiring that the parties mediate by December 21 may benefit the FTC by allowing the remaining parties to focus upon meaningful settlement discussion that may lead to the resolution of this matter.[3]

## CONCLUSION

For the reasons stated above, BSG requests that the Court grant its Motion to Modify the Amended Scheduling Order.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1.A.3, counsel for the BSG Defendants has conferred with counsel for cross-claim defendants Yaret Garcia, Erika Riaboukha, and Qaadir Kaid, and third-party defendants Jesus Sandoval, German Miranda, and Ronny Morrillo, who all consent to and agree with the relief sought in this motion. Counsel for Integretel did not take a position on this motion. Counsel for BSG has not been able to confer with Will Farr, who is in prison. Counsel for BSG conferred with the FTC, which does not consent to this motion. BSG left a message with counsel for the Receiver, but has not been advised about the Receiver's position.

Dated: November 5, 2007.

Respectfully submitted,

McDERMOTT WILL & EMERY LLP

By: /s/ Steven E. Siff

Steven E. Siff (FBN 352330)
E-mail: ssiff@mwe.com
Michael G. Austin (FBN 0457205)
E-mail: maustin@mwe.com
201 S. Biscayne Blvd., Ste. 2200
Miami, Florida 33131
Tel: (305) 358-3500; Fax: (305) 347-6500

---

[3] If this Court declines to amend the current schedule for dispositive motions, BSG requests that the Court amend the scheduling order to provide for mediation by December 21, 2007 and for a new trial date.