SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
MICHAEL H. AHRENS, Cal. Bar No. 44766
STEVEN B. SACKS, Cal. Bar No. 98875
JEFFREY K. REHFELD, Cal. Bar No. 188128
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
Email:        mahrens@sheppardmullin.com
              jrehfeld@sheppardmullin.com
              ssacks@sheppardmullin.com

Attorneys for The Billing Resource,
dba Integretel

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No. 07-52890 ASW |
| THE BILLING RESOURCE, dba Integretel, a California corporation, | Chapter 11 |
| Debtor. | **DEBTOR'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF USE OF CASH COLLATERAL ON A FURTHER INTERIM BASIS INCLUDING APPROVAL OF FIRST AMENDED PAYMENTONE STIPULATION THROUGH AND INCLUDING NOVEMBER 16, 2007 AND OMNIBUS REPLY TO OBJECTIONS TO DEBTOR'S CASH COLLATERAL MOTION** |
| Tax ID: 33-0289863 | |
| | Date:       November 2, 2007 |
| | Time:       1:00 p.m. |
| | Place:      United States Bankruptcy Court |
| | 280 South First Street |
| | San Jose, California |
| | Judge:      Hon. Arthur S. Weissbrodt |
| | Courtroom:  3020 |

W02-WEST:FJR\400509216.4

DEBTOR'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF USE OF CASH
COLLATERAL ON A FURTHER INTERIM BASIS

1    The above-captioned debtor and debtor in possession, The Billing Resource, dba
2  Integretel, a California corporation (the "Debtor"), hereby files this Memorandum of Points and
3  Authorities in support of the Debtor's use of cash collateral on a further interim basis through and
4  including November 16, 2007, or as soon thereafter as the Court and counsel are available for a
5  further hearing on the motion, and Omnibus Reply (the "Reply") to various objections filed on or
6  about October 26, 2007 (the "Objections") to the Debtor's Cash Collateral Motion.[1]

7    Of the Debtor's numerous creditors, only three entities filed objections to the Debtor's
8  continued motion for use of cash collateral beyond November 2, 2007.  Each of these three
9  remaining objections was previously made to the Court, previously addressed by the Debtor, and
10  properly overruled by the Court.

11    Consistent with the Court's prior determinations, good cause exists to grant the Debtor's
12  continued use of cash collateral *for the very limited period of the next two weeks, through and*
13  *including November 16, 2007.*  The Official Unsecured Creditors' Committee (the "Committee")
14  supports the Debtor's request.  Granting the Debtor this further breathing spell will provide the
15  Debtor the needed time to meet with the Committee to further explore the terms for a possible plan
16  of reorganization contemplating a continuation of business operations, with the goal of allowing
17  the Debtor to exit bankruptcy as quickly as possible, while also maximizing value to unsecured
18  creditors.

19                                   **ARGUMENT**

20  **A.    The Committee Supports the Debtor's Further Interim Use of Cash Collateral Until
        November 16, 2007.**
21

22    The Debtor filed its voluntary bankruptcy petition six weeks ago on September 16, 2007.

23
24  [1]  The budget corresponding to the Debtor's requested continued interim use of cash collateral
     through and including November 16, 2007 is the budget which was attached as Exhibit B to the
     Declaration of Paul Weber dated October 11, 2007 (the "Debtor's Budget"), a copy of which
25  budget was also attached as Exhibit B to the "Notice of Signing of Further Order Approving
     Interim Use of Cash Collateral and Granting Replacement Liens and Approving First Amended
26  Stipulation With PaymentOne Corporation Regarding Use of Cash Collateral and Adequate
     Protection on an Interim Basis Through and Including November 2, 2007."  A revised cash
27  collateral order in substantially the form the Debtor currently intends to present to the Court at the
     November 2 hearing is attached hereto as Exhibit 1.
28

-1-

DEBTOR'S MEMORANDUM OF POINTS AND
                                                        AUTHORITIES IN SUPPORT OF USE OF CASH
                                                        COLLATERAL ON A FURTHER INTERIM BASIS

1  On September 26, 2007, the Court entered its "Order Approving Interim Use of Cash Collateral
2  and Granting Replacement Liens and Approving First Amended Stipulation with PaymentOne
3  Corporation Regarding Use of Cash Collateral and Adequate Protection on an Interim Basis."

4  On October 1, 2007, the Office of the United States Trustee appointed the Official
5  Committee of Unsecured Creditors (the "Committee") in this case pursuant to section 1102(a)(2).
6  On October 10, 2007, the Committee participated in an initial face-to-face meeting with the
7  Debtor and its representatives for which several Committee members flew across the country and
8  for which others attended by telephone. A quorum of the Committee was present. Prior to and at
9  the October 10 meeting, the Debtor provided the Committee with financial information including
10  projections, and various other types of information. Following the October 10 meeting the Debtor
11  has provided the Committee with additional information.

12  At the October 10 meeting, it was agreed that the Committee would consent to the
13  Debtor's continued use of cash collateral on the terms proposed by the Debtor in its budget on an
14  interim basis for a period of two to three weeks. The Debtor and the Committee entered into a
15  stipulation regarding the Debtor's use of cash collateral on an interim basis through and including
16  November 2, 2007. During that time it was contemplated that the Debtor would negotiate with the
17  Committee a term sheet for a plan of reorganization contemplating a continuation of business
18  operations with the goal of allowing the Debtor to exit bankruptcy as quickly as possible, while
19  also maximizing value to unsecured creditors.

20  On October 16, 2007, the Court signed its "Further Order Approving Interim Use of Cash
21  Collateral and Granting Replacement Liens and Approving First Amended Stipulation with
22  PaymentOne Corporation Regarding Use of Cash Collateral and Adequate Protection on an
23  Interim Basis Through and Including November 2, 2007."

24  Due to scheduling issues, the Debtor and the Committee have not yet had a subsequent
25  meeting to further explore with more concrete terms for a possible plan of reorganization. The
26  Debtor and the Committee have scheduled such a meeting in the immediate future. The
27  Committee has consented to the Debtor's continued use of cash collateral in its current budget on
28  an interim basis for a period of two weeks.

-2-

DEBTOR'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF USE OF CASH
COLLATERAL ON A FURTHER INTERIM BASIS

1        Continued use of cash collateral makes eminent sense.  By continuing to operate, the

2    Debtor is able to deal with the LECs in the ordinary course of business and thus avoids offsets,

3    increases in reserves claimed by LECs or delays in payments.  The Debtor is only entity that can

4    effectively perform this function.  In addition, the Debtor's customers need the Debtor to continue

5    to process billing transactions.  A key component for any recovery to creditors in this bankruptcy

6    case will be the ability to establish the amount of each unsecured claim, which is an extremely

7    complicated function which the Debtor is by far the best, and likely the only, party able to quickly

8    and properly perform.  The Debtor also has the necessary institutional knowledge required to

9    negotiate with New York and Tennessee tax claimants.  In addition, without continued operations

10   the subsidiary PaymentOne is out of business, and its continued operations are important to the

11   Debtor and its creditors.  Moreover, as a majority-owned subsidiary PaymentOne is a valuable

12   asset of the bankruptcy estate.  Likewise, without continued operations, Inmate Calling Solutions'

13   business is severely threatened, and its operations are also important to the Debtor.  Granting the

14   Debtor the requested further interim use of cash collateral for the next two weeks, through and

15   including November 16, 2007, or as soon thereafter as the Court and counsel are available for a

16   further hearing on the motion, is both the prudent course of action and in the best interest of the

17   Debtor's bankruptcy estate.

18   **B.    PaymentOne Supports the Debtor's Further Interim Use of Cash Collateral Until November 16, 2007.**

19

20       PaymentOne has consented to the Debtor's further interim use of cash collateral through

21   and including November 16, 2007, or as soon thereafter as the Court and counsel are available for

22   a further hearing on the motion.  PaymentOne also agrees that the First Amended PaymentOne

23   Stipulation remains in effect for the interim period, except as revised in the proposed Order

24   approving such interim use by the Debtor.

25   **C.    Personal Voice Does Not Have a Valid Security Interest Against the Debtor and, In Any Event, Is Adequately Protected by the Relief Afforded to It.**

26       Personal Voice filed a renewed objection to the Debtor's continued motion to use cash

27   collateral.  Personal Voice's renewed objection is the same as its prior objection filed on October

28

-3-

DEBTOR'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF USE OF CASH
COLLATERAL ON A FURTHER INTERIM BASIS

1   10 and the arguments raised by Personal Voice at the October 15 Interim Hearing.

2       As previously set forth in the Debtor's Motion, Personal Voice does not have a security

3   interest in the Debtor's cash collateral because Personal Voice's alleged security interest is not in

4   any assets of the Debtor, but instead purports simply to be in amounts to which Personal Voice

5   may be entitled under its contract with the Debtor. Similarly, Personal Voice does not possess a

6   security interest in the Debtor's cash collateral based upon an alleged security interest in any

7   reserves under the parties' contract because there were no segregated reserves. As further noted in

8   the Motion, irrespective of Personal Voice's lack of a security interest in any of the Debtor's assets

9   or cash collateral, the Debtor proposes to give Personal Voice a replacement lien on the same

10  assets, if any, that it had an interest in pre-petition.

11      In addition to these prior arguments made by Debtor in the Motion, there are further

12  reasons why Personal Voice does not have a perfected security interest in any of the Debtor's

13  assets, including "Net Proceeds" or cash collateral. First, Personal Voice's UCC financing

14  statement, which was filed March 12, 2002, lapsed on March 12, 2007 (over 6 months before

15  Debtor filed bankruptcy), and Personal Voice did not file a continuation statement. Under UCC

16  Sections 9515(a) and (c), the effectiveness of a filed financing statement lapses 5 years after filing

17  unless before lapsing, a continuation statement is filed. Because Personal Voice failed to file a

18  continuation statement, its security interest no longer is perfected and Personal Voice is not

19  entitled to adequate protection. 11 U.S.C. § 544(a) (trustee or debtor in possession is senior to

20  unperfected security interest); In re: 1726 Washington, D.C. Partners, 120 B.R. 1, 2 (Bankr.

21  D.D.C. 1990) (rents are not cash collateral where secured party's lien was unperfected); In re:

22  Scottsdale Medical Pavilion, 159 B.R. 295, 298 (9th Cir. BAP 1993) (because an unperfected

23  security interest is subject to avoidance under Bankruptcy Code Section 544, such interest is not

24  entitled to much in the way of adequate protection).

25      Also, what Personal Voice purported to take a security interest in were not "all accounts

26  receivable of the [debtor]" but instead were "Net Proceeds," which are not an asset of the Debtor,

27  Personal Voice, or anyone else. In the contract between Debtor and Personal Voice, "Net

28  Proceeds" is simply a method to calculate the cash consideration to which Personal Voice is

-4-

DEBTOR'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF USE OF CASH
COLLATERAL ON A FURTHER INTERIM BASIS

1  entitled under the contract. Personal Voice's attempted security interest in "Net Proceeds" is

2  analogous to a seller of an asset attempting to take a security interest in the purchase price to be

3  determined under a formula and paid at a later time (as opposed to taking a security interest in the

4  asset itself). Personal Voice has only an unsecured claim against Debtor for Net Proceeds.[2]

5       Personal Voice's renewed objection simply restates its prior arguments which have been

6  previously addressed and properly rejected by the Court. Personal Voice has not provided any

7  support for a different result. Nor has Personal Voice met its burden of proof on the issue of the

8  validity, priority and extent of its alleged interest in the Debtor's property. 11 U.S.C. § 363(p).

9       Personal Voice simply does not possess a valid, perfected and enforceable security interest

10  in the Debtor's cash collateral. Notwithstanding that, the Debtor will provide Personal Voice with

11  a replacement lien of the same type and character which it possessed pre-petition. Personal Voice

12  is entitled to no more.

13  **F.    The Debtor Has Adequately Addressed the U.S. Trustee's Concern.**

14       The U.S. Trustee raised a concern about the Motion in connection with a portion of the

15  carve-out for professionals contained in the First Amended PaymentOne Stipulation and its effect

16  as to any subsequently appointed trustee or its professionals. The Debtor has addressed with

17  PaymentOne the U.S. Trustee's objection, and PaymentOne agreed to change the carve-out

18  language contained in the proposed order in a manner which the Debtor believes addresses and

19  resolves the U.S. Trustee's objection. PaymentOne has agreed during the continued interim period

20  _____

21  [2] Personal Voice's opposition asserts that accounts receivable generated from Personal Voice
providing services to end users remained property of Personal Voice and were not transferred to

22  Debtor when Personal Voice submitted Billing Transactions to Debtor. This assertion is belied by
the facts. Nothing in the agreement between Debtor and Personal Voice states that Personal Voice

23  is maintaining ownership of anything. In fact, as noted by Personal Voice in its opposition,
Personal Voice attempted to take a security interest in "Personal Voice Receivables", indicating

24  that the parties believed that Personal Voice did not own any receivables generated. The lapsed
financing statement does not indicate that it is "precautionary". If the parties had believed that

25  Personal continued to own receivables, Personal Voice would not have attempted to obtain a
security interest from Debtor. Moreover, as the Debtor has previously stated, it is common

26  knowledge in this industry that the Debtor would be selling the billing transaction receivables to
the LECs and that the Debtor's contracts with the LECs are structured as the purchase by the LECs

27  of the Debtor's accounts receivable, which obviously could not be done if Personal Voice retained
title to the receivables. See Declaration of Ken Dawson dated October 11.

28

DEBTOR'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF USE OF CASH
COLLATERAL ON A FURTHER INTERIM BASIS

1    until November 16 to a full carveout to professionals for the Debtor, the Committee and any

2    subsequently appointed trustee – retroactive to the filing of this case.

3    **H.    The Receiver's Arguments Are and Were Appropriately the Subject of the Adversary Proceeding Hearing, Not the November 2 Cash Collateral Motion Hearing.**

4

5    The Receiver was appointed as receiver for two of the Debtor's prior customers.    In

6    connection with a prior hearing on the Debtor's cash collateral motion, with the stipulation of the

7    Debtor, a segregated, blocked account debtor in possession bank account in the Debtor's name was

8    established into which the Debtor deposited approximately $1.7 million, which funds cannot be

9    moved absent further order of this Court (the "Blocked Account").    In connection with the October

10   15 Interim Hearing, the Debtor demonstrated the need for use of the funds in the Blocked

11   Account.[3]    Therefore, the Debtor, with the support of the Committee, asked the Court to unblock

12   the Blocked Account.    These issues are being addressed in adversary proceeding 07-5156 (the

13   "Adversary Proceeding") commenced in this case.    This Court properly found in its October 16,

14   2007 findings that the FTC's and the Receiver's objections to the Debtor's continued use of cash

15   collateral would be considered resolved in the context of the Adversary Proceeding.    The Debtor

16   filed further pleadings for the October 17 hearing in the Adversary Proceeding as to why the Court

17   should issue a preliminary injunction against the Receiver and the FTC, and in those pleadings the

18   Debtor demonstrated why the Court should properly unblock the account and permit the Debtor to

19   use the funds contained therein in its operations and reorganization efforts.    The Receiver and the

20   FTC opposed such relief, and the Court held the October 17 hearing in the Adversary Proceeding

21   on those issues

22   The Debtor has previously shown that the Receiver is not a secured creditor of the Debtor,

23   has no security interest in the Debtor's assets, is entitled to no greater status than the Debtor's other

24   unsecured creditors, and is not entitled to adequate protection.    In his latest opposition the

25   Receiver again renews the same arguments he has made throughout this case.    However, those

26   [3] See The "Alternative Budget" attached to the Declaration of Paul Weber dated October 11, 2007;

27   Debtor's October 11 Omnibus Reply to Cash Collateral Objections at 16:4-17.    The Blocked Account funds are needed and the Debtor should be allowed to reorganize without expending substantial legal fees to defend the Florida Action.

28

-6-

DEBTOR'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF USE OF CASH COLLATERAL ON A FURTHER INTERIM BASIS

1   arguments properly belong in the Adversary Proceeding and should be considered therein, not in

2   the context of the Debtor's motion to use cash collateral on a further interim basis. The Receiver

3   himself acknowledges this in his prior objection. <u>See</u> Receiver October 10 Objection at 2:13-17.

4   The Receiver's arguments in his latest objection were and should have been the subject of the

5   October 17 hearing in the Adversary Proceeding, not the November 2 hearing on the Debtor's

6   motion to use cash collateral on a further interim basis.

7       The Receiver claims that the Debtor has never established that this Court has jurisdiction

8   over approximately $1.7 million which is the subject of the dispute between the Debtor and the

9   Receiver. Not so. This Court has exclusive jurisdiction over all of the Debtor's assets pursuant to

10  28 U.S.C. section 1334(e)(1). The Blocked Account is irrelevant to the Court's jurisdiction over

11  the Debtor's assets as it was created with the express understanding of all parties that doing so was

12  not an admission that these were the "Subject Funds" claimed by the Receiver.

13      The Receiver argues that the Debtor's use of cash collateral should be limited because the

14  Debtor purportedly represented to the Eleventh Circuit Court of Appeals that "it will hold the

15  [$1.7 million in funds] and not dissipate them." <u>See</u> Receiver's October 26 Objection at 4:8-9.

16  The Receiver's argument is nothing more than a mischaracterization, as what the Debtor actually

17  wrote was that the status quo should be maintained and that the status quo is "that enforcement of

18  the Omnibus Order is stayed and that [the Debtor] still holds the disputed funds." The status quo

19  is and was the Debtor's possession and use of all of its money and nothing the Debtor said to the

20  Eleventh Circuit is inconsistent with the Debtor using its money.

21      The Receiver's arguments were addressed at the October 17 Adversary Proceeding hearing,

22  and need not be addressed again at the November 2 cash collateral hearing. In any event, the

23  Receiver's arguments are incorrect, and should be overruled.

24  **I.    Similarly, the FTC's Opposition Is Not Properly the Subject of the November 2 Cash
        Collateral Motion Hearing, But Rather the Subject of the Adversary Proceeding
25      Hearing and Has Been Addressed and Should be Resolved in that Context.**

26      The FTC also filed a limited objection to the Debtor's continued use of cash collateral. For

27  the same reasons as just discussed with respect to the Receiver's objection, the FTC's arguments

28

-7-

DEBTOR'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF USE OF CASH
COLLATERAL ON A FURTHER INTERIM BASIS

1    are not properly the subject of the November 2 cash collateral hearing, but instead are and were

2    properly the subject of the Adversary Proceeding and the October 17 hearing therein, and were

3    and will be considered by the Court in that context.  The Debtor demonstrated at the October 17

4    hearing in the Adversary Proceeding that a stay of the FTC action should be granted to eliminate

5    the need to spend extensive funds defending that action.  Nothing in the FTC's latest objection

6    demonstrates why a two week use of cash collateral supported by the Committee should not be

7    granted.

8                                    **CONCLUSION**

9           For the reasons set forth herein as well as the Debtor's other cash collateral motion papers,

10   good cause exists to approve the Debtor's use of cash collateral, including approval of the First

11   Amended PaymentOne Stipulation, for a further interim period through and including November

12   16, 2007, or as soon thereafter as the Court and counsel are available for a further hearing on the

13   motion.  If the Debtor is not permitted to use cash collateral, the result will be the forced cessation

14   of the Debtor's business as well as the forced closure of its most valuable asset, PaymentOne.

15   Such a result would be not be in the best interests of the Debtor's creditors or its bankruptcy estate.

16          The Committee supports the Debtor's use of cash collateral on an interim basis through and

17   including November 16, 2007.  Granting the Debtor's use of its cash collateral on an interim basis

18   will permit time the Debtor to meet with the Committee regarding a possible plan of

19   reorganization contemplating a continuation of business operations, with the goal of allowing the

20   Debtor to exit bankruptcy as quickly as possible, while also maximizing value to unsecured

21   creditors.

22   Dated: October 30, 2007            Respectfully submitted,

23                                     SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

24

25                            By    _____
                                        /s/ Jeffrey K. Rehfeld
26                                      JEFFREY K. REHFELD
                                    Attorneys for Debtor The Billing Resource, dba
27                                             Integretel

28
                                              -8-
DEBTOR'S MEMORANDUM OF POINTS AND
                                              AUTHORITIES IN SUPPORT OF USE OF CASH
                                              COLLATERAL ON A FURTHER INTERIM BASIS

# **EXHIBIT 1**

SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
MICHAEL H. AHRENS,
Cal. Bar No. 44766
JEFFREY K. REHFELD,
Cal. Bar No. 188128
ORI KATZ,
Cal. Bar No. 209561
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone:    415-434-9100
Facsimile:    415-434-3947

Attorneys for Debtor and Debtor-in-
Possession
The Billing Resource, dba Integretel

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>THE BILLING RESOURCE, dba<br>INTEGRETEL, a California corporation<br><br>                Debtor. | Case No. 07-52890 ASW<br><br>Chapter 11<br><br>**FURTHER ORDER APPROVING INTERIM USE OF CASH COLLATERAL AND GRANTING REPLACEMENT LIENS AND APPROVING FIRST AMENDED STIPULATION WITH PAYMENTONE CORPORATION REGARDING USE OF CASH COLLATERAL AND ADEQUATE PROTECTION ON A FURTHER INTERIM BASIS THROUGH AND INCLUDING NOVEMBER 16, 2007**<br><br>Date:       November 2, 2007<br>Time:      1:00 p.m.<br>Place:     United States Bankruptcy Court<br>             280 South First Street<br>             San Jose, California<br>Judge:     Hon. Arthur S. Weissbrodt<br>Courtroom:  3020 |

W02-WEST:FJR\400509031.4

1           The Billing Resource, dba Integretel, a California corporation (the "Debtor") filed

2    its "Emergency Motion For Use Of Cash Collateral And Granting Replacement Liens" (the

3    "Motion") in the above-referenced bankruptcy case (the "Bankruptcy Case"). Capitalized terms

4    not otherwise defined herein shall have the meanings ascribed to them in the Motion. A continued

5    interim hearing (the "September 26 Interim Hearing") with respect to the Motion was previously

6    held on September 26, 2007 before the undersigned United States Bankruptcy Judge at the above-

7    noted place. At the September 26 Interim Hearing, counsel for the Debtor presented to the Court a

8    "First Amended Stipulation With PaymentOne Corporation Regarding Use Of Cash Collateral

9    And Adequate Protection" (the "First Amended PaymentOne Stipulation"), a blacklined version of

10   which the Debtor had previously presented to the Court at an initial hearing held on September 21,

11   2007, and requested that the Court approve the First Amended PaymentOne Stipulation on an

12   interim basis at the September 26 Interim Hearing.

13          Pursuant to the Motion, as revised in light of the First Amended PaymentOne

14   Stipulation, the pleadings filed by the Debtor in support of the Motion prior to the September 26

15   Interim Hearing and the statements made at the September 26 Interim Hearing, and Bankruptcy

16   Code Sections 105, 361, and 363, the Court at the September 26 Interim Hearing entered its

17   "Order Approving Interim Use Of Cash Collateral And Granting Replacement Liens And

18   Approving First Amended Stipulation With PaymentOne Corporation Regarding Use Of Cash

19   Collateral And Adequate Protection On An Interim Basis" (the "September 26 Interim Order"). In

20   connection with the September 26 Interim Hearing, the Court also orally approved certain

21   stipulations regarding the Debtor's interim use of cash collateral between the Debtor and the

22   following entities:  (a) POL, Inc.; (b) Public Communication Services, Inc.; and (c) David R.

23   Chase, as Receiver for certain entities (the "Receiver").

24          A further continued interim hearing (the "October 15 Interim Hearing") with

25   respect to the Motion was previously held on October 15, 2007 before the undersigned United

26   States Bankruptcy Judge at the above-noted place. Prior to the hearing, the Debtor and the

27   Official Committee of Unsecured Creditors (the "Committee") filed a stipulation (the "Committee

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

1   Support Stipulation") stipulating to the to the Debtor's use of cash collateral on a further interim

2   basis through and including November 2, 2007, or as soon thereafter as the Court and counsel are

3   available for a further hearing on the Motion.  Pursuant to the Motion, as revised in light of the

4   First Amended PaymentOne Stipulation, the pleadings filed by the Debtor in support of the

5   Motion prior to the October 15 Interim Hearing and the statements made at the October 15 Interim

6   Hearing, and Bankruptcy Code Sections 105, 361, and 363, the Court on October 16 Interim

7   Hearing signed its "Further Order Approving Interim Use Of Cash Collateral And Granting

8   Replacement Liens And Approving First Amended Stipulation With PaymentOne Corporation

9   Regarding Use Of Cash Collateral And Adequate Protection On An Interim Basis Through And

10  Including November 2, 2007" (the "October 15 Interim Order").

11          A further interim hearing (the "November 2 Interim Hearing") with respect to the

12  Motion seeking further interim approval of the Debtor's use of cash collateral through and

13  including November 16, 2007, or as soon thereafter as the Court and counsel are available for a

14  further hearing on the Motion, including further interim approval of the First Amended

15  PaymentOne Stipulation duly came on for hearing before the undersigned United States

16  Bankruptcy Judge at the above-noted place and time set forth on the caption page of this Order.

17  Appearances were as noted in the record at the November 2 Interim Hearing.

18          Prior to the November 2 Interim Hearing, the Debtor and the Committee filed a

19  stipulation (the "Further Committee Support Stipulation") further stipulating to the to the Debtor's

20  use of cash collateral in accordance with the "Budget" (as such term is defined in the following

21  paragraph) on a further interim basis through and including November 16, 2007, or as soon

22  thereafter as the Court and counsel are available for a further hearing on the Motion.

23          Pursuant to the Motion, as further revised by the pleadings filed by the Debtor in

24  support of the Motion prior to the September 26 Interim Hearing, the October 15 Interim Hearing

25  and the November 2 Interim Hearing, including without limitation the Notice of the November 2

26  Interim Hearing, the Notice of Signing of Order regarding the October 15 Interim Order, the

27  Declaration of Paul Weber dated October 11, 2007 in support of the Debtor's October 15 Interim

28

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

Hearing on Cash Collateral (the "October 11 Weber Declaration") including the revised budget attached as Exhibit B to the October 11 Weber Declaration (the "Budget"), the Debtor's reply to the oppositions to the Motion and in support of the Motion, the statements made at the November 2 Interim Hearing, and Bankruptcy Code Sections 105, 361, and 363, the Debtor seeks an order from the Court: (1) authorizing the Debtor to use certain assets of the Debtor which constitute "cash collateral" as defined in Bankruptcy Code section 363(a) (such assets of the Debtor shall be referred to herein as the "Cash Collateral") on a an interim basis through and including November 16, 2007, or as soon thereafter as the Court and counsel are available for a further hearing on the Motion; (2) granting approval of the First Amended PaymentOne Stipulation and the terms and conditions set forth therein as revised in this Order on an interim basis through and including November 16, 2007, or as soon thereafter as the Court and counsel are available for a further hearing on the Motion; and (3) granting PaymentOne Corporation ("PaymentOne"), POL, Inc. ("POL")[1], Network Telephone Services, Inc. ("Network Telephone"), Personal Voice, Inc. ("Personal Voice") and Public Communication Services, Inc. ("Public Communication") (collectively, the "Alleged Cash Collateral Secured Creditors"), as adequate protection for the use by the Debtor of Cash Collateral in which the Alleged Cash Collateral Secured Creditors have an alleged interest, a replacement lien upon certain of the Debtor's personal property as set forth in this Order (and in the case of PaymentOne as set forth in the First Amended PaymentOne Stipulation), but only to the extent each respective Alleged Cash Collateral Secured Creditors possessed valid, perfected and enforceable prepetition liens in the Cash Collateral; and (4) the

---

[1] The following entities are collectively referred to in this Order as "POL": Access Programs, Inc.; Action Date Connections, Inc.; Benchmark Communications, Inc.; Blazen Communications, Inc.; Call Transfer Services, Inc.; Cassiopeia Group, Inc.; Clear Command Telecommunications, Inc.; Country Club Network Services, Inc.; Date Finders Singles, Inc.; Enhanced Phone Services, Inc.; Inovate Telecommunications, Inc.; Invesco Telecommunications, Inc.; Listen Com. Inc.; LJ Internet, Inc.; Love Dating Network, Inc.;Lunar Tel, Inc.; Messenger Com, Inc.; Omnipresent Digital, Inc.; Palisade Telcom, Inc.; POL, Inc.; Psychic, Inc.; Rebound Communications, Inc.; Singles Date Match, Inc.; Special Comtel, Ltd.; Spring Telecom, Inc.; Vesstone Telecommunications, Inc.; Voicemail, Inc.; Voice Services, Ltd.; Vortex Communications & Telephone, Inc.; Wonder Network, Inc.

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

1 │ setting of a final hearing on the Motion including approval of the First Amended PaymentOne

2 │ Stipulation (the "Final Hearing") pursuant to Rule 4001 of the Federal Rules of Bankruptcy

3 │ Procedure (the "Bankruptcy Rules").

4 │        The Court, having reviewed and considered the Motion, and all pleadings filed in

5 │ support thereof including without limitation the Notice of the Motion, the Introductory Statement

6 │ filed in support of the Motion, the Declaration of Ken Dawson filed in support of the Motion, the

7 │ Debtor's Stipulation with PaymentOne Corporation regarding the Debtor's use of Cash Collateral

8 │ which was attached as an exhibit to the Motion, the First Amended PaymentOne Stipulation

9 │ presented at the Interim Hearing, the two Declarations of Evan Meyer in support of the Motion

10 │ dated September 24, 2007, the Declaration of Joe Lynam in support of the Motion, the Notice of

11 │ the October 15 Interim Hearing, the Notice of Entry of Order regarding the Interim Order, the

12 │ October 11 Weber Declaration including the Budget, the Supplemental Declaration of Ken

13 │ Dawson filed in support of the Motion dated October 11, 2007 (the "October 11 Dawson

14 │ Declaration"), the Committee Support Stipulation, the Notice of the November 2 Interim Hearing,

15 │ the Notice of Signing of Order regarding the October 15 Interim Order, the Further Committee

16 │ Support Stipulation, the oppositions to the Motion filed in connection with the November 2

17 │ Interim Hearing, including the oppositions filed by the Receiver, the Federal Trade Commission

18 │ (the "FTC") and Personal Voice (collectively, the foregoing oppositions and joinder the

19 │ "Oppositions") as well as any other oppositions filed with the Court prior to the November 2

20 │ Interim Hearing or raised at the November 2 Interim Hearing, the reply to the oppositions and in

21 │ support of the Motion including the reply filed by the Debtor, the other matters of record in this

22 │ Bankruptcy Case, the arguments and representations of counsel at the November 2 Interim

23 │ Hearing, having completed both the September 26 Interim hearing, the October 15 Interim

24 │ Hearing, and the November 2 Interim Hearing in accordance with Rule 4001 of the Bankruptcy

25 │ Rules, and good cause appearing therefor,

26 │

27 │        **THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:**

28 │        1.    The Debtor filed a voluntary petition for relief under Chapter 11 of the

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

1    Bankruptcy Code on September 16, 2007 (the "Petition Date"). No trustee or examiner has been

2    appointed in this case, and the Debtor is authorized to operate its business as a debtor-in-

3    possession.

4         2.    The Court has jurisdiction over these proceedings and the parties and

5    property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding

6    within the meaning of 28 U.S.C. § 157(b)(2).

7         3.    Pursuant to §§ 102(1) and 363 of the Bankruptcy Code and Bankruptcy

8    Rule 4001 including Bankruptcy Rule 4001(b) and (d), the Debtor has provided such notice as was

9    practicable and appropriate under the circumstances of the time, place and nature of the November

10   2 Interim Hearing and opportunity to object to the entry of this Order to among others: (1) the

11   Alleged Cash Collateral Secured Creditors; (2) each creditor on the List of 30 Largest Creditors

12   filed pursuant to Bankruptcy Rule 1007(d); (3) the Office of the United States Trustee; (4) other

13   significant parties in interest, including the Receiver and the FTC; and (5) those parties who had

14   filed with the Court filed a request for service pursuant to Bankruptcy Rule 2002. The foregoing

15   notice is adequate and sufficient in light of the nature of the relief requested in the Motion as

16   revised.

17        4.    The Debtor must have the use of cash generated from the Debtor's assets

18   including without limitation the Debtor's prepetition assets which each of the Alleged Cash

19   Collateral Secured Creditors claims to be its Cash Collateral in order to continue to operate and

20   preserve the value of Debtor's estate.

21        5.    Unless the Debtor is permitted to use the Cash Collateral, the Debtor's

22   ability to operate its business, pay expenses of this Bankruptcy Case, and to preserve and maintain

23   the property and assets of its estate and to reorganize will be immediately and irreparably

24   jeopardized, and the Debtor's use of the Cash Collateral is necessary to avoid immediate and

25   irreparable harm to the Debtor and the Debtor's bankruptcy estate.

26        6.    The level of adequate protection for the Alleged Cash Collateral Secured

27   Creditors proposed to be provided by the Debtor in the Motion as revised and as more particularly

28   set forth below, in return for the use of the Cash Collateral, is reasonable.

W02-WEST:FJR\400509031.4

-5-

7.    Good cause has been shown for entry of this Order, including without limitation the approval of the First Amended PaymentOne Stipulation and the terms and conditions set forth therein as revised by this Order on an interim basis through and including November 16, 2007, or as soon thereafter as the Court and counsel are available for a further hearing on the Motion. Among other things, entry of this Order will preserve each of the Alleged Cash Collateral Secured Creditor's position vis-a-vis the Debtor and other creditors of the estate so that each of the respective Alleged Cash Collateral Secured Creditor's position vis-a-vis the Debtor and such other creditors is neither diminished nor enhanced by Debtor's use of Cash Collateral.

8.    To the extent that any of the foregoing findings constitute or include conclusions of law, they shall be so deemed.

### ACCORDINGLY, IT IS HEREBY ORDERED AS FOLLOWS:

1.    The Motion, as amended including by the relief sought in connection with PaymentOne, is approved on a further interim basis through and including November 16, 2007, or as soon thereafter as the Court and counsel are available for a further hearing on the Motion, and the First Amended PaymentOne Stipulation and terms and conditions set forth therein as revised by this Order are approved on a further interim basis through and including November 16, 2007, or as soon thereafter as the Court and counsel are available for a further hearing on the Motion. Use of Cash Collateral as set forth in the Budget which is attached as Exhibit B to the October 11 Weber Declaration is approved on a further interim basis through and including November 16, 2007, or as soon thereafter as the Court and counsel are available for a further hearing on the Motion. Notwithstanding anything to the contrary contained in the First Amended PaymentOne Stipulation, no super-priority administrative expense claim pursuant to Bankruptcy Code Section 507(b) is granted or provided to PaymentOne or to any other Alleged Cash Collateral Secured Creditor on a further interim basis through and including November 16, 2007, or as soon thereafter as the Court and counsel are available for a further hearing on the Motion, provided, however, that such claim will be determined at the Final Hearing. Notwithstanding the foregoing, PaymentOne (and any other Alleged Cash Collateral Secured Creditor beneficiary of this Order), reserves

W02-WEST:FJR\400509031.4

-6-

1    statutory rights it may have as a matter of law under Bankruptcy Code section 507(b) or any other

2    provision of the Bankruptcy Code, and the Debtor and its bankruptcy estate reserve all defenses

3    thereto. This Order is valid immediately and is fully effective upon its entry.

4            2.    Oppositions to the Motion, including without limitation the Oppositions, as

5    well as any other oppositions filed with the Court prior to the November 2 Interim Hearing or

6    raised at the November 2 Interim Hearing, to the extent not withdrawn, are overruled.

7            3.    The Debtor may use Cash Collateral in which PaymentOne has an alleged

8    interest in accordance with the First Amended PaymentOne Stipulation as revised by this Order.

9            4.    The Debtor is authorized to pay PaymentOne the Pipeline Collection

10   Property in accordance with the terms and conditions of the First Amended PaymentOne

11   Stipulation as revised by this Order and the October 11 Weber Declaration including its attached

12   Budget filed in this Bankruptcy Case.

13           5.    PaymentOne is granted, pursuant to Bankruptcy Code sections 361(2) and

14   363(e), valid, perfected and enforceable replacement liens upon all post-petition property of the

15   Debtor of the same type and character of any pre-petition property as to which PaymentOne had

16   valid, perfected and enforceable security interests or liens (including any proceeds thereof to the

17   extent that PaymentOne had valid, perfected and enforceable pre-petition security interests or pre-

18   petition liens in proceeds). Notwithstanding anything to the contrary contained in the First

19   Amended PaymentOne Stipulation or this Order, the replacement liens granted to PaymentOne

20   shall not include any Bankruptcy Code chapter 5 avoidance actions or the proceeds thereof. The

21   replacement liens granted to PaymentOne shall be automatically perfected pursuant to this Order

22   and PaymentOne shall not be required to take any further action to perfect such liens.

23

24           6.    PaymentOne's replacement liens on the post-petition property shall have the

25   same priority vis-a-vis other liens and interests as PaymentOne's pre-petition liens and security

26   interests have vis-a-vis such other liens and interests. The replacement liens granted to

27   PaymentOne by this Order are intended to preserve PaymentOne's position vis-a-vis the Debtor

28   and other creditors of the estate so that PaymentOne's position vis-a-vis the Debtor and such other

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

1   creditors is neither diminished nor enhanced by Debtor's use of Cash Collateral and PaymentOne's

2   receipt of replacement liens.

3           7.      The replacement liens granted to PaymentOne shall be subordinated from

4   the Petition Date until further order of the Court to any allowed on an interim or final basis

5   expenses of this bankruptcy case including without limitation any allowed on an interim or final

6   basis fees and expenses of professionals retained by the Debtor and any official committee

7   appointed in this bankruptcy case as well as those of any trustee subsequently appointed in the

8   bankruptcy case and such trustee's professionals, subject to the terms and conditions set forth in

9   the First Amended PaymentOne Stipulation, but amended for the time period up to and including

10  November 16, 2007 to strike the following language from Paragraph 8 of the First Amended

11  PaymentOne Stipulation: ", but only to the extent such fees and expenses are provided for in the

12  Budget and were actually incurred before this First Amended Stipulation terminated."

13          8.      Notwithstanding anything to the contrary set forth in this Order, this Order

14  does not determine whether PaymentOne has any valid, perfected or enforceable prepetition liens

15  or security interests in the Cash Collateral or any of the Debtor's other assets, and both the Debtor

16  and PaymentOne reserve all rights and defenses with respect thereto.  The replacement liens

17  granted to PaymentOne in consideration of its asserted prepetition liens pursuant to this Order are

18  effective only to the extent that PaymentOne's prepetition liens in the Cash Collateral are valid,

19  perfected and enforceable.

20

21          9.      The Debtor may use Cash Collateral in which POL has an alleged interest.

22          10.     POL is granted, pursuant to Bankruptcy Code sections 361(2) and 363(e),

23  valid, perfected and enforceable replacement liens upon all post-petition property of the Debtor of

24  the same type and character of any pre-petition property as to which POL had valid, perfected and

25  enforceable security interests or liens, but only to the extent of Cash Collateral used by the Debtor.

26  Notwithstanding anything to the contrary contained in this Order, the replacement liens granted to

27  POL shall not include any Bankruptcy Code chapter 5 avoidance actions or the proceeds thereof.

28  The replacement liens granted to POL shall be automatically perfected pursuant to this Order and

W02-WEST:FJR\400509031.4                    -8-

1    POL shall not be required to take any further action to perfect such liens.

2         11.    POL's replacement liens on the post-petition property shall have the same

3    priority vis-a-vis other liens and interests as POL's pre-petition liens and security interests have

4    vis-a-vis such other liens and interests. The replacement liens granted to POL by this Order are

5    intended to preserve POL's position vis-a-vis the Debtor and other creditors of the estate so that

6    POL's position vis-a-vis the Debtor and such other creditors is neither diminished nor enhanced by

7    Debtor's use of Cash Collateral and POL's receipt of replacement liens.

8         12.    The replacement liens granted to POL shall be subordinated from the

9    Petition Date until further order of the Court to any allowed on an interim or final basis expenses

10   of this bankruptcy case including without limitation any allowed on an interim or final basis fees

11   and expenses of professionals retained by the Debtor and any official committee appointed in this

12   bankruptcy case as well as those of any trustee subsequently appointed in the bankruptcy case and

13   such trustee's professionals.

14        13.    Notwithstanding anything to the contrary set forth in this Order, this Order

15   does not determine whether POL has any valid, perfected or enforceable prepetition liens or

16   security interests in the Cash Collateral or any of the Debtor's other assets, and both the Debtor

17   and POL reserve all rights and defenses with respect thereto. The replacement liens granted to

18   POL pursuant to this Order are effective only to the extent that POL's prepetition liens in the Cash

19   Collateral are valid, perfected and enforceable.

20        14.    The Debtor may use Cash Collateral in which Network Telephone has an

21   alleged interest.

22        15.    Network    Telephone   is   granted,   pursuant   to   Bankruptcy   Code

23   sections 361(2) and 363(e), valid, perfected and enforceable replacement liens upon all post-

24   petition property of the Debtor of the same type and character of any pre-petition property as to

25   which Network Telephone had valid, perfected and enforceable security interests or liens, but only

26   to the extent of Cash Collateral used by the Debtor. Notwithstanding anything to the contrary

27   contained in this Order, the replacement liens granted to Network Telephone shall not include any

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

Bankruptcy Code chapter 5 avoidance actions or the proceeds thereof. The replacement liens granted to Network Telephone shall be automatically perfected pursuant to this Order and Network Telephone shall not be required to take any further action to perfect such liens.

16.    Network Telephone's replacement liens on the post-petition property shall have the same priority vis-a-vis other liens and interests as Network Telephone's pre-petition liens and security interests have vis-a-vis such other liens and interests. The replacement liens granted to Network Telephone by this Order are intended to preserve Network Telephone's position vis-a-vis the Debtor and other creditors of the estate so that Network Telephone's position vis-a-vis the Debtor and such other creditors is neither diminished nor enhanced by Debtor's use of Cash Collateral and Network Telephone's receipt of replacement liens.

17.    The replacement liens granted to Network Telephone shall be subordinated from the Petition Date until further order of the Court to any allowed on an interim or final basis expenses of this bankruptcy case including without limitation any allowed on an interim or final basis fees and expenses of professionals retained by the Debtor and any official committee appointed in this bankruptcy case as well as those of any trustee subsequently appointed in the bankruptcy case and such trustee's professionals.

18.    Notwithstanding anything to the contrary set forth in this Order, this Order does not determine whether Network Telephone has any valid, perfected or enforceable prepetition liens or security interests in the Cash Collateral or any of the Debtor's other assets, and both the Debtor and Network Telephone reserve all rights and defenses with respect thereto. The replacement liens granted to Network Telephone pursuant to this Order are effective only to the extent that Network Telephone's prepetition liens in the Cash Collateral are valid, perfected and enforceable.

19.    The Debtor may use Cash Collateral in which Personal Voice has an alleged interest.

20.    Personal Voice is granted, pursuant to Bankruptcy Code sections 361(2) and 363(e), valid, perfected and enforceable replacement liens upon all post-petition property of the

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

1  Debtor of the same type and character of any pre-petition property as to which Personal Voice had

2  valid, perfected and enforceable security interests or liens, but only to the extent of Cash Collateral

3  used by the Debtor. Notwithstanding anything to the contrary contained in this Order, the

4  replacement liens granted to Personal Voice shall not include any Bankruptcy Code chapter 5

5  avoidance actions or the proceeds thereof. The replacement liens granted to Personal Voice shall

6  be automatically perfected pursuant to this Order and Personal Voice shall not be required to take

7  any further action to perfect such liens.

8      21.    Personal Voice's replacement liens on the post-petition property shall have

9  the same priority vis-a-vis other liens and interests as Personal Voice's pre-petition liens and

10  security interests have vis-a-vis such other liens and interests. The replacement liens granted to

11  POL by this Order are intended to preserve Personal Voice's position vis-a-vis the Debtor and

12  other creditors of the estate so that Personal Voice's position vis-a-vis the Debtor and such other

13  creditors is neither diminished nor enhanced by Debtor's use of Cash Collateral and Personal

14  Voice's receipt of replacement liens.

15      22.    The replacement liens granted to Personal Voice shall be subordinated from

16  the Petition Date until further order of the Court to any allowed on an interim or final basis

17  expenses of this bankruptcy case including without limitation any allowed on an interim or final

18  basis fees and expenses of professionals retained by the Debtor and any official committee

19  appointed in this bankruptcy case as well as those of any trustee subsequently appointed in the

20  bankruptcy case and such trustee's professionals.

21

22      23.    Notwithstanding anything to the contrary set forth in this Order, this Order

23  does not determine whether Personal Voice has any valid, perfected or enforceable prepetition

24  liens or security interests in the Cash Collateral or any of the Debtor's other assets, and both the

25  Debtor and Personal Voice reserve all rights and defenses with respect thereto. The replacement

26  liens granted to Personal Voice pursuant to this Order are effective only to the extent that Personal

27  Voice's prepetition liens in the Cash Collateral are valid, perfected and enforceable.

28      24.    The Debtor may use Cash Collateral in which Public Communication has an

W02-WEST:FJR\400509031.4        -11-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

1 │ alleged interest.

2 │     25.    Public Communication is granted, pursuant to Bankruptcy Code

3 │ sections 361(2) and 363(e), valid, perfected and enforceable replacement liens upon all post-

4 │ petition property of the Debtor of the same type and character of any pre-petition property as to

5 │ which Public Communication had valid, perfected and enforceable security interests or liens, but

6 │ only to the extent of Cash Collateral used by the Debtor. Notwithstanding anything to the contrary

7 │ contained in this Order, the replacement liens granted to Public Communication shall not include

8 │ any Bankruptcy Code chapter 5 avoidance actions or the proceeds thereof. The replacement liens

9 │ granted to Public Communication shall be automatically perfected pursuant to this Order and

10 │ Public Communication shall not be required to take any further action to perfect such liens.

11 │     26.    Public Communication's replacement liens on the post-petition property

12 │ shall have the same priority vis-a-vis other liens and interests as Public Communication's pre-

13 │ petition liens and security interests have vis-a-vis such other liens and interests. The replacement

14 │ liens granted to Public Communication by this Order are intended to preserve Public

15 │ Communication's position vis-a-vis the Debtor and other creditors of the estate so that Public

16 │ Communication's position vis-a-vis the Debtor and such other creditors is neither diminished nor

17 │ enhanced by Debtor's use of Cash Collateral and Public Communication's receipt of replacement

18 │ liens.

19 │

20 │     27.    The replacement liens granted to Public Communication shall be

21 │ subordinated from the Petition Date until further order of the Court to any allowed on an interim

22 │ or final basis expenses of this bankruptcy case including without limitation any allowed on an

23 │ interim or final basis fees and expenses of professionals retained by the Debtor and any official

24 │ committee appointed in this bankruptcy case as well as those of any trustee subsequently

25 │ appointed in the bankruptcy case and such trustee's professionals.

26 │     28.    Notwithstanding anything to the contrary set forth in this Order, this Order

27 │ does not determine whether Public Communication has any valid, perfected or enforceable

28 │ prepetition liens or security interests in the Cash Collateral or any of the Debtor's other assets, and

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

both the Debtor and Public Communication reserve all rights and defenses with respect thereto. The replacement liens granted to Public Communication pursuant to this Order are effective only to the extent that Public Communication's prepetition liens in the Cash Collateral are valid, perfected and enforceable.

29.     The use of Cash Collateral shall be in the amounts, and for the purposes, set forth on the Budget. Notwithstanding anything to the contrary in the First Amended PaymentOne Stipulation or this Order, to the extent that the Debtor does not spend the full amount of funds which it is authorized to spend in the Budget for a given week period, the Debtor does not "lose" the right to spend thereafter such unused funds, but instead the Debtor may spend such unused funds in a subsequent week period(s) in addition to whatever additional funds the Debtor is authorized to spend in that subsequent week period(s) as provided in the Budget.

30.     The Court shall hold the Final Hearing on the Motion including the First Amended PaymentOne Stipulation on _____, 2007 at __:__.m.

31.     The Debtor shall, on or before _____, 2007, serve by U.S. mail and email service to the extent that the Debtor's counsel has an email address for any party or its counsel, a copy of this Order and a notice regarding the Final Hearing, to (i) the parties having been given notice of the November 2 Interim Hearing, and (ii) any other party ordered by the Court or who has filed with the Court and served on the Debtor's counsel a request for service pursuant to Bankruptcy Rule 2002. Such notice shall state that any party in interest objecting to the approval of the Motion on a final basis shall file a written objection with the Court no later than _____, 2007, which objection shall be filed with the Court and served so that it is received on or before 5:00 p.m. (Pacific Time) of such date by the Debtor's counsel, the Committee's counsel, and the Office of the United States Trustee at the following contact information:

Counsel to Debtor:

Sheppard, Mullin, Richter & Hampton LLP
Four Embarcadero Center, Suite 1700
San Francisco, CA 94111

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

```
 1              Attn:   Michael H. Ahrens, Esq.
                        Jeffrey K. Rehfeld, Esq.
 2                      Ori Katz, Esq.
                Email:  mahrens@sheppardmullin.com
 3                      jrehfeld@sheppardmullin.com
                        okatz@sheppardmullin.com
 4

 5              Counsel to Committee:

 6              Pachulski Stang Ziehl Young & Jones LLP
                150 California Street, 15th Floor
 7              San Francisco, CA 94111-4500
                Attn:   John D. Fiero, Esq.
 8                      Maxim B. Litvak, Esq.
                Email:  jfiero@pzjl.com
 9                      mlitvak@pzjl.com

10

11              Office of the United States Trustee:

12              Office of the United States Trustee
                280 S. First Street, Suite 268
13              San Jose, CA 94113-0002
                Attn:   John Wesolowski, Esq.
14              Facsimile: (408) 535-5525

15
```

15 │       32.    If a timely objection is filed, served and received, a written reply thereto

16 │ shall not be required but may be filed with the Court and served so that it is received by the

17 │ objecting party no later than _____ , 2007 on or before 11:59 p.m. (Pacific Time).

18 │

19 │

20 │                         ** END OF ORDER **

COURT SERVICE LIST

Office of the U.S. Trustee
Office of the U.S. Trustee
Attn: Edwina Dowell, Esq.
280 South First Street, Room 268
San Jose, CA 95113

The Billing Resource dba Integretel
The Billing Resource dba Integretel
Attn: Ken Dawson
5883 Rue Ferrari
San Jose, CA 95138

Proposed counsel for The Billing Resource dba Integretel
The Billing Resource dba Integretel
c/o Sheppard, Mullin, Richter & Hampton LLP
Attn: Michael H. Ahrens, Esq.
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111-4106

Counsel for PaymentOne Corporation
PaymentOne Corporation
c/o O'Melveny & Myers LLP
Attn: Steve Warren, Esq.
400 South Hope Street
Los Angeles, CA 90071-2899

POL, Inc.
POL, Inc.
c/o Joel R. Dichter, Esq.
Dichter Law Group, LLC
10 Rockefeller Plaza, Suite 816
New York, New York 10020
Email: info@dichterlaw.com
Fax: (212) 757-5002

POL, Inc.
c/o Kathryn Diemer, Esq.
Diemer, Whitman & Cardosi
75 East Santa Clara Street, Suite 290
San Jose, CA 95113

Personal Voice, Inc.
Personal Voice, Inc.
Attn: David Giorgione
16807 A U.S. Highway 19 North, Suite A
Clearwater, FL 33764

Personal Voice, Inc.
Attn: Thomas C. Little

W02-WEST:FJR\400509031.4

-15-

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS

1   (Registered Agent for Service of Process)
    2123 NE Coachman Rd., Suite A
2   Clearwater, FL 33765

3   <u>Network Telephone Services, Inc.</u>
    Network Telephone Services, Inc.
4   Attn: Daniel Coleman. Esq.
    21135 Erwin Street
5   Woodland Hills, CA 91367

6   Ellen Friedman, Esq.
    Elaine Hammond, Esq.
7   Friedman, Dumas & Springwater LLP
    150 Spear Street, Suite 1600
8   San Francisco, CA 94105

9   <u>Public Communication Services, Inc.</u>
    Public Communication Services, Inc.
10  Attn: Leslie Cohen, Esq.
    Liner Yankelvitz Sunshine & Regenstreif LLP
11  1100 Glendon Avenue. 14th Floor
12  Los Angeles. CA 90024-3503

13  <u>The Receiver David Chase</u>
    Walter Oetzell, Esq.
14  Steven J. Schwartz, Esq.
    Danning, Gill, Diamond & Kollitz, LLP
15  2029 Century Park East, Third Floor
    Los Angeles, California 90067-2904
16
    Jeffrey C. Schneider, Esq.
17  Tew Cardenas LLP
    Four Seasons Tower, Fifteenth Floor
18  1441 Brickell Avenue
    Miami, Florida 33131-3407
19
    <u>Federal Trade Commission</u>
20  Michael Mora, Esq.
    Julie A. Mack, Esq.
21  Federal Trade Commission
    600 Pennsylvania Ave. N.W.
22  Washington, DC 20580

23  <u>Thermo Credit</u>
24  John A. Lapinski, Esq.
    Leslie R. Horowitz, Esq.
25  Dolores Cordell, Esq.
    Clark & Trevithick
26  800 Wilshire Boulevard, 12th Floor
    Los Angeles, California 90017
27
    W. Timothy Miller, Esq.
28  Taft Stettinius & Hollister LLP

W02-WEST:FJR\400509031.4                    -16-

1   425 Walnut Street, Suite 1800
    Cincinnati, Ohio 45202

2

3   Certain Creditors
    Peter Benvenutti, Esq.
    Michaeline H. Correa, Esq.

4   Heller, Ehrman, White and McAuliffe
    333 Bush St.

5   San Francisco, CA 94104-2878

6   Email Discount Network and Intelicom Messaging
    c/o David M. Goodrich, Esq.

7   7700 Irvine Center Drive, Suite 800
    Irvine, CA 92618

8

9   Austin P. Nagel, Esq.
    Law Offices of Austin P. Nagel

10  111 Deerwood Place, Suite 338
    San Ramon, California 94583

11  Official Creditors' Committee

12  John Fiero, Esq.
    Pachulski, Stang, Ziehl, Young & Jones

13  150 California Street, 15th Floor
    San Francisco, CA  94111-4500

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FURTHER ORDER APPROVING FURTHER
INTERIM USE OF CASH COLLATERAL AND
GRANTING REPLACEMENT LIENS