WILLIAM BLUMENTHAL
General Counsel

JOHN F. DALY
Deputy General Counsel - Litigation

JOHN ANDREW SINGER
Attorney - Office of the General Counsel
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
Telephone: (202) 326-3234
Facsimile: (202) 326-2447
Email: jsinger@ftc.gov

ATTORNEYS FOR FEDERAL
TRADE COMMISSION

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| THE BILLING RESOURCE d/b/a INTEGRETEL, | No. 5:07-CIV-5758-RMW |
| Debtor-Plaintiff-Appellee, | |
| v. | Date: December 21, 2007<br>Time: 9:00 a.m.<br>Place: 280 S. First Street<br>San Jose, CA<br>Judge: Hon. Ronald M. Whyte<br>Courtroom: 6 - 4th Floor |
| FEDERAL TRADE COMMISSION et al., | |
| Defendant-Appellant. | |

On Appeal from the United States Bankruptcy Court for the Northern District of California, No. 07-52890, Adversary Proceeding No. 07-5156 (Weissbrodt)

**DEFENDANT-APPELLANT FEDERAL TRADE COMMISSION'S N.D. CAL. L.R. 6-1 AND FED. R. BANKR. P. 9006 MOTION TO SHORTEN BRIEFING SCHEDULE AND ACCELERATE HEARING DATE FOR ITS COMBINED MOTIONS FOR STAY PENDING APPEAL AND FOR CHANGE OF VENUE PURSUANT TO 28 U.S.C. § 1412**

Defendant-appellant the Federal Trade Commission ("Commission"), pursuant to N.D. Cal. L.R. 6-1 and Fed. R. Bankr. P. 9006, hereby moves to shorten the briefing schedule and accelerate the hearing date for its combined motions for stay pending appeal and for change of venue pursuant to 28 U.S.C. § 1412. In support of its motion, the Commission states the following:

1. Debtor-Plaintiff-appellee The Business Resource dba Integretel ("Integretel") is a defendant in a civil law enforcement action pending in the United States District Court for the Southern District of Florida (the "Florida District Court"), *FTC v. Nationwide Connections, Inc.*, No. 06-CV-80180-Ryskamp/Vitunac (S.D. Fla.) (the "Enforcement Action"). Integetel was an instrumental player in a telephone billing "cramming" scheme that bilked consumers over $30 million for bogus long distance charges. Integretel aggregated approximately $5 million of these charges and placed them on consumers' monthly telephone bills.

2. The preliminary injunction that is the subject of this appeal enjoins the Commission from prosecuting its Enforcement Action with regard to Integretel through March 14, 2008. Trial in the Enforcement Action is set for February 25, 2008. The Commission's motion for stay pending appeal requests that this Court stay the effect of the preliminary injunction so that Integretel must participate in the Enforcement Action trial as scheduled.

3. While addressed fully in the Commission's memorandum in support of its combined motion for a stay pending appeal and for a change of venue, a stay pending appeal should be issued by this Court because injunctions of law enforcement actions are disfavored, the Commission and the public will be irreparably harmed if the trial in the Enforcement Action is delayed and the Commission is not able to promptly bring Integretel (and possibly the other 13 defendants in the Enforcement Action) under a permanent injunction. In addition, Integretel will not be irreparably harmed by the

Commission's requested stay pending appeal.

4. Due to the trial date in the Enforcement Action, time is of the essence and a prompt resolution of the Commission's contemporaneously filed motion for a stay pending appeal is critical so that Integretel, if the stay is granted, has adequate time to prepare for the trial. A delayed ruling on the stay motion, even if the Court ultimately resolves the motion in the Commission's favor, will be a pyrrhic victory if it is too close to the trial date to permit Integretel to prepare for trial.

5. Prompt resolution of the Commission's motion to change the venue of this adversary proceeding to the Southern District of Florida also is critical. This is particularly so if this Court chooses to grant the motion to change venue and then defers to the transferee court the decision whether to grant the Commission's motion for a stay pending appeal.

6. Absent the requested Order, any opposition's to the Commission's combined motions for a stay pending appeal and for a change of venue, any oppositions to the motions would be due on December 3, 2007, Fed. R. Bankr. 8011(a), 9006(a) and (f) (seven business days to respond to the motions plus three days for mailing) and the earliest possible hearing date would be December 21, 2007, N.D. Cal. L.R. 7-2(a).

7. Specifically, the Commission moves that:

a. Any opposition to the Commission's combined motions for a stay pending appeal and for a change of venue be filed and served not later than November 29, 2007;

b. The Commission be required to file and serve its reply, if any, by December 4, 2007;

c. Service may be made electronically; and

c. The Hearing on this motion, if any, be heard on December 7, 2007.

Respectfully submitted,

WILLIAM BLUMENTHAL
General Counsel

JOHN F. DALY
Deputy General Counsel - Litigation

JOHN ANDREW SINGER
Attorney - Office of the General Counsel
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
Telephone: (202) 326-3234
Facsimile: (202) 326-2447
Email: jsinger@ftc.gov

MICHAEL MORA
JULIE MACK
Attorney - Division of Enforcement
Bureau of Consumer Protection

ATTORNEYS FOR FEDERAL
TRADE COMMISSION