WILLIAM BLUMENTHAL
General Counsel

JOHN F. DALY
Deputy General Counsel - Litigation

JOHN ANDREW SINGER
Attorney - Office of the General Counsel
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
Telephone: (202) 326-3234
Facsimile: (202) 326-2447
Email: jsinger@ftc.gov

ATTORNEYS FOR FEDERAL
TRADE COMMISSION

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| THE BILLING RESOURCE d/b/a INTEGRETEL, | ) )  No. 5:07-CIV-5758-RMW |
| Debtor-Plaintiff-Appellee, | ) ) Date: January 4, 2007 |
| v. | ) Time: 9:00 a.m. |
| | ) Place: 280 S. First Street |
| FEDERAL TRADE COMMISSION et al., | ) San Jose, CA |
| | ) Judge: Hon. Ronald M. Whyte |
| Defendant-Appellant. | ) Courtroom: 6 - 4th Floor |

On Appeal from the United States Bankruptcy Court for the Northern District of California, No. 07-52890, Adversary Proceeding No. 07-5156 (Weissbrodt)

**NOTICE OF
DEFENDANT-APPELLANT FEDERAL TRADE COMMISSION'S
MOTION FOR STAY PENDING APPEAL OF THE BANKRUPTCY
COURT'S NOVEMBER 27, 2007, PRELIMINARY INJUNCTION**

Please take note that Defendant-appellant the Federal Trade Commission ("Commission") hereby moves for a stay pending appeal of the bankruptcy court's November 27, 2007, preliminary injunction. The motion shall be heard before the Hon. Ronald M. Whyte, on Friday, January 4, 2008, at 9:00 a.m.(unless expedited to December 21, 2007, pursuant to N.D. Cal. L.R. 6 and Fed. R. Banr. P. 8006, as requested by the Commission) in Courtroom 6 (4th Floor) of the United States Court House, 280 S. First Street, San Jose, CA.

In support of its motion of its motions, the Commission states the following:

1. Debtor-Plaintiff-appellee The Business Resource dba Integretel ("Integretel") is a defendant in a civil law enforcement action pending in the United States District Court for the Southern District of Florida (the "Florida District Court"), *FTC v. Nationwide Connections, Inc.*, No. 06-CV-80180-Ryskamp/Vitunac (S.D. Fla.) (the "Enforcement Action"). Integetel was an instrumental player in a telephone billing "cramming" scheme that bilked consumers over $30 million for bogus long distance charges. Integretel aggregated approximately $5 million of these charges and placed them on consumers' monthly telephone bills.

2. In a September 14, 2007, Order ("September 14 Order"), the Florida District Court held that: (1) approximately $1.7 million (the "Reserve Funds") are the property of a receivership estate created in Enforcement Action (and *not* Integretel); (2) Integretel should have turned the Reserve Funds over to the Receiver in March 2006 pursuant to the turnover provisions of a temporary restraining order (and subsequent injunctions) issued by the Florida District Court; and (3) Integretel was required, within ten days, to either turn over these funds to a Receiver appointed by the Florida District Court or show cause why it should not be held in contempt.

3. Rather than comply with the September 14 Order, Integretel filed for bankruptcy on

September 16, 2007, and, on September 20, 2007, filed the instant adversary proceeding.

4.  After being alerted to Integretel's bankruptcy, the Florida District Court entered a clarification order on September 21, 2007 (the "September 21 Order"), that reiterated the findings of the September 14 Order and further held that, as the property of the receivership estate in the Enforcement Action, the Reserve Funds are not part of Integretel's bankruptcy estate.

5.  Despite the clear collateral estoppel effect of the Florida District Court's September 14 Order and the express limitation provided by 28 U.S.C. § 1334(e)(2) on a bankruptcy court's jurisdiction to the property of the debtor "as of the *commencement*" of" the bankruptcy, the bankruptcy court issued its November 26, 2007, preliminary injunction enjoining the Commission and the Receiver from pursuing the contempt proceeding through March 14, 2007.

6.  While the Reserve Funds are in a blocked account for the duration of the preliminary injunction subject to further order of the bankruptcy court, this "protection" is rather illusory. Integretrel can move to release these funds for its use at any time.

7.  Once the Reserve Funds are released to and disbursed by Integretel, the Commission and the Receiver will be irreparably harmed because the subject of the contempt proceedings, the Reserve Funds, will be disbursed by Integretel to its creditors. The disbursal of the funds will leave the Florida District Court unable to meaningfully vindicate its authority through contempt and Integretel will have successfully flaunted repeated orders of the Florida District Court.

8.  A stay pending appeal should be issued by this Court because the bankruptcy court's November 26, 2007, injunction involves property (the Reserve Funds) that, pursuant to the principle of collaateral estoppel and 28 U.S.C. § 1334(e)(2), is not part of Integretel's bankruptcy estate. Additionally, injunctions of law enforcement actions, to which the contempt proceeding is ancillary, are

disfavored. Since the November 26 preliminary injunction extends through when Integretel likely will obtain the use of and distribute the Reserve Funds, absent a stay the Commission, the Florida District Court, the Receiver, and the public will be irreparably harmed. The injunction prohibits the Commission and the Receiver from seeking to recover the Reserve Funds for possible use as consumer redress to the thousands of consumers duped by Integretel. Additionally, releasing the Reserve Funds to Integretel for its use would, in effect, eliminate the ability of the Florida District Court to vindicate the multiple turnover orders that Integretel disregarded since the Reserve Funds would be disbursed. It also would reward Integretel's contumacious behavior by giving Integretel the use of the Reserve Funds for its reorganization efforts. In contrast, Integretel will not be harmed by a stay since any financial difficulty it faces is entirely self-inflicted since it has knowingly flaunted repeated orders by the Florida District Court to turn over the Reserve Funds to the Receiver since March 2006.

     9.     Additional reasons for granting the Commission's motion are set out in the Commission's memorandum in support of this motion.

Respectfully submitted,

WILLIAM BLUMENTHAL
General Counsel

JOHN F. DALY
Deputy General Counsel - Litigation

JOHN ANDREW SINGER
Attorney - Office of the General Counsel
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
Telephone: (202) 326-3234
Facsimile: (202) 326-2447
Email: jsinger@ftc.gov

MICHAEL MORA
JULIE MACK
Attorney - Division of Enforcement
Bureau of Consumer Protection

ATTORNEYS FOR FEDERAL
TRADE COMMISSION

