Exhibit 4

MAGISTRATE JUDGE
VITUNAC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIV-RYSKAMP

Case No. _____ - CIV- (_____)

## 06-80180

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) COMPLAINT FOR INJUNCTIVE |
| Plaintiff, | ) AND OTHER EQUITABLE |
| | ) RELIEF |
| vs. | ) |
| | ) |
| NATIONWIDE CONNECTIONS, INC. | ) |
| ACCESS ONE COMMUNICATIONS, INC. | ) |
| NETWORK ONE SERVICES, INC. | ) |
| WILLOUGHBY FARR | ) |
| MARY LOU FARR | ) |
| YARET GARCIA | ) |
| ERIKA RIABOUKHA | ) |
| QAADIR KAID, | ) |
| Defendants. | ) |

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), for its complaint alleges as follows:

1.  The Commission brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to obtain preliminary and permanent injunctive relief, including rescission, restitution, redress, disgorgement, and other equitable relief for Defendants' deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45.

### JURISDICTION AND VENUE

2.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §§ 45(a), 53(b), and 28 U.S.C. §§ 1331, 1337(a), and 1345.

00176

3.      Venue in this District is proper under 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b) and (c).

## PLAINTIFF

4.      Plaintiff, the Federal Trade Commission, is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41 *et seq.* The Commission is charged, *inter alia*, with enforcement of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The Commission is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and to secure such equitable relief as may be appropriate.

## DEFENDANTS

5.      Defendant Nationwide Connections, Inc. ("Nationwide") is a Florida corporation with its principal place of business located at 215 Fifth Street, Suite 306, West Palm Beach, Florida 33401. At various times, Nationwide also has represented its principal place of business to be 222 Lakeview Avenue, Suite 160, Box 157, West Palm Beach, Florida 33401. Defendant Nationwide transacts or has transacted business in this District.

6.      Defendant Access One Communications, Inc. ("Access One") is a Florida corporation with its principal place of business located at 222 Lakeview Avenue, Suite 160, Box 157, West Palm Beach, Florida 33401. Defendant Access One transacts or has transacted business in this District.

7.      Defendant Network One Services, Inc. ("Network One") is a Florida corporation with its principal place of business located at 222 Lakeview Avenue, Suite 160, West Palm

00177

Beach, Florida 33401. Defendant Network One transacts or has transacted business in this District.

8. Defendant Willoughby Farr is the chief operating officer of Access One and a director of Network One. Farr also is a de facto officer and principal in Nationwide. At all times material to this complaint, Defendant Farr, individually or in concert with others, has formulated, directed, controlled, or participated in the acts and practices of Defendants Nationwide, Access One, and Network One, including the acts and practices set forth in this complaint. Defendant Farr resides in and transacts or has transacted business in this District.

9. Defendant Mary Lou Farr ("M.L. Farr"), a/k/a Marie Louise Farr, was a director of Nationwide and is a de facto officer and principal in Nationwide and Access One. Defendant M.L. Farr is Defendant Farr's mother. At all times material to this complaint, Defendant M.L. Farr, individually or in concert with others, has formulated, directed, controlled, or participated in the acts and practices of Defendants Nationwide and Access One, including the acts and practices set forth in this complaint. Defendant M.L. Farr resides in and transacts or has transacted business in this District.

10. Defendant Yaret Garcia is the president of Nationwide and a former director of Access One. At all times material to this complaint, Defendant Garcia, individually or in concert with others, has formulated, directed, controlled, or participated in the acts and practices of Defendants Nationwide and Access One, including the acts and practices set forth in this complaint. Defendant Garcia resides in and transacts or has transacted business in this District.

00178

11. Defendant Erika Riaboukha is the president of Access One. At all times material to this complaint, Defendant Riaboukha, individually or in concert with others, has formulated, directed, controlled, or participated in the acts and practices of Defendants Nationwide and Access One, including the acts and practices set forth in this complaint. Defendant Riaboukha resides in and transacts or has transacted business in this District.

12. Defendant Qaadir Kaid is the president of Network One. At all times material to this complaint, Defendant Kaid, individually or in concert with others, has formulated, directed, controlled, or participated in the acts and practices of Defendants Nationwide, Access One, and Network One, including the acts and practices set forth in this complaint. Defendant Kaid resides in and transacts or has transacted business in this District.

## COMMON ENTERPRISE

13. Corporate Defendants Nationwide, Access One, and Network One have operated as a common enterprise while engaging in the deceptive and unfair acts and practices alleged below. Individual Defendants Farr, M.L. Farr, Garcia, Riaboukha, and Kaid have formulated, directed, controlled or had authority to control, or participated in the acts and practices of the Corporate Defendants that comprise the common enterprise.

## COMMERCE

14. At all times relevant to this complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS PRACTICES

15.     Since at least January 2004, Defendants have initiated phone charges that appear on consumers' monthly telephone bills for purported long distance collect calls. These phone charges purport to be for collect calls the consumers received and accepted on particular dates and times. The charges are to be paid by consumers along with the other phone charges on consumers' monthly bills.

16.     However, in numerous circumstances, the collect call charges initiated by Defendants are for calls that were not received or authorized by consumers. Rather, these charges are unlawfully "crammed" by Defendants onto consumers' phone bills.

17.     Defendants ostensibly initiate these phone charges on consumers' bills on behalf of client long distance service providers for whom they act as a "billing aggregator." As "billing aggregators," Defendants ostensibly compile purported call data from their client long distance carriers for billing.

18.     Defendants submit their aggregated billing data in the name of Network One to a call verification service that queries its databases to determine whether the purported collect calls were placed to telephone numbers that are eligible for collect call billing.

19.     Thereafter, Defendants forward this billing data to larger billing aggregators, OAN Services, Inc. ("OAN") or Integretel, Inc. ("Integretel"). These larger billing aggregators have business relationships with consumers' local exchange carriers ("LECs"), including Verizon, Qwest, SBC, and other major local phone service carriers. The LECs then include the charges for these purported calls on a separate bill page in consumers' monthly telephone bills.

00180

Frequently, the collect call charges billed on behalf of Defendants appear on the last page of a consumer's multi-page telephone bill.

20. The per-call charges to consumers initiated by Defendants typically amount to between $5.00 and $8.00, including associated taxes and fees.

21. Numerous consumers report that they did not receive or authorize the collect calls for which they are billed by Defendants. In fact, in numerous instances, Defendants initiate charges for collect calls to telephone lines that are dedicated to mechanical devices such as computers or fax machines. Similarly, in many cases, nobody was present at the location assigned to the telephone number to accept the purported collect calls. Consumers also report that their caller ID logs have no record of the collect calls that were purportedly made or authorized.

22. In those instances where consumers notice the charges, they often try to contact OAN, Integretel, or the Defendants to request a refund for these collect call charges. Some consumers have difficulty getting through to a customer service agent. In most cases, however, Defendants credit consumers within one to two billing cycles on a future bill, often without any detailed inquiry into consumers' basis for complaint.

23. In May 2005, Integretel ceased submitting bills to the LECs on behalf of Access One because of "excessive consumer complaints" and Access One's "inability to provide adequate proof of the integrity of its billing transactions." Despite several requests, Access One refused to provide Integretel with a list of the third party carrier data files evidencing the calls

that Access One submitted for billing or a list of the companies that submitted call records to Access One for billing.

24.  Similarly, in December 2005, OAN discontinued processing billing transactions for Nationwide.

25.  Between July 2004 and August 2005, gross revenue generated for calls billed by OAN on behalf of Nationwide totaled more than $20 million. OAN credited consumers at least $2 million. Many additional consumers sought and received refunds from Nationwide.

26.  Despite high rates of refund, Nationwide and Access One have garnered more than fifteen million dollars from their billing efforts.

27.  Defendant Farr has received over $5 million of these proceeds despite being incarcerated at the Palm Beach County Jail since October 2004. Defendant M.L. Farr has received more than $2 million from Nationwide.

## VIOLATIONS OF SECTION 5 OF THE FTC ACT

28.  Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "deceptive" or "unfair" acts and practices in or affecting commerce. Misrepresentations or omissions of material fact constitute "deceptive" acts or practices pursuant to Section 5(a) of the FTC Act. Moreover, under Section 5(n) of the FTC Act, an act or practice is "unfair" if it causes or is likely to cause substantial injury to consumers that is not reasonably avoidable by consumers and is not outweighed by countervailing benefits to consumers or to competition. 15 U.S.C. § 45(n).

## COUNT ONE

### Deceptive Billing Practices

29.  In numerous instances, Defendants represent or have represented, expressly or by implication, that a consumer was obligated to pay a charge for a collect telephone call on the consumer's telephone bill.

30.  In truth and in fact, in numerous instances, the consumer was not obligated to pay the charge, because:

  (1)  the collect call underlying the charge was never made; or

  (2)  the charge for the collect call was not authorized.

31.  Therefore, Defendants' practices as described in Paragraph 29 are deceptive and violate Section 5 of the FTC Act, 15 U.S.C. § 45(a).

## COUNT TWO

### Unfair Billing Practices

32.  In numerous instances, Defendants, directly or indirectly, bill or have billed a consumer for a collect telephone call that the consumer did not receive or did not authorize.

33.  These billing practices cause or are likely to cause substantial injury to consumers that is not reasonably avoidable and is not outweighed by countervailing benefits to consumers or competition.

34.  Therefore, Defendants' practices as described in Paragraph 32 are unfair and violate Section 5 of the FTC Act, 15 U.S.C. § 45(a).

00183

## CONSUMER INJURY

35. Defendants' violations of Section 5 of the FTC Act, 15 U.S.C. § 45(a), as set forth above, have caused and are likely to continue to cause substantial injury to consumers. In addition, Defendants have been unjustly enriched as a result of their unlawful practices. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

36. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and other ancillary equitable relief, including consumer redress, disgorgement and restitution, to prevent and remedy any violations of any provision of law enforced by the Federal Trade Commission.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the Federal Trade Commission, requests that this Court, as authorized by Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and pursuant to its own equitable powers:

1. Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief.

2. Permanently enjoin Defendants from violating Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), as alleged in this complaint.

00184

3.  Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations, including, but not limited to, rescission of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies.

4.  Award the Commission the costs of bringing this action, as well as any other equitable relief that the Court may determine to be just and proper.

Dated: February 24, 2006

Respectfully submitted,

WILLIAM BLUMENTHAL
General Counsel

_/s/_

Laura M. Kim
Robert S. Kaye
Attorneys for the Federal Trade Commission
600 Pennsylvania Ave., NW, Room 238
Washington, D.C. 20580
(202) 326-3734 (Kim)
(202) 326-2215 (Kaye)
(202) 326-3395 FACSIMILE