

# FEDERAL TRADE COMMISSION

### Division of Marketing Practices - Room 238
### 6th & Pennsylvania Avenue, N.W., Washington, D.C. 20580
### FAX Number: (202) 326-3395

## Facsimile Transmittal Sheet

| To: Ken Dawson<br>Integretel<br>5883 Rue Ferrari<br>San Jose, California 95138<br>Bus: (408) 362-4000<br>Fax: (408) 362-2795 | Sending Organization Code: 1144<br>Total Pages (including cover sheet):<br><br>31 |
|---|---|
| From: Roberto Menjivar<br>Investigator<br>Federal Trade Commission<br>Telephone Number: (202) 326-3687 | Date: March 3, 2006<br><br>Time: |

| Subject: **ASSET FREEZE: PLEASE PROCESS IMMEDIATELY** |
|---|
| Attached is Temporary Restraining Order |

**THIS COMMUNICATION, INCLUDING ANY ATTACHMENTS, IS PRIVILEGED AND CONFIDENTIAL.** It is intended only for the use of the addressee(s) named above. All others are prohibited from reading, distributing, copying, and retaining it. Any person receiving this communication in error should promptly notify the sender by phone at the number provided, and mail it back to the address above. In case of transmission errors, please call the Division at: (202) 326-3439.



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Division of Marketing Practices
Roberto C. Menjivar
Investigator
Phone: 202-326-3687
Fax: 202-326-3395

March 1, 2006

## ATTENTION:
### Asset Freeze Issued in FTC v. Nationwide Connections, et al.

Dear Sir or Madam:

Please be advised that the United States District Court for the Southern District of Florida has issued the attached Temporary Restraining Order ("TRO"). The Order freezes the assets of **Nationwide Connections, Access One Communications, Network One Services, Willoughby Farr, Mary Lou Farr, Yaret Garcia, Erika Riaboukha and Qaadir Kaid**. The Order freezes assets held by financial institutions, broker-dealers and other entities and individuals on behalf of these defendants, and it specifically authorizes service of the Order on any person or entity by facsimile.

The Order requires you to hold and retain within your control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, or other disposal of any assets, funds or other property presently held by you or under your control on behalf of any defendant in any account or safe deposit box maintained in the name of, or for the benefit of, any defendant in this lawsuit. Please refer to the TRO itself for the exact provisions contained therein. The attached Fact Sheet concerning the defendants in this matter should aid you in identifying relevant accounts and/or assets.

The Order requires you to provide counsel for the Commission with certain information about each account or asset titled or maintained in the names of any of the defendants within five (5) business days of receipt of a copy of the Order.

Please send the statement to me via fax at (202) 326-3395 and to the following address via FedEx or courier, as current postal mail is being delayed due to irradiation procedures:

Federal Trade Commission
Attn: Roberto C. Menjivar
600 Pennsylvania Avenue, N.W., Room 238
Washington, D.C. 20580

00126

If, after a thorough search of your records, you find that you do not have any accounts or assets titled or maintained in the names of any of these defendants, please send a sworn statement to that effect to me via fax at (202) 326-3395 and an original signature to the address above.

Thank you for your prompt assistance in this matter.

Sincerely,

Roberto E. Menjivar
Federal Trade Investigator

Enclosure:
Copy of Temporary Restraining Order
Fact Sheet (2 pages)

00127

## FTC v. NATIONWIDE CONNECTIONS, INC., et al.

### FACT SHEET

## CORPORATE DEFENDANTS:

1.    NATIONWIDE CONNECTIONS, INC.(NWC)
      Primary Address:
      215 5th Street, Suite 306,
      West Palm Beach, FL 33401

      Secondary Addresse:
      222 Lakeview Ave, Suite 160-157,
      West Palm Beach, FL 33401

2.    ACCESS ONE COMMUNICATIONS, INC. (AOC)
      Primary Address:
      222 Lakeview Ave., Suite 160-157,
      West Palm Beach, FL 33401

      Secondary Address:
      215 5th Street, Suite 306,
      West Palm Beach, FL 33401

3.    NETWORK ONE SERVICES, INC.
      Primary Address:
      222 Lakeview Ave., Suite 160-157,
      West Palm Beach, FL 33401

      Secondary Address:
      215 5th Street, Suite 306,
      West Palm Beach, FL 33401

00128

## INDIVIDUAL DEFENDANTS:

1.  MARY LOU FARR a.k.a. Marie L. Farr, Marylou Farr, Mary Louis Farr
    SSN: 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 and 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
    DOB: 10/19/1939
    Current Address:
    6611 S. Flagler Drive,
    West Palm Beach, FL 33405

2.  WILLOUGHBY FARR a.k.a. Will Farr
    SSN: 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
    DOB: 1/7/64
    Current Address:
    Sheriff's Headquarters Complex
    Main Detention Center
    3228 Gun Club Road
    West Palm Beach, FL 33416-4681.

3.  YARET IVON GARCIA
    SSN: 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
    DOB: 11/30/77
    Current Address:
    2302 Ridgewood Circle,
    Royal Palm Beach, FL 33411-6158
    Previous Address:
    232 Arcadia Drive,
    Wellington, FL 33414

4.  QAADIR KAID a.k.a. Rasheed, Kaid Q.
    SSN: 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 (Associated w/Cornell Madison)
    DOB: 03/08/1974
    Current Address:
    2302 Ridgewood Circle,
    Royal Palm Beach, FL 33411-6158

5.  ERICKA RIABOUKHA a.k.a Erika Garcia and Erika G. Riaoukha
    SSN: 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
    DOB: 12/19/81
    Current Address:
    904 Brightwood Way,
    Wellington, FL 33414-4915
    Previous Address:
    306 Woodland Road,
    Lake Worth, FL 33461

00129

FILED by _JV_ D.C.

FEB 2 7 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. _____ - CIV - ( _____ )

MAGISTRATE JUDGE
VITUNAC

**06-80180**

CIV-RYSKAMP

FEDERAL TRADE COMMISSION,

　　　　　　Plaintiff,

vs.

NATIONWIDE CONNECTIONS, INC.,
ACCESS ONE COMMUNICATIONS, INC.,
NETWORK ONE SERVICES, INC.,
WILLOUGHBY FARR,
MARY LOU FARR,
YARET GARCIA,
ERIKA RIABOUKHA,
QAADIR KAID,

　　　　　　Defendants.

　　　　　　　　　　　　　　　TEMPORARY
RESTRAINING ORDER AND
ORDER TO SHOW CAUSE

FILED UNDER
SEAL

　　　　Plaintiff, the Federal Trade Commission ("FTC" or the "Commission"), pursuant to

Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), has filed a

Complaint for Injunctive and Other Equitable Relief, including consumer redress, and has moved

*ex parte* for a temporary restraining order and for an order to show cause why a preliminary

injunction should not be granted pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

## FINDINGS OF FACT

　　　　The Court has considered the pleadings, declarations, exhibits, and memoranda filed in

support of the Commission's motion and finds that:

1.　　This Court has jurisdiction over the subject matter of this case, and there is good cause to

　　　　believe that it will have jurisdiction over all parties hereto;

2.　　There is good cause to believe that Defendants Nationwide Connections, Inc., Access

00130

One Communications, Inc., Network One Services, Inc., Willoughby Farr, Mary Lou Farr, Yaret Garcia, Erika Riaboukha, and Qaadir Kaid have engaged and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and that the Plaintiff is therefore likely to prevail on the merits of this action;

3.   The evidence set forth in the Commission's Memorandum of Points and Authorities in Support of its *Ex Parte* Motion for TRO ("Memorandum"), and the accompanying declarations and exhibits, demonstrates that Defendants have engaged in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act by engaging in widespread unauthorized billing of collect telephone calls. There is good cause to believe that Defendants will continue such illegal actions if not restrained from doing so by Order of this Court;

4.   There also is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief will result from the sale, transfer, or other disposition or concealment by Defendants of their assets or business records, unless Defendants are immediately restrained and enjoined by Order of this Court;

5.   The Commission has not provided notice to Defendants due to the likelihood that advance notice of this action will cause Defendants to abscond with or destroy discoverable evidence and conceal or dissipate assets. The Commission's request for this emergency *ex parte* relief is not the result of any lack of diligence on the Commission's part, but instead is based upon the nature of Defendants' unlawful conduct;

6.   Weighing the equities and considering the FTC's likelihood of ultimate success, a temporary restraining order, including an asset freeze, appointment of a temporary

2

receiver, immediate access to Defendants' business premises, an accounting of assets,

preservation of business records, and providing other equitable relief is in the public

interest; and

7.     Fed. R. Civ. P. 65(c) does not require security of the United States or an officer or agency

thereof for the issuance of a restraining order.

## DEFINITIONS

For the purpose of this temporary restraining order ("TRO" or "Order"), the following

definitions shall apply:

A.     "Assets" means any legal or equitable interest in, right to, or claim to any real or

personal property of any Defendant, or held for the benefit of any Defendant, wherever

located, including, but not limited to, "goods," "instruments," "equipment," "fixtures,"

"general intangibles," "inventory," "checks," "notes" (as these terms are defined in the

Uniform Commercial Code), chattels, leaseholds, contracts, mails, other deliveries, shares

of stock, lists of participants, intellectual property, accounts, credits, receivables, cash,

and trusts, including, but not limited to, any other trust held for the benefit of any

Defendant, any Defendant's minor children, or any Defendant's spouse.

B.     "Defendants" means Nationwide Connections, Inc., Access One Communications, Inc.,

Network One Services, Inc., Willoughby Farr, Mary Lou Farr, Yaret Garcia, Erika

Riaboukha, and Qaadir Kaid.

C.     "Document" is synonymous in meaning and equal in scope to the usage of the term in

Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings,

drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence,

3

00132

including e-mail and instant messages, photographs, audio and video recordings,

computer records, whether active or inactive, and any other data compilations from which

information can be obtained and translated, if necessary, through detection devices into

reasonably usable form. A draft or non-identical copy is a separate document within the

meaning of the term.

D.    "Long Distance Service Provider" means an entity that transports long distance

telephone calls.

E.    "Plaintiff" means the Federal Trade Commission.

F.    "Receiver" shall mean the temporary receiver appointed in Paragraph VII of this Order.

The term "receiver" also includes any deputy receivers as may be named by the temporary

receiver.

G.    "Receivership Defendants" means Nationwide Connections, Inc., Access One

Communications, Inc., Network One Services, Inc. and any d/b/as of the aforementioned

entities.

## PROHIBITED BUSINESS ACTIVITIES

## I.

IT IS THEREFORE ORDERED that Defendants, and those persons in active concert or

participation with them who receive actual notice of this Order by personal service or otherwise,

are temporarily restrained and enjoined from directly or indirectly misrepresenting, expressly or

by implication, that a consumer is obligated to pay any charge on a telephone bill that has not been

expressly authorized by the consumer.

4

00133

## ASSET FREEZE

### II.

IT IS FURTHER ORDERED that Defendants, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby temporarily restrained and enjoined from:

A.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, consumer lists, shares of stock, or other assets, or any interest therein, wherever located, that are: (1) owned or controlled by any Defendant, in whole or in part, for the benefit of any Defendant; (2) in the actual or constructive possession of any Defendant; or (3) owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant, including, but not limited to, Cripple Creek Holdings, LLC, and any assets held by or for, or subject to access by, any of Defendants, at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metals dealer, or other financial institution or depository of any kind;

B.    Opening or causing to be opened any safe deposit boxes titled in the name of any Defendant or any Defendant's minor child or any Defendant's spouse, or subject to access by any of them;

C.    Incurring charges or cash advances on any credit card issued in the name, singly or jointly, of any Defendant;

5

00134

D.    Obtaining a personal or secured loan; and

E.    Incurring liens or other encumbrances on real property, personal property or other

assets in the name, singly or jointly, of any Defendant.

*Provided further*, the assets affected by this Paragraph shall include: (1) all assets of

Defendants as of the time this Order was entered; and (2) for assets obtained after the time this

Order was entered, only those assets of Defendants that are derived from the actions alleged in the

Commission's Complaint.

## FINANCIAL REPORTS AND ACCOUNTING

## III.

**IT IS FURTHER ORDERED** that Defendants, within five (5) days of service of this

Order, shall:

A.    Prepare and deliver to counsel for the FTC completed financial statements on the

forms attached to this Order as Attachments A and B, for themselves, individually or as

corporations, and for each business entity under which they conduct business, or of which they are

an officer, and for each trust of which they are a trustee. The financial statements shall be

accurate as of the date of entry of this Order; and

B.    Provide the Commission with a statement, verified under oath and accurate as of

the date of entry of this Order, detailing the name, address, and telephone number for each

accountant, financial planner, investment advisor, stock broker, or other person who provided any

Defendant with financial, business, or tax advice or services since January 1, 2004.

*Provided further,* the Commission and the Temporary Receiver are immediately

authorized to issue subpoenas to demand the production of documents from any person or entity

relating to the nature, status, extent, location or other relevant information relating to Defendants'

assets, income, and financial records.

## FOREIGN ASSET REPATRIATION

## IV.

IT IS FURTHER ORDERED that, within five (5) business days following the service of

this Order, the Defendants shall:

A.     Provide the Commission and the Receiver with a full accounting of all funds,

documents, and assets outside of the United States that are: (1) titled in the name, individually or

jointly, of the Defendants or the spouse of any Defendant; or (2) held by any person or entity for

the benefit of the Defendants; or (3) under the direct or indirect control, whether jointly or singly,

of the Defendants;

B.     Transfer to the territory of the United States and deliver to the Receiver all funds,

documents, and assets located in foreign countries that are: (1) titled in the name, individually or

jointly, of any Defendant; or (2) held by any person or entity, for the benefit of any Defendant; or

(3) under any Defendant's direct or indirect control, whether jointly or singly; and

C.     Provide the Commission access to all records of accounts or assets of the

Defendants held by financial institutions located outside the territorial United States by signing

the Consent to Release of Financial Records attached to this Order (Attachment C).

## INTERFERENCE WITH REPATRIATION

## V.

IT IS FURTHER ORDERED that Defendants, and those persons in active concert or

participation with them who receive actual notice of this Order by personal service or otherwise,

7

00136

are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by the preceding Paragraph IV of this Order, including but not limited to:

A.    Sending any statement, letter, fax, e-mail or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all assets have been fully repatriated pursuant to Paragraph IV of this Order; and

B.    Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time that all assets have been fully repatriated pursuant to Paragraph IV of this Order.

## RETENTION OF ASSETS AND RECORDS BY FINANCIAL INSTITUTIONS

## VI.

IT IS FURTHER ORDERED that, pending determination of the Plaintiff's request for a preliminary injunction, any financial or brokerage institution, business entity, or person served with a copy of this Order that holds, controls, or maintains custody of any account or asset of any Defendant, or has held, controlled or maintained custody of any such account or asset at any time since the date of entry of this Order, shall:

A.    Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, conversion, sale, or other disposal of any such asset except by further order of the Court;

B.    Deny the Defendants access to any safe deposit box that is:

8

00137

  1. titled in any Defendants' name, individually or jointly; or

  2. otherwise subject to access by any Defendant;

C. Provide the Commission's counsel, within five (5) business days of receiving a copy of this Order, a sworn statement setting forth:

  1. the identification number of each such account or asset titled in the name, individually or jointly, of a Defendant, or held on behalf of, or for the benefit of a Defendant;

  2. the balance of each such account, or a description of the nature and value of each such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

  3. the identification of any safe deposit box that is titled in the name, individually or jointly, of a Defendant, or is otherwise subject to access by a Defendant.

D. Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to each such account or asset, including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs. Any such financial institution, account custodian, or other aforementioned entity may arrange for the Commission to

9

00138

obtain copies of any such records which the Commission seeks.

## APPOINTMENT OF TEMPORARY RECEIVER

### VII.

IT IS FURTHER ORDERED that David Chase, esq. is appointed Temporary Receiver for the Receivership Defendants. The Receiver shall be the agent of this Court, and solely the agent of this Court, in acting as Receiver under this Order. The Receiver shall be accountable directly to this Court. The Receiver shall comply with all Local Rules and laws governing federal equity receivers.

## RECEIVER'S DUTIES

### VIII.

IT IS FURTHER ORDERED that the Temporary Receiver is authorized and directed to accomplish the following:

    A.    Assume full control of the Receivership Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of any of the Receivership Defendants, including any Defendant, from control of, management of, or participation in, the affairs of the Receivership Defendants;

    B.    Take exclusive custody, control, and possession of all assets and documents of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated. The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of the Receivership Defendants and other persons or entities whose interests are now held by, or are under the direction, possession, custody, or control of, the Receivership Defendants. The Receiver shall assume control over the

10

income and profits therefrom and all sums of money now or hereafter due or owing to the Receivership Defendants. *Provided, however*, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer was a victim of the unfair or deceptive acts or practices alleged in the Complaint in this matter, without prior Court approval;

C.    Take all steps necessary to secure each location from which the Receivership Defendants operate their business. Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable: (1) serving this Order; (2) completing a written inventory of all receivership assets; (3) obtaining pertinent information from all employees and other agents of the Receivership Defendants, including, but not limited to, the name, home address, social security number, job description, passwords or access codes, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) photographing and video taping any or all portions of the location; (5) securing the location by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at that location; and (6) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or assets of the Receivership Defendants. Law enforcement personnel, including, but not limited to, police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security;

D.    Conserve, hold, and manage all assets of the Receivership Defendants, and perform all acts necessary or advisable to preserve the value of those assets in order to prevent any irreparable loss, damage, or injury to consumers or creditors of the Receivership Defendants,

11

00140

including, but not limited to, obtaining an accounting of the assets and preventing unauthorized

transfer, withdrawal, or misapplication of assets;

     E.     Enter into contracts and purchase insurance as advisable or necessary;

     F.     Prevent the inequitable distribution of assets and determine, adjust, and protect the

interests of consumers and creditors who have transacted business with the Receivership

Defendants;

     G.     Manage and administer the business of the Receivership Defendants until further

order of this Court by performing all incidental acts that the Receiver deems to be advisable or

necessary, which includes retaining, hiring, or dismissing any employees, independent contractors,

or agents;

     H.     Choose, engage, and employ attorneys, accountants, appraisers, and other

independent contractors and technical specialists, as the Receiver deems advisable or necessary in

the performance of duties and responsibilities under the authority granted by this Order;

     I.     Have the sole authority to hire legal counsel on behalf of any of the Receivership

Defendants;

     J.     Make payments and disbursements from the receivership estate that are necessary

or advisable for carrying out the directions of or exercising the authority granted by this Order.

The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation

incurred by the Receivership Defendants prior to the date of entry of this Order, except payments

that the Receiver deems necessary or advisable to secure assets of the Receivership Defendants,

such as rental payments;

     K.     Institute, compromise, adjust, appear in, intervene in, or become party to such

12

00141

actions or proceedings in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the assets of the Receivership Defendants, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

L.    Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or against the Receivership Defendants, as the Receiver deems necessary and advisable to preserve the assets of the Receivership Defendants, or as the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

M.    Continue to conduct the business, or cease operation of the business, of the Receivership Defendants in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary or appropriate to operate the businesses profitably and lawfully, if at all; *provided that*, the continuation and conduct of the business shall be conditioned upon the Receiver's good faith determination that the businesses can be lawfully operated at a profit using the assets of the receivership estate;

N.    Immediately issue subpoenas and conduct discovery, including depositions, to obtain documents, records, and information pertaining to the receivership on behalf of the receivership estate;

O.    Open one or more bank accounts as designated depositories for funds of the Receivership Defendants. The Receiver shall deposit all funds of the Receivership Defendants in such a designated account and shall make all payments and disbursements from the receivership estate from such an account. The Receiver shall serve copies of monthly account statements on

13

00142

all parties;

     P.    Maintain accurate records of all receipts and expenditures that he makes as

Receiver; and

     Q.    Cooperate with reasonable requests for information or assistance from any state or

federal law enforcement agency.

## COOPERATION WITH THE TEMPORARY RECEIVER

## IX.

     **IT IS FURTHER ORDERED** that Defendants and all other persons or entities served

with a copy of this Order shall fully cooperate with and assist the Receiver. This cooperation and

assistance shall include, but not be limited to, providing information to the Receiver that the

Receiver deems necessary in order to exercise the authority and discharge the responsibilities of

the Receiver under this Order; providing any password required to access any computer,

electronic file, or telephonic data in any medium; and advising all persons who owe money to the

Receivership Defendants that all debts should be paid directly to the Receiver. Defendants and

those persons in active concert or participation with them who receive actual notice of this Order

by personal service or otherwise, are hereby restrained and enjoined from directly or indirectly:

     A.    Transacting any of the business of the Receivership Defendants;

     B.    Destroying, secreting, defacing, transferring, or otherwise altering or disposing of

any documents of the Receivership Defendants, including, but not limited to, books, records,

accounts, writings, drawings, graphs, charts, photographs, audio and video recordings, computer

records, and other data compilations, electronically-stored records, or any other papers of any kind

or nature;

14

00143

C.     Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants, or the Receiver;

D.     Excusing debts owed to the Receivership Defendants;

E.     Failing to notify the Receiver of any asset, including accounts, of a Receivership Defendant held in any name other than the name of the Receivership Defendant, or by any person or entity other than the Receivership Defendant, or failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of such assets; and

F.     Doing any act or refraining from any act whatsoever to interfere with the Receiver managing, or taking custody, control, or possession of, the assets or documents subject to this receivership; or to harass or interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## DELIVERY OF RECEIVERSHIP PROPERTY

## X.

IT IS FURTHER ORDERED that:

A.     Immediately upon service of this Order upon them, or within such period as may be permitted by the Receiver, Defendants shall transfer or deliver possession, custody, and control of the following to the Receiver:

15

00144

1.    All assets of the Receivership Defendants;

2.    All documents of the Receivership Defendants, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

3.    All assets belonging to members of the public now held by the Receivership Defendants; and

4.    All keys, codes, and passwords necessary to gain or to secure access to any assets or documents of the Receivership Defendants, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property.

B.    In the event any person or entity fails to deliver or transfer any asset or otherwise fails to comply with any provision of this Paragraph, the Receiver may file *ex parte* an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the asset, document, or other thing and to deliver it to the Receiver.

16

00145

## TRANSFER OF FUNDS TO THE RECEIVER

## XI.

IT IS FURTHER ORDERED that, upon service of a copy of this Order, all banks, broker-dealers, savings and loans, escrow agents, title companies, commodity trading companies, precious metals dealers and other financial institutions and depositories of any kind, and all third-party billing agents, local exchange carriers, common carriers, and other telecommunications companies shall cooperate with all reasonable requests of the FTC and the Receiver relating to implementation of this Order, including transferring funds at the Receiver's direction and producing records related to the assets and sales of the Receivership Defendants.

## COMPENSATION OF RECEIVER

## XII.

IT IS FURTHER ORDERED that the Receiver and all personnel hired by the Receiver, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, in the possession or control of, or which may be received by, the Receivership Defendants. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

17

00146

**RECEIVER'S BOND.**

**XIII.**

IT IS FURTHER ORDERED that the Receiver shall file with the Clerk of this Court a bond in the sum of $ _10,000.00_ with sureties to be approved by the Court, conditioned upon the Receiver well and truly performing the duties of the office, and abiding by and performing all acts the Court directs.

**ACCESS TO BUSINESS OFFICES AND RECORDS**

**XIV.**

IT IS FURTHER ORDERED that the FTC and the Receiver, and their representatives, agents, and assistants, shall have immediate access to all business premises and storage facilities, owned, controlled, or used by Defendants, including, but not limited to, 215 Fifth Street, Suite 306, West Palm Beach, Florida 33401. The FTC and the Receiver are authorized to employ the assistance of law enforcement officers, as they deem necessary to effect service and peacefully implement this Order. The FTC and the Receiver may exclude Defendants and Defendants' employees from the business premises during the immediate access. The purpose of the immediate access shall be to effect service and to inspect and copy documents and computer data, including but not limited to, correspondence, emails, financial data, and other documents concerning Defendants' business practices and assets.

    A.    The FTC and the Receiver and its representatives, agents, and assistants, shall have the right to remove documents from the above-listed premises in order that they may be inspected, inventoried, and copied.

    B.    The FTC shall return any removed documents to the Receiver within five (5)

18

00147

business days, or such time as is agreed upon by the FTC and the Receiver.

C.    Defendants and all employees or agents of Defendants shall provide the FTC and the Receiver with any necessary means of access to documents and records, including, without limitation, the locations of Defendants' business premises, keys and combinations to locks, computer access codes, and storage area access information.

D.    If any computers containing information related to the business practices or finances of the Defendants are at a location other than those listed herein, including, but not limited to the personal residences of the Defendants, then immediately upon service of this Order upon them Defendants shall produce to the Receiver all such computers. In order to prevent the destruction of computer data, upon service of this order upon Defendants, any computers containing such information shall be powered down (turned off) in the normal course for the operating systems used on such computers and shall not be used until produced for copying and inspection, along with any codes needed for access.

E.    Within forty-eight (48) hours of service of this Order each Defendant shall produce to the Receiver a list of all agents, employees, officers, servants and those persons in active concert and participation with them, who have been associated or done business with the Receivership Defendants.

## DEFENDANTS' ACCESS TO THEIR BUSINESS PREMISES

## XV.

IT IS FURTHER ORDERED that the Receiver shall allow the Defendants and their representatives reasonable access to the premises of the Receivership Defendants. The purpose of this access shall be to inspect and copy any and all books, records, accounts, and other property

19

00148

owned by or in the possession of the Receivership Defendants. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

## PRESERVATION OF RECORDS

### XVI.

IT IS FURTHER ORDERED that Defendants, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby temporarily restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, writing over, or otherwise disposing of, in any manner, directly or indirectly, any documents or records of any kind that relate to the business practices or business or personal finances of Defendants, including but not limited to, computerized files and storage media, contracts, accounting data, correspondence, advertisements, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, and other documents or records of any kind that relate to the business practices or business or personal finances of Defendants.

## RECORD KEEPING/BUSINESS OPERATIONS

### XVII.

IT IS FURTHER ORDERED that Defendants are hereby temporarily restrained and enjoined from:

A.       Failing to create and maintain documents that, in reasonable detail, accurately, fairly, and completely reflect their incomes, disbursements, transactions, and use of money; and

B.       Creating, operating, or exercising any control over any business entity, including

20

00149

any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first

providing the Commission with a written statement disclosing: (1) the name of the business

entity; (2) the address and telephone number of the business entity; (3) the names of the business

entity's officers, directors, principals, managers and employees; and (4) a detailed description of

the business entity's intended activities.

## IDENTIFICATION OF PROVIDERS AND CUSTOMERS

## XVIII.

IT IS FURTHER ORDERED that Defendants shall:

A.     Within five (5) days of service of this Order, prepare and deliver to Plaintiffs a

completed statement, verified under oath and accurate as of the date of entry of this Order,

identifying each long distance service provider that provided services to consumers in connection

with any collect calls that were billed on behalf of Defendants; and

B.     Within ten (10) days of service of this Order, prepare and deliver to counsel for

Plaintiff a completed statement, verified under oath and accurate as of the date of entry of this

Order, detailing the collect calls that were billed on behalf of Defendants during 2005, including

the calling telephone numbers, the recipient telephone numbers, and the date and time of the calls.

## RECORD KEEPING/BUSINESS OPERATIONS

## XIX.

IT IS FURTHER ORDERED that Defendants are hereby temporarily restrained and

enjoined from:

A.     Failing to create and maintain documents that, in reasonable detail, accurately,

fairly, and completely reflect their incomes, disbursements, transactions, and use of money; and

21

00150

B.    Creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing the Commission with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers and employees; and (4) a detailed description of the business entity's intended activities.

### STAY OF ACTIONS

### XX.

**IT IS FURTHER ORDERED** that:

A.    Except by leave of this Court, during pendency of the receivership ordered herein, Defendants, and all customers, principals, investors, creditors, stockholders, lessors, and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of the Defendants, and all others acting for or on behalf of such persons, including attorneys, trustees, agents, sheriffs, constables, marshals, and other officers and their deputies, and their respective attorneys, servants, agents and employees, be and are hereby stayed from:

1.    Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding against a Receivership Defendant, except that such actions may be filed to toll any applicable statute of limitations;

2.    Accelerating the due date of any obligation or claimed obligation against a Receivership Defendant; filing or enforcing any lien against a Receivership Defendant; taking or attempting to take possession, custody, or control of any asset of a Receivership Defendant; attempting to foreclose, forfeit,

22

00151

alter, or terminate any interest in any asset of a Receivership Defendant,

whether such acts are part of a judicial proceeding, are acts of self-help, or

otherwise;

3.    Executing, issuing, serving, or causing the execution, issuance or service

of, any legal process against a Receivership Defendant, including, but not

limited to, attachments, garnishments, subpoenas, writs of replevin, writs of

execution, or any other form of process whether specified in this Order or

not;

4.    Causing any Receivership Defendant to be placed in involuntary

bankruptcy; or

5.    Doing any act or thing whatsoever to interfere with the Receiver managing,

or taking custody, control, or possession of, the assets or documents subject

to this receivership, or to harass or interfere with the Receiver in any way,

or to interfere in any manner with the exclusive jurisdiction of this Court

over the assets or documents of the Receivership Defendants.

B.    This paragraph does not stay the commencement or continuation of a criminal action

or proceeding.

## DISTRIBUTION OF ORDER BY DEFENDANTS

## XXI.

IT IS FURTHER ORDERED that Defendants shall immediately provide a copy of this

Order to each affiliate marketer, sub-affiliate marketer, affiliate, subsidiary, division, sales entity,

successor, assign, officer, director, employee, independent contractor, client company, agent,

23

00152

attorney, spouse and representative of Defendants, and shall, within ten (10) days from the date of entry of this Order, provide the Commission with a sworn statement that Defendants have complied with this provision of the Order, which statement shall include the names, physical addresses, and e-mail addresses of each such person or entity who received a copy of the Order.

## SERVICE OF ORDER

### XXII.

IT IS FURTHER ORDERED that copies of this Order may be served by any means, including facsimile transmission or email, upon any financial institution or other entity or person that may have possession, custody, or control of any documents of any Defendant, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

## CONSUMER CREDIT REPORTS

### XXIII.

IT IS FURTHER ORDERED that, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish a consumer report concerning Defendants to the Commission.

## SERVICE OF PLEADINGS

### XXIV.

IT IS FURTHER ORDERED that Plaintiff shall serve on Defendants copies of this Order, complaint, and supporting memoranda, affidavits and other evidence. Defendants shall serve on the Commission all memoranda, affidavits and other evidence on which Defendants intend to rely at the preliminary injunction hearing set in this matter not later than 4:00 p.m.

24

(Eastern time) on the third calendar day prior to the hearing date. The Commission shall file with the Court and deliver to counsel that have entered an appearance any additional affidavits upon which it intends to rely in connection with the Commission's request for a preliminary injunction no later than 24 hours before the time scheduled for the preliminary injunction hearing.

## DURATION OF TEMPORARY RESTRAINING ORDER

### XXV.

IT IS FURTHER ORDERED that the Temporary Restraining Order granted herein shall expire on *March 9*, 2006 at *5:00* p.m., unless within such time, the Order, for good cause shown, is extended for an additional period not to exceed ten (10) days, or unless it is further extended pursuant to Federal Rule of Civil Procedure 65.

## ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

### XXVI.

IT IS FURTHER ORDERED, pursuant to Federal Rule of Civil Procedure 65(b), that Defendants shall appear before this Court on the *8* day of *March*, 2006, at *10:00* o'clock *a.* m., to show cause, if there is any, why this Court should not enter a Preliminary Injunction, pending final ruling on the Complaint against Defendants, enjoining them from further violations of Section 5(a) of the Federal Trade Commission Act, continuing the freeze of their assets, and imposing such additional relief as may be appropriate.

## SERVICE UPON PLAINTIFF

### XXVII.

IT IS FURTHER ORDERED that, with regard to any correspondence or pleadings

25

related to this Order, service on the Commission shall be performed electronically or by overnight mail to the attention of Laura Kim at the Federal Trade Commission, 600 Pennsylvania Avenue, NW, Room H-238, Washington, DC 20580.

## RETENTION OF JURISDICTION

### XXVIII.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes.

SO ORDERED, this 27 day of February , 2006, at 11:45 am.

Kenneth L. Ryskamp
UNITED STATES DISTRICT JUDGE

Kenneth L. Ryskamp

CC: Laura M. Kim, Esq.
Robert S. Kaye, Esq.

Certified to be a true and
correct copy of the document on file
Clarence Maddox, Clerk,
U.S. District Court,
Southern District of Florida
By Irene Rivera
Deputy Clerk
Date 2/27/06

26

00155