Exhibit 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80180-CIV-RYSKAMP/VITUNAC

FILED by _____ D.C.
SEP 21 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

FEDERAL TRADE COMMISSION,

         Plaintiff,

v.

NATIONWIDE CONNECTIONS, INC.,
ACCESS ONE COMMUNICATIONS, INC.,
NETWORK ONE SERVICES, INC.,
WILLOUGHBY FARR,
MARY LOU FARR,
YARET GARCIA,
ERIKA RIABOUKHA,
QAADIR KAID,

BILLING CONCEPTS, INC.,
ACI BILLING SERVICES, INC.,
 d/b/a OAN,
BSG CLEARING SOLUTIONS NORTH
AMERICA, LLC, and

THE BILLING RESOURCE,
 d/b/a INTEGRETEL

         Defendants.

PLAINTIFF FEDERAL
TRADE COMMISSION'S
FIRST AMENDED
COMPLAINT

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), for its complaint alleges as follows:

   1.  The Commission brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to obtain preliminary and permanent injunctive relief, including rescission, restitution, redress, disgorgement, and other equitable

First Amended Complaint

00163

relief for Defendants' deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §§ 45(a), 53(b), and 28 U.S.C. §§ 1331, 1337(a), and 1345.

3. Venue in this District is proper under 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b) and (c).

## PLAINTIFF

4. Plaintiff, the Federal Trade Commission, is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41 *et seq*. The Commission is charged, *inter alia*, with enforcement of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The Commission is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and to secure such equitable relief as may be appropriate.

## DEFENDANTS

5. Defendant Nationwide Connections, Inc. ("Nationwide") is a Florida corporation with its principal place of business located at 215 Fifth Street, Suite 306, West Palm Beach, Florida 33401. At various times, Nationwide also has represented its principal place of business to be 222 Lakeview Avenue, Suite 160, Box 157, West Palm Beach, Florida 33401. Defendant Nationwide transacts or has transacted business in this District.

6. Defendant Access One Communications, Inc. ("Access One") is a Florida corporation with its principal place of business located at 222 Lakeview Avenue, Suite 160, Box

First Amended Complaint                              2

00164

157, West Palm Beach, Florida 33401. Defendant Access One transacts or has transacted business in this District.

7. Defendant Network One Services, Inc. ("Network One") is a Florida corporation with its principal place of business located at 222 Lakeview Avenue, Suite 160, West Palm Beach, Florida 33401. Defendant Network One transacts or has transacted business in this District.

8. Defendant Willoughby Farr ("Farr") is the chief operating officer of Access One and a director of Network One. Farr also is a de facto officer and principal in Nationwide. At all times material to this complaint, Defendant Farr, individually or in concert with others, has formulated, directed, controlled, or participated in the acts and practices of Defendants Nationwide, Access One, and Network One, including the acts and practices set forth in this complaint. Defendant Farr resides in and transacts or has transacted business in this District.

9. Defendant Mary Lou Farr ("M.L. Farr"), a/k/a Marie Louise Farr, was a director of Nationwide and is a de facto officer and principal in Nationwide and Access One. Defendant M.L. Farr is Defendant Farr's mother. At all times material to this complaint, Defendant M.L. Farr, individually or in concert with others, has formulated, directed, controlled, or participated in the acts and practices of Defendants Nationwide and Access One, including the acts and practices set forth in this complaint. Defendant M.L. Farr resides in and transacts or has transacted business in this District.

10. Defendant Yaret Garcia ("Garcia") is the president of Nationwide and a former director of Access One. At all times material to this complaint, Defendant Garcia,

First Amended Complaint                3

00165

individually or in concert with others, has formulated, directed, controlled, or participated in the acts and practices of Defendants Nationwide and Access One, including the acts and practices set forth in this complaint. Defendant Garcia resides in and transacts or has transacted business in this District.

11. Defendant Erika Riaboukha ("Riaboukha") is the president of Access One. At all times material to this complaint, Defendant Riaboukha, individually or in concert with others, has formulated, directed, controlled, or participated in the acts and practices of Defendants Nationwide and Access One, including the acts and practices set forth in this complaint. Defendant Riaboukha resides in and transacts or has transacted business in this District.

12. Defendant Qaadir Kaid ("Kaid") is the president of Network One. At all times material to this complaint, Defendant Kaid, individually or in concert with others, has formulated, directed, controlled, or participated in the acts and practices of Defendants Nationwide, Access One, and Network One, including the acts and practices set forth in this complaint. Defendant Kaid resides in and transacts or has transacted business in this District.

13. Defendants Nationwide, Access One, Network One, Farr, M.L. Farr, Garcia, Riaboukha, and Kaid are collectively referred to in this amended complaint as the "Nationwide Defendants."

14. Defendant Billing Concepts, Inc. ("Billing Concepts") is a Delaware corporation with its principal place of business at 7411 John Smith Drive, Suite 200, San Antonio, Texas 78229. Defendant Billing Concepts transacts or has transacted business in this District.

00166

15. Defendant ACI Billing Services, Inc., d/b/a OAN ("ACI") is a Delaware corporation with its principal place of business at 7411 John Smith Drive, Suite 200, San Antonio, Texas 78229. Defendant ACI transacts or has transacted business in this District.

16. Defendant BSG Clearing Solutions North America, LLC ("BSG") is a Delaware corporation with its principal place of business at 7411 John Smith Drive, Suite 200, San Antonio, Texas 78229. Defendant BSG transacts or has transacted business in this District.

17. Defendants Billing Concepts, ACI, and BSG are collectively referred to in this amended complaint as the "BSG Defendants."

18. The Billing Resource d/b/a/ Integretel ("Integretel") is a California corporation with its principal place of business at 5883 Rue Ferrari, San Jose, California 95138. Defendant Integretel transacts or has transacted business in this District.

19. Defendants Billing Concepts, ACI, BSG, and Integretel are collectively referred to in this amended complaint as the "Aggregator Defendants."

20. The Nationwide Defendants and the Aggregator Defendants are collectively referred to in this amended complaint as "Defendants."

## COMMON ENTERPRISE

21. Corporate Defendants Nationwide, Access One, and Network One have operated as a common enterprise while engaging in the deceptive and unfair acts and practices alleged below. Individual Defendants Farr, M.L. Farr, Garcia, Riaboukha, and Kaid have formulated, directed, controlled or had authority to control, or participated in the acts and practices of the Corporate Defendants that comprise the common enterprise.

## COMMERCE

22. At all times relevant to this complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS PRACTICES

23. Since at least September 2003, the Nationwide Defendants and the BSG Defendants have caused phone charges to appear on consumers' monthly telephone bills for purported long distance collect calls. Since at least October 2004, the Nationwide Defendants and Integretel have caused phone charges to appear on consumers' monthly telephone bills for purported long distance collect calls. These phone charges purport to be for collect calls the consumers received and accepted on particular dates and times. The charges are to be paid by consumers along with the other phone charges on consumers' monthly bills.

24. However, in numerous circumstances, these collect call charges are for calls that were not received or authorized by consumers. Rather, these charges are unlawfully "crammed" by the Nationwide Defendants and the Aggregator Defendants onto consumers' phone bills.

25. The Nationwide Defendants ostensibly initiate these phone charges on consumers' bills on behalf of client long distance service providers for whom they act as a "billing aggregator." As "billing aggregators," the Nationwide Defendants ostensibly compile purported call data from their client long distance carriers for billing.

26. The Nationwide Defendants submit their aggregated billing data in the name of Defendant Network One to a call verification service that queries its databases to

determine whether the purported collect calls were placed to telephone numbers that are eligible for collect call billing.

27. To arrange for the placement of the purported collect call charges on consumers' monthly telephone bills, the Nationwide Defendants entered into agreements with the Aggregator Defendants under which the Aggregator Defendants agreed to arrange for placement of the Nationwide Defendants' charges onto consumers' telephone bills from local exchange carriers ("LECs"), such as Verizon, Qwest, SBC, and other local phone service carriers. Under these agreements, the Aggregator Defendants also agreed to handle customer complaints and inquiries from regulatory authorities and LECs.

28. Pursuant to such agreements, the Nationwide Defendants forward their billing data to the Aggregator Defendants, which then process the Nationwide Defendants' purported collect call data and send it to the appropriate LEC or other local phone service carrier for inclusion on consumers' monthly telephone bills. Frequently, Defendants' collect call charges appear on the last page of a consumer's multi-page telephone bill.

29. The BSG Defendants provided services to Defendant Nationwide, including processing of Nationwide's charges for placement on consumers' telephone bills and handling customer complaints and inquiries from regulatory authorities and LECs.

30. Integretel provided services to Defendant Access One, including processing of Access One's charges for placement on consumers' telephone bills and handling customer complaints and inquiries from regulatory authorities and LECs.

31. The per-call charges to consumers billed by Defendants typically amount to between $5.00 and $8.00, including associated taxes and fees.

First Amended Complaint 7

32. Defendants' collect call charges typically appear on a separate bill page in consumers' monthly telephone bills.

33. The names and telephone numbers for both OAN and Nationwide appear on the bill pages featuring charges billed on behalf of the BSG Defendants and Nationwide.

34. The names and telephone numbers for both Integretel and Access One appear on the bill pages featuring charges billed on behalf of Integretel and Access One.

35. Soon after the Aggregator Defendants began billing on behalf of the Nationwide Defendants, the Aggregator Defendants and Nationwide Defendants began receiving complaints from consumers, LECs, and governmental entities concerning charges billed by Defendants for collect calls that were neither authorized nor received. Consumers complained directly to the Aggregator Defendants and the Nationwide Defendants because the names and telephone numbers for both the Aggregator Defendants and Nationwide Defendants appeared on the bill pages with the purported collect call charges.

36. Numerous consumers report that they did not receive or authorize the collect calls for which they are billed by Defendants. In fact, in numerous instances, Defendants bill for charges for collect calls to telephone lines that are dedicated to mechanical devices such as computers or fax machines. Similarly, in many cases, nobody was present at the location assigned to the telephone number to accept the purported collect calls. Consumers also report that their caller ID logs have no record of the collect calls that were purportedly made or authorized.

37. Despite receiving these ongoing complaints, the Aggregator Defendants continued to bill on behalf of the Nationwide Defendants. In most cases, however, Defendants

credit consumers within one to two billing cycles on a future bill, often without any detailed inquiry into consumers' basis for complaint.

38.  The Aggregator Defendants receive from the LECs payments for the purported collect call charges. The Aggregator Defendants retain their fees for the billing, collection, customer inquiry, and other services they provide to the Nationwide Defendants before forwarding the balance of the payments to the Nationwide Defendants.

39.  In May 2005, Integretel ceased submitting bills to the LECs on behalf of Defendant Access One because of "excessive consumer complaints" and Access One's "inability to provide adequate proof of the integrity of its billing transactions." Despite several requests, Access One refused to provide Integretel with a list of the third party carrier data files evidencing the calls that Access One submitted for billing or a list of the companies that submitted call records to Access One for billing.

40.  Similarly, in December 2005, the BSG Defendants ceased submitting collect call charges to the LECs on behalf of Defendant Nationwide.

41.  Between July 2004 and August 2005, gross revenue generated for calls billed by the BSG Defendants on behalf of Defendant Nationwide totaled more than $20 million. The BSG Defendants credited consumers at least $2 million. Many additional consumers sought and received refunds from Nationwide.

42.  Between October 2004 and June 2005, gross revenue generated for calls billed by Defendant Integretel on behalf of Defendant Access One totaled more than $4.4 million. Integretel credited consumers at least $300,000. Many additional consumers sought and received refunds from Access One.

00171

43. Despite high rates of refund, Nationwide and Access One have garnered more than fifteen million dollars from their billing efforts. The Aggregator Defendants have also received a portion of the funds paid by consumers.

44. Defendant Farr has received over $5 million of these proceeds despite being incarcerated at the Palm Beach County Jail since October 2004. Defendant M.L. Farr has received more than $2 million from Nationwide.

## VIOLATIONS OF SECTION 5 OF THE FTC ACT

45. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "deceptive" or "unfair" acts and practices in or affecting commerce. Misrepresentations or omissions of material fact constitute "deceptive" acts or practices pursuant to Section 5(a) of the FTC Act. Moreover, under Section 5(n) of the FTC Act, an act or practice is "unfair" if it causes or is likely to cause substantial injury to consumers that is not reasonably avoidable by consumers and is not outweighed by countervailing benefits to consumers or to competition. 15 U.S.C. § 45(n).

## COUNT ONE

### Deceptive Billing Practices

46. In numerous instances, Defendants represent or have represented, expressly or by implication, that a consumer was obligated to pay a charge for a collect telephone call on the consumer's telephone bill.

47. In truth and in fact, in numerous instances, the consumer was not obligated to pay the charge, because:

(1) the collect call underlying the charge was never made; or

(2) the charge for the collect call was not authorized.

48. Therefore, Defendants' practices as described in Paragraph 46 are deceptive and violate Section 5 of the FTC Act, 15 U.S.C. § 45(a).

## COUNT TWO

### Unfair Billing Practices

49. In numerous instances, Defendants, directly or indirectly, bill or have billed a consumer for a collect telephone call that the consumer did not receive or did not authorize.

50. These billing practices cause or are likely to cause substantial injury to consumers that is not reasonably avoidable and is not outweighed by countervailing benefits to consumers or competition.

51. Therefore, Defendants' practices as described in Paragraph 49 are unfair and violate Section 5 of the FTC Act, 15 U.S.C. § 45(a).

## CONSUMER INJURY

52. Defendants' violations of Section 5 of the FTC Act, 15 U.S.C. § 45(a), as set forth above, have caused and are likely to continue to cause substantial injury to consumers. In addition, Defendants have been unjustly enriched as a result of their unlawful practices. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers and harm the public interest.

\\

\\

\\

\\

## THIS COURT'S POWER TO GRANT RELIEF

53. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and other ancillary equitable relief, including consumer redress, disgorgement and restitution, to prevent and remedy any violations of any provision of law enforced by the Federal Trade Commission.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the Federal Trade Commission, requests that this Court, as authorized by Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and pursuant to its own equitable powers:

1. Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief.

2. Permanently enjoin Defendants from violating Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), as alleged in this complaint.

3. Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations, including, but not limited to, rescission of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies.

\\

\\

\\

\\

\\

00174

4.  Award the Commission the costs of bringing this action, as well as any other equitable relief that the Court may determine to be just and proper.

Dated: September 14, 2006

Respectfully submitted,

WILLIAM BLUMENTHAL
General Counsel
Federal Trade Commission
600 Pennsylvania Ave., N.W., Room 286
Washington, D.C. 20580

Laura Kim (A550099)
   lkim@ftc.gov
   Telephone:   202-326-3734
   Facsimile:   202-326-3395
Michael J. Davis (A5501005)
   mdavis@ftc.gov
   Telephone:   202-326-2458
   Facsimile:   202-326-3395
Collot Guerard (A5500480)
   cguerard@ftc.gov
   Telephone:   202-326-3338
   Facsimile:   202-326-3395