UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80180-CIV-RYSKAMP/VITUNAC

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

NATIONWIDE CONNECTIONS, INC.,
et al.

    Defendants.
_____/

### ORDER GRANTING MOTION FOR CLARIFICATION AS TO SCOPE OF STAY

THIS CAUSE comes before the Court pursuant to the FTC's Emergency Motion for Clarification That the Automatic Stay Does Not Apply to the FTC's Law Enforcement Action and the Ongoing Contempt Proceeding, filed September 21, 2007 [DE 618].

Integretel became a Defendant in this action on September 21, 2006. Unbeknownst to the Court, Integretel was holding more than $1.35 million in reserve funds that belonged to two of the Nationwide defendants, Access One and Network One, in spite of several provisions of the Temporary Restraining Order in Preliminary Injunction requiring it to turn said funds over to the Receiver. When the Receiver learned of the existence of these funds, it filed its Motion for an Order to Show Cause Why Integretel Should Not Be Held in Contempt. On Friday, September 14, 2007, this Court issued its Omnibus Order in which it ruled that the reserve funds are the property of the receivership estate and ordered Integretel to pay the current reserve funds, amounting to $1,762,762.56, immediately to the Receiver. The Court also ordered Integretel to show cause in writing within 10 days why it should not be held in contempt for failing to turn

EXHIBIT 8

0041

2

over the reserve funds. Two days later, on September 16, 2007, Integretel filed a petition for Chapter 11 bankruptcy in the United States Bankruptcy Court, Northern District of California, San Jose Division, Case No. 07-52890. Integretel maintains in its bankruptcy filings that it "currently owes nothing to Receiver." Integretel further maintains that "it will ultimately prevail... with respect to amounts which are the subject and required to be paid under the [Omnibus Order]." On September 20, 2007 [DE 617], the Court stayed this proceeding against Integretel pursuant to 11 U.S.C. § 362(a). The FTC requests that this Court clarify that the automatic bankruptcy stay does not apply to the prosecution of its enforcement action or the ongoing contempt proceeding.

The FTC's prosecution of this action to protect consumers from unfair and deceptive trade practices is excepted from the automatic stay pursuant to 11 U.S.C. § 362(b)(4), the governmental regulatory exception to the stay. The statute provides as follows:

> (b) the filing of a petition under section 301,302, or 303 of this title... does not operate as a stay-...
>
> (4) under (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit...to enforce such governmental unit's...police power and regulatory power, including the enforcement of a judgment other than a money judgment....

Thus, to the extent provided in the aforementioned section, governmental regulatory or police actions are excepted from the automatic stay of:

> (1)   the commencement or continuation... of a judicial, administrative, or other action or proceeding against the debtor...;

0042

3

(2)   the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the [bankruptcy] case...;

(3)   any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;... [and]

(6)   any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the [bankruptcy] case....

11 U.S.C. § 362(a). The legislative history specifically states that this exception applies to suits by the government "to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar regulatory laws." H.R. Rep. No. 989, 95th Cong., 2d Sess. 52, *reprinted in* 1978 U.S. Code Cong. & Admin. News 5787, 5838.

Various courts have recognized that actions brought by the FTC pursuant to 15 U.S.C. § 53(b), Section 13(b) of the FTC Act, are not subject to the automatic stay. See In re First Alliance Mortgage Co., 264 B.R. 634, 647-51 (C.D. Cal. 2001) (reversing the Bankruptcy Court in holding that FTC's action to enforce consumer protection unfair lending loss falls within the 11 U.S.C. § 362(b)(4) exemption from the stay); FTC v. American Standard Credit Systems, 874 F. Supp. 1080, 1083 (C.D. Cal. 1994).

The FTC also seeks monetary relief, including disgorgement, restitution and consumer redress. The dual purposes of determining unlawful behavior by making such behavior more expensive and holding violating parties accountable bring this action squarely within the police and regulatory powers exemption. See SEC v. Brennan, 230 F.3d 65, 72 (2d Cir. 2000) ("When the government seeks to impose financial liability on a party, it is plainly acting in its police or regulatory capacity..."). Accordingly, the exemption permits continuation of this action for

0043

4

injunctive relief against Integretel and the entry of a money judgment against same.

Nor is the contempt proceeding stayed. First, the automatic stay applies only to protect property of the bankruptcy estate or property of the debtor. See 11 U.S.C. § 362(a)(2). The Court has already ruled that the reserve funds are neither the property of the "bankruptcy estate" nor Integretel. Second, the 11 U.S.C. § 362(b)(4) exception also applies to civil contempt proceedings brought by a governmental unit in the exercise of its police or regulatory powers. See SEC v. Bilzerian, 131 F. Supp. 2d 10, 14 (D.D.C. 2001) (civil contempt proceeding falls within the exception; incarceration of debtor subsequent to failure to provide financial information as required by purgation provision in prior disgorgement order). Finally, the bankruptcy filing does not deprive this Court of its inherent power to enforce the integrity of its orders. "[C]ontempt orders to uphold the dignity of the court are excepted from the automatic stay." NRLB v. Sawulski, 158 B.R. 971, 975 (E.D. Mich. 1993). Accordingly, it is hereby

ORDERED AND ADJUDGED that the motion is GRANTED. The commencement of Integretel's bankruptcy case does not stay either the pending contempt proceeding against Integretel, including the turnover order, or the FTC's prosecution of this consumer protection action against Integretel. The September 20, 2007 Order staying proceedings against Integretel is VACATED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 21st day of September, 2007.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

0044