IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

NOV 0 5 2007

THOMAS K. KAHN
CLERK

No. 06-16635-EE

FEDERAL TRADE COMMISSION,

Plaintiff-Appellee,

versus

THE BILLING RESOURCE,
d.b.a. Integretel

Defendant-Appellant.

No. 07-14531-EE

FEDERAL TRADE COMMISSION,

Plaintiff-Appellee,

DAVID R. CHASE,

Receiver-Appellee,

versus

THE BILLING RESOURCE,
d.b.a. Integretel,

Defendant-Appellant.

On Appeal from the United States District Court for the
Southern District of Florida

003

EXHIBIT 12

11/05/2007 16:14 FAX 4043356162          CLERK-USCA-11th                    ☒003/004

BEFORE: TJOFLAT, ANDERSON and PRYOR, Circuit Judges.

BY THE COURT:

Appellant's November 22, 2006 appeal from the district court's entry of the September 26, 2006, amended preliminary injunction, docketed here as No. 06-16635, is ALLOWED TO PROCEED.

The appeal docketed here as No. 07-14531 is from the district court's (1) September 21, 2007 "Order Granting Motion for Clarification As to Scope of Stay"; (2) September 14, 2007 order denying (a) Appellant's Motion to Modify Prior Injunctive Orders, and (b) Appellant's Motion to Stay Contract Claims; (3) September 14, 2007 order (a) finding that the reserve funds were the property of the receivership estate and (b) directing Appellant to identify and turn over the reserve funds to the receiver; and (4) September 14, 2007 order directing Appellant to show cause why it should not be held in contempt.

We ALLOW THE APPEALS OF THESE ORDERS TO PROCEED as follows:

We have jurisdiction of order (1) under 28 U.S.C. § 1291. See In re Red Carpet Corp., 902 F.2d 883, 890 n.5 (11th Cir. 1990); In re F.D.R. Hickory House, 60 F.3d 724, 725 n.2 (11th Cir. 1995); Safety-Kleen v. Wyche, 274 F.3d 846, 864 & n.4 (4th Cir. 2001).

2

004

11/05/2007 16:14 FAX 4043356162     CLERK-USCA-11th                    ⌀004/004

We have jurisdiction of order (2) under 28 U.S.C. § 1292(a)(1); 9 U.S.C. § 16(a)(1)(A).

We CARRY WITH THE CASE the question of whether we have jurisdiction of order (3).

We have jurisdiction of order (4) under the pendant appellate jurisdiction doctrine. See Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1310 n. 10 (11th Cir. 2006).

On October 17, 2007, this Court temporarily granted Appellant's motion for stay or injunction pending appeal pending further order. We hereby terminate the temporary stay in light of the below resolution of Appellant's motion.

Appellant's motion for stay or injunction pending resolution of these appeals, filed in No. 07-14531, is DENIED.