UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE ARTHUR S. WEISSBRODT, JUDGE

| | |
|---|---|
| In Re: ) | Case No. 07-52890-ASW |
| ) | Chapter 11 |
| THE BILLING RESOURCE, dba ) | |
| Integretel, a California ) | |
| corporation, ) | |
| ) | |
| Debtor. ) | |
| _____) | |
| ) | |
| THE BILLING RESOURCE, ) | Adv. No. 07-5156 |
| ) | |
| Plaintiff, ) | PLAINTIFF'S MOTION for |
| ) | ORDER to SHOW CAUSE |
| v. ) | REGARDING PRELIMINARY |
| ) | INJUNCTION and DECLARATORY |
| DAVID R. CHASE, Federal Receiver, ) | RELIEF |
| et al., ) | |
| ) | |
| Defendants. ) | Wednesday, October 17, 2007 |
| _____) | San Jose, California |

Appearances:

| | |
|---|---|
| For the Debtor and Plaintiff/Movant: | Michael H. Ahrens, Esq.<br>Steven B. Sacks, Esq.<br>Sheppard Mullin Richter & Hampton<br>Four Embarcadero Center, 17th Floor<br>San Francisco, California 94111 |
| From the Federal Trade Commission: | Michael Mora, Attorney<br>600 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20580 |
| For POL, Inc.: | Kathryn S. Diemer, Esq.<br>Diemer Whitman & Cardosi, LLP<br>75 East Santa Clara Street, Suite 290<br>San Jose, California 95113-1806 |
| For the Federal Receiver, David R. Chase: | Walter K. Oetzell, Esq.<br>Danning, Gill, Diamond & Kollitz, LLP<br>2029 Century Park East, Third Floor<br>Los Angeles, California 90067-2904 |

Appearances continued on next page.

*Plaintiff's Motion for Order to Show Cause*                                          20

1      THE COURT: Okay. Wait a second. So I would now hold
2  that the district court was wrong, right?
3      MR. SACKS: No.
4      THE COURT: It is property of the estate. How could I
5  hold that it is property of the estate? Would I just ignore the
6  district court order that the property belongs to the receiver?
7      MR. SACKS: Well, —
8      THE COURT: How do I do that?
9      MR. SACKS: There —
10     THE COURT: I would — now serving as a review court of
11 the district court. If I have to reach the question — I mean I
12 could certainly say that there — without a problem, there's no
13 problem — first of all, I believe they're property of the
14 estate. But, you know, that goes as far as it goes.
15     I could certainly say there are certainly serious
16 questions as to whether it's property of the estate or not. The
17 debtor has raised serious questions. And I now have this
18 district court order which, you know, in my personal opinion is
19 incorrect in that these do appear to be funds that belong to the
20 estate. But now what do I do with that?
21     MR. SACKS: Well, that's the question, is: Did the
22 district court have before it the question that Your Honor is
23 assuming it did. And I don't think — I don't think it did. It
24 was not looking at the rights of creditors and saying, 'This
25 property belongs to you, federal court receiver, as opposed to