# TIGHE PATTON ARMSTRONG TEASDALE, PLLC
ATTORNEYS AT LAW

1747 PENNSYLVANIA AVENUE, N.W.
SUITE 300
WASHINGTON, DC 20006-4604

TELEPHONE (202) 454-2800
FACSIMILE (202) 454-2805
WWW.TIGHEPATTON.COM

NEAL GOLDFARB
WRITER'S DIRECT DIAL: (202) 454-2826
EMAIL: NGOLDFARB@TIGHEPATTON.COM

October 16, 2007

By Hand
Thomas K. Kahn, Clerk
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St. N.W.
Atlanta, Georgia 30303

  Re: *Federal Trade Commission v Nationwide Connections, Inc*, No. 07-14531-E
    Appellant's Motion for Stay Pending Appeal

Dear Mr. Kahn:

  I represent the appellant in this case, The Billing Resource dba Integretel ("Integretel"), which filed a time-sensitive motion last week seeking a stay pending appeal. Integretel asked in the motion that the Court enter an immediate interim stay pending full consideration of the motion. I understand from a conversation with one of the deputy clerks responsible for processing this case (who I had called with a scheduling issue) that the Court is not going to rule on the stay motion, on the grounds that the Court is thought to lack jurisdiction over the appeal. I am writing to explain why the Court does, indeed, have jurisdiction, focusing in particular on issues relevant to Integretel's stay motion. I request that this letter be provided to the motions panel or judge considering that motion. Three copies of this letter are provided for that purpose.

  As is explained below, the Court's jurisdiction is not defeated by the fact that other defendants have filed motion for reconsideration regarding a determination that relates solely to that defendant and that is not at issue in this appeal. That motion cannot possibly have any effect on the rulings that Integretel is challenging here. This appeal concerns a group of related rulings included in an "Omnibus Order" entered on September 14 and a ruling made on September 21. The other defendants' motion does not seek reconsideration of the district court's September 21 ruling at all. Nor does the motion seek reconsideration of any of the September 14 rulings that pertain to Integretel. It deals only with an aspect of the September 14 rulings that pertain to the other defendants.

  Moreover, *the Court can and should grant at least an interim stay before definitively deciding the jurisdictional issue.* The Court has jurisdiction to determine its own jurisdiction, and it may enter any orders that may be necessary in order to preserve the status quo while the Court

EXHIBIT W    003

007

## TIGHE PATTON ARMSTRONG TEASDALE, PLLC

Thomas A. Kahn, Clerk
October 16, 2007
Page 2

conclusively decides whether it has jurisdiction. Such an interim stay is appropriate here because without a stay, the Court's ability to grant effective relief will be impaired.

**Background.** This appeal arises from receivership proceedings ancillary to a suit brought by the Federal Trade Commission. Specifically, this is an appeal from two orders entered by the district court: the "Omnibus Order" entered on September 14, 2007 (Exhibit 1 hereto) and an order entered on September 21, 2007 (Exhibit 2). In the Omnibus Order, the district court ruled that certain disputed funds held by Integretel were property of the receivership estate and ordered Integretel to pay them to the receiver. The September 21 order, which was entered after Integretel filed for bankruptcy protection as a result of the Omnibus Order, vacated a bankruptcy stay order that the district court had entered the day before (Exhibit 3) and held that the automatic stay in bankruptcy did not apply. We will refer to the September 21 order as "the Vacatur Order."

In the Omnibus Order, the district court addressed a number of separate motions. The order requiring Integretel to pay the disputed funds to the receiver was entered upon the receiver's motion for an order requiring Integretel to show cause why it should not be held in contempt ("the Show-Cause Motion"; D. Ct. DE 246). The court also granted an entirely separate motion by the receiver seeking to compel several other defendants ("the BSG Defendants") to make a separate payment ("the Receiver's BSG Motion"; D. Ct. DE 371). The Receiver's BSG Motion was filed almost three months after Show-Cause Motion.

On September 28, after Integretel noticed this appeal, the BSG Defendants moved in the district court for reconsideration of that aspect of the Omnibus Order that granted the Receiver's BSG Motion. (Exhibit 4.) The BSG Defendants' motion did not in any way challenge the Vacatur Order. Nor did it challenge any aspect of the Omnibus Order relating to the Receiver's claims against Integretel. Rather, the motion dealt solely with two issues applicable only to the BSG Defendants: whether the BSG Defendants had offered sufficient evidence of the terms of their contracts (contracts to which Integretel is not a party), and whether differences between the language of Integretel's contracts and the language of the BSG Defendants' contracts were sufficient to require the court to reach a different result as to the BSG Defendants than it had reached as to Integretel.

Those issues are not involved in this appeal. Integretel has neither the desire nor the right to challenge the district court's ruling with respect to the BSG Defendants. In order to make that point crystal clear, Integretel is filing an amended notice of appeal that expressly excludes that ruling from this appeal. (Exhibit 5.)

Integretel filed its pending stay motion on October 11, 2007. That motion sought a stay of the Vacatur Order, the effect of which, if granted, would be to reinstate the district court's prior bankruptcy stay order. Integretel has not sought a separate stay of any aspect of

# TIGHE PATTON ARMSTRONG TEASDALE, PLLC

Thomas A. Kahn, Clerk
October 16, 2007
Page 3

the Omnibus Order, because a stay of the Vacatur Order would provide Integretel the functional equivalent of a stay of the Omnibus Order.[1]

Discussion. As we understand it, the decision not to rule on Integretel's stay motion at this point was based on the view that this Court lacks jurisdiction because the BSG Defendants' motion for reconsideration in the district court has deprived the orders on appeal of finality. The Court has also issued a number of jurisdictional questions, the response to which is due later this week, but those questions do not address the issue of the BSG Defendants' motion for reconsideration. This letter is not intended to substitute for our full response to the Court's questions. Rather, it addresses only those issues that are directly relevant to Integretel's motion for a stay pending appeal.

As discussed below, the Court has jurisdiction over the appeal from the Vacatur Order, which is the order at issue in Integretel's motion for a stay pending appeal. However, the Court need not finally decide the jurisdictional question at this point, because it can and should rule on the stay motion before it definitively decides the jurisdictional issue.

*The BSG Defendants' motion for reconsideration does not defeat this Court's jurisdiction over Integretel's appeal from the Vacatur Order.* The BSG Defendants' motion for reconsideration is directed solely at the portion of the Omnibus Order that granted the receiver's motion to require the BSG Defendants to turn over certain disputed funds to the receiver. It does not seek reconsideration of any ruling by the district court that related to Integretel, and in particular it does not even arguably seek reconsideration of the Vacatur Order, which is the target of Integretel's stay motion. If the ruling as to BSG had been stated in a separate order, rather than included in the Omnibus Order, it surely would not be thought to have rendered the rulings as to Integretel nonfinal. That conclusion should not change simply because of the fortuitous fact that the order as to BSG was one of several separate rulings that was combined into a single Omnibus Order.

For these reasons, we submit that the motion for reconsideration does not affect the Court's jurisdiction over this appeal at all, but even if it is thought to have rendered those portions of the Omnibus Order dealing with Integretel unappealable, it had no such effect on

---

1. Integretel asked for a ruling on its request for an interim stay by Wednesday, October 17, because that is when an agreed temporary stay will expire. As Integretel stated in its motion, Integretel sought an agreement to extend that temporary stay, so that the Court would have more time to act on the stay motion, but was not able to obtain such an agreement. After filing its motion for a stay, Integretel asked the Receiver and the FTC whether they would consent to an interim stay pending the Court's consideration of the stay motion. But that request was refused. When the shoe has been on the other foot, and the party seeking a stay has been the FTC, the Commission has contended that the refusal to grant such an interim stay would "not [be] consistent with the fair, effective administration of justice[.]" Mem. of Pts. & Auths. in Support of Pltff's Mtn. for Inj. Pending Appeal at 6, *FTC v Whole Foods Market, Inc.*, No. 07-cv-01021-PLF (D.D.C. filed Aug. 17, 2007) (available at <http://www.ftc.gov/os/caselist/0710114/0710114 injpendpub.pdf>).

005

009

# TIGHE PATTON ARMSTRONG TEASDALE, PLLC

Thomas A. Kahn, Clerk
October 16, 2007
Page 4

the Vacatur Order, which is appealable independently of Omnibus Order. (The basis for the Court's jurisdiction is discussed in the Appendix to this letter.)

Both the FTC and the receiver have recognized in their oppositions to Integretel's stay motion that the Vacatur Order is final and appealable, and the receiver has recognized in addition that the portions of the Omnibus Order that relate to Integretel are similarly final and appealable. (FTC Response to Stay Mtn. at 8-10; Receiver's Response to Stay Mtn. at 10 & n.4.) While we recognize that the Court must make its own determination whether it has jurisdiction, these statements by the FTC and the receiver support the conclusion that the BSG Defendants' motion for reconsideration cannot possibly result in any modification of the district court's rulings with respect to Integretel.

*The court can and should grant at least an interim stay to preserve the status quo while it considers the jurisdictional issue more fully.* Although we think it is clear that the Court has jurisdiction, we recognize that the Court is unlikely to conclusively decide the jurisdictional issues before the current temporary agreed stay expires on October 17 — the day after this letter is submitted. However, the Court need not reach a conclusive decision in order to grant an interim stay preserving the status quo while the Court decides whether it has jurisdiction. The Court has jurisdiction to determine its own jurisdiction, and as an incident of that power, the Court may grant stays and injunctions in order to preserve the status quo while it considers the jurisdictional issues. *United States v. United Mine Workers*, 330 U.S. 258, 292-93 (1947); *Ford v Haley*, 179 F.3d 1342, 1345-46 (11th Cir. 1999), *stay vacated after decision on the merits*, 195 F.3d 603 (11th Cir. 1999); *United States Catholic Conference v Baker*, 824 F.2d 156, 162-63 (2d Cir. 1987).

The Court should use that power in this case. The status quo is that enforcement of the Omnibus Order is stayed and that Integretel still holds the disputed funds. If this Court does not grant a stay, Integretel will (absent action by the bankruptcy court) immediately and irretrievably lose the protection of the automatic stay in bankruptcy. That stay is "'one of the fundamental debtor protections provided by the bankruptcy laws'" because it "'gives the debtor a breathing spell from his creditors.'" *Jove Engineering v IRS*, 92 F.3d 1539, 1550 (11th Cir. 1996) (quoting from the legislative history). This Court has noted that when a party has "a right to be free from the burdens of litigation" (a right granted to Integretel by the automatic stay under the Bankruptcy Code), "an erroneous denial cannot be redressed through review of the final judgment." *McMahon v Presidential Airways, Inc.*, No. 06-153093, 2007 WL 2891086 at *4 (11th Cir. Oct. 5, 2007). Indeed, this Court has held in a different context that when a nonfrivolous appeal is taken from the denial of a statutorily required stay of litigation, proceedings in the district court should be stayed. *Blinco v Green Tree Servicing, LLC*, 366 F.3d 1249, 12251-52 (11th Cir. 2004).

Conclusion. For the reasons set out above, we respectfully submit that the Court has jurisdiction with respect to this appeal. Furthermore, the Court has the power to grant an interim stay to preserve the status quo while it considers the jurisdictional issues more fully, and it should exercise that power here.

TIGHE PATTON ARMSTRONG TEASDALE, PLLC

Thomas A. Kahn, Clerk
October 16, 2007
Page 5

Respectfully yours,

*Neal Goldfarb* with express permission by CJG
Neal Goldfarb (DC Bar No. 337881)
*Counsel for Appellant*

Enclosures
cc (with attachments):

Jeffrey C. Schneider, Esq. (by email and by hand)
Patrick Rengstl, Esq. (by email and by hand)
Marilyn Kerst, Esq. (by email and by hand)
John F. Daly, Esq. (by email and by hand)
John Andrew Singer, Esq. (by email and by hand)
Laura M. Kim, Esq. (by email and by hand)
Collot Guerard, Esq. (by email and by hand)
Richard McKewen, Esq. (by email and by hand)
Robert Schoshinksi, Esq. (by email and by hand)
Michael Garrett Austin, Esq. (by email and first-class mail)
Steven E. Siff, Esq. (by email and first-class mail)
Andrew G. Berg, Esq. (by email and first-class mail)
Kevin Dinan, Esq. (by email and first-class mail)
Carolyn Tapie, Esq. (by email and first-class mail)
John-David Thomas, Esq. (by email and first-class mail)
Derick J. Rodgers, Esq. (by email and first-class mail)
Mark Douglas Johnson, Esq. (by email and first-class mail)
Rosanne Brady, Esq. (by email and first-class mail)
Peter N. Macaluso, Esq. (by email and first-class mail)
Mary Lou Farr (by email and first-class mail)
Gary M. Dunkel, Esq. (by email and first-class mail)
Michael Woodbury, Esq. (by email and first-class mail)
Henry W. Johnson, Esq. (by email and first-class mail)
John W. Chapman, Jr., Esq. (by email and first-class mail)
Robert M. Weinberger, Esq. (by email and first-class mail)
Thomas G. Long, Esq. (by email and first-class mail)
Robert Voss Fitzsimmons, Esq. (by email and first-class mail)
Chad A. Dean, Esq. (by email and first-class mail)
Bruce Eric Bloch, Esq. (by email and first-class mail)
Theodore J. Leopold, Esq. (by email and first-class mail)
Michael David McDonough, Esq. (by hand and by first-class mail)
Jessy Mendoza (by hand and by first-class mail)
Willoughby Farr, Inmate No. 653974 (by first-class mail)

007

011