WILLIAM BLUMENTHAL
General Counsel

JOHN F. DALY
Deputy General Counsel - Litigation

JOHN ANDREW SINGER
Attorney - Office of the General Counsel
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
Telephone: (202) 326-3234
Facsimile: (202) 326-2447
Email: jsinger@ftc.gov

ATTORNEYS FOR FEDERAL
TRADE COMMISSION

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| THE BILLING RESOURCE d/b/a INTEGRETEL, <br><br> Debtor-Plaintiff-Appellee, <br><br> v. <br><br> FEDERAL TRADE COMMISSION et al., <br><br> Defendant-Appellant. | No. 5:07-CIV-5758-RMW <br><br> Date: December 21, 2007 <br> (Requested Date) <br> Time: 9:00 a.m. <br> Place: 280 S. First Street <br> San Jose, CA <br> Judge: Hon. Ronald M. Whyte <br> Courtroom: 6 - 4th Floor |

On Appeal from the United States Bankruptcy Court for the Northern District of California, No. 07-52890, Adversary Proceeding No. 07-5156 (Weissbrodt)

**DEFENDANT-APPELLANT FEDERAL TRADE COMMISSION'S N.D. CAL. L.R. 6 AND FED. R. BANKR. P. 9006 MOTION TO SHORTEN BRIEFING SCHEDULE AND ACCELERATE HEARING DATE FOR ITS MOTION FOR STAY PENDING APPEAL OF THE BANKRUPTCY COURT'S NOVEMBER 27, 2007, PRELIMINARY INJUNCTION**

Defendant-appellant the Federal Trade Commission ("Commission"), pursuant to N.D. Cal. L.R. 6 and Fed. R. Bankr. P. 9006, hereby moves to shorten the briefing schedule and accelerate the hearing date to December 21, 2007, for its motion for stay pending appeal of the bankruptcy court's November 27, 2007, preliminary injunction. This is the same date that this Court has calendared a hearing for the Commission's motion for a stay pending appeal of the bankruptcy court's October 17, 2007 preliminary injunction and its motion for a change of venue. The Commission believes that significant judicial economy will result from a combined of these three interrelated motions. In support of its motion, the Commission states the following:

1. Debtor-plaintiff-appellee The Business Resource dba Integretel ("Integretel") is a defendant in a civil law enforcement action pending in the United States District Court for the Southern District of Florida (the "Florida District Court"), *FTC v. Nationwide Connections, Inc.*, No. 06-CV-80180-Ryskamp/Vitunac (S.D. Fla.) (the "Enforcement Action"). Integetel was an instrumental player in a telephone billing "cramming" scheme that bilked consumers over $30 million for bogus long distance charges. Integretel aggregated approximately $5 million of these charges and placed them on consumers' monthly telephone bills.

2. In a September 14, 2007, Order ("September 14 Order"), the Florida District Court held that: (1) approximately $1.7 million (the "Reserve Funds") are the property of a receivership estate created in Enforcement Action (and *not* Integretel); (2) Integretel should have turned the Reserve Funds over to the Receiver in March 2006 pursuant to the turnover provisions of a temporary restraining order (and subsequent injunctions) issued by the Florida District Court; and (3) Integretel was required, within ten days, to either turn over these funds to a Receiver appointed by the Florida District Court or show cause why it should not be held in contempt. Entered *prior* to Integretel's bankruptcy petition, the

September 14 Order conclusively determined that the Reserve Funds are the property of the receivership estate (*not* the property of Integretel) and are to be under the direct control of the Receiver. A September 21, 2007 Order by the Florida Disrtict Court reiterated these findings and held that, as the property of the receivership estate, the Reserve Funds are not the property of Integretel's bankruptcy estate.

3. The Commission and the Receiver have been enjoined by pursuing this contempt proceeding since October 17, 2007, when the Eleventh Circuit temporarily granted Integretel's motion for a stay pending appeal of the September 14 Order. On November 5, 2007, the Eleventh Circuit denied Integretel's motion on the merits and terminated the temporary stay. At the request of Integretel, within 3.5 *hours* of the Eleventh's termination of the stay, the bankruptcy court conducted an emergency telephonic hearing and entered a temporary restraining order enjoining the Commission and the Receiver from pursuing the contempt proceeding that a unanimous panel of three Circuit Court judges had just permitted to go forward. The November 27, 2007, preliminary injunction that is the subject of this appeal followed, extended the injunctive provisions of the temporary restraining order through March 14, 2007.

4. The bankruptcy court's October 17, 2007, preliminary injunction enjoins the Commission from pursuing its Enforcement Action against Integretel. This injunction is at odds with the Florida District Court's September 21 Order that the Enforcement Action and contempt proceeding are not stayed by Integretel's bankruptcy. It also is at odds with the Congressional mandate embodied in 11 U.S.C. § 362(b)(4), that consumer protection law enforcement proceedings (and ancillary proceedings like the contempt proceeding) have a special priority and should not be impeded or delayed by a defendant in an enforcement action filing for bankruptcy. It also violates the rule that

bankruptcy courts should enjoin law enforcement actions only the most exceptional circumstances.

5. As this motion and the Commission's simultaneously filed memorandum in support of its motion for a stay pending appeal indicate, this motion and the other pending stay motion both arise from a common nucleus of facts and the September 14 and 21, 2007, Orders of the Florida District Court and the November 5, 2007, Order of the Eleventh Circuit, and the contradictory decisions by the bankruptcy court in its October 17 and November 27 Orders. Rather than having to address the many common issues twice, the Commission believes that it would be in the interests of judicial economy to accelerate the briefing schedule and the hearing modestly so that all of these issues can be considered in a single hearing.

6. The Commission's change of venue motion is fully interrelated to its two stay motions. The United States District Court issued the September 14 and 21 Orders. It is the only court that can exercise jurisdiction over both this adversary proceeding and the Enforcement Action and thereby assure consistent rulings between these proceedings. A prompt transfer to the Southern District of Florida could even obviate the need for this Court to resolve the two pending stay motions, deferring these decisions to the transferee court which already is intimately familiar with this proceeding, having presided over the Enforcement Action since February 2006.

7. Absent the requested Order, the earliest possible hearing date would be January 4, 2008, making oppositions to the Commission's motion due on December 14, 2007, N.D. Cal. L.R. 7-3(a), and the Commission's reply brief due on December 21, 2007, N.D. Cal. L.R. 7-3(c). The Commission requests that the opposition deadline be moved up four days to December 10 and that its reply be moved a up week, to December 14. While this would complete briefing only one week prior to the hearing, the Commission respectfully submits that the significant judicial economy that would result

from all three of the Commission's motions being considered in a single hearing.

    10.    The Commission, therefore, moves that:

        a.    All oppositions to the Commission's motion for stay pending appeal of the bankruptcy court's November 27, 2007, preliminary injunction be filed and served not later than December 10, 2007;

        b.    The Commission be required to file and serve its reply, if any, by December 14, 2007;

        c.    Service may be made electronically; and

        c.    The Hearing on this motion be heard on December 21, 2007, along with the Commission's requested hearing on its stay motion concerning the bankruptcy court's October 17, 2007, preliminary injunction and its change of venue motion.

Respectfully submitted,

WILLIAM BLUMENTHAL
General Counsel

JOHN F. DALY
Deputy General Counsel - Litigation

_____
JOHN ANDREW SINGER
Attorney - Office of the General Counsel
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC  20580
Telephone:  (202) 326-3234
Facsimile:  (202) 326-2447
Email: jsinger@ftc.gov

MICHAEL MORA
JULIE MACK
Attorneys - Division of Enforcement
ATTORNEYS FOR FEDERAL TRADE COMMISSION