SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MICHAEL H. AHRENS, Cal. Bar No. 44766
STEVEN B. SACKS, Cal. Bar No. 98875
JEFFREY K. REHFELD, Cal. Bar No. 188128
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
Email:           mahrens@sheppardmullin.com
                    ssacks@sheppardmullin.com

Attorneys for The Billing Resource, dba Integretel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE BILLING RESOURCE, dba Integretel, a California corporation,<br><br>    Debtor-Plaintiff-Appellee<br><br>    v.<br><br>FEDERAL TRADE COMMISSION, et al.<br><br>    Defendant-Appellant | Case No. 07-CIV-5758-RMW |

On Appeal from the United States Bankruptcy Court for the Northern District of California,
No. 07-52890-ASW, Adversary Proceeding No. 07-5156

**PLAINTIFF-APPELLEE THE BILLING RESOURCE, dba INTEGRETEL's OPPOSITION TO MOTION TO SHORTEN BRIEFING SCHEDULE AND ACCELERATE HEARING DATE**

# I.
# INTRODUCTION

The Billing Resource d/b/a Integretel ("Integretel") opposes the Federal Trade Commission's ("FTC") motion to shorten briefing schedule and accelerate hearing date ("Motion") of the FTC's motion for a stay pending appeal.[1] There is no urgency to having this motion heard on shortened time. There is no reason this motion for a stay pending appeal has to be heard in conjunction with the motion for stay pending appeal of the other preliminary injunction issued by the bankruptcy court. Integretel's time to prepare its opposition to the FTC's motion should not be abridged by expediting the briefing schedule to Integretel's inconvenience and disadvantage. The FTC's motion does not comply with the Local Rules, as it is not accompanied by a declaration required under Local Rule 6-3(a).

# II.
# DISCUSSION

**A.    No Urgency Justifies an Expedited Briefing Schedule**

The FTC offers no basis for expediting the briefing schedule in this matter. Instead the FTC's Motion argues the merits and fails to offer any coherent rationale for having an expedited hearing. The Motion notably fails to mention that there is no urgency with regard to this appeal whatsoever as it does not disclose to the Court that in connection with issuing the injunction at issue here, which prevents the FTC and the federal Receiver from initiating contempt proceedings against Integretel, the bankruptcy court required Integretel to retain $1.7 million of Integretel's funds in a blocked bank account pending order of the court. The FTC and the Receiver are fully protected unless and until the bankruptcy court orders release of that money—at which time they could seek appellate review or a stay.

---

[1] Pursuant to Local Rule 6-3(c), this Opposition is filed by the third court day after receiving the Motion and is accompanied by the Declaration of Steven B. Sacks.

The FTC has no cause to initiate contempt proceedings against Integretel, as the funds it claims are being held pursuant to the bankruptcy court's order. Put another way, the preliminary injunction issued by the bankruptcy court maintains the status quo and the FTC has no basis to alter it; even if it did, there is no reason it needs to occur on an expedited basis.

**B.    The Two Motions Need Not Be Heard at the Same Time**

The FTC claims that there will be "significant judicial economy" associated with having the hearing on this motion for a stay pending appeal conducted at the same time as the hearing on its earlier motions for a stay and for a change of venue. While the motions have come to this Court from the same bankruptcy case, there is no reason they need to be heard on the same day. The FTC has submitted a separate brief on each motion for a stay pending appeal and Integretel has already filed a brief opposing the first motion. It will have to file a separate brief opposing this motion. The issues with regard to each motion are not identical, as in one order the bankruptcy court temporarily enjoined prosecution of the FTC's enforcement action against Integretel and, in the other, based on additional hearings and findings and conclusions, it prevented the FTC and the Receiver from seeking contempt findings against Integretel.

The motion for change of venue does not afford any basis for having one hearing on the other two motions, as the change of venue motion is procedurally improper and substantively meritless. In addition, the court's decision on changing venue does not depend on its decision regarding a stay pending appeal.

**C.    Integretel Should Be Afforded Sufficient Time for Its Opposition**

The FTC filed its motion on Friday, November 30 and seeks to require Integretel to file its opposition ten days later. During this period, Integretel has four motions set for hearing in the bankruptcy court on December 7, 2007. Integretel's counsel is heavily

1 committed on this and other matters and thus would find it burdensome to complete an
2 opposition to the FTC's motion before December 14, 2007, the date it would be due if the
3 Motion is not granted.
4     Integretel's counsel was given no advance notice of the filing of this Motion by the
5 FTC and was not consulted with regard to whether Integretel would agree to an accelerated
6 hearing or shortened briefing schedule.

### III.
### CONCLUSION

Integretel respectfully requests that the Motion be denied.

Dated: December 5, 2007

                        Respectfully submitted,

                        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By         /s/ Steven B. Sacks
             STEVEN B. SACKS
     Attorneys for Debtor/Plaintiff/Appellee
    THE BILLING RESOURCE, dba INTEGRETEL.