1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
2    Including Professional Corporations
   MICHAEL H. AHRENS, Cal. Bar No. 44766
3  STEVEN B. SACKS, Cal. Bar No. 98875
   JEFFREY K. REHFELD, Cal. Bar No. 188128
4  Four Embarcadero Center, 17th Floor
   San Francisco, California  94111-4106
5  Telephone:    415-434-9100
   Facsimile:    415-434-3947
6  Email:         mahrens@sheppardmullin.com
                  ssacks@sheppardmullin.com
7
   Attorneys for The Billing Resource, dba
8  Integretel

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                          SAN JOSE DIVISION

13  THE BILLING RESOURCE, dba            Case No. 07-CIV-5758-RMW
    Integretel, a California corporation,
14
              Debtor-Plaintiff-Appellee
15
        v.
16
    FEDERAL TRADE COMMISSION, et al.
17
              Defendant-Appellant
18

19       On Appeal from the United States Bankruptcy Court for the Northern District of
                                      California,
20           No. 07-52890-ASW, Adversary Proceeding No. 07-5156

21       **DECLARATION OF STEVEN B. SACKS IN SUPPORT OF PLAINTIFF-
         APPELLEE THE BILLING RESOURCE, dba INTEGRETEL's OPPOSITION TO
22       MOTION TO SHORTEN BRIEFING SCHEDULE AND ACCELERATE
                                  HEARING DATE**

---

W02-WEST:5SS1\400595696.1                    SACKS DECLARATION IN OPPOSITION TO
Case No. 07-CIV- 5758-RMW                    MOTION TO EXPEDITE BRIEFING SCHEDULE

I, Steven B. Sacks, declare as follows:

1. I am an attorney duly admitted to practice in the State of California and before this Court. I am a member of Sheppard, Mullin, Richter & Hampton LLP, counsel to The Billing Resource d/b/a Integretel ("Integretel").

2. Integretel opposes the Federal Trade Commission's ("FTC") motion to shorten briefing schedule and accelerate hearing date ("Motion") of the FTC's motion for a stay pending appeal. There is no urgency to having this motion heard on shortened time. There is no reason this motion for a stay pending appeal has to be heard in conjunction with the motion for stay pending appeal of the other preliminary injunction issued by the bankruptcy court. Integretel's time to prepare its opposition to the FTC's motion should not be abridged by expediting the briefing schedule to Integretel's inconvenience and disadvantage. The FTC's motion does not comply with the Local Rules, as it is not accompanied by a declaration required under Local Rule 6-3(a).

3. The FTC offers no basis for expediting the briefing schedule in this matter. Instead the FTC's Motion argues the merits and fails to offer any coherent rationale for having an expedited hearing. The Motion notably fails to mention that there is no urgency with regard to this appeal whatsoever as it does not disclose to the Court that in connection with issuing the injunction at issue here, which prevents the FTC and the federal Receiver from initiating contempt proceedings against Integretel, the bankruptcy court required Integretel to retain $1.7 million of Integretel's funds in a blocked bank account pending order of the court. The FTC and the Receiver are fully protected unless and until the bankruptcy court orders release of that money—at which time they could seek appellate review or a stay. The FTC has no cause to initiate contempt proceedings against Integretel, as the funds it claims are being held pursuant to the bankruptcy court's order. Put another way, the preliminary injunction issued by the bankruptcy court maintains the status quo and the FTC has no basis to alter it; even if it did, there is no reason it needs to occur on an expedited basis.

4. The FTC claims that there will be "significant judicial economy" associated with having the hearing on this motion for a stay pending appeal conducted at the same time as the hearing on its earlier motions for a stay and for a change of venue. While the motions have come to this Court from the same bankruptcy case, there is no reason they need to be heard on the same day. The FTC has submitted a separate brief on each motion for a stay pending appeal and Integretel has already filed a brief opposing the first motion. It will have to file a separate brief opposing this motion. The issues with regard to each motion are not identical, as in one order the bankruptcy court temporarily enjoined prosecution of the FTC's enforcement action against Integretel and, in the other, based on additional hearings and findings and conclusions, it prevented the FTC and the Receiver from seeking contempt findings against Integretel.

5. The motion for change of venue does not afford any basis for having one hearing on the other two motions, as the change of venue motion is procedurally improper and substantively meritless. In addition, the court's decision on changing venue does not depend on its decision regarding a stay pending appeal.

6. The FTC filed its motion on Friday, November 30 and seeks to require Integretel to file its opposition ten days later. During this period, Integretel has four motions set for hearing in the bankruptcy court on December 7, 2007. Integretel's counsel is heavily committed on this and other matters and thus would find it burdensome to complete an opposition to the FTC's motion before December 14, 2007, the date it would be due if the Motion is not granted.

7. I was given no advance notice of the filing of this Motion by the FTC and was not consulted with regard to whether Integretel would agree to an accelerated hearing or shortened briefing schedule.

1  I declare under penalty of perjury that the foregoing is true and correct to the best of
2  my knowledge.
3  Dated: December 5, 2007

4                              /s/ Steven B. Sacks
5                              Steven B. Sacks