WILLIAM BLUMENTHAL
General Counsel

JOHN F. DALY
Deputy General Counsel - Litigation

JOHN ANDREW SINGER
Attorney - Office of the General Counsel
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
Telephone: (202) 326-3234
Facsimile: (202) 326-2447
Email: jsinger@ftc.gov

MICHAEL MORA
JULIE MACK
Attorneys - Division of Enforcement
Bureau of Consumer Protection

ATTORNEYS FOR FEDERAL
TRADE COMMISSION

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| THE BILLING RESOURCE d/b/a INTEGRETEL, <br><br> Debtor-Plaintiff-Appellee, <br><br> v. <br><br> FEDERAL TRADE COMMISSION et al., <br><br> Defendant-Appellant. | No. 5:07-CIV-5758-RMW <br><br> Date: December 21, 2007 <br> Time: 9:00 a.m. <br> Place: 280 S. First Street <br> San Jose, CA <br> Judge: Hon. Ronald M. Whyte <br> Courtroom: 6 - 4th Floor |

On Appeal from the United States Bankruptcy Court for the Northern District of California, No. 07-52890, Adversary Proceeding No. 07-5156 (Weissbrodt)

**DEFENDANT-APPELLANT FEDERAL TRADE COMMISSION'S REPLY MEMORANDUM IN SUPPORT OF ITS COMBINED MOTIONS FOR STAY PENDING APPEAL AND FOR CHANGE OF VENUE PURSUANT TO 28 U.S.C. § 1412**

**INTEGRETEL DOES NOT DISPUTE ANY OF THE MATERIAL FACTS CONTAINED IN THE COMMISSION'S STATEMENT OF FACTS[1]**

Notwithstanding that the Commission's Statement of Facts in its opening memorandum ("FTC Memo") is supported by extensive citations to the record, Integretel baldly asserts it is "replete with inaccuracies and misrepresentations." (Opp. at 2). Despite this bluster, Integretel identifies only a single disputed fact and it is not material to the Commission's stay and change of venue motions. Integretel concedes it was served with the Florida District Court's February 2006 TRO and September 2006 amended preliminary injunction, both of which contain provisions requiring Integretel to turn over the Reserve Funds to the Receiver.[2] The Commission acknowledges that it is not clear if Integretel was served with the Florida District Court's March 2006 preliminary injunction. Even if Integretel was not served with this injunction, it was still subject to the Florida District Court's turnover provisions upon service of the February 2006 TRO and the September 2006 amended preliminary injunction. Thus, at a minimum, Integretel flouted the turnover provision in the amended preliminary injunction for at least a year prior to its bankruptcy petition.

**INTEGRETEL DOES NOT CONTEST THAT ENJOINING LAW ENFORCEMENT ACTIONS IS HIGHLY DISFAVORED**

As discussed in the FTC Memo at 9-12, the 11 U.S.C. § 362(b)(4) exemption to the automatic stay evinces Congress's appreciation of the vital nature of consumer protection law enforcement

---

[1] This Reply uses the same abbreviations and short form references used in the Commission's opening memorandum.

[2] Integretel concedes it maintained a bookkeeping entry indicating the amount of the Reserve Funds that it was holding against possible claims by consumers duped by Enforcement Action defendants Access One and Network One. (Opp. at 3-4). Integretel, therefore, at all times knew the precise amount of Reserve Funds that it was holding for Access One and Network One and that were subject to the Florida District Court's September 14 Order (FTCX 8) determining that they are the property of the receivership estate established by the Enforcement Action.

1

actions. Recognizing this Congressional priority, courts, rightly, have been extremely reluctant to use of 11 U.S.C. § 105(a) to enjoin law enforcement actions. Pointedly, Integretel does *not* challenge the numerous cases cited in the FTC Memo at 9-10 that uniformly stand for the proposition that §105(a) injunctions against law enforcement actions are highly disfavored. Rather, Integretel limits its argument to a semantic quibble – that only one of these cases uses the phrase "exceptional circumstances." (Opp. at 8-9 and n.2). Moreover, Integretel provides no reason why the Commission's Enforcement Action would fall into any of the limited circumstances where these cases indicate that a § 105(a) injunction against a law enforcement action may be appropriate.

Integretel submits that to prevail here it need do little more than establish a bare likelihood of a successful reorganization, citing *In re Excel Innovations, Inc.*, 502 F.3d 1086 (9th Cir. 2007). (Opp. at 10). *Excel*, however, only addresses injunctions of routine purely private claims affecting a debtor – it does not address whether § 105(a) authorizes enjoining an action exempted by § 362(b)(4).[3] *See also In re First Alliance Mortgage Co.* 264 B.R. 634, 654 n.18 (C.D. Cal. 2001) (indicating the Ninth Circuit has not decided whether § 105(a) can be used to enjoin actions exempted from the automatic stay, such as consumer law enforcement actions, and expressing doubts as to whether § 105(a) can be so applied). Assuming, *arguendo,* the Ninth Circuit would hold that § 105(a) authorizes enjoining a law enforcement action, *Excel* certainly is silent as to the standard for the issuance of a preliminary injunction where significant public interests are present, such as with a law enforcement action. Given these public interests, the Commission submits that while the likelihood of a successful reorganization certainly must be a necessary predicate condition to a § 105(a) injunction, it alone is not a sufficient one. *See* FTC Memo at 9-10. If the injunction is not stayed (and is upheld on appeal) Integretel's

---

[3]*Excel* also is factually distinguishable in that it involved claims by two third parties against each other, not a claim directly against the debtor.

2

actions in this case will serve as a road map for defendants in future Commission cases for how to use bankruptcy to avoid (or at least delay) a Commission consumer protection law enforcement action. Protection from law enforcement actions through bankruptcy cannot have been the intent of the Ninth Circuit in *Excel* – that Court unambiguously teaches that bankruptcy must not be "a haven for wrongdoers." *CFTC v. Co-Petro Mrktng Group*, 700 F.2d 1279, 1283 (9th Cir. 1983). The bankruptcy court, therefore, erred in limiting its "success on the merits" analysis to evaluating whether Integretel is likely to be able to reorganize successfully.

### INTEGRETEL WILL NOT BE SUBSTANTIALLY HARMED BY A STAY

Integretel summarily contends (without any substantiation) that a stay would cause it to incur litigation costs and divert employee resources to litigation support to levels that would "likely be fatal." (Opp. at 13). It fails to address the extensive case law cited by the Commission that litigation costs and the need to address reorganization and defend a law enforcement action simultaneously do not justify enjoining a law enforcement action. (FTC Memo at 14-17).

Integretel's argument also ignores the declaration of Even Meyer and the budget it filed with the bankruptcy court on November 29, 2007, (attached as FTCX 36). Meyer's declaration states "that there will be *significant* cash at all times available for [Integretel], in excess of $3.0 million in restricted cash at the end of December." (FTCX 36 - Myer Decl. at ¶ 5) (emphasis added). As of December 28, 2007, Integretel projects that it will have an unrestricted total cash balance of approximately $3.9 million. (FTCX 36- Debtor's Budget at line 72). This figure does *not* include the $1.7 million in Reserve Funds that are the subject of the bankruptcy court's November 27, 2007, preliminary injunction that is also on appeal to this Court. (FTCX 36- Meyer Decl. at ¶ 4). Even accepting Integretel's assertion that its litigation expenses through trial of the Enforcement Action would be between $920,000 and $1,200,000 (FTCX 30), issuing a stay pending appeal and thereby

forcing Integretel to go to trial on February 25, 2008, will still leave it with millions of dollars of available cash. In fact, since Integretel's asserted litigation costs appear inflated (*see* FTC Memo at 15-16), defending the Enforcement Action likely will have even a smaller impact on the ability of Integretel to reorganize.

### THE COMMISSION AND THE PUBLIC WILL BE IRREPARABLY HARMED ABSENT A STAY

As the Commission pointed out in its initial Memorandum, the bankruptcy court's injunction, if not stayed, harms the public interest by delaying the adjudication of the Commission's claims that Integretel has engaged in deceptive and unfair practices and the entry of permanent injunctive relief against those practices. FTC Memo at 12-13. That harm would have been exacerbated if, as other defendants in the Enforcement Action requested, trial had been delayed as to all of them as a result of Integretel's bankruptcy. Although the Florida District Court has, fortunately, ruled that the trial will go forward on February 25, 2008, with or without Integretel,[4] the delay of relief against Integretel remains a serious detriment to the public interest.

As discussed in the prior section, the declaration and budget submitted by Integretel to the bankruptcy court on November 29 plainly indicate that Integretel has adequate unrestricted cash to participate in the February 25 trial without jeopardizing its ability to reorganize. Further, as discussed in the FTC Memo at 16, *EEOC v. Consolidated Freightways Corp. of Delaware*, 312 B.R. 657 (W.D. Mo. 2004), clearly teaches that requiring Integretel to go to trial on February 25 would not impermissibly divert Integretel's human resources from its reorganization efforts. In contrast, not granting the Commission's stay motion would needlessly and inefficiently require the Commission to expend its limited human and financial resources to conduct essentially the same trial twice – first at

---

[4] Order of Nov. 23, 2007 (attached as FTCX 37).

4

the February 25 trial and then a second time against Integretel only.

Integretel contends that its reorganization is in the "public interest." (Opp. at 14). It cites the bankruptcy court's memorandum decision as support. (FTCX 25 at 25). The memorandum decision does not state, however, that the injunction was in the public interest. Rather, it only recognizes that the lack of an injunction would be against the interests of Integretel and its creditors -- the private interests identified in the FTC Memo at 14.

**VENUE FOR THIS ADVERSARY PROCEEDING SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF FLORIDA**

Integretel asserts that this Court lacks the authority to change venue. (Opp at 15-16). This assertion ignores the plain language of 28 U.S.C. § 1412, which unambiguously provides, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." *Id.*[5] The statutory language notably does *not* require that a party seeking a change of venue initially seek the change in bankruptcy court. *Cf.* Fed. R. Bankr. P. 8005 (requiring that a stay pending appeal generally first be requested from the bankruptcy court).

Integretel's argument also fails to recognize that the bankruptcy court, through its two

---

[5] Integretel also asserts that N.D. Cal. Bankr. L.R. 5011-1 prohibits this Court from addressing the change of venue motion. (Opp. at 15). That provision, however, simply makes a general reference of bankruptcy matters to the bankruptcy court in the first instance, and does not purport to strip this Court of its plenary authority. There is certainly no indication that the rule was intended to (or could) overturn the clear language of 28 U.S.C. § 1412, which, as we have shown previously, unambiguously authorizes this Court to entertain a change of venue motion. FTC Memo at 17-18. Similarly, Integretel asserts that the question of venue is within the "core jurisdiction" of a bankruptcy court but asserts no authority for this assertion. (Opp. at 16). If this Court has any procedural concerns, it has the authority to withdraw the reference on its own motion at any time. *In re Hall, Bayoutree Assocs., Ltd*, 939 F.2d 802, 805 (9th Cir. 1991). Such a withdrawal is amply supported here given that the bankruptcy court's abuse of its discretion resulted in two preliminary injunctions that interfere with the efficient administration of justice and prohibit the Florida District Court from vindicating its orders through contempt.

preliminary injunctions, has provided all of the relief sought by Integretel in its complaint. Accordingly, all of the issues currently presented in the adversary proceeding are substantially before this Court. (*See* FTCX 11). Moreover, the only Ninth Circuit decision that Integretel cites, *Hall, Bayoutree,* actually supports the Commission's position that this Court can transfer venue. *Hall, Bayoutree* holds that a district court on an appeal from a bankruptcy court can resolve any issue of law that is supported by the record. A district court (absent withdrawal of reference) cannot make independent factual findings or decisions that resolve a case on the merits. Thus, the Ninth Circuit affirmed the district court's decision to dismiss a bankruptcy petition for lack of venue, but reversed the district court's decision to make the dismissal with prejudice, since this would be a decision on the merits that would bar the debtor from filing for bankruptcy in the proper venue. 939 F.2d at 804-05. Here, the Commission's change of venue motion raises a purely procedural question – the motion does *not* require this Court to make independent factual findings or a decision on the merits.[6]

An additional compelling reason for changing venue has come up since the Commission filed its motion. Having convinced the bankruptcy court (wrongly) to enjoin the prosecution of both the Commission's Enforcement Action and the ancillary contempt proceeding, Integretel now seeks to amend its adversary proceeding complaint to have the bankruptcy court declare that the Receiver (and the Commission) have no ownership interest in any of Integretel's bankruptcy estate and that this estate includes the Reserve Funds. A ruling in its favor would fully achieve Integretel's goal of essentially undoing the Florida District Court's pre-petition September 14 Order that held: (1) the approximately

---

[6]The other case on procedure cited by Integretel, *In re Manville Forest Products Corp.*, 896 F.2d 1384 (2d Cir. 1990), does not, as represented, require that a withdrawal of reference is a predicate to consideration of a change of venue motion and, even if it did, would not bind this Court. The important teaching of *Manville*, along with the cases in the FTC Memo at 18-20, is that the decision whether to change venue must be made on an individualized, case-by-case basis. 896 F.2d at 1391.

$1.7 million of Reserve Funds are the property of the receivership estate created in the Enforcement Action (and *not* the property of Integretel); (2) Integretel was required by the turnover provisions of the Florida District Court's various injunctive orders to turn the Reserve Funds over to the Receiver; and (3) Integretel was required, within ten days, to either turn over these funds to the Receiver or show cause why it should not be held in contempt. The requested declaratory judgment could also trump any decision by the Eleventh Circuit, which has the September 14 Order on appeal before it.[7]

Integretel also claims that transfer to the Florida District Court would be more burdensome and expensive than litigation before this Court. (Opp. at 17). It provides no explanation, however, for why the cost of preparing briefs for two pending appeals for the Florida District Court would differ from the costs of preparing briefs for this Court.[8]

Integretel asserts that change of venue is inappropriate because its bankruptcy placed the Reserve Funds under the exclusive jurisdiction of the bankruptcy court. (Opp. at 20). In fact, the Reserve Funds remain under the Florida District Court's jurisdiction due to the combination of collateral estoppel and 28 U.S.C. § 1334(e)(1), as is set out in detail in the Commission's Memorandum in Support of its Motion for a Stay Pending Appeal of the Bankruptcy Court's

---

[7]If Integretel obtains leave to amend its complaint (a hearing is set for December 7), the Commission likely will move to withdraw the reference so that this issue, along with the two preliminary injunctions on appeal, will all be before this Court and within its jurisdiction (or the Florida District Court if this adversary proceeding is transferred). Also, as explained in n.5, this Court can withdraw the reference on its own motion.

[8]Integretel makes the curious argument that a transfer to the Florida District Court would place it in "the position of having to decide whether its own [September 14 Order is] likely to be affirmed on appeal" and that this would "create an appearance of unfairness" and could require the disqualification of the district judge presiding over the Enforcement Action. (Opp. at 20). Integretel provides no support for this argument. To the contrary, what is inappropriate is having a bankruptcy judge, in effect, sit in review of prior decisions by the Florida District Court and the Eleventh Circuit and then reverse these decisions, as has occurred repeatedly in this adversary proceeding.

7

November 27, 2007, Preliminary Injunction (attached as FTC Exh. 38 at 10-16 ).[9] In brief, collateral estoppel applies because: (1) the Florida District Court's pre-petition September 14 Order conclusively determined the seminal question in both the Enforcement Action and the adversary proceeding: *who owns the Reserve Funds?* -- with the answer unequivocally being that it is the receivership estate in the Enforcement Action and not Integretel, (2) the September 14 Order is a final order for the purposes of collateral estoppel, and (3) Integretel is a party to the Enforcement Action. 28 U.S.C. § 1334(e)(1) provides that a bankruptcy court's jurisdiction extends only to the property of the debtor "as of the commencement of" the bankruptcy action. Accordingly, since the Florida District Court ruled, *prior* to the commencement of Integretel's bankruptcy, that the Reserve Funds are not the property of Integretel, these funds cannot be part of Integretel's bankruptcy estate.[10] As the property of the receivership estate, the Reserve Funds remain under the Florida District Court's jurisdiction.

Integretel also asserts that judicial economy will not be served by a transfer because the Enforcement Action "is irrelevant to the efficient and economical resolution of the adversary proceeding," the Florida District Court is "wholly unfamiliar with Integretel's bankruptcy case," Integretel has no connection with the Florida District Court other than the Commission's Enforcement Action, and the Florida District Court "has no special expertise in bankruptcy." (Opp. at 18-19). None of these arguments hold any weight.

---

[9] Collateral estoppel applies when three requirements are met: (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom preclusion is asserted was a party in the first proceeding. *In re Reynoso*, 477 F.3d 1117, 1122 (9th Cir. 2007).

[10] *In re the American Basketball League, Inc.*, 317 B.R. 121 (N.D. Cal. 2004), is instructive on the limits of bankruptcy proceedings. Though decided in the context of asset forfeiture, it teaches that using bankruptcy to collaterally attack the prior final order of another court is an improper use of bankruptcy.

As is evident, this adversary proceeding relates in its entirety to the relationship between the Commission's Enforcement Action before the Florida District Court and Integretel's bankruptcy. No court is more familiar with the Enforcement Action than the Florida District Court. It, therefore, is by far in the best position to determine, on appeal, whether the bankruptcy court properly balanced the public interest in the Enforcement Action against Integretel's claimed need for "repose" from litigation through bankruptcy.[11] Similarly, prior to its September 14 Order, the Florida District Court received extensive briefing and oral argument concerning the ownership of the Reserve Funds. It, therefore, is in the best position, on appeal, to address whether the bankruptcy court acted within its discretion in enjoining the contempt proceeding against Integretel that is ancillary to the Enforcement Action. Since Congress chose to vest jurisdiction for appeals from bankruptcy courts in the district courts, it simply is untrue that the Florida District Court lacks the "expertise" to resolve these appeals.[12] Should Integretel obtain leave to amend its complaint, clearly no court has greater knowledge and expertise on the question of the ownership interests in the Reserve Funds than the Florida District Court.[13] As Integretel

---

[11] Despite its claimed need for repose, Integretel has not sought to stay its appeal of, *inter alia*, the September 14 Order pending before the Eleventh Circuit. It would also seem that any savings in litigation costs from the bankruptcy court's enjoining the prosecution of the Enforcement Action and the contempt proceeding have been (at least) offset by its litigation expenses in its bankruptcy action.

[12] Integretel contends that any transfer would be to the bankruptcy court for the Southern District of Florida. Even if this position is accurate (and the Commission believes that the appeals from the bankruptcy court would go directly to the Florida District Court), this issue is at most a mere technicality since the Florida District Court can withdraw the reference for the entire adversary proceeding.

[13] The only possible benefit that the Commission can see to having knowledge of Integretel's bankruptcy proceeding in resolving the Reserve Fund ownership issue is knowing whether Integretel truly "needs" these funds in order to reorganize successfully. Ultimately, this knowledge is irrelevant, however, since Integretel's possible "need" for an additional $1.7 million in cash cannot justify authorizing the use of assets outside of its bankruptcy estate (as the

(continued...)

stated in its Statement Regarding Oral Argument to the Eleventh Circuit, the interrelatedness of the Enforcement Action and the bankruptcy action raise "unusual complexities." (Statement attached as FTCX 39). In sum, as demonstrated in the FTC Memo at 20-24, transfer will serve judicial economy because the Florida District Court has the unique knowledge and jurisdiction to be able to resolve all of the interrelated bankruptcy and Enforcement Action issues raised in this adversary proceeding more efficiently than any other court.

## CONCLUSION

For the reasons set out above and in the Commission's opening memo, the Commission's motions for a stay pending appeal and for a change of venue to the Southern District of Florida should be granted.

Respectfully submitted,

WILLIAM BLUMENTHAL
General Counsel

JOHN F. DALY
Deputy General Counsel - Litigation

JOHN ANDREW SINGER
Attorney - Office of the General Counsel
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC  20580
Telephone:  (202) 326-3234
Facsimile:   (202) 326-2447
Email: jsinger@ftc.gov

MICHAEL MORA
JULIE MACK

---

[13](...continued)
September 14 Order conclusively determined) for reorganization purposes.


Attorney - Division of Enforcement
Bureau of Consumer Protection

ATTORNEYS FOR FEDERAL TRADE COMMISSION