No. 06-16635-EE
No. 07-14531-EE

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

FEDERAL TRADE COMMISSION,

*Plaintiff/Appellee,*

v.

NATIONWIDE CONNECTIONS, INC. et al.,

*Defendants,*

THE BILLING RESOURCE dba INTEGRETEL,

*Defendant/Appellant.*

On Appeal from
the United States District Court
for the Southern District of Florida

**Brief for Appellant**

Laurie Webb Daniel (GA Bar # 204225)
Cynthia G. Burnside (GA Bar # 097107)
Holland & Knight LLP
1201 West Peachtree Street, NE
One Atlantic Center, Suite 2000
Atlanta GA 30309
(404) 817-8500

Neal Goldfarb (DC Bar # 337881)
Richard H. Gordin (DC Bar # 727925)
Tighe Patton Armstrong Teasdale PLLC
1747 Pennsylvania Ave., NW, Suite 300
Washington, D.C. 20006
(202) 454-2800

*Attorneys for Appellant*

December 3, 2007

## Statement Regarding Oral Argument

Appellant The Billing Resource dba Integretel requests oral argument in this case for several reasons:

First, this case raises important questions about the scope of a district court's equity powers in the context of receivership proceedings ancillary to a governmental enforcement action. We believe that if the decision below were to be affirmed, the result would be to expand the courts' powers far beyond their proper limits and to put this Court in conflict with decisions of the Supreme Court and of other circuits. The appellees, on the other hand, will most likely contend that reversing the decision will unduly limit the district courts' powers. While we disagree with the appellees on the merits, we think that all parties will agree that the stakes here are unusually important.

Second, because the appellant is in bankruptcy (in the Northern District of California), issues relevant to some of the orders on appeal from are also being litigated in the bankruptcy court. That litigation raises unusual complexities, particularly given that the bankruptcy court has exclusive jurisdiction over property of the bankruptcy estate. In addition, it is quite possible that relevant decisions will be handed down by the bankruptcy court (or by the district court on appeal from a bankruptcy-court order) after briefing in this case has been completed. Oral argument will provide the Court an opportunity to explore with counsel the relevance and effect of the bankruptcy litigation.

-ii-

Finally, the Court has raised the question whether it has jurisdiction over one of the orders that are being appealed. Even after considering the parties' submissions on that issue, the Court has not decided whether it has jurisdiction. Oral argument would provide the Court with an opportunity to obtain answers to the specific questions that concern it.