1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   MICHAEL H. AHRENS, Cal. Bar No. 44766
3  STEVEN B. SACKS, Cal. Bar No. 98875
   JEFFREY K. REHFELD, Cal. Bar No. 188128
4  Four Embarcadero Center, 17th Floor
   San Francisco, California  94111-4106
5  Telephone:    415-434-9100
   Facsimile:    415-434-3947
6  Email:        mahrens@sheppardmullin.com
                 ssacks@sheppardmullin.com
7
   Attorneys for The Billing Resource, dba
8  Integretel

9                 UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                    SAN JOSE DIVISION

12

13  THE BILLING RESOURCE, dba            Case No. 07-CIV-5758-JW
    Integretel, a California corporation,
14
                  Debtor-Plaintiff-Appellee
15
          v.
16
    FEDERAL TRADE COMMISSION, et al.
17
                  Defendant-Appellant
18

19     On Appeal from the United States Bankruptcy Court for the Northern District of
                                  California,
20        No. 07-52890-ASW, Adversary Proceeding No. 07-5156

21     **PLAINTIFF-APPELLEE THE BILLING RESOURCE, dba INTEGRETEL's
       RESPONSE RE APPLICATION FOR ACCELERATED CONSIDERATION OF
22                   MOTION FOR STAY PENDING APPEAL**

23

24

25

26

27

28

## I.

## INTRODUCTION

The Billing Resource d/b/a Integretel ("Integretel") provides the following response to the Federal Trade Commission's ("FTC") self-styled "Application for Accelerated Consideration of its Motion for Stay Pending Appeal." [1] The FTC's pleading presumably constitutes a "Motion to Change Time" under Local Rule 6-3. [2]

The FTC's motion misstates the circumstances applicable to its motion and the Florida proceedings. Integretel files this response to put the facts before the Court that illustrate the present posture of the FTC's motion so that the Court can make an informed decision as to how to proceed.

## II.

## PROCEDURAL HISTORY

Integretel is one of numerous parties to an action brought by the FTC in the Southern District of Florida under the FTC Act (the "Florida Action"). Integretel was added to the case several months after the action was filed on the theory that as a data processing intermediary it should be held liable for improper billing transactions submitted to it for processing by two former customers. In parallel proceedings, the Receiver appointed in the Florida Action has asserted that the amount that Integretel carried on its books for "reserves" amounted to an asset of Integretel's former customers that could be turned over to the Receiver.

---

[1] Integretel notes that the FTC has not asked for expedited consideration of the motion for change of venue that was included in the same pleading as the FTC's motion for a stay pending appeal. The Court should thus rule on, and deny, the wholly inappropriate venue motion in due course.

[2] Pursuant to Local Rule 6-3(c), this Response is filed by the third court day after receiving the Motion and is accompanied by the Declaration of Steven B. Sacks. The FTC's Application fails to comply with the Local Rules because it is not accompanied by a declaration required under Local Rule 6-3(a) and because the FTC failed to make any effort to obtain a stipulation with regard to the motion. Instead, the FTC rejected Integretel's request that the parties submit a joint statement to the Court.

-1-

1    Under the pretrial schedule in the Florida Action, summary judgment motions were

2  due on November 6, 2007, responses to those motions were due on December 4, 2007, and

3  replies are due on December 18, 2007.  The parties' disclosures under F.R.Civ.P. 26(a)(3)

4  are due on January 25, 2008, as trial is set for February 25, 2008.  These disclosures

5  include witness and exhibit lists and designations of deposition testimony.  Thereafter, the

6  parties are required to serve objections to exhibits and deposition testimony designated by

7  opposing parties and do all the tasks necessary to reach a  detailed and comprehensive

8  pretrial stipulation.

9    The injunction under appeal was issued on November 7, 2007 and extends through

10  March 14, 2008  in order to provide Integretel with an opportunity to proceed with its

11  reorganization effort without facing what the bankruptcy court described as "the unusual

12  convergence-- almost a perfect storm—of the trial schedule in the Enforcement Action and

13  the critical first few months of a viable chapter 11 bankruptcy case."  FTCX 25 at 29:22-

14  25.  The bankruptcy court's comprehensive 62-page memorandum decision describes the

15  evidence offered by Integretel concerning the pretrial and trial preparation efforts that

16  would be required if the Florida Action proceeded, Integretel's need to have its personnel

17  work extensively on its reorganization, and the likely costs imposed on Integretel to

18  participate in the Florida Action at a time when its existence is in doubt.  FTCX 25, at 29-

19  35.  Having concluded that Integretel would be irreparably injured by proceeding with the

20  Florida Action at this time, the bankruptcy court issued an injunction under Section 105 of

21  the Bankruptcy Code.[3]

22    The bankruptcy court denied a stay of the preliminary injunction, saying that any

23  stay would "thwart" the whole purpose of the order.  IGTX 2 at 45-46.

24    The bankruptcy court injunction prevented the FTC from filing a motion  in the

25  Florida Action for summary judgment against Integretel on November 6, 2007.  After the

26  [3] Gruntz v. County of Los Angeles (In re Gruntz), 202 F.3d 1074, 1087 (9th Cir. 2000) (en

27  banc) ("bankruptcy court's injunctive power is not limited by the delineated exceptions to the automatic stay").

28

-2-

1   injunction was announced, the FTC asked the Florida Court to "suspend" the deadline for

2   filing a summary judgment motion against Integretel, and the Florida Court did so, giving

3   the FTC 10 days following the termination of the injunction to bring a summary judgment

4   motion.  Sacks Declaration, Exhs. A and B.   Thus, in the Florida Action, the FTC's

5   position has been that at such time as the injunction is not in effect it intends to move for

6   summary judgment.

7           The FTC appealed the preliminary injunction to this Court and moved for a stay

8   pending appeal.  The FTC has not asked to expedite the appeal or the briefing for it.

9   Accordingly, as the injunction at issue expires on March 14, 2008, the appeal itself is

10  irrelevant, as any decision on the appeal would not make a meaningful difference in the

11  effect of the injunction.

12          Instead, the FTC seeks to have the injunction effectively reversed through an order

13  staying the injunction pending appeal.   The FTC first sought to shorten the briefing

14  schedule of its motion for a stay pending appeal and the time available to the court for

15  consideration, but on November 26, 2007, Judge Whyte denied that motion.[4]   Docket

16  Entry ("DE") 10.

17          Integretel filed its opposition to the motion for a stay pending appeal. The FTC

18  thereafter filed a reply, attaching further documents to its brief and asserting that these

19  afforded new reasons on which to base a decision granting the motion.  On December 6,

20  2007, the same day as the filing of the FTC's reply, Judge Whyte recused himself, vacated

21  all pending motion dates, and the matter was reassigned here.  The FTC took no action to

22  re-set the motion for a hearing until it filed the present application for expedited

23  consideration.  This application came one day after Integretel's counsel discussed the issue

24  with the FTC's counsel, noted this Court's present hearing calendar, and requested that the

25  parties prepare a joint status report to this Court.  Instead, the FTC filed this application.

26

27  _____

[4] The FTC incorrectly states that Judge Whyte made this ruling on November 15, 2007.

28

-3-

1    Integretel will shortly file its plan of reorganization, commencing a process in

2    which it seeks consensus among the creditor body for the plan and ultimately presents it

3    for the bankruptcy court's approval at one or more hearings.  *See* FTCX 25 at 34-35

4    (noting that "Confirmation of a chapter 11 plan requires an enormous amount of work for

5    both a debtor and its counsel" and that "Such activities will consume a huge portion of the

6    available time of Debtor's management over the next few months.").  Because of the

7    bankruptcy court's preliminary injunction, Integretel has had the time to devote to the plan

8    drafting process and will file a plan within two weeks.  However, the filing of the plan is

9    but one step of the reorganization process, not the end of it.  In addition to the plan,

10   Integretel will need to file a disclosure statement concerning the proposed plan which has

11   to contain "adequate information" that enables creditors to make an "informed judgment"

12   about the plan.  11 U.S.C. § 1125(a), (b).  The disclosure statement and plan must be

13   carefully reviewed and negotiated with parties in interest.  Typically, a hearing will be set

14   at least 25 days after the filing of the disclosure statement, with hearing on confirmation of

15   the plan about 45 days thereafter.  Thus the reorganization process has been furthered by

16   the preliminary injunction but it is far from concluded and would be materially harmed by

17   terminating the injunction as these reorganization activities are underway.

18   In its original motion for a stay pending appeal, the FTC argued that the injunction

19   may affect its ability to proceed with the trial of the Florida Action at all, as it pointed to a

20   pending motion for a continuance by a defendant in the case based on the preliminary

21   injunction.  The FTC admits in its current pleading that the Florida Court denied that

22   motion three weeks ago.  Accordingly, the only remaining injury claimed by the FTC is

23   that it would be barred by the injunction from immediately proceeding to trial against

24   Integretel.

25                                          **III.**

26                                     **DISCUSSION**

27   Granting a motion for a stay pending appeal would thwart the entire purpose of the

28   preliminary injunction.   Given the obvious importance of this motion, and the fact that it

-4-

1   effectively substitutes for the entire appellate process, Integretel requests a hearing on the

2   motion.

3           The "perfect storm" described by the bankruptcy court is already upon us.

4   Integretel has been protected from that storm by the preliminary injunction. Any decision

5   to stay that injunction would throw Integretel into the Florida Action in a far worse

6   position than if the injunction had never been issued. The FTC has leave from the Florida

7   Court to file a summary judgment motion against Integretel within 10 days following a

8   stay of the preliminary injunction. The Florida Court has not extended any other deadlines

9   applicable to the February 25, 2007 trial. Integretel would therefore be starting from a

10  significant disadvantage in complying with these deadlines, which would coincide with its

11  response to a summary judgment motion.

12          At the same time, Integretel is moving forward with the process leading to

13  confirmation of a plan of reorganization. As the bankruptcy court concluded in early

14  November, Integretel cannot realistically both reorganize and litigate with the FTC. That

15  is all the more true now, where terminating the preliminary injunction would leave

16  Integretel with significantly less time to prepare for trial and would unfairly combine the

17  pre-trial activities with summary judgment briefing, all at the same time as the

18  reorganization effort is culminating in hearings on a proposed plan of reorganization.[5]

19          Integretel argued in its opposition to the FTC's motion for a stay pending appeal

20  that the FTC had not demonstrated any irreparable injury arising from the injunction that

21  would justify a stay. If anything, in the present circumstances the FTC has even less basis

22  to claim that it will be harmed if the injunction runs its course. Moreover, the passage of

23  time has resulted in a further basis for denying the FTC's motion, as there is no necessity

24  _____
    [5] The FTC relies on a decision made in the context of a bankruptcy *liquidation* to claim
25  that Integretel, which is reorganizing its affairs, should not be afforded relief from the
    Florida Action for a brief period while that reorganization proceeds. *Cf. EEOC v.*
26  *Consolidated Freightways Corp. of Delaware*, 312 B.R. 657, 661 (W.D. Mo. 2004)
    (denying stay of EEOC suit where company was liquidating and balance of harms found to
27  be equal).

28

-5-
PLAINTIFF-APPELLEE's RESPONSE RE
APPLICATION FOR ACCELERATED
CONSIDERATION

1  for terminating the injunction and doing so would unnecessarily harm Integretel.  Instead

2  of giving proper deference to the bankruptcy court's careful consideration of the relative

3  harms to each party, the FTC would have this Court re-weigh the facts.  Instead of

4  addressing whether the bankruptcy court abused its discretion in denying a stay pending

5  appeal, the FTC would have the Court consider facts and arguments that have not been

6  presented to the bankruptcy court.[6]  The FTC would have this Court effectively reverse the

7  bankruptcy court's decision without any hearing on an appeal merely because of a trial

8  date that is increasingly irrelevant to the present circumstances.

9  **IV.**

10  **CONCLUSION**

11  Integretel respectfully requests that it be afforded a hearing on the motion for a stay

12  pending appeal and that the present circumstances with regard to the preliminary

13  injunction be considered in connection with that motion.

14  Dated: December 14, 2007

15  Respectfully submitted,

16  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

17

18  By _____/s/ Steven B. Sacks_____

19  STEVEN B. SACKS
   Attorneys for Debtor/Plaintiff/Appellee

20  THE BILLING RESOURCE, dba INTEGRETEL.

21

22

23

24

25

26  [6] If the circumstances had truly changed since the injunction was issued, the FTC could

27  have asked the court that issued the injunction to modify or withdraw the order. *See, e.g.*, *Canal Authority of the State of Florida v. Callaway*, 489 F.2d 567, 578 (5th Cir. 1974).

28

-6-

PLAINTIFF-APPELLEE's RESPONSE RE
APPLICATION FOR ACCELERATED
CONSIDERATION