SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MICHAEL H. AHRENS, Cal. Bar No. 44766
STEVEN B. SACKS, Cal. Bar No. 98875
JEFFREY K. REHFELD, Cal. Bar No. 188128
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
Email:          mahrens@sheppardmullin.com
                    ssacks@sheppardmullin.com

Attorneys for The Billing Resource, dba Integretel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE BILLING RESOURCE, dba Integretel, a California corporation,<br><br>Debtor-Plaintiff-Appellee<br><br>v.<br><br>FEDERAL TRADE COMMISSION, et al.<br><br>Defendant-Appellant | Case No. 07-CIV-5758-JW |

On Appeal from the United States Bankruptcy Court for the Northern District of California,
No. 07-52890-ASW, Adversary Proceeding No. 07-5156

**DECLARATION OF STEVEN B. SACKS IN SUPPORT OF PLAINTIFF-APPELLEE THE BILLING RESOURCE, dba INTEGRETEL's RESPONSE RE APPLICATION FOR ACCELERATED CONSIDERATION OF MOTION FOR STAY PENDING APPEAL**

1  I, Steven B. Sacks, declare as follows:

2  1. I am an attorney duly admitted to practice in the State of California and before this Court. I am a member of Sheppard, Mullin, Richter & Hampton LLP, counsel to The Billing Resource d/b/a Integretel ("Integretel").

2. This declaration is offered in support of Integretel's response to the Federal Trade Commission's ("FTC") "Application for Accelerated Consideration of its Motion for Stay Pending Appeal" (the "motion"). The FTC failed to make any effort to obtain a stipulation with regard to the motion. Instead, the FTC rejected Integretel's request that the parties submit a joint statement to the Court.

3. Integretel is one of numerous parties to an action brought by the FTC in the Southern District of Florida under the FTC Act (the "Florida Action"). Integretel was added to the case several months after the action was filed on the theory that as a data processing intermediary it should be held liable for improper billing transactions submitted to it for processing by two former customers. In parallel proceedings, the Receiver appointed in the Florida Action has asserted that the amount that Integretel carried on its books for "reserves" amounted to an asset of Integretel's former customers that could be turned over to the Receiver.

4. Under the pretrial schedule in the Florida Action, summary judgment motions were due on November 6, 2007, responses to those motions were due on December 4, 2007, and replies are due on December 18, 2007. The parties' disclosures under F.R.Civ.P. 26(a)(3) are due on January 25, 2008, as trial is set for February 25, 2008. These disclosures include witness and exhibit lists and designations of deposition testimony. Thereafter, the parties are required to serve objections to exhibits and deposition testimony designated by opposing parties and do all the tasks necessary to reach a detailed and comprehensive pretrial stipulation.

5. The injunction under appeal was issued on November 7, 2007 and extends through March 14, 2008 in order to provide Integretel with an opportunity to proceed with its reorganization effort without facing what the bankruptcy court described as "the

-1-

unusual convergence-- almost a perfect storm—of the trial schedule in the Enforcement Action and the critical first few months of a viable chapter 11 bankruptcy case." FTCX 25 at 29:22-25.  The bankruptcy court's comprehensive 62-page memorandum decision describes the evidence offered by Integretel concerning the pretrial and trial preparation efforts that would be required if the Florida Action proceeded, Integretel's need to have its personnel work extensively on its reorganization, and the likely costs imposed on Integretel to participate in the Florida Action at a time when its existence is in doubt. FTCX 25, at 29-35.  Having concluded that Integretel would be irreparably injured by proceeding with the Florida Action at this time, the bankruptcy court issued an injunction under Section 105 of the Bankruptcy Code.

6. The bankruptcy court injunction prevented the FTC from filing a motion in the Florida Action for summary judgment against Integretel on November 6, 2007.  After the injunction was announced, the FTC asked the Florida Court to "suspend" the deadline for filing a summary judgment motion against Integretel, and the Florida Court did so, giving the FTC 10 days following the termination of the injunction to bring a summary judgment motion.  A copy of the FTC's motion is attached hereto as Exhibit A.  A copy of the Florida Court's order on the motion is attached hereto as Exhibit B.  Thus, in the Florida Action, the FTC's position has been that at such time as the injunction is not in effect it intends to move for summary judgment.

7. The FTC appealed the preliminary injunction to this Court and moved for a stay pending appeal.  The FTC has not asked to expedite the appeal or the briefing for it. Accordingly, as the injunction at issue expires on March 14, 2008, the appeal itself is irrelevant, as any decision on the appeal would not make a meaningful difference in the effect of the injunction.

8. Instead, the FTC seeks to have the injunction effectively reversed through an order staying the injunction pending appeal.  The FTC first sought to shorten the briefing schedule of its motion for a stay pending appeal and the time available to the court for

consideration, but on November 26, 2007, Judge Whyte denied that motion. Docket Entry ("DE") 10.

9. Integretel filed its opposition to the motion for a stay pending appeal. The FTC thereafter filed a reply, attaching further documents to its brief and asserting that these afforded new reasons on which to base a decision granting the motion. On December 6, 2007, the same day as the filing of the FTC's reply, Judge Whyte recused himself, vacated all pending motion dates, and the matter was reassigned here. The FTC took no action to re-set the motion for a hearing until it filed the present application for expedited consideration. This application came one day after Integretel's counsel discussed the issue with the FTC's counsel, noted this Court's present hearing calendar, and requested that the parties prepare a joint status report to this Court. Instead, the FTC filed this application.

10. Integretel will shortly file its plan of reorganization, commencing a process in which it seeks consensus among the creditor body for the plan and ultimately presents it for the bankruptcy court's approval at one or more hearings. Because of the bankruptcy court's preliminary injunction, Integretel has had the time to devote to the plan drafting process and will file a plan within two weeks. However, the filing of the plan is but one step of the reorganization process, not the end of it. In addition to the plan, Integretel will need to file a disclosure statement concerning the proposed plan which has to contain "adequate information" that enables creditors to make an "informed judgment" about the plan. 11 U.S.C. § 1125(a), (b). The disclosure statement and plan must be carefully reviewed and negotiated with parties in interest. Typically, a hearing will be set at least 25 days after the filing of the disclosure statement, with hearing on confirmation of the plan about 45 days thereafter. Thus the reorganization process has been furthered by the preliminary injunction but it is far from concluded and would be materially harmed by terminating the injunction as these reorganization activities are underway.

11. In its original motion for a stay pending appeal, the FTC argued that the injunction may affect its ability to proceed with the trial of the Florida Action at all, as it

-3-

1 pointed to a pending motion for a continuance by a defendant in the case based on the
2 preliminary injunction.  The FTC admits in its current pleading that the Florida Court
3 denied that motion three weeks ago.  Accordingly, the only remaining injury claimed by
4 the FTC is that it would be barred by the injunction from immediately proceeding to trial
5 against Integretel.

6     I declare under penalty of perjury that the foregoing is true and correct to the best of
7 my knowledge.

8     Dated: December 14, 2007

9                                                           /s/ Steven B. Sacks
10                                                            Steven B. Sacks