# EXHIBIT A

Case 5:07-cv-05758-JW   Document 33-2   Filed 12/14/2007   Page 1 of 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80180-Civ-Ryskamp/Vitunac

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

NATIONWIDE CONNECTIONS, INC., et al.,

Defendants.

**PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION
TO SUSPEND PLAINTIFF'S SUMMARY JUDGMENT MOTION DEADLINE
WITH REGARD TO DEFENDANT THE BILLING RESOURCE D/B/A INTEGRETEL
AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Federal Trade Commission ("FTC" or "Commission") respectfully requests that this Court enter an Order suspending the Commission's deadline for filing its motion for summary judgment against Defendant The Billing Resource d/b/a Integretel ("Integretel"). In support of this request, Plaintiff FTC states as follows:

1. Plaintiff FTC brings this action against Integretel and eleven other defendants pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), for injunctive and other equitable relief, including rescission, restitution, redress, and disgorgement of ill-gotten gains. In its Amended Complaint [D.E. 255], the FTC alleges that Integretel and its codefendants have engaged in unfair and deceptive practices in or affecting commerce, in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, by "cramming" unauthorized charges onto consumers' telephone bills.

2. On September 16, 2007, Integretel filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California. *See In re: Billing Resource*, No. 07-52890 (Bankr. N.D. Cal.). Integretel filed its petition in direct response to this Court's Order [D.E. 610] requiring Integretel to show

cause why it should not be held in contempt for failing to turn over to the Court-appointed Receiver in this action approximately $1.7 million in reserve funds that belong to two of the Receivership Defendants (Defendants Access One Communications, Inc., and Network One Services, Inc.).

3. On September 21, 2007, this Court entered an Order [D.E. 619] clarifying that the Bankruptcy Code's automatic stay provision does not apply to the FTC's enforcement action against Integretel, or to the related contempt proceedings against Integretel.

4. On September 24, 2007, in an adversary proceeding commenced in the Bankruptcy Court against the FTC and the Receiver, *see Billing Resource v. FTC*, No. 07-05156 (Bankr. N.D. Cal.), Integretel filed an emergency motion for a temporary restraining order and preliminary injunction, seeking, inter alia, to enjoin the FTC from pursuing the instant enforcement action against Integretel.

5. On Friday, November 2, 2007, the Bankruptcy Court, notwithstanding this Court's September 21 Order, and over the vigorous objection of the FTC, entered a memorandum decision that, inter alia, enjoins the FTC from pursuing this enforcement action against Integretel. The memorandum decision does not enjoin the FTC from pursuing this enforcement action with regard to the remaining defendants. A copy of the Bankruptcy Court's memorandum opinion is attached hereto as Exhibit 1.

6. The FTC is in the process of perfecting an appeal to the District Court of the Bankruptcy Court's injunction against the FTC, and the FTC remains confident that the Bankruptcy Court's injunction will be vacated or reversed by the District Court upon review. Until then, the FTC cannot continue to prosecute the instant action against Integretel lest the FTC violate the Bankruptcy Court's injunction.

7. Under the Amended Scheduling Order [D.E. 565] currently governing the instant case, any motion by the FTC for summary judgment against Integretel is due on November 6, 2007. Given the Bankruptcy Court's injunction currently in effect, the FTC respectfully requests that this Court suspend the FTC's summary judgment deadline with regard to Integretel until such time as the Bankruptcy Court's injunction is vacated or reversed.

8. The FTC does not seek to suspend the summary judgment deadline as to the remaining defendants, and the FTC will file its motion against those defendants on November 6, 2007, as required by the Amended Schedule Order.

## ARGUMENT

The scheduling order entered in a case controls the course of action unless subsequently modified by the court. *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Upon a showing of good cause by a party, a court may modify its scheduling order if the party can show that, despite the party's diligence, the deadline could not be met. *Id.* (citing Fed. R. Civ. P. 16). In this case, the FTC has been diligent — it is prepared to file a motion for summary judgment against *all* of the defendants in this case on November 6, 2007, as required by the Amended Scheduling Order currently in effect. The FTC, however, cannot file its motion for summary judgment against Integretel without running afoul of the Bankruptcy Court's injunction. The FTC therefore requests that this Court suspend the FTC's summary judgment deadline as to Defendant Integretel until such time as the Bankruptcy Court's injunction has been vacated or reversed.

Counsel for Integretel has informed undersigned counsel that it will not consent to the FTC's motion because, Integretel claims, the motion would violate the Bankruptcy Court's injunction. The FTC believes that seeking a suspension of the summary judgment deadline would not violate the injunction; indeed, it gives effect to the injunction. Moreover, the FTC should not have to risk being prejudiced by waiting until the Bankruptcy Court's injunction is vacated weeks or months from now, and then seeking to file its summary judgment out of time. Motions to extend deadlines after they have expired are viewed with disfavor by courts. *See*, *e.g.*, *Donahay v. Palm Beach Tours & Transp., Inc.*, 243 F.R.D. 697, 699 (S.D. Fla. 2007); *compare* S.D. Fla. Loc. R., Appendix A, § I(E)(2) ("Motions for extension of discovery time are treated with special disfavor if filed after the discovery completion date."). Thus the Court should grant the FTC's instant motion to suspend the summary judgment deadline as to Defendant Integretel.

WHEREFORE, good cause having been shown, Plaintiff FTC respectfully requests that this Court enter an Order suspending the FTC's summary judgment deadline as to Defendant Integretel until such time as the Bankruptcy Court's injunction has been vacated or reversed. A proposed order is attached for the Court's convenience.

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 7.1(A)(3)

I, Richard McKewen, hereby certify that pursuant to S.D. Fla. Loc. R. 7.1(A)(3), I have conferred with counsel for Integretel via e-mail regarding this motion. Integretel responded through counsel as follows:

> We believe that the bankruptcy court's injunction bars the FTC from seeking any relief that relates to Integretel, including the contemplated motion regarding the deadline for dispositive motions, since such a motion might require Integretel to respond to it, which would defeat the purpose of the injunction. The FTC is, of course, free to explain to the district court why it is not moving for summary judgment against Integretel.

Dated:   November 5, 2007          Respectfully Submitted,

                                   s/Richard McKewen
                                   RICHARD McKEWEN (A5501046)
                                   rmckewen@ftc.gov
                                   LAURA KIM (A550099)
                                   lkim@ftc.gov
                                   COLLOT GUERARD (A5500480)
                                   cguerard@ftc.gov
                                   ROBERT SCHOSHINSKI (A5500684)
                                   rschoshinski@ftc.gov

                                   Federal Trade Commission
                                   600 Pennsylvania Ave., NW, H-286
                                   Washington, DC  20580
                                   (ph) 202-326-3071 (McKewen) / 202-326-3734 (Kim)
                                    202-326-3338 (Guerard) / 202-326-3219 (Schoshinski)
                                   (fax) 202-326-3395

                                   ATTORNEYS FOR PLAINTIFF
                                   FEDERAL TRADE COMMISSION

## CERTIFICATE OF SERVICE

      I hereby certify that on November 5, 2007, I have caused the foregoing to be sent to the Clerk of the Court via Federal Express, to be filed under seal. I also certify that I have caused the foregoing document to be served this day on all counsel of record or pro se parties identified on the attached Service List, in the manner specified.

                                               s/Richard McKewen
                                               RICHARD McKEWEN

**SERVICE LIST**
Case No. 06-80180 - CIV-RYSKAMP/VITUNAC

**Mark D. Johnson, Esq.**
markdjohnsonpa@bellsouth.net
10 Central Pkwy., Ste. 210
Stuart, FL 34994
Telephone: 772-223-7700
Facsimile: 772-223-1177
*Attorney for Defendants Yaret Garcia,*
*Qaadir Kaid, and Erika Riaboukha*
*(by e-mail and Federal Express)*

**Willoughby Farr**
DC # 653974
Avon Park Correctional Institution
P.O. Box 1100
County Road 64 East
Avon Park, FL 33826-1100
*pro se Defendant*
*(by U.S. Mail)*

**Mary Lou Farr**
c/o James Stonehill
1006 Churchill Circle South
West Palm Beach, FL 33405
Telephone: 561-582-2876
*pro se Defendant*
*(by e-mail and Federal Express)*

**Andrew G. Berg, Esq.**
agberg@kslaw.com, kdinan@kslaw.com,
ctapie@kslaw.com, tgoldman@kslaw.com,
jthomas@kslaw.com, jpollack@kslaw.com
King & Spalding LLP
1700 Pennsylvania Ave., NW
Washington, DC 20006
Telephone: 202-626-2924
Facsimile: 202-626-3737
*Attorney for Defendants BSG Clearing*
*Solutions, North America, LLC,*
*ACI Billing Services, Inc., d/b/a OAN, and*
*Billing Concepts, Inc.*
*(by e-mail and Federal Express)*

**Jeffrey Schneider, Esq.**
JCS@tewlaw.com
mtv@tewlaw.com
Tew Cardenas LLP
Four Seasons Tower, 15th Fl.
1441 Brickell Ave.
Miami, FL 33131-3407
Telephone: 305-539-2481
Facsimile: 305-536-1116
*Attorney for Receiver David R. Chase*
*(by e-mail and Federal Express)*

**Steven E. Siff, Esq.**
Ssiff@mwe.com
Maustin@mwe.com
McDermott Will & Emory LLP
201 S. Biscayne Blvd., Ste. 2200
Miami, FL 33131
Telephone: 305-358-3500
Facsimile: 305-347-6500
*Attorney for Defendants BSG Clearing*
*Solutions, North America, LLC,*
*ACI Billing Services, Inc., d/b/a OAN, and*
*Billing Concepts, Inc.*
*(by e-mail and Federal Express)*

**Derick J. Rodgers**
drodgers@lawdcm.com
Davis Cedillo & Mendoza Inc
McCombs Plaza Suite 500
755 E Mulberry Avenue
San Antonio, TX 78212
Telephone: 210-822-6666
Fax: 210-822-1151
*Attorney for Defendants BSG Clearing*
*Solutions, North America, LLC,*
*ACI Billing Services, Inc., d/b/a OAN, and*
*Billing Concepts, Inc.*
*(by e-mail and Federal Express)*

**SERVICE LIST**
Case No. 06-80180 - CIV-RYSKAMP/VITUNAC

**Michael Woodbury, Esq.**
michael.woodbury@woodbury-santiago.com
Woodbury & Santiago, P.A.
Two Datran Center - Penthouse 1A
9130 South Dadeland Boulevard
Miami, FL 33156
Telephone: 305-669-9570
Facsimile: 305-669-8616
*Attorney for Grunspan Trust, et al.*
*(by e-mail and Federal Express)*

**Chad A. Dean, Esq.**
chad@schuylaw.com
118 W. Adams St., #800
Jacksonville, FL 32202
Telephone: 904-353-5884
Facsimile: 904-353-5994
*Attorney for Primus Automotive Financial Services and Ford Motor Credit Co.*
*(by e-mail and Federal Express)*

**Thomas G. Long, Esq.**
tlong@barnettbolt.com
hwanders@barnettbolt.com
Barnett, Bolt, Kirkwood, Long
601 Bayshore Blvd., Ste 700
Tampa, FL 33606
Telephone: 813-253-2020
Facsimile: 813-251-6711
*Attorney for BMW Financial Services*
*(by e-mail and Federal Express)*

**Michael David McDonough, Esq.**
12798 Forrest Hill Boulevard
Wellington, FL 33414
Telephone: 561-791-0590
*Attorney for Third Party Defendants/Cross Defendants German Miranda, Jesus Sandoval*
*(by Federal Express)*

**Richard Gordin, Esq.**
rgordin@tighepatton.com
slancellotta@tighepatton.com
ngoldfarb@tighepatton.com
mmaccoby@tighepatton.com
Tighe Patton Armstrong Teasdale, PLLC
1747 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: 202-565-2881
Facsimile: 202-454-2805
*Attorney for Defendant The Billing Resource, d/b/a Integretel*
*(by e-mail and Federal Express)*

**Martin John Alexander**
marty.alexander@hklaw.com
scott.newman@hklaw.com
Holland & Knight
222 Lakeview Avenue, Suite 1000
West Palm Beach, FL 33401
Telephone: 561-650-8036
*Attorney for Defendant The Billing Resource, d/b/a Integretel*
*(by e-mail and Federal Express)*

**Rosanne Brady, Esq.**
Rosanne@macalusolaw.com
peter@macalusolaw.com
The Law Office of Peter N. Macaluso
3302 N. Tampa Street
Tampa, FL 33603
Telephone: 813-251-2831
*Attorney for Third Party Defendant/Cross Defendant Ronny Morillo*
*(by e-mail and Federal Express)*