WILLIAM BLUMENTHAL
General Counsel

JOHN F. DALY
Deputy General Counsel - Litigation

JOHN ANDREW SINGER
Attorney - Office of the General Counsel
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC  20580
Telephone:  (202) 326-3234
Facsimile:   (202) 326-2447
Email: jsinger@ftc.gov

ATTORNEYS FOR FEDERAL
TRADE COMMISSION

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| THE BILLING RESOURCE d/b/a INTEGRETEL, | ) |
| | ) No. 5:07-CIV-5758-JW |
| Debtor-Plaintiff-Appellee, | ) |
| | ) Date:   NO HEARING SET |
| v. | ) |
| | ) Judge: Hon. James Ware |
| FEDERAL TRADE COMMISSION et al., | ) |
| | ) |
| Defendant-Appellant. | ) |

On Appeal from the United States Bankruptcy Court for the Northern District
of California, No. 07-52890, Adversary Proceeding No. 07-5156 (Weissbrodt)

**FEDERAL TRADE COMMISSION'S REPLY REGARDING ITS APPLICATION FOR ACCELERATED CONSIDERATION OF ITS MOTION FOR STAY PENDING APPEAL OF THE BANKRUPTCY COURT'S NOVEMBER 7, 2007, PRELIMINARY INJUNCTION**

Defendant-appellant the Federal Trade Commission ("Commission") hereby replies to debtor-plaintiff-appellee The Billing Resource dba Integretel's ("Integretel") response to the Commission's Application for Accelerated Consideration of Its Motion for Stay Pending Appeal of the Bankruptcy Court's November 7, 2007, Preliminary Injunction. Nothing in the response should dissuade this Court from promptly resolving the Commission's stay motion as requested in the Application.

1. Most notably, Integretel does not contest that the Commission's stay motion is fully briefed and ready for adjudication. To the contrary, Integretel's response consists wholly of (unfounded) arguments on the merits as to why the Commission's motion should be denied. The Commission respectfully submits that such arguments only underscore the need for this motion to be resolved expeditiously on the merits, rather than to be left until February 11, 2008, the next available date for civil motions arguments. Delaying consideration of the Commission's stay motion will, in effect, deny the motion given the February 25, 2008, trial in *FTC v. Nationwide Connections, Inc.*, No. 06-CV-80180-Ryskamp/Vitunac (S.D. Fla.).

2. Integretel, without citation to any authority, seems to suggest that the Commission's motion is untimely because it was filed a week after this matter was reassigned following Judge Whyte's recusal. (Resp at 3). To the contrary, the Commission wanted to provide the Court with an opportunity to review the numerous materials already in the record, including Judge Whyte's November 26, 2007, order explaining the need for and promise of an expeditious resolution of the Commission's motion for a stay and motion for a change of venue, (D.E. 10), rather than burden the Court with yet more paper, immediately upon reassignment. Having waited a short time during which the Court could familiarize itself with this matter, the Commission filed its application.

3. Given the extensive memoranda already prepared by the parties concerning the bankruptcy court's November 7, 2007, preliminary injunction, expedited merits briefs can easily be

1

filed and argued well before the March 14, 2008, expiration date of the November 7 preliminary injunction. *See In re Dudley*, 2006 WL 862932 (N.D. Cal. 2006) (Merits briefing completed and merits hearing held less than one month after stay granted). As a result, this appeal is anything but "irrelevant." (Resp. at 3).[1] Moreover, since the Commission's stay motion, if granted, would require Integretel to participate in the February 25, 2008, trial of the Commission's enforcement action, this motion itself can hardly be characterized as "irrelevant."

4. Though the issue is fully addressed in the Commission's papers, the Commission feels obliged to respond here to Integretel's assertion, (Resp. at 2), that its bankruptcy represents, in the bankruptcy court's words, an "unusual convergence-almost a perfect storm-of the trial schedule in the Enforcement Action and the critical first few months of a viable chapter 11 bankruptcy case." *Integretel*, 2007 WL 3254835 at *14. In fact, Integretel hardly fell into a "perfect storm." Because it declared bankruptcy voluntarily, Integretel had full control over the timing of its petition and its bankruptcy amounts to little more than an attempt by a defendant in a law enforcement action to use its bankruptcy as leverage to attempt to "escape prosecution for committing deceptive and unfair trade practices by simply filing for bankruptcy." *Id.* While Integretel may face a somewhat abbreviated schedule to prepare an opposition to the Commission's summary judgement motion and to prepare for the February 25, 2008, trial date, this schedule results solely from the timing of when Integretel chose to file its voluntary bankruptcy petition. Thus, the November 7 preliminary injunction, rather than having little precedential value as the bankruptcy court suggested, *Id.*, serves as a virtual road map for future defendants in Commission enforcement actions: through the calculated timing of a bankruptcy

---

[1] March 14, 2008, may not bring an end to the preliminary injunction as Integretel suggests. The bankruptcy court already has set a hearing for March 7, 2008, to decide whether to extend its November 7 preliminary injunction. *The Billing Resource dba Integretel v. FTC*, 2007 WL 3254835 at *29 (N.D. Cal. Bankr. 2007).

2

petition filing any defendant in a law enforcement action may be able to escape (or at least delay) the enforcement action through the simple act of filing for bankruptcy and then claiming that being forced to prepare its defense in the enforcement action would interfere with "the critical first few months of a viable chapter 11 bankruptcy case." *Id.* By providing Integretel with protection from prosecution by the Commission, the bankruptcy court's preliminary injunction directly conflicts with the express directive of the Ninth Circuit that bankruptcy is not to be "a haven for wrongdoers." *CFTC v. Co-Petro Mrktng Group*, 700 F.2d 1279, 1283 (9th Cir. 1983).

5.  Integretel also contends that the grant of a stay, forcing it to participate in the February 2008 trial, will hinder its reorganization efforts. (Resp. at 4). Integretel has not, however, cited any authority that directly supports this argument. In *EEOC v. Consolidated Freightways Corp. of Delaware*, 312 B.R. 657 (W.D. Mo. 2004), which involved the situation of a debtor with an even smaller staff (24 versus Integretel's 37[2]), a district court vacated a bankruptcy court injunction and required the debtor to continue its defense of a large governmental discrimination law enforcement action while going through bankruptcy. As the court observed, though the burden of bankruptcy "is a mighty chore, fortunately it is not one that Consolidated Freightways employees [we]re bearing alone" since it had the considerable assistance of competent counsel. 312 B.R. at 661. While *Consolidated Freightways* involved a Chapter 7 bankruptcy and Integretel filed under Chapter 11, its teaching remains equally applicable here since Integretel's staff has competent counsel and a reorganization consultant helping it bear the burden of both defending the Enforcement Action and orchestrating its attempt at reorganization.

---

[2] Sept. 24, 2007, Decl. of Integretel president Ken Dawson, ¶ 9 (excerpt attached hereto). Moreover, Integretel has an experienced staff with 22 of its employees being with the company for over five years and 13 for over ten years. *Id.*

3

6. Finally, the Commission noted in its Application that both the stay motion and its motion for change of venue are fully briefed and ready for judicial resolution and both had been calendared for argument on December 21 and resolution by December 28 by Judge Whyte in his November 26 Order (App. at ¶ 3). The Commission believes that the venue motion should be resolved at the same time as the stay motion.

For the reasons set out above, the Commission's Application should be granted.

WILLIAM BLUMENTHAL
General Counsel

JOHN F. DALY
Deputy General Counsel - Litigation


_____/S/_____
JOHN ANDREW SINGER
Attorney - Office of the General Counsel
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC  20580
Telephone:  (202) 326-3234
Facsimile:   (202) 326-2447
Email: jsinger@ftc.gov

MICHAEL MORA
JULIE MACK
Attorneys - Division of Enforcement
Bureau of Consumer Protection

ATTORNEYS FOR FEDERAL
TRADE COMMISSION

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2     Including Professional Corporations
   MICHAEL H. AHRENS, Cal. Bar No. 44766
3  STEVEN B. SACKS, Cal. Bar No. 98875
   JEFFREY K. REHFELD, Cal. Bar No. 188128
4  ORI KATZ, Cal. Bar No. 209561
   Four Embarcadero Center, 17th Floor
5  San Francisco, California 94111-4106
   Telephone:    415-434-9100
6  Facsimile:    415-434-3947

7  Proposed Attorneys for The Billing Resource, dba
   Integretel
8
                  UNITED STATES BANKRUPTCY COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                        [SAN JOSE DIVISION]
11

| | |
|---|---|
| In re<br><br>THE BILLING RESOURCE, dba INTEGRETEL, a California corporation,<br><br>Debtor.<br><br>Tax ID: 33-0289863 | Case No. 07-52890<br><br>Chapter 11 |
| THE BILLING RESOURCE, dba INTEGRETEL, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL TRADE COMMISSION, and DAVID R. CHASE, not individually, but solely in his capacity as receiver for Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., 411TXT, Inc., CELL-INFO-USA, INC., Enhanced Billing Services, Inc., Toll Free Connect, Inc., Cripple Creek Holdings, LLC, Built to Last, LLC, Not Fade Away, LLC, He's Gone, LLC, The Other One, LLC, Turn on Your Love Light, LLC, China Cat Sunflower, LLC, Lazy River Road Holdings, LLC,<br><br>Defendants. | Adv. Proc. No. 07-05156<br><br>**DECLARATION OF KEN DAWSON IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>Date:       September 26, 2007<br>Time:      2:15 p.m.<br>Place:     United States Bankruptcy Court<br>           280 South First Street<br>           San Jose, California<br>Judge:     Hon. Arthur S. Weissbrodt<br>Courtroom: 3020 |

W02-WEST:5SS1\400439177.1                    DECLARATION OF KEN DAWSON RE EMERGENCY
                                                              MOTION FOR TRO

1  through an AOS on a LEC bill. This infrastructure enables telecommunication service
2  providers to incorporate their charges within the phone bills of more than 90% of business
3  and residential consumers throughout the United States and Canada.

4       7.  The Debtor quickly established itself as a leader in providing LEC billing
5  solutions for diverse and emerging products and services. The Debtor presently offers a
6  complete array of complementary services including internet-delivered management and
7  settlement reporting, direct billing, customer care and collection support. As a strategic
8  back-room business partner, the Debtor frees its clients to focus their efforts on promoting
9  and selling products and services.

10      8.  The Debtor has served thousands of service providers over the years. The
11 vast majority of the processed billings have been in support of smaller sized businesses
12 that otherwise would not have been able to compete. It is the competitive pressure of these
13 smaller companies that has forced down the rates charged to consumers by the larger
14 telecommunication companies.

15      9.  The Debtor has approximately thirty-seven employees. Twenty-two of those
16 employees have been with the company for over five years, and thirteen have been with
17 the Debtor for over ten years. In addition, the Debtor's services support, through
18 outsourced relationships, approximately 20-30 call center personnel in several different
19 call centers who are employed by a third-party vendor.

20      10. Access One Communications, Inc. ("Access One") and Network One
21 Services, Inc. ("Network One") were two of the Debtor's prior AOS customers (Access
22 One and Network One are collectively referred to as the "Prior Customers").

23      11. On February 27, 2006, the Federal Trade Commission (the "FTC")
24 commenced a lawsuit (i.e., the Florida Action) against three AOS providers, including the
25 Prior Customers, as well as their principals, alleging deceptive and unfair practices for
26 unauthorized billing of charges on phone bills – referred to as "cramming" – in violation of
27 the Federal Trade Commission Act (the "FTCA"). The Florida Action is captioned <u>Federal
28 Trade Commission v. Nationwide Connections, Inc., et al.</u>, Case No. 06-80180-Civ-