# IGTX 1

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
 A Limited Liability Partnership
 Including Professional Corporations
MICHAEL H. AHRENS, Cal. Bar No. 44766
STEVEN B. SACKS, Cal. Bar No. 98875
JEFFREY K. REHFELD, Cal. Bar No. 188128
ORI KATZ, Cal. Bar No. 209561
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone: 415-434-9100
Facsimile: 415-434-3947
Email: mahrens@sheppardmullin.com
 jrehfeld@sheppardmullin.com
 okatz@sheppardmullin.com

Proposed Attorneys for The Billing Resource, dba Integretel

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>THE BILLING RESOURCE, dba Integretel, a California corporation,<br><br>                    Debtor.<br><br>Tax ID: 33-0289863 | Case No. 07-52890<br><br>Chapter 11<br><br>**STIPULATION BETWEEN DEBTOR AND DAVID R. CHASE AS RECEIVER REGARDING PLACEMENT OF FUNDS INTO A SEGREGATED, BLOCKED BANK ACCOUNT AND STAY OF CERTAIN LITIGATION PROCEEDINGS**<br><br>Date: September 26, 2007<br>Time: 2:15 p.m.<br>Place: United States Bankruptcy Court<br>         280 South First Street<br>         San Jose, California<br>Judge: Hon. Arthur S. Weissbrodt<br>Courtroom: 3020 |

W02-WEST:FJR\400442722.3                             STIPULATION BETWEEN DEBTOR AND DAVID R. CHASE AS RECEIVER...

Case: 07-52890   Doc #: 91   Filed: 10/01/2007   Page 1 of 5

## RECITALS

A.   On February 27, 2006, the Federal Trade Commission (the "FTC") commenced a lawsuit (the "Florida Action") in the United States District Court for the Southern District of Florida (the "Florida Court") against Nationwide Connections, Inc. ("Nationwide"), Access One Communications, Inc. ("Access One") and Network One Services, Inc. ("Network One"), three AOS providers, as well as their principals, alleging deceptive and unfair practices for unauthorized billing of charges on phone bills – referred to as "cramming" – in violation of the Federal Trade Commission Act. The Florida Action is captioned <u>Federal Trade Commission v. Nationwide Connections, Inc., et al.</u>, Case No. 06-80180-Civ-Ryskamp, United States District Court for the Southern District of Florida.

B.   The Florida Court entered in the Florida Action a temporary restraining order and later a preliminary injunction.

C.   The Florida Court in the Florida Action appointed David R. Chase as receiver (the "Receiver") for Nationwide, Access One and Network One and certain of their affiliates.

D.   On September 25, 2006 the Florida Court filed an "Amended Preliminary Injunction Order."

E.   On or about September 21, 2006, the FTC filed an amended complaint in the Florida Action which included claims against the Debtor and another billing aggregator. The Debtor filed an answer denying the FTC's allegations.

G.   The Receiver filed a motion in the Florida Action asking that the Debtor be required to show cause why it should not be held in contempt for not turning over to the Receiver upon his demand certain reserves withheld from Access One and Network One. The Debtor filed a response opposing such relief on numerous grounds.

H.   On September 14, 2007, the Florida Court issued its "Omnibus Order" (the "Omnibus Order") which provided as follows:

> Integretel shall show cause in writing within 10 days of the date of this Order why it should not be held in contempt for failure to turn over the reserves. In addition, Integretel shall provide a sworn statement identifying the amount of reserves as of the issuance of the TRO. The Court further orders that

-1-

W02-WEST:FJR\400442722.3                        STIPULATION BETWEEN DEBTOR AND DAVID R.
Case: 07-52890    Doc #: 91    Filed: 10/01/2007    Page 2 of 5    CHASE AS RECEIVER...

these funds shall be placed in a segregated receivership account.

I. On September 16, 2007, the Debtor filed a voluntary petition for relief under chapter 11, title 11 of the United States Code, commencing bankruptcy case number 07-52890 (the "Bankruptcy Case") in the Bankruptcy Court for the Northern District of California – San Jose Division (the "Bankruptcy Court").

J. The Debtor continues to operate and manage its business as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

K. The Debtor filed in the Bankruptcy Case an emergency motion to use cash collateral (as such motion was revised and amended, the "Cash Collateral Motion"). The Receiver opposed the Cash Collateral Motion. An initial hearing on the Cash Collateral Motion was held on September 21, 2007.

L. On September 21, 2007, the Florida Court entered its "Order Granting Motion For Clarification As To Scope Of Stay." In that order, the Florida Court stated that the Omnibus Order required the Debtor to immediately transfer the current reserve amount ($1,762,762.56) to the Receiver.

M. A continued hearing was held on the Debtor's Cash Collateral Motion on September 26, 2007. At that hearing, the Receiver agreed to withdraw his opposition to the Debtor's Cash Collateral Motion based upon an agreement between the Debtor and the Receiver which is the subject of this Stipulation.

N. The parties wish to resolve their disputes, at least on a temporary basis as set forth in this Stipulation, regarding the Debtor's interim use of cash collateral and the contempt component of the Florida Action.

## STIPULATION

NOW, THEREFORE, IT IS HEREBY AGREED AND STIPULATED, BY AND BETWEEN THE DEBTOR AND THE RECEIVER, THROUGH THEIR RESPECTIVE COUNSEL OF RECORD IN THE BANKRUPTCY CASE, AS FOLLOWS:

1. The Debtor shall as soon as practicable deposit or transfer the sum of

-2-

1  $1,762,762.56 (the "Disputed Funds") into a segregated, blocked, debtor in possession bank
2  account of the Debtor in the name of the Debtor as debtor in possession (the "Blocked Account").
3  Neither the Debtor nor any party shall be authorized to remove any funds from the Blocked
4  Account without a prior, written order of the Bankruptcy Court authorizing the removal of any
5  such funds. No advantage or prejudice shall arise in favor of any person, including the Debtor, the
6  Receiver, or any other party by the Debtor's deposit or transfer of the Disputed Funds into the
7  Blocked Account, including without limitation that no implication as to ownership, possession,
8  liens or other claims of right shall arise in any person's favor with respect to the Disputed Funds
9  by the Debtor's placement of the Disputed Funds into the Blocked Account. All parties reserve all
10 of their rights, claims and defenses with respect to the Disputed Funds, and nothing in this
11 Stipulation or the order approving this Stipulation shall in any way affect the merits of such
12 parties' rights, claims and defenses. The Debtor and the Receiver agree that the terms of the
13 "Order Approving Emergency Motion For Order Authorizing Use Of Existing Cash Management
14 System And Bank Accounts" (the "Cash Management Order") and the "Order Approving Interim
15 Use Of Cash Collateral And Granting Replacement Liens And Approving First Amended
16 Stipulation With PaymentOne Corporation Regarding Use Of Cash Collateral And Adequate
17 Protection On An Interim Basis" (the "Interim Cash Collateral Order") shall be deemed amended
18 and/or revised to the limited extent necessary to effectuate the Debtor's deposit or transfer of the
19 Disputed Funds into the Blocked Account.
20      2.    The Debtor and the Receiver will promptly take appropriate steps to obtain the
21 entry of an agreed order in the Florida Action, the operative language of which shall state (in its
22 entirety) as follows:

23    ORDERED AND ADJUDGED that in light of Integretel's placement of
      $1,762,762.56 into a segregated, blocked account that is being supervised
24    by the Bankruptcy Court, without waiver or prejudice to any party's
      claims, and in light of Integretel's agreement that it cannot and will not
25    remove any portion of such funds absent prior, written order from the
      Bankruptcy Court, the Omnibus Order dated September 13, 2007 and
26    entered September 14, 2007 [DE 610] is hereby stayed through October
      17, 2007 insofar as it relates to Integretel only, as are all proceedings to
27    enforce the Omnibus Order vis-à-vis Integretel only (including but not
      limited to the issuance of a contempt order and/or the payment deadline
28    established in the Court's "Order Conditionally Granting Integretel's

-3-

W02-WEST:FJR\400442722.3                     STIPULATION BETWEEN DEBTOR AND DAVID R.
                                              CHASE AS RECEIVER..
Case: 07-52890    Doc #: 91    Filed: 10/01/2007    Page 4 of 5

1  Emergency Motion for Stay Pending Appeal").

2  ORDERED AND ADJUDGED that the temporary stay of the Omnibus Order referred to above does not stay the continued litigation of the FTC's claims under the FTC Act, even as to Integretel, which is unaffected by this Order. Further, the temporary stay of the Omnibus Order referred to above has no effect on defendant BSG's obligation to comply with the Omnibus Order (including but not limited to the payment deadline).

3. This Stipulation shall remain in effect until further order of the Bankruptcy Court, but the parties agree not to seek to terminate or modify this Stipulation as of a date before October 15, 2007.

4. This Stipulation is subject to Bankruptcy Court approval. The parties agree to promptly seek an order from the Bankruptcy Court approving this Stipulation.

Dated: October 1, 2007

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:  /s/ Steven B. Sacks
MICHAEL H. AHRENS
STEVEN B. SACKS
JEFFREY K. REHFELD

Attorneys for The Billing Resource, dba Integretel


Dated: October 1, 2007

DANNING, GILL, DIAMOND & KOLLITZ, LLP

By:  /s/ Walter K. Oetzell
WALTER K. OETZELL

Attorneys for David R. Chase, Federal Receiver of Access One Communications, Inc. and Network One Services, Inc.