# IGTX 4

No. 06-16635-EE
No. 07-14531-EE

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

FEDERAL TRADE COMMISSION,

*Plaintiff/Appellee,*

v.

NATIONWIDE CONNECTIONS, INC. et al.,

*Defendants,*

THE BILLING RESOURCE dba INTEGRETEL,

*Defendant/Appellant.*

On Appeal from
the United States District Court
for the Southern District of Florida

**Brief for Appellant**

Laurie Webb Daniel (GA Bar # 204225)
Cynthia G. Burnside (GA Bar # 097107)
Holland & Knight LLP
1201 West Peachtree Street, NE
One Atlantic Center, Suite 2000
Atlanta GA 30309
(404) 817-8500

Neal Goldfarb (DC Bar # 337881)
Richard H. Gordin (DC Bar # 727925)
Tighe Patton Armstrong Teasdale PLLC
1747 Pennsylvania Ave., NW, Suite 300
Washington, D.C. 20006
(202) 454-2800

*Attorneys for Appellant*

December 3, 2007

No. 06-16635-EE
No. 07-14531-E
*Federal Trade Commission v. Nationwide Connections, et al.*

### Certificate of Interested Parties
### and Corporate Disclosure Statement

In accordance with Rule 26.1 of the Federal Rules of Appellate Procedure,

counsel for appellant The Billing Resource d/b/a Integretel certifies that to the best

of his knowledge, the following is a complete list of trial judges, attorneys, persons,

associations of persons, firms or partnerships or corporations that have an interest in

the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates,

and parent corporations, including any publicly held company that owns 10% or more

of the party's stock, and other identifiable legal entities related to a party:

1. 411TXT, Inc. (entity in receivership; affiliated with defendants Nationwide

Connections, Inc., Access One Communications, Inc., Network One Services, Inc.,

Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir Kaid, and Erika Riaboukha)

2. Access One Communications, Inc. (defendant)

3. ACI Billing Services, Inc. d/b/a OAN (defendant)

4. Ahrens, Michael (counsel for The Billing Resource d/b/a Integretel)

5. Alexander, Martin J. (counsel for The Billing Resource d/b/a Integretel)

6. Alitowski, Andrew (counsel for receivership defendants Grunspan et al.)

7. Americredit Financial Services, Inc. (third-party creditor of defendant

Willoughby Farr)

*Federal Trade Commission v. Nationwide Connections, Inc.*
Nos. 06-16635-EE & 07-14531-E

8. Anhalt, Irwin, Trustee of the Irwin Anhalt Trust (receivership defendant)

9. Arnold, Risa (receivership defendant)

10. Austin, Michael Garrett (counsel for ACI Billing Services, Inc. d/b/a OAN; Billing Concepts, Inc; and BSG Clearing Solutions North America, LLC)

11. Barnett Bolt Kirkwood & Long (counsel for BMW Financial Services)

12. Berg, Andrew (counsel for ACI Billing Services, Inc. d/b/a OAN; Billing Concepts, Inc; and BSG Clearing Solutions North America, LLC)

13. BHD/WEB, LLC (third-party creditor of receivership defendants)

14. Billing Concepts, Inc. (defendant)

15. The Billing Resource d/b/a Integretel (defendant/appellant)

16. Bloch, Bruce

17. Blumenthal, William (counsel for plaintiff)

18. BMW Financial Services (third-party creditor of certain defendants and/or affiliated entities)

19. Brady, Rosanne (counsel for crossclaim defendant/third-party defendant Ronny Morillo)

20. BSG Clearing Solutions North America, LLC (defendant)

21. Built to Last, LLC (entity in receivership; affiliated with defendants Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir Kaid, and Erika

Riaboukha)

22. Burnside, Cynthia (counsel for The Billing Resource d/b/a Integretel)

23. CELL-INFO-USA, Inc. (entity in receivership; affiliated with defendants Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir Kaid, and Erika Riaboukha)

24. Chapman, John

25. Chase, David (Receiver for defendants Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Mary Lou Farr, and Willoughby Farr, and for affiliated entities)

26. China Cat Sunflower, LLC(entity in receivership; affiliated with defendants Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir Kaid, and Erika Riaboukha)

27. Cohen Norris Scherer Weinberger & Wolmer (counsel for Denise McCann))

28. Coleman, Ira (receivership defendant)

29. Coleman, Jill (receivership defendant)

30. Cripple Creek Holdings, LLC(entity in receivership; affiliated with defendants Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir

*Federal Trade Commission v. Nationwide Connections, Inc.*
Nos. 06-16635-EE & 07-14531-E

Kaid, and Erika Riaboukha)

    31. Daniel, Laurie Webb (counsel for The Billing Resource d/b/a Integretel)

    32. Danning, Gill, Diamond & Kollitz

    33. Davis Cedillo & Mendoza Inc (counsel for ACI Billing Services, Inc. d/b/a OAN; Billing Concepts, Inc; and BSG Clearing Solutions North America, LLC)

    34. Davis, Michael (counsel for plaintiff)

    35. Dean, Chad A. (counsel for Primus Automotive Financial Services and Ford Motor Co. Credit Co.)

    36. Devine Goodman Pallet & Wells, PA (Counsel for Second Churchill Way, LLC)

    37. Dinan, Kevin (counsel for ACI Billing Services, Inc. d/b/a OAN; Billing Concepts, Inc; and BSG Clearing Solutions North America, LLC)

    38. Dunkel, Gary M. (Counsel for BHD/WEB, LLC)

    39. Enhanced Billing Services, Inc. (entity in receivership; affiliated with defendants Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir Kaid, and Erika Riaboukha)

    40. Farr , Mary Lou (defendant)

    41. Farr, Willoughby (defendant)

    42. Federal Trade Commission (plaintiff/appellee)

43. Fialco, Lisa (counsel for plaintiff)

44. First Churchill Way, LLC (third-party creditor of certain defendants and/or affiliated entities)

45. Fitzsimmons, Robert V. (counsel for Americredit Financial Services, Inc.)

46. Flaxman, Charles, Trustee of the Flaxman and Lopez Profit Sharing Trust (receivership defendant)

47. Ford Motor Co. Credit Co. (third-party creditor of certain defendants and/or affiliated entities)

48. Freeman, Geraldine (counsel for The Billing Resource d/b/a Integretel)

49. Garcia, Yaret (defendant)

50. Goldfarb, Neal (counsel for The Billing Resource d/b/a Integretel)

51. Gomez, John (receivership defendant)

52. Gomez, Peter (receivership defendant)

53. Gomez, Tonya (receivership defendant)

54. Gordin, Richard H. (counsel for The Billing Resource d/b/a Integretel)

55. Greenberg Traurig (counsel for BHD/WEB, LLC)

56. Grunspan, Alan, Trustee of the Aron Grunspan Revocable Trust (receivership defendant)

57. Guerard, Collot (counsel for plaintiff)

58. Hartog, Ross R. (counsel for First Churchill Way, LLC)

*Federal Trade Commission v. Nationwide Connections, Inc.*
Nos. 06-16635-EE & 07-14531-E

59. Hawkins, Scott G. (former counsel for defendants Mary Lou Farr and Willoughby Farr)

60. He's Gone, LLC (entity in receivership; affiliated with defendants Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir Kaid, and Erika Riaboukha)

61. Holland & Knight, LLP (counsel for The Billing Resource d/b/a Integretel)

62. Hume & Johnson

63. Information Services 900, L.L.C. (majority-owned subsidiary of The Billing Resource d/b/a Integretel)

64. Inmate Calling Solutions, L.L.C. (majority-owned subsidiary of The Billing Resource d/b/a Integretel)

65. Jackman, Steve (receivership defendant)

66. Smith, John J.

67. Johnson, Henry

68. Johnson, Mark Douglas (counsel for Yaret Garcia, Qaadir Kaid, and Erika Riaboukha)

69. Jones, Foster, Johnston & Stubbs, P.A. (former counsel for Mary Lou Farr and Willoughby Farr)

70. JP Morgan Chase Bank, N.A.

71. Katz, Ori (counsel for The Billing Resource dba Integretel)

72. Kerst, Marilyn (counsel for plaintiff)

73. Kim, Laura (counsel for plaintiff)

74. King & Spalding, LLP (counsel for ACI Billing Services, Inc. d/b/a OAN; Billing Concepts, Inc; and BSG Clearing Solutions North America, LLC)

75. Kollitz, Howard

76. Kubicki Draper (counsel for Americredit Financial Services, Inc.)

77. Lancellotta, Steven A. (counsel for The Billing Resource d/b/a Integretel)

78. Law Offices of Peter N. Macaluso (counsel for crossclaim defendant/third party defendant Ronny Morillo)

79. Lazy River Road Holdings, LLC (entity in receivership; affiliated with defendants Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir Kaid, and Erika Riaboukha)

80. Levitats, Carole (receivership defendant)

81. Leopold. Theodore

82. Long, Thomas G. (counsel for BMW Financial Services)

83. Macaluso, Peter (counsel for crossclaim defendant/third arty defendant Ronny Morillo)

84. Maccoby, Max (counsel for defendant/appellant The Billing Resource dba

*Federal Trade Commission v. Nationwide Connections, Inc.*
Nos. 06-16635-EE & 07-14531-E

Integretel

85. Markowitz, Jerry M. (counsel for First Churchill Way, LLC)

86. Markowitz, Davis, Ringel & Trusty (counsel for First Churchill Way, LLC)

87. Massington, Carole (receivership defendant)

88. Massington, Richard (receivership defendant)

89. McCann, Denise (third-party creditor of certain defendants and/or affiliated entities)

90. McDermott, Will & Emery, LLP (counsel for ACI Billing Services, Inc. d/b/a OAN; Billing Concepts, Inc; and BSG Clearing Solutions North America, LLC)

91. McDonough, Michael (counsel for crossclaim defendants/third party defendants German Miranda and Jesus Sandoval)

92. McKewen, Richard (counsel for plaintiff)

93. Medoza, Jessy (crossclaim defendant/third party defendant)

94. Mercantile Bank

95. Miranda, German (crossclaim defendant/third party defendant)

96. Mora, Michael (counsel for plaintiff)

97. Morillo, Ronny (crossclaim defendant/third party defendant)

98. Mortgage X, LLC (receivership defendant)

99. Nationwide Connections, Inc. (defendant)

100.    Network One Services, Inc. (defendant)

101.    Newman, Scott B. (counsel for The Billing Resource d/b/a Integretel)

102.    Norton Hammersley Lopez & Skakos

103.    Not Fade Away, LLC (entity in receivership; affiliated with defendants Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir Kaid, and Erika Riaboukha)

104.    Oetzell, Walter (counsel for David Chase, receiver)

105.    Payment One Corporation (majority-owned subsidiary of The Billing Resource d/b/a Integretel)

106.    Ponsford, Terence (counsel for The Billing Resource dba Integretel)

107.    Primus Automotive Financial Services (third-party creditor of certain defendants and/or affiliated entities)

108.    Qaid, Kaadir (defendant)

109.    Rehfeld, Jeffrey (counsel for The Billing Resource d/b/a Integretel)

110.    Riaboukha, Erika (defendant)

111.    Rengstl, Patrick (counsel for David Chase, receiver)

112.    Leopold, Ricci

113.    Rodgers, Derick (counsel for ACI Billing Services, Inc. d/b/a OAN; Billing Concepts, Inc; and BSG Clearing Solutions North America, LLC)

114.   Royal Bank of Canada (owner of more than 10% of stock in The Billing Resource d/b/a Integretel)

115.   Ryskamp, Hon. Kenneth L. (district-court judge)

116.   Sacks, Steven (counsel for The Billing Resource dba Integretel)

117.   Jesus Sandoval (crossclaim defendant/third party defendant)

118.   Sapurstein & Block PA

119.   Schneider, Jeffrey (counsel for David Chase, receiver)

120.   Schochinski, Robert  (counsel for plaintiff)

121.   Schuyler Stewart Smith The Creditors Rights Law Firm of Florida, P.A. (counsel for Primus Automotive Financial Services and Ford Motor Co. Credit Co.)

122.   Schwartz, Steven

123.   Second Churchill Way, LLC (third-party creditor of certain defendants and/or affiliated entities)

124.   Segal Family Partners Ltd. (receivership defendant)

125.   Schwartz, Joanna  (receivership defendant)

126.   Schwartz, Scott (receivership defendant)

127.   Sheppard Mullin Richter & Hampton (counsel for The Billing Resource d/b/a Integretel)

128.   Siff, Steven E. (counsel for ACI Billing Services, Inc. d/b/a OAN; Billing Concepts, Inc; and BSG Clearing Solutions North America, LLC)

129.    Tapie, Carolyn (counsel for ACI Billing Services, Inc. d/b/a OAN;

Billing Concepts, Inc; and BSG Clearing Solutions North America, LLC)

130.    Tew Cardenas LLP (counsel for the Receiver)

131.    The Other One, LLC (entity in receivership; affiliated with defendants

Nationwide Connections, Inc., Access One Communications, Inc., Network One

Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir Kaid, and Erika

Riaboukha)

132.    Thomas, John-David (counsel for ACI Billing Services, Inc. d/b/a OAN;

Billing Concepts, Inc; and BSG Clearing Solutions North America, LLC)

133.    Tighe Patton Armstrong Teasdale PLLC (counsel for The Billing

Resource d/b/a Integretel)

134.    Toll Free Connect, Inc. (entity in receivership; affiliated with defendants

Nationwide Connections, Inc., Access One Communications, Inc., Network One

Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir Kaid, and Erika

Riaboukha)

135.    Turn On Your Love Light, LLC (entity in receivership; affiliated with

defendants Nationwide Connections, Inc., Access One Communications, Inc.,

Network One Services, Inc., Mary Lou Farr, Willoughby Farr, Yaret Garcia, Qaadir

Kaid, and Erika Riaboukha)

136.    Vargas, Roberto Mario (former counsel for Mary Lou Farr and

*Federal Trade Commission v. Nationwide Connections, Inc.*
Nos. 06-16635-EE & 07-14531-E

Willoughby Farr)

137.  Visiedo-Hidalgo, Michelle T. (former counsel for the Receiver)

138.  Vitunac, Hon. Ann E. (magistrate judge)

139.  Wagman, Laurence (counsel for Federal Trade Commission)

140.  Wanders, Hildegund P. (counsel for BMW Financial Services)

141.  Wedderburn, Jacobs and Alitowski, PA (counsel for receivership

defendants Grunspan et al.)

142.  Weissbrodt, Hon. Arthur (bankruptcy court judge)

143.  Weinberger, Robert M. (counsel for Denise McCann)

144.  Wells, Diane Noller (counsel for Second Churchill Way, LLC)

145.  Woodbury & Santiago, P.A. (counsel for receivership defendants

Grunspan et al.)

146.  Woodbury, Michael (counsel for receivership defendants Grunspan et

al.)


                              */s/ Neal Goldfarb*
                              Neal Goldfarb

## Statement Regarding Oral Argument

Appellant The Billing Resource dba Integretel requests oral argument. Oral argument would be useful for several reasons:

First, the Court has raised the question whether it has jurisdiction over one of the orders that are being appealed. Even after considering the parties' submissions on that issue, the Court has not decided whether it has jurisdiction. Oral argument would provide the Court with an opportunity to obtain answers to the specific questions that concern it.

Second, this case raises important questions about the scope of a district court's equity powers in the context of receivership proceedings ancillary to a governmental enforcement action. We believe that if the decision below were to be affirmed, the result would be to expand the courts' powers far beyond their proper limits and to put this Court in conflict with decisions of the Supreme Court and of other circuits. The appellees, on the other hand, will contend that reversing the decision will unduly limit the court's powers. While we disagree with the appellees on the merits, we think that all parties will agree that the stakes here are unusually important.

Third, because the appellant is in bankruptcy (in the Northern District of California), issues relevant to some of the orders on appeal from are also being litigated in the bankruptcy court. That litigation raises unusual complexities, particularly given that the bankruptcy court has exclusive jurisdiction over property of

the bankruptcy estate. In addition, it is quite possible that relevant decisions will be

handed down by the bankruptcy court (or by the district court on appeal from a

bankruptcy-court order) after briefing in this case has been completed. Oral argument

will provide the Court an opportunity to explore with counsel the relevance and effect

of the bankruptcy litigation

## Statement Regarding Oral Argument

Appellant The Billing Resource dba Integretel requests oral argument in this case for several reasons:

First, this case raises important questions about the scope of a district court's equity powers in the context of receivership proceedings ancillary to a governmental enforcement action. We believe that if the decision below were to be affirmed, the result would be to expand the courts' powers far beyond their proper limits and to put this Court in conflict with decisions of the Supreme Court and of other circuits. The appellees, on the other hand, will most likely contend that reversing the decision will unduly limit the district courts' powers. While we disagree with the appellees on the merits, we think that all parties will agree that the stakes here are unusually important.

Second, because the appellant is in bankruptcy (in the Northern District of California), issues relevant to some of the orders on appeal from are also being litigated in the bankruptcy court. That litigation raises unusual complexities, particularly given that the bankruptcy court has exclusive jurisdiction over property of the bankruptcy estate. In addition, it is quite possible that relevant decisions will be handed down by the bankruptcy court (or by the district court on appeal from a bankruptcy-court order) after briefing in this case has been completed. Oral argument will provide the Court an opportunity to explore with counsel the relevance and effect of the bankruptcy litigation.

Finally, the Court has raised the question whether it has jurisdiction over one of the orders that are being appealed. Even after considering the parties' submissions on that issue, the Court has not decided whether it has jurisdiction. Oral argument would provide the Court with an opportunity to obtain answers to the specific questions that concern it.

# Contents

Certificate of Interested Parties and Corporate Disclosure Statement .........................C1

Statement Regarding Oral Argument...................................................................................i

Table of Authorities...........................................................................................................vi

Jurisdictional Statement ...................................................................................................xv

Introduction and Statement of Issues.................................................................................1

Statement of the Case .........................................................................................................4

    A. Nature of the case, course of proceedings, and disposition below.......................4

    B. Statement of facts..................................................................................................5

    C. Standard of review ..............................................................................................19

Summary of Argument.....................................................................................................20

Argument    23

I. As applied to Integretel, portions of the TRO and amended
    preliminary injunction—including those the Omnibus Order was
    intended to enforce—are invalid. .................................................................................23

    A. The provisions at issue must be evaluated under the standards
        governing the application of injunctions to nonparties because
        they do not purport to bind Integretel in its capacity as a party
        and because the requirements for enjoining a party were not
        satisfied. ...............................................................................................................24

    B. The TRO and amended preliminary injunction exceeded the
        bounds of Fed. R. Civ. P. 65(d)............................................................................26

C. The TRO and amended preliminary injunction cannot be justified as exercises of the district court's in rem jurisdiction over receivership property. ................................................................................28

II. The district court erred in holding that the reserve amounts were due and owing to the Receiver and that Integretel was holding them for the Former Clients' benefit or on their behalf. ...............................................30

  A. Whatever rights the Receiver may have are based solely on Integretel's contracts with the receivership entities. ...............................................31

  B. By resolving the Receiver's claim on the merits, the district court violated Integretel's rights under the contracts' ADR/arbitration and forum-selection provisions and under the Seventh Amendment. ................................................................................34

    1. The district court should have stayed litigation pending completion of the arbitration process. ...............................................35

    2. If litigation was permitted, the agreed-upon venue was California. ................................................................................38

    3. If litigation was permitted, Integretel was been entitled to trial by jury. ................................................................................38

  C. The reserve amounts were not due and owing and in any event the Former Clients had no property interest that the Receiver could have asserted. ................................................................................39

    1. The reserve amounts were not due and owing. ...............................................40

    2. The Former Clients had no property interest in the reserve amounts. ................................................................................44

III. Even if the Omnibus Order were correct, its enforcement would be suspended by the Bankruptcy Code's automatic stay. ...................................................46

   A. The Omnibus Order is covered by the stay as defined by 11 U.S.C. § 362(a). ...........................................................................................................46

   B. The "regulatory exception" does not apply. ...........................................................51

   C. Contempt proceedings are stayed. .........................................................................53

Conclusion...................................................................................................................55

Certificate of Compliance with Fed. R. App. P. 32

Certificate of Service

Addendum

## Table of Authorities

### *Federal Cases*

*Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc.,*
    96 F.3d 1390 (Fed. Cir. 1996) ................................................................27

*Allied-Bruce Terminix Cos., Inc. v. Dobson,* 513 U.S. 265 (1995) ...........................35

*\*Begier v. IRS,* 496 U.S. 53, 110 S. Ct. 2258 (1990) .......................................50, 51

*\*Bessette v. W.B. Conkey Co.,* 194 U.S. 324, 24 S. Ct. 665 (1904) .........................54

*\*The Billing Resource v. FTC (In re Billing Resource),* 2007 WL 3254835
    (Bankr. N.D. Cal. Nov. 2, 2007), *appeal pending,* No. C-07-05758 RMW
    (N.D. Cal. filed Nov. 8, 2007) ................................................... 19, 28, 48, 49

*The Brig Ann,* 13 U.S. 289 (1815) ..............................................................29

*\*Butner v. United States,* 440 U.S. 48 (1979) .................................................34

*Capitol Life Ins. Co. v. Gallagher,* 839 F. Supp. 767 (D. Colo. 1993) ......................36

*Caplin v. Marine Midland Grace Trust Co.,* 406 U.S. 416 (1972) ............................32

*Carey v. McMillan,* 289 F. 380  (8th Cir. 1923) ...............................................39

*Carter v. Rodgers,* 220 F.3d 1249 (11th Cir. 2000) ...........................................34

*CFTC v. Topworth International, Ltd.,* 205 F.3d 1107 (9th Cir. 1999) ......................xvi

*\*Dairy Queen, Inc. v. Wood,* 369 U.S. 469 (1962) ..........................................38, 39

*\*Grupo Mexicano Desarrollo, S.A. v. Alliance Bond Fund,* 527 U.S. 308 (1999) ..........44

*East Tennessee Natural Gas Co. v. Sage,* 361 F.3d 808 (4th Cir. 2004) ....................33

*Edelman v. United States Dep't of Labor,* 923 F.2d 782 (10th Cir. 1991) .................52

---

\*Authorities principally relied upon are marked with an asterisk.

*Employers Ins. of Wausau v. Bright Metal Specialties, Inc.*,
  251 F.3d 1316 (11th Cir. 2001) .......................................................................36

*FDIC v. Ernst & Young LLP*, 374 F.3d 579 (7th Cir. 2004) .............................................36

*\*Fleming v. Lind-Waldock & Co.*, 922 F.2d 20 (1st Cir. 1990) ...............................................31

*Four Seasons Hotsls & Resorts, B.V. v. Consorcio Barr*, S.A.C.A.,
  320 F.3d 1205 (11th Cir. 2003) .......................................................................25

*FTC v. Productive Marketing, Inc.*, 136 F. Supp. 2d 1096 (C.D. Cal. 2001) ................. 27, 30

*G & C Merriam Co. v. Webster Dictionary Co.*, 639 F.2d 29 (1st Cir. 1980) ........................27

*Gilchrist v. General Electric Capital Corp.*, 262 F.3d 295 (4th Cir. 2001)................................49

*\*Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 31 S. Ct. 492 (1911).........................54

*\*Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S. Ct. 2782 (1989) ..............................39

*Gross v. Regnor Fin. Co.*, 96 F.2d 37 (5th Cir. 1938) ................................................36

*Hart v. Wiltsee*, 19 F.2d 903 (1st Cir. 1927) ..........................................................39

*\*Hedges v. Dixon*, 150 U.S. 182 (1893).................................................................33

*\*Hodgson v. Gilmartin*, 2006 WL 2707397 (E.D. Penn. 2006) ............................................38

*In re Advanced Telecommunication Network, Inc.*,
  490 F.3d 1325 (11th Cir 2007) .......................................................................19

*In re Advent Corp.*, 104 F.3d 293 (9th Cir. 1997) ....................................................51

*In re Allison*, 182 B.R. 881 (N.D. Ala. 1995) .........................................................53

*In re Atkins*, 176 B.R. 998 (D. Minn. 1994) ..........................................................53

*In re Atlantic Business and Community Corp.*, 901 F.2d 325 (3d Cir. 1990)............................47

*In re The Billing Resource*, No. 07-52890 (Bankr. N.D. Cal. 2007) ....................................16

*In re Birchall*, 2007 WL 1992089 (Bankr. D. Mass. 2007) .......................................53

*In re Bullion Reserve of North America*, 836 F.2d 1214 (9th Cir. 1988) ...............................50

*In re Cherry*, 78 B.R. 65 (E.D. Penn. 1987) .........................................................53

*In re Daniels*, 316 B.R. 342 (Bankr. D. Idaho 2004) .............................................53

*In re Dill*, 300 B.R. 658 (Bankr. E.D. Va. 2003) ...................................................53

*In re Electric Machinery Enterprises, Inc.*, 479 F.3d 791 (11th Cir. 2007) .............................36

*In re Financial Federated Title & Trust, Inc.*, 347 F.3d 880 (11th Cir. 2003).........................51

*In re Goodman*, 277 B.R. 839 (Bankr. M.D. Ga. 2001) ...................................... 53, 55

*\*In re Graphics Technology*, 306 B.R. 630 (9th Cir. B.A.P. 2004) ................................... 50, 51

*In re Gruntz*, 202 F.3d 1074 (9th Cir. 2000) (en banc) ..........................................19

*In re Haas*, 2004 WL 3132027 (Bankr. E.D. Va. 2004) .........................................53

*\*In re Johnson*, 960 F.2d 396 (4th Cir. 1992) .....................................................49

*In re Kansas City Journal-Post Co.*, 144 F.2d 812 (8th Cir. 1944)..........................................29

*\*In re Kennedy & Cohen, Inc.*, 612 F.2d 963 (5th Cir. 1980) ....................................51

*In re Maloney*, 204 B.R. 671 (E.D.N.Y. 1996) .....................................................53

*In re Mercurio*, 402 F.3d 62 (1st Cir. 2005).........................................................38

*In re Myers*, 491 F.3d 120 (3d Cir. 2007) ...........................................................53

*In re Rare*, LLC, 298 B.R. 762 (Bankr. D. Colo. 2003) ...........................................49

*In re Reading Co.*, 711 F.2d 509 (3d Cir. 1983) .....................................................29

*In re Southeast Banking Corp.*, 156 F.3d 1114 (11th Cir. 1998)...............................34

*In re Southmark Corp.*, 49 F.3d 1111 (5th Cir. 1995) .............................................33

*In re True*, 285 B.R. 405 (Bankr. W.D. Mo. 2002)...................................................49

*In re Turbowind, Inc.*, 42 B.R. 579 (Bankr. S.D. Cal. 1984) .................................................47

*In re U.S. Brass Corp.*, 110 F.3d 1261 (7th Cir. 1997)..........................................................49

*In re Universal Life Church, Inc.*, 128 F.3d 1294 (9th Cir. 1997) ...........................................52

*In re White*, 851 F.2d 170 (6th Cir. 1988) ...........................................................................49

*In re Wiley*, 315 B.R. 682 (E.D. La. 2004) ...........................................................................53

*ITT Community Dev. Corp. v. Barton*, 569 F.2d 1351 (5th Cir. 1978)...................................23

*\*Jarrett v. Kassel*, 972 F.2d 1415) (6th Cir. 1992) ........................................................... 31, 32

*\*Javitch v. First Union Securities, Inc.*, 315 F.3d  619 (6th Cir. 2003) .............................. 31, 36

*Johnson v. First National Bank*, 719 F.2d 270 (8th Cir. 1983) ...............................................33

*Jones v. Louisiana State Bar Ass'n*, 602 F.2d 94 (5th Cir. 1979)............................................54

*\*Kelley v. Gill*, 245 U.S. 116 (1917)........................................................................................39

*\*Liberte Capital Group, LLC v. Capwill*, 2007 WL 2733335
  (6th Cir. Sept. 20, 2007) .................................................................................................32

*Liggio v. FDIC*, 847 F.2d 1499 (11th Cir. 1988) ...................................................................36

*L'Invincible*, 14 U.S. 238 (1816) ...........................................................................................29

*Martin v. Guillot*, 875 F.2d 839 (11th Cir. 1989) ...................................................................24

*Marwil v. Farah*, 2003 WL 2309565 (S.D. Ind. 2003)...........................................................32

*Menke v. Willcox*, 275 F. 57 (D.D.N.Y. 1921)......................................................................36

*National Partnership Inv. Corp. v. National Housing Development Corp.*,
  153 F.3d 1289 (11th Cir. 1991) ......................................................................................33

*NRLB v. Sawulski*, 158 B.R. 971 (E.D. Mich. 1993).............................................................54

*Office & Professional Employees Intern. Union, Local 2 v. FDIC,*
   962 F.2d 63 (D.C. Cir. 1992)........................................................34

*O'Melveny & Myers v. FDIC,* 512 U.S. 79, 114 S. Ct. 2048 (1994)......................36

*\*Penn General Casualty Co. v. Commonwealth of Pennsylvania ex rel. Schnader,*
   294 U.S. 189 (1935)........................................................29

*\*Penn Terra Ltd. v. Department of Environmental Resources,*
   733 F.2d 267 (3d Cir. 1984) ...................................... 52, 53

*\*Pusey & Jones Co. v. Hanssen,* 261 U.S. 491, 43 S. Ct. 454 (1923) ......................33

*R.M.S. Titanic, Inc. v. Haver,* 171 F.3d 943 (4th Cir. 1999) ....................................29

*Regal Knitwear Co. v. NLRB,* 324 U.S. 9 (1945) .............................................. 26, 27

*Robinson v. Mutual Reserve Life Ins. Co.,* 175 F. 629 (S.D.N.Y. 1909) ...................39

*Ross v. Bernhard,* 396 U.S. 531 (1970) ...................................................................39

*Schoenthal v. Irving Trust Co.,* 287 U.S. 92 (1932) ...............................................39

*Scholes v. Schroeder,* 744 F. Supp. 1419 (N.D. Ill. 1990)........................................32

*Scholes v. Tomlinson,* 1991 WL 152062 (N.D. Ill. 1991) .......................................32

*\*SEC v. Brennan,* 230 F.3d 65 (2d Cir. 2000) ........................................................52

*Serio v. Black, Davis & Shue Agency, Inc.,* 2006 WL 17698 (S.D.N.Y. 2006)........................53

*\*Serra Chevrolet, Inc. v. General Motors Corp.,* 446 F.3d 1137 (11th Cir. 2006).....................53

*Shearson/American Exp., Inc. v. McMahon,* 482 U.S. 220 (1987) ...........................35

*Skelton v. General Motors Corp.,* 860 F.2d 250 (7th Cir. 1988) .............................36

*Skinner v. White,* 505 F.2d 685 (5th Cir. 1974)......................................................54

*\*Taubel-Scott-Kitzmiller Co. v. Fox,* 264 U.S. 426 (1924).......................................29

*Travelers Cas. and Sur. Co. of America v. Pacific Gas and Elec. Co.,
  127 S. Ct. 1199 (2007) ............................................................................34

United States v. Goodman, 182 F.3d 987 (D.C. Cir. 1999)..........................................32

United States v. "A" Mfg. Co., 541 F.2d 504, 505-06 (5th Cir. 1976) ..................................xvii

*United States v. Nordic Village, Inc., 503 U.S. 30, 112 S. Ct. 1011 (1992) ..........................28

United States v. United Mine Workers, 330 U.S. 258 (1947).............................................. 23, 24

Universal Well Services, Inc. v. Avoca Nat. Gas Storage,
  222 B.R. 26 (W.D.N.Y. 1998) ..................................................................49

Walling v. Crane, 158 F.2d 80 (5th Cir. 1946) ...........................................................54

Wheaton v. Daily Telegraph Co., 124 F. 61 (2d Cir. 1903)...............................................29

Whelan v. Enterprise Transp. Co., 164 F. 95 (D. Mass. 1908) ...........................................39

*White v. Ewing, 159 U.S. 36 (1895) .....................................................................31

Young v. New Process Steel, LP, 419 F.3d 1201 (11th Cir. 2005) .........................................19

### State Cases

*381651 Alberta, Ltd. v. 279298 Alberta, Ltd., 675 So. 2d 1385 (Fla. App. 1996) ............44

America Online, Inc. v Booker, 781 So. 2d 423 (Fla App. 2001) ...........................................38

*Delaney Producing & Refining Co. v. Crystal Petroleum Prods. Corp.,
  264 P. 521 (Cal. 1928)..........................................................................44

Fassberg Const. Co. v. Housing Authority, 60 Cal. Rptr. 3d 375 (Ct. App. 2007)..................43

Lu v. Dryclean-U.S.A. of California, Inc., 14 Cal. Rptr. 2d 906\ (Ct. App. 1992)..............38

*Statutes and Rules*

9 U.S.C.:

§ 2 ................................................................................................................. 35

\* § 3 ................................................................................................................. 37

§ 16(a)(1)(A) ................................................................................................... xv

11 U.S.C.:

§ 105 .............................................................................................................. 18

\* § 362 ....................................................................................................... 17, 19

\* § 362(a) ........................................................................................................ 46

\* § 362(a)(1) .................................................................................................... 46

\* § 362(a)(2) ............................................................................................... 46, 47

\* § 362(a)(3) ............................................................................................... 46, 47

§ 362(b)(4) ............................................................................................... 51, 52

15 U.S.C.:

§ 45(a) ........................................................................................................... xv

§ 53(b) ........................................................................................................... xv

28 U.S.C.:

§ 1291 ...................................................................................................... xv, xvi

§ 1291(a) ....................................................................................................... xv

§ 1292(a) ....................................................................................................... xv,

§ 1292(a)(1) ......................................................................................... xv, xvi, xvii

§ 1292(a)(2) .............................................................................................. xv, xvii

§ 1331 .................................................................................................................... xv

\*    § 1334(e) ...................................................................................................... 19, 49

§ 1337(a) ............................................................................................................... xv

§ 1345 .................................................................................................................... xv

Fed. R. App. P. 4(a)(1)(B) ........................................................................................ xv

Federal Rules of Civil Procedure:

\*    Rule 65(a)(1) ......................................................................................................... 25

\*    Rule 65(d) ....................................................................................................... 20, 26

## Dictionaries

*Black's Law Dictionary* (7th ed. 1999) ...................................................................... 28

*Webster's Third New International Dictionary* (1986) ................................................. 40

## Miscellaneous

Amended preliminary injunction (DE 78), *The Billing Resource v. FTC*
(*In re the Billing Resource*), Adv. Pro. No. 07-5156 (Bankr. N.D. Cal.
Nov. 28, 2007), *appeal pending*, No. C-07-05758 RMW
(N.D. Cal. filed Nov. 30, 2007) ............................................................................ 18

Remarks from the bench, *The Billing Resource v. Federal Trade Commission*
(*In re the Billing Resource*), Adv. Pro. No. 07-5156 (Bankr. N.D. Cal.
Nov. 21, 2007), *appeal pending*, No. C-07-05758 RMW (N.D. Cal.
filed Nov. 30, 2007) ............................................................................................ 19

Tr. of telephonic hearing at 16-24 (DE 60), *The Billing Resource v. Federal Trade*
    *Commission (In re the Billing Resource)*, Adv. Pro. No. 07-5156 (Bankr. N.D.
    Cal. Nov. 5, 2007), *appeal pending*, No. C-07-05758 RMW (N.D. Cal. filed
    Nov. 30, 2007) ....................................................................................................................18

Receiver's Second Supp. Opp. to Mtn. for Use of Cash Collateral,
    *In re The Billing Resource*, No. 07-52890 (Bankr. N.D. Cal. filed Oct. 10, 2007)
    (DE 128) ..........................................................................................................................xvii

FTC's Supp. Opp. to Emergency Mtn. for Use of Cash Collateral,
    *In re The Billing Resource*, No. 07-52890 (Bankr. N.D. Cal. filed Oct. 10, 2007)
    (DE 129). .........................................................................................................................xvii

### Statement of Jurisdiction

The district court had jurisdiction over the FTC's enforcement claims under 15 U.S.C. §§ 45(a) & 53(b) and  28 U.S.C. §§ 1331, 1337(a) & 1345. The court had ancillary or supplemental jurisdiction over the receiver's claim.

In appeal no. 06-16635-EE, the order being appealed from was entered on September 25, 2006. The notice of appeal was timely filed on November 22, 2006. Under Fed. R. App. P. 4(a)(1)(B), the period for noticing an appeal in this case is 60 days because the plaintiff is an agency of the United States government. This Court has jurisdiction over the appeal under 28 U.S.C. § 1291(a). The order being appealed from is an interlocutory injunction.

In appeal no. 07-14531-EE, the orders appealed from were entered on September 14, 2007 and September 21, 2007. The notice of appeal was timely filed on September 26, 2007. This Court has jurisdiction over the order being appealed from as follows:

*September 21, 2007 order vacating bankruptcy stay*—Appealable under 28 U.S.C.
§ 1291 as a final order, or in the alternative under § 1292(a) as an inter-
locutory injunction.

*September 14, 2007 order requiring payment to Receiver*—Appealable under 28 U.S.C.
§ 1291 as a final order under 28 U.S.C. § 1292(a)(2) as an order taking steps
to accomplish the purposes of the receivership. In the alternative, appeal-
able under § 1292(a) as an interlocutory injunction or under pendent

-xv-

appellant jurisdiction based on the order's being inextricably intertwined with the appeal from the denial of the motion to modify the injunctions and the denial of the motion for a stay pending arbitration.

*September 14, 2007 order to shows cause*—Appealable under pendent jurisdiction based on based on the order's being inextricably intertwined with the appeal from the denial of the motion to modify the injunctions.

*September 14, 2007 order denying motion to modify injunctions*—Appealable under § 1292(a)(1) as an order denying a motion to modify an interlocutory injunction.

*September 14, 2007 order denying motion for a stay pending arbitration*—Appealable under § 16(a)(1)(A) of the Federal Arbitration Act, 9 U.S.C. § 16(a)(1)(A).

By order dated November 5, 2007, the Court determined that it had jurisdiction over the appeal from each of these orders, except that it deferred decision as to whether it has jurisdiction over the September 14, 2007 order requiring payment to the Receiver.

We argued in our response to the jurisdictional questions that the September 14 payment order is appealable as a final judgment under 28 U.S.C. § 1291.[1] The order is

---

1.  *See CFTC v. Topworth International, Ltd.*, 205 F.3d 1107, 1111-12 (9th Cir. 1999).

also appealable under 28 U.S.C. § 1292(a)(2) as an order taking steps to accomplish the purposes of the receivership.[2]

Further, if the order is held not to be a final judgment, it is appealable under 28 U.S.C. 1292(a)(1) as an interlocutory injunction. Although orders to pay money are not usually appealable as injunctions, the district court explicitly relied on its equitable powers in issuing the order and rejected the argument that the receiver's claim arose at law.[3] And about the only thing the parties agree on is that the district court intended the order to be enforceable by contempt.[4] In addition, the court justified its use of summary procedures to decide the Receiver's claim by stating that such procedures were typical "in the federal court equity receivership context."[5]

We explained in our jurisdictional submission that if the Court concludes that it lacks statutory jurisdiction over the appeal from the payment order, it has pendent jurisdiction over it. We pointed out several ways in which that appeal is inextricably intertwined with the appeal of other orders over which the Court has statutory jurisdiction. There are also two additional connections.

---

2. *United States v. "A" Mfg. Co.*, 541 F.2d 504, 505-06 (5th Cir. 1976).

3. R610 at 4, 5.

4. *See* Receiver's Second Supp. Opp. to Mtn. for Use of Cash Collateral at 5, *In re The Billing Resource*, No. 07-52890 (Bankr. N.D. Cal. filed Oct. 10, 2007) (DE 128); FTC's Supp. Opp. to Emergency Mtn. for Use of Cash Collateral at 8-9, *In re The Billing Resource*, *supra* (filed Oct. 10, 2007) (DE 129).

5. R610 at 5.

First, the Court will be unable to grant complete relief on the appeal from the denial of Integretel's motion for a stay pending arbitration unless the September 14 payment order is reversed as well. Second, the appeal from the payment order is inextricably intertwined with the appeal from the Clarification Order. The latter order incorporates and is in part expressly based on the payment order's conclusion that the reserve amounts are receivership assets. Second, our argument that the regulatory exception to the automatic stay does not apply is based to a large extent on the argument that the Receiver stands in the shoes of the receivership entities, which is central to our appeal from the payment order.

## Introduction and Statement of Issues

Federal agencies often use equity receiverships as an enforcement tool. This appeal raises important questions about the scope of the courts' power in such cases.

- It raises questions about the power of federal courts to issue injunctions that bind nonparties who are not acting in concert with the enjoined defendants, who were not given a prior opportunity to be heard, and as to whom there was no showing of even probable cause to believe that they violated the law.

- It raises the question whether a receiver can assert property rights beyond those the receivership entities could have asserted, thereby bypassing the terms and limitations of the receivership entities' contracts and also depriving the defendant of a jury trial on what would otherwise be an action at law for breach of contract.

- It raises the question whether an order requiring a third party to pay money to the receiver is automatically stayed when the entity against which the order is directed goes into bankruptcy.

This appeal arises out of an FTC enforcement action against two of appellant Integretel's former clients. (We refer to the appellant by its trade name, rather than its corporate name, "The Billing Resource.") The former clients were put into receivership and Integretel was served with an injunction requiring it to turn over any

assets in its possession that belonged to the former clients. The receiver claimed that Integretel owed the former clients more than $1 million that had been withheld as reserves under their contracts and demanded that those amounts be turned over as receivership assets. The receiver contended that he was not bound by the arbitration and venue-selection provisions in the former clients' contracts and that his claim was equitable even though it was in substance a claim at law to collect an alleged debt.

The district court ruled for the receiver. Even though Integretel had not set aside any specific funds as the reserves for the former clients and even though there was no evidence that Integretel was holding any funds traceable to the reserves, the court concluded that Integretel held the reserve "funds" on the former clients' behalf or for their benefit. It ordered Integretel to pay the amount of the reserves to the receiver.

Faced with this order, Integretel sought protection in bankruptcy. The court then held, without allowing Integretel an opportunity to be heard, that the automatic stay did not bar the enforcement of its order. In reaching that conclusion, the court declared that the reserve "funds" were not part of Integretel's bankruptcy estate.

The specific issues for this Court to decide are as follows.

1. Were the preliminary injunction and an earlier TRO invalid to the extent they imposed liabilities and obligations on Integretel, where Integretel was not enjoined in its capacity as a party, it was not affiliated with the enjoined defendants or acting in concert with them, it had no prior notice or opportunity to be heard, there was no

showing that it had engaged in conduct entitling the FTC to injunctive relief, it was not in possession of a specific *res* that was claimed to be receivership property, and it disputed the Receiver's claim.

2. Did the district court err in deciding that Integretel holds the reserve "funds" on the former clients' behalf or for their benefit and that Integretel is required to turn pay the amount of the reserves to the receiver? Specifically—

- Did the court err in determining that the receiver could assert rights other than (and contrary to) those granted by the receivership entities' contracts?

- If so, should the court have held that the receiver is bound by the contracts' arbitration and forum-selection provisions and that if the receiver's claims were not arbitrable, Integretel was entitled to trial by jury?

- Should the district court have held that the sums at issue were not due and owing under the contract, that the contracts did not grant the former clients a property interest, and that there was no *res* to which the asserted property interest could attach?

3. Did the district court err in deciding that enforcement of its order was not subject to the Bankruptcy Code's automatic stay and that the reserve "funds" are not property of Integretel's bankruptcy estate?

## Statement of the Case

### A. *Nature of the case, course of proceedings, and disposition below*

The FTC sued two of Integretel's former clients, along other defendants, alleging that they had violated the FTC Act by causing consumers to be billed for fraudulent collect-call charges.[6] The FTC obtained a TRO, and subsequently a preliminary injunction and an amended preliminary injunction, under which the former clients were put into receivership.[7]

When Integretel rejected the receiver's demand that it pay him the amount of the reserves, the receiver moved that Integretel be required to show cause why it should not be held in contempt of court.[8] Integretel opposed that motion and also moved to amend the injunctions and to stay litigation of contract-related issues pending arbitration.[9]

The district court granted the receiver's motion and denied Integretel's. In addition, although no turnover motion had been filed and Integretel had not been

---

6.  R3.

7.  R18; R29; R233.

8.  R243; R246.

9.  R294; R296; R363.

held in contempt, it held that the disputed amounts are receivership assets and ordered Integretel to pay them to the receiver.[10]

Because making the required payment would have jeopardized its ability to remain in business and would have preferred the Receiver over similarly situated creditors, Integretel filed for bankruptcy protection.[11] The district court initially declared that litigation against Integretel was automatically stayed under the Bankruptcy Code.[12] But the next day, without allowing Integretel an opportunity to be heard, the court vacated its stay order and held that the automatic stay did not apply.[13]

## B.  Statement of facts

**Integretel's services and the contracts.** Integretel is a telecommunications billing aggregator. It has contracts with local phone companies ("Telcos") whereby it acts as an intermediary between the Telcos and its clients—independent telecommunications companies and other service providers—so that its clients can have their charges appear on consumers' local phone bills. The clients submit their billing information to Integretel, which forwards the data to the Telcos to be included on their bills. When the Telcos make payments to Integretel, the payments are based on the

---

10. R610.

11. R612.

12. R617.

13. R619.

combined billings and collections for all of Integretel's clients, without any client-by-client breakdown. That allocation is performed by Integretel, which then pays its clients the amounts it determines are due under their respective contracts.[14]

The former clients here are Network One Services, Inc. and Access One Communications, Inc. ("the Former Clients"). Under the customer contracts, Integretel is allowed to withhold from the Former Clients any amounts Integretel allocates to what is called the "IGT Reserve." The IGT Reserve is defined as "an amount withheld, from the amount otherwise owed to Client with respect to Billing Transactions, to protect IGT [Integretel] from credit losses or otherwise to cover reserves or offsets, other than Uncollectibles imposed by a Telco."[15]

The contracts permit Integretel to adjust the reserve levels in its reasonable discretion.[16] They also limit the Former Clients' entitlement to payment on account of the reserves to "any excess IGT Reserve as determined from time to time[.]"[17] Unless Integretel decides in its discretion to lower the reserve levels and release sums previously booked as reserves, the Former Clients' right to be paid on account of any such sums is contingent on various factors. As Integretel's president explained in a

14. R296 at 2.

15. R296 (Dawson Decl.) at 14ecf, 19ecf, 43ecf, 51ecf. (The designation "ecf" indicates that the page number cited is the number in the ECF header.)

16. R296 (Dawson Decl.) at 19ecf § 5(b), 51ecf § 5(b).

17. R296 (Dawson Decl.) at 19ecf § 6, 51ecf § 6.

declaration, "the amount the client is entitled to, if any, can only be finally determined after all expenses, costs, and other charges against the reserve are fully and finally taken account of." He further explained that until the final accounting is completed, the IGT Reserve is merely "a running balance that does not result in an amount due[,]" and that the final accounting for the Former Clients has not yet occurred.[18]

The contracts do not require sums allocated to the IGT Reserve to be segregated or otherwise earmarked; nor do they require Integretel to keep cash reserves sufficient to cover the amount of the IGT Reserve as shown on Integretel's books. It is undisputed that the IGT Reserves are merely bookkeeping entries and that Integretel never set aside an identifiable pool of money constituting the IGT Reserves for the Former Clients.[19]

The Former Clients' contracts include indemnification provisions under which the clients are required to indemnify Integretel from any liabilities, claims, and attorney's fees arising from their breach of the contract or from their billing trans-actions.[20] In addition, each contract includes a provision requiring disputes that cannot be resolved by negotiation to be arbitrated.[21] The only litigation allowed under this

---

18. R296 (Dawson Decl.) at 2.

19. *Id.* at 3.

20. R296 (Dawson Decl.) at 11ecf, 35ecf-36ecf.

21. R296 (Dawson Decl.) at 12ecf, 38ecf, 39ecf.

provision is "an action seeking a temporary restraining order or injunction relating to the purposes of this Agreement, or a suit to compel compliance with this dispute resolution process." Finally, the contracts include a forum-selection clause under which any allowable litigation must be brought in California.[22]

Integretel provided services to Network One for about a month in 2003 and to Access One for seven months in late 2004 and early 2005. In both cases, Integretel stopped providing services after questions arose about the validity of the billing transactions, long before the FTC took any action. Once Integretel did so, payments to the Former Clients were discontinued and all further receipts allocable to their transactions were credited on Integretel's books to the IGT Reserve.[23]

**The FTC lawsuit.** In February 2006 the FTC sued the Former Clients and others associated with them (collectively, "the Nationwide Defendants") for violating the FTC Act by causing consumers to be billed for fraudulent collect-call charges.[24] The complaint sought preliminary and permanent injunctive relief and monetary relief in the form of "restitution, the refund of monies paid, and the disgorgement of ill-gotten monies."[25]

---

22. *Id.*

23. R296 (Dawson Decl.) at 3; R628 at 25ecf.

24. R3.

25. *Id.*

The conduct by the Former Clients that was alleged in the complaint constituted a violation of their contracts with Integretel, which required the Former Clients to comply with all applicable laws and prohibited them from billing for unauthorized charges.[26] Integretel therefore has claims against the Former Clients under the contracts' indemnification provisions. In addition, it can assert tort claims against them for having misrepresented themselves as legitimate service providers.

The FTC did not originally name Integretel as a defendant, but it later amended its complaint to assert claims against Integretel and other aggregators who we will refer to collectively as "BSG."[27] Integretel denies that it violated the FTC Act and contends, among other things, that it did not know (and could not reasonably have known) that the Former Clients' charges were fraudulent. The district court has not yet considered the merits of the FTC's claims against Integretel. There has been no finding that Integretel violated the law or even that the FTC is likely to prevail. The FTC has not moved for interim relief against Integretel.

**The TRO.** On the same day that the FTC filed its original complaint, it sought and received a temporary restraining order against the Nationwide Defendants.[28] The TRO restrained the Nationwide Defendants from continuing to engage in fraudulent

---

26. R296 (Dawson Decl.) at 16-17ecf, 46-48ecf.

27. R255.

28. R18.

-9-

billing, froze their assets, and appointed a temporary receiver ("the Receiver") for the Former Clients and Nationwide Connections, the other corporate defendant.[29] The Receiver was authorized to collect those defendants' assets.[30]

Several provisions of the TRO are relevant. *First,* the TRO required the Nationwide Defendants (but no one else) to turn over to the Receiver "[a]ll assets of the Receivership Defendants[.]"[31] *Second,* the TRO required all billing agents who were served with the order to "cooperate with all reasonable requests of the FTC and the Receiver relating to implementation of this Order, including transferring funds at the Receiver's direction."[32] *Third,* the TRO required anyone served with the order who "holds, controls, or maintains custody of any account or asset of any Defendant" to provide a sworn statement setting forth certain information about "each such account or asset titled in the name . . . of a Defendant, or held on behalf of, or for the benefit of, a Defendant[.]"[33] *Fourth,* the TRO required anyone served with the TRO to "fully cooperate with and assist the Receiver."[34]

---

29. R18 at 10.

30. R18 at 10-11.

31. R18 at 15-16, § X.A.1.

32. R18 at 17, § XI.

33. R18 at 8-9, § VI.

34. R18 at 14, § IX.

The TRO was served on Integretel.[35] Because the TRO's turnover provision applied only to the Nationwide Defendants, it imposed no duties on Integretel, which was not then a defendant. Integretel received no requests to turn over any funds to the Receiver while the TRO was in effect.[36]

Integretel's president, to whom the TRO was sent, did not believe that Integretel held any funds belonging to the Former Clients, that it held any funds on behalf of the Former Clients or for their benefit, or that any money was then due and owing to the Former Clients.[37] He wrote to the FTC stating that the Former Clients "would be entitled to certain proceeds from billing transactions" but that each entity "is in default of [its] contract and, therefore, no amounts are currently due and owing."[38] He also said, "To the extent proceeds become due to [the client] in the future, we will establish a separate bank account into which such funds will be deposited and notify your office accordingly."[39]

**The preliminary injunctions—original and amended.** On March 8, 2006— two days after Integretel's letter to the FTC—the TRO was superseded by a prelim-

---

35. R296 (Dawson Decl.) at 4.

36. R296 (Dawson Decl.) at 5.

37. R296 (Dawson Decl.) at 4-5.

38. R296 (Dawson Decl.) at 97ecf.

39. R296 (Dawson Decl.) at 97ecf.

inary injunction, which made the Receiver's appointment permanent.[40] That injunction was identical to the TRO in all relevant respects except one: the turnover provision was broadened to cover not only the original defendants, but also "any person or entity served with a copy of this Order[.]"[41] Integretel had no advance notice that this change would be made.[42]

Unlike the TRO, this injunction was not served on Integretel.[43] Thus, Integretel was not subject to any order of the district court until seven months later, when it was served with an amended preliminary injunction.[44]

The amended preliminary injunction was identical to the original preliminary injunction in all relevant respects.[45] It had been entered after the FTC amended its complaint to name Integretel as a defendant but before the amended complaint was served. The motion seeking entry of the amended injunction was filed before Integretel was named as a defendant, and Integretel was not given notice of it.[46]

---

40. R29.

41. R29 at 16, § XI.

42. R296 (Dawson Decl.) at 5.

43. R296 (Dawson Decl.) at 5; R394 at 6 n.7.

44. R296 (Gordin Decl.) at 3-4; R296 (Lancellotta Decl.) at 1-2.

45. R233.

46. R176; R296 (Gordin Decl.) at 4.

**The dispute over the reserves.** During the summer of 2006, after the TRO had expired but before Integretel was served with the amended preliminary injunction, Integretel's counsel was in communication with the FTC regarding a subpoena the FTC had served on Integretel in this case.[47] Several times during those discussions he mentioned the IGT Reserve for the Former Clients.[48] On August 29, he informed the FTC of the reserve amounts shown on Integretel's books.[49] However, when Integretel's counsel mentioned the reserve again a month later, counsel for the FTC professed surprise.[50] A few days later, the FTC claimed in a letter that it had learned about the reserves "recently" and asserted that Integretel should pay the amount of the reserves to the Receiver.[51] Integretel disputed the FTC's position,[52] but on October 13—only three days after Integretel was served with the amended preliminary injunction—the Receiver moved that Integretel be ordered to show cause why it

---

47. R296 (Gordin Decl.) at 1-3.

48. *Id.*

49. *Id.* at 2-3.

50. *Id.* at 3.

51. *Id.* at 6.

52. *Id.* at 3.

should not be held in contempt for allegedly violating the TRO and the amended preliminary injunction.[53]

The Receiver contended that Integretel owed the Former Clients the amounts it had booked as reserves and that Integretel was required under the TRO and amended preliminary injunction to pay those amounts to the Receiver. Although the Receiver argued that the reserve amounts were receivership assets, he did not identify any particular *res* as the subject of his claim and did not attempt to show that Integretel was holding any money that could be traced to the Former Clients' transactions.

In a declaration in opposition to the Receiver's motion, Integretel's president explained that Integretel faced the risk of multiple liability arising from the claim being asserted by the FTC, from claims that might be asserted by Telcos (including a potential indemnification claim that had already been asserted by Sprint), and from possible consumer class actions.[54] Integretel argued that if it were compelled to pay the Receiver, most of that money would probably be used for purposes other than paying consumer claims arising from the transactions Integretel had processed, such as the Receiver's administrative fees and expenses, claims from transactions processed by BSG, and the receivership defendants' other debts.[55]

---

53. R243; *see also* R246.

54. R296 (Dawson Decl.) at 6-7.

55. R296 at 39-40.

-14-

In addition to opposing the Receiver's motion, Integretel moved to modify the TRO and preliminary injunctions on the ground that under the Receiver's interpretation, several provisions of those orders were invalid.[56] (Integretel also relied on that argument in opposing the Receiver's motion.) Integretel subsequently moved under the Federal Arbitration Act to stay litigation of any contract-related issues pending arbitration.[57] In addition, Integretel appealed the amended preliminary injunction;[58] that appeal was stayed pending the district court's decision on Integretel's motion to modify.

**The Omnibus Order.** In September 2007, the district court decided the motions discussed above (as well as one relating to BSG) in an "Omnibus Order."[59] The Receiver's show-cause motion was granted and both of Integretel's motions were denied. The court directed Integretel to "provide a sworn statement identifying the amount of reserves as of the issuance of the TRO" and ordered that "these funds shall be placed in a segregated Receivership account."[60] The court did so despite the fact that the Receiver had not filed a turnover motion, that the court had not held a

---

56. R294; R363.

57. R363.

58. R341.

59. R610.

60. R610 at 10.

show-cause hearing or followed the normal procedures under the Federal Rules, and that there was no finding that Integretel was in contempt.

The court's order was issued based on the conclusion that Integretel held the reserves "on behalf of, or for the benefit of" the Former Clients and that those amounts were therefore receivership assets.[61] The court cited no contractual provision supporting this conclusion. Instead, it relied on its general equitable power and its *in rem* jurisdiction over receivership assets.[62] However, the court did not identify any particular *res* as having been held for the Former Clients' benefit or as being subject to the Receiver's supposed interest. Nor did it consider whether Integretel still held any funds that could be traced back to the Former Clients' transactions.

**The bankruptcy filing and the rulings concerning the automatic stay.** Faced with the order to pay the Receiver, Integretel filed for bankruptcy protection in California (where it is based) two days after the Omnibus Order was entered.[63] Four days later, the FTC faxed the district court's chambers an emergency motion seeking a "clarification" that the automatic stay did not apply and told the court's law clerk

---

61. R610 at 3-5.

62. R610 at 4-5, 7.

63. *In re The Billing Resource*, No. 07-52890 (Bankr. N.D. Cal.); *see* R612.

-16-

about the motion by phone.[64] Several hours later, the district court entered an order declaring that the case "is subject to the automatic stay set forth in 11 U.S.C. § 362."[65]

But the next day, the court reversed itself. It vacated the previous day's stay order, granted the FTC's motion, and held that the automatic stay did *not* apply.[66] (We refer to this as "the Clarification Order.") The court acted without notifying Integretel that it was reconsidering its stay order, and without giving Integretel an opportunity to be heard.

In addition to vacating the stay, the Clarification Order made several statements about the Omnibus Order. It described that order as having held that the reserve amounts "are the property of the receivership estate" and that they "are neither the property of the 'bankruptcy estate' nor Integretel."[67] The court did not explain how the Omnibus Order could have drawn any conclusions about Integretel's bankruptcy estate given that the order had been issued before the bankruptcy was filed. The court also did not identify the property that was supposedly excluded from the bankruptcy estate or consider whether Integretel still held any funds traceable to the Former Clients' billing transactions.

---

64. R618, R628 at 52ecf.

65. R617.

66. R 619.

67. R619 at 1, 4.

-17-

The Clarification Order also described the Omnibus Order as having required payment of "the current reserve funds, amounting to $1,762,762.56" and as having required payment to be made "immediately[.]"[68] That description was inaccurate. The Omnibus Order had not said how much was to be paid or when payment was due. Nor had it directed Integretel to pay the "current" reserve amount. Its only reference to the amount of the reserve was to the amount "as of the issuance of the TRO[.]"[69]

Integretel immediately appealed the two orders.[70] It sought a stay from this Court, which initially granted a temporary stay, but ultimately denied Integretel's motion and terminated the temporary stay.

**The bankruptcy-court injunction.** Acting under 11 U.S.C. § 105, which authorizes bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," the bankruptcy court has preliminarily enjoined the Receiver and the FTC from enforcing the Omnibus Order and Clarification Order.[71] The bankruptcy court held that under

---

68. *Id.*

69. R610 at 10; R296 (Dawson Decl.) at 7.

70. R620.

71. Amended preliminary injunction (DE 78), *The Billing Resource v. FTC* (*In re the Billing Resource*), Adv. Pro. No. 07-5156 (Bankr. N.D. Cal. Nov. 28, 2007) (Addendum hereto at A17), *appeal pending*, No. C-07-05758 RMW (N.D. Cal. filed Nov. 30, 2007). *See also* Tr. of telephonic hearing at 16-24 (DE 60), *The Billing Resource v. FTC, supra* (Nov. 5, 2007) (findings and conclusions in support of TRO) (Addendum hereto at A7-16). This injunction is not inconsistent with this Court's denial

28 U.S.C. 1334(e) it has exclusive jurisdiction to determine what is or is not property of the estate and that Integretel is likely to succeed in showing that the funds claimed by the Receiver belong to Integretel's bankruptcy estate. In that regard, it has said that it believes the Receiver will eventually be held to have no more than an unsecured claim and that whatever interest the Omnibus Order may have granted to the Receiver did not divest Integretel of its interest in the commingled funds in its bank accounts. The bankruptcy court has also expressed considerable doubt as to the district court's holding that the Omnibus Order is not subject to the automatic stay.[72]

### C.  Standard of review

The issues here are questions of law, which are reviewed de novo.[73]

---

of a stay pending appeal. Our motion in this Court for a stay argued that the district court had erred in holding that the Omnibus Order was not subject to the Bankruptcy Code's automatic stay under 11 U.S.C. § 362. The bankruptcy court's injunction, on the other hand, is based on § 105 of the Bankruptcy Code, which authorizes injunctions even where the automatic stay does not apply. *See, e.g., In re Gruntz*, 202 F.3d 1074, 1087 (9th Cir. 2000) (en banc).

The bankruptcy court has separately granted a preliminary injunction barring the FTC from prosecuting its enforcement action against Integretel until March 2008. *The Billing Resource v. FTC (In re the Billing Resource)*, 2007 WL 3254835 (Bankr. N.D. Cal. Nov. 2, 2007), *appeal pending*, No. C-07-05758 RMW (N.D. Cal. filed Nov. 8, 2007).

72. Remarks from the bench, *The Billing Resource v. Federal Trade Commission (In re the Billing Resource)*, Adv. Pro. No. 07-5156 (Bankr. N.D. Cal. Nov. 21, 2007) (transcript not yet available).

73. *E.g., In re Advanced Telecommunication Network, Inc.*, 490 F.3d 1325, 1332 n.4 (11th Cir 2007); *Young v. New Process Steel, LP*, 419 F.3d 1201, 1203 (11th Cir. 2005).