SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MICHAEL H. AHRENS, Cal. Bar No. 44766
STEVEN B. SACKS, Cal. Bar No. 98875
JEFFREY K. REHFELD, Cal. Bar No. 188128
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone:   415-434-9100
Facsimile:   415-434-3947
Email:       mahrens@sheppardmullin.com
             ssacks@sheppardmullin.com

Attorneys for The Billing Resource, dba Integretel

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| THE BILLING RESOURCE, dba Integretel, a California corporation,<br><br>Debtor-Plaintiff-Appellee<br><br>v.<br><br>FEDERAL TRADE COMMISSION, et al.<br><br>Defendant-Appellant | Case No. 07-CIV-5758-JW<br><br><u>Applicable Hearing Date Alleged by Integretel</u><br><br>DATE:  March 10, 2008<br>TIME:  9:00 a.m.<br>Place:  280 S. First Street<br>          San Jose, CA<br>Judge:  Hon. James Ware<br>          Courtroom 8- 4th Floor<br><br><u>Applicable Hearing Date Alleged by FTC and Disputed by Integretel</u><br><br>DATE:  February 4, 2008<br>TIME:  9:00 a.m.<br>Place:  280 S. First Street<br>          San Jose, CA<br>Judge:  Hon. James Ware<br>          Courtroom 8- 4th Floor |

On Appeal from the United States Bankruptcy Court for the Northern District of California,
No. 07-52890-ASW, Adversary Proceeding No. 07-5156

**PLAINTIFF-APPELLEE THE BILLING RESOURCE, dba INTEGRETEL's RESPONSE TO MOTION TO EXTEND TIME FOR FILING REPLY MEMORANDUM BY FEDERAL TRADE COMMISSION FROM JANUARY 21 UNTIL JANUARY 23, 2008**

W02-WEST:FJR\400667382.4

Case No. 07-CIV- 5758-JW

PLAINTIFF-APPELLEE THE BILLING RESOURCE, dba INTEGRETEL's LIMITED OPPOSITION TO FTC MOTION TO EXTEND TIME . . .

1    The Billing Resource d/b/a Integretel ("Integretel") files this response to the Federal Trade Commission's ("FTC") "Motion to Extend Time for Filing Reply Memorandum by Federal Trade Commission from January 21 Until January 23, 2008" (the "Extension Motion," Docket Item No. 45) in order to seek clarification of the hearing date on the FTC's second motion for a stay pending appeal.

Integretel files this response because the Extension Motion, and the proposed Order submitted by the FTC in connection therewith, assumes that the hearing on the FTC's motion for a stay pending appeal of the bankruptcy court's November 27, 2007 preliminary injunction will be heard on February 4, 2008. Integretel understands the Court's order of January 3, 2008 to instead only set a hearing for the FTC's earlier motion for stay pending appeal of the bankruptcy court's November 7, 2007 preliminary injunction. If that is the case, then the second motion would be heard by this Court on March 10, 2008.

On January 3, 2008 this Court issued its "Order Granting Appellant's Motion for Accelerated Hearings on Motions" (the "January 3 Order," Docket Item No. 41). Integretel understands the January 3 Order to set for accelerated hearing on February 4 a combined motion previously filed by the FTC comprised of: (1) a motion for stay pending appeal of the November 7, 2007 preliminary injunction; and (2) a motion to change venue. Neither of those two motions is the FTC's motion for stay of appeal of the bankruptcy court's November 27 order which underlies the FTC's present Extension Motion.

Accordingly, Integretel requests that the Court clarify whether the January 3 Order sets the FTC's motion for stay pending appeal as to the November 27, 2007 preliminary injunction for hearing on February 4, 2008. If the hearing on that motion is so set, then Integretel has no opposition to the FTC's request to file its reply brief two days later than the ordinary deadline.

-1-

W02-WEST:FJR\400667382.4
Case No. 07-CIV- 5758-JW

PLAINTIFF-APPELLEE THE BILLING RESOURCE, dba INTEGRETEL's RESPONSE TO FTC's MOTION TO EXTEND TIME . . .

**PROCEDURAL AND FACTUAL BACKGROUND**

1. <u>The FTC's First Appeal – FTC's Appeal of November 7 Preliminary Injunction Order</u>.

On November 7, 2007, the bankruptcy court in the underlying bankruptcy case issued that certain "Order Granting Motion for Preliminary Injunction" (the "November 7 Order"). Among other relief, the November 7 Order preliminarily enjoined the FTC through March 14, 2008 from continuing its prosecution of an action pending against Integretel in the Southern District of Florida (the "Florida Action"). On November 8, 2007, the FTC filed a notice of appeal of the November 7 Order. (<u>See</u> Docket Item No. 1). The district court case commenced on the FTC's appeal of the November 7 Order was initially assigned to Judge Whyte.

On November 15, 2007, the FTC filed a combined motion for stay pending appeal and change of venue with respect to the FTC's appeal of the November 7 Order. (<u>See</u> Docket Item No. 3).

2. <u>The FTC's Second Appeal – FTC's Appeal of November 27 Preliminary Injunction Order</u>.

Thereafter, on November 28, 2007, the bankruptcy court issued another preliminary injunction entitled "Amended Order Granting Preliminary Injunction" following a hearing on November 27, 2007 (the "November 27 Order").[1] The November 27 Order granted relief which had not been included as part of the November 7 Order, preliminarily enjoining the FTC and a receiver from enforcing an omnibus order and a clarification order which had been issued in the Florida Action. On November 28, 2007, the FTC filed a notice of appeal of the November 27 Order. (<u>See</u> Docket Item No. 11). The FTC's appeal

---

[1] The designation of the order as "amended" refers to the fact that the bankruptcy court had issued a similar order on November 26, 2007, which was then amended. The November 27 Order does not amend or affect the November 7 Order but provides separate relief to Integretel.

of the November 27 Order was included in the same district court case as the FTC's prior appeal of the bankruptcy court's November 7 Order.

The receiver also filed his own appeal of the November 27 Order. That appeal was assigned Case No. 07-6210 JF.[2]

3. <u>Reassignment of this Case to this Court</u>.

Judge Whyte subsequently issued an order recusing himself from this case. (<u>See</u> Docket Item No. 27). This case was reassigned to this Court. (<u>See</u> Docket Item No. 28).

4. <u>The FTC's Application to Accelerate Hearing re the FTC's Motion for Stay of Appeal and Change of Venue in connection with the FTC's Appeal re November 7 Order</u>.

After this case was assigned to this Court, on December 13, 2007, the FTC filed its "Federal Trade Commission's Application for Accelerated Consideration of Its Motion for Stay Pending Appeal of the Bankruptcy Court's November 7, 2007, Preliminary Injunction." (Docket Item No. 30). The FTC did not file a similar motion after reassignment of this case to this Court requesting an accelerated hearing with respect to the FTC's motion for stay pending appeal of the bankruptcy court's November 27 Order.[3]

On December 21, 2007, the FTC filed, in connection with the FTC's first appeal, its "Re-Notice of Defendant-Appellant Federal Trade Commission's Combined Motions for Stay Pending Appeal of the Bankruptcy Court's November 7, 2007, Preliminary Injunction and for Change of Venue Pursuant to 28 U.S.C. § 1412" and scheduled those combined motions for hearing on March 10, 2008. (<u>See</u> Docket Item No. 38).

On the same date, the FTC filed, in connection with the FTC's second appeal, a separate "Re-Notice of Defendant-Appellant Federal Trade Commission's Motion for Stay

---

[2] Integretel expects that this appeal will be consolidated with the earlier-filed FTC appeal in this Court.

[3] The FTC had filed an earlier motion with regard to its second motion for stay pending appeal asking that the hearing be held on December 21, 2007, when Judge Whyte had originally scheduled a hearing on the first motion.

Case No. 07-CIV-5758-JW -3-
W02-WEST:FJR\400667382.4

PLAINTIFF-APPELLEE THE BILLING RESOURCE,
dba INTEGRETEL's RESPONSE TO FTC's MOTION
TO EXTEND TIME . . .

Pending Appeal of the Bankruptcy Court's November 27, 2007, Preliminary Injunction" and scheduled that motion for hearing on March 10, 2008. (<u>See</u> Docket Item No. 39).

5.    <u>The January 3 Order</u>.

On January 3, 2008, this Court issued its January 3 Order. (<u>See</u> Docket Item No. 41). The FTC alleges in its Extension Motion that the January 3 Order scheduled for hearing on February 4, 2008 the FTC's motion for stay pending appeal of the November 27 Order. (<u>See</u>, <u>e.g.</u>, Extension Motion at caption page & at page 1 ¶¶ 1-2; proposed order granting Extension Motion at caption page & at page 1). Integretel did not understand the January 3 Order to do so and believes instead the January 3 Order only accelerated for hearing the FTC's combined motion for stay pending appeal and change of venue the FTC had filed with respect to its first appeal pertaining to the November 7 Order.

## **ARGUMENT**

A.    <u>The Extension Motion Incorrectly Asserts that the January 3 Order Set a Hearing on February 4, 2008 Regarding the FTC's Second Motion for Stay Pending Appeal</u>.

The only motion acted on by the Court in the January 3 Order was the FTC's motion to accelerate consideration of its first motion for a stay pending appeal. The January 3 Order does contain references to the November 27 Order but these appear simply to be inadvertent references due to the confusing series of filings arising from the fact that two appeals and two sets of motions have been included under one case number. The January 3 Order, read in its entirety and in light of the procedural background of this case, grants accelerated consideration only with the respect to the FTC's combined motion for stay pending appeal and for change of venue which the FTC filed with respect to the November 7 Order. The January 3 Order does not appear to set for accelerated hearing on February 4 the FTC's motion for stay pending appeal of the November 27 Order.

The first paragraph of the January 3 Order, though mentioning the November 27 Order, states that the Court was considering Docket Item No. 30, which was the motion the FTC filed on December 13 after reassignment of this case requesting an accelerated

1  hearing on the FTC's motion for stay pending appeal of the November 7 Order.  (See
2  Docket Item No. 41, ¶ 1).

3      The second paragraph of the January 3 Order provides that the FTC brought an
4  enforcement action against Integretel in the Southern District of Florida defining such
5  action as the "Florida Action" and cites ¶ 1 of the "Motion" for that statement.  (See
6  Docket Item No. 41, ¶ 2).  That statement is consistent with ¶ 1 of the FTC's December 13
7  motion requesting an accelerated hearing on the FTC's motion for stay pending appeal of
8  the November 7 Order.  (See Docket Item No. 30, ¶ 1).

9      Similarly, the last two sentences of the second paragraph and first two sentences of
10  the third paragraph of the January 3 Order provide:

> [O]n November 8, 2007, the Bankruptcy Court issued a preliminary injunction preventing the FTC from prosecuting the Florida action against Integretel.  (See Docket Item No. 1.)  The Bankruptcy Court denied the FTC's motion to stay the injunction pending appeal.  (Id.)
>
> On November 14, 2007, the FTC appealed the injunction to the District Court for the Northern District of California.  (Id.).  The case was assigned to Judge Whyte.  (Id.).

(See Docket Item No. 41, at 2-3).  Each of these sentences refers to the FTC's first appeal, i.e., the FTC's appeal of the November 7 Order, and not to the FTC's appeal of the November 27 Order.[4]

The final paragraph of the January 3 Order provides:

> The FTC now moves the Court to accelerate consideration of its pending motion to stay. (Motion at 2.)  For good cause, the Court grants FTC's motion.  FTC's Motion to Change Venue and Motion to Stay shall be heard on February 4, 2008 at 9:00 A.M.

Thus the relief granted by the January 3 Order refers to the motions the FTC filed with respect to its appeal of the November 7 Order, not any motion the FTC filed with

---

[4] The third paragraph does include a sentence referring to a motion to stay filed by the FTC on November 30 and refers to Docket Item No. 13.

Case No. 07-CIV- 5758-JW                      -5-
W02-WEST:FJR\400667382.4                          PLAINTIFF-APPELLEE THE BILLING RESOURCE,
                                                  dba INTEGRETEL's RESPONSE TO FTC's MOTION
                                                  TO EXTEND TIME . . .

respect to its appeal of the November 27 Order. The January 3 Order does not grant an accelerated hearing on two different motions for stay pending appeal.

B. <u>Integretel Does Not Oppose the FTC's Filing a Reply Brief on January 23 if the Hearing on the Second Stay Motion is on February 4, 2008</u>.

If Integretel has misconstrued the January 3 Order such that the second motion for stay pending appeal is set for February 4, 2008, then it does not oppose the FTC's request to file its reply brief two days later than the ordinary deadline for a reply in connection that hearing date. If the hearing date on the second stay motion is on March 10, then the applicable deadline is February 25 (i.e., two weeks prior to March 10) (see, Docket Item No. 39), not January 21 as alleged by the FTC in its Extension Motion pleadings.

## CONCLUSION

So that the parties can properly prepare for the February 4 hearing, Integretel respectfully requests the Court clarify whether the January 3 Order placed on the Court's February 4 calendar the FTC's motion for stay pending appeal of the November 27 Order.

Dated: January 16, 2008

                                            Respectfully submitted,

                                            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By          /s/ Steven B. Sacks
               STEVEN B. SACKS
      Attorneys for Debtor/Plaintiff/Appellee
   THE BILLING RESOURCE, dba INTEGRETEL.