WILLIAM BLUMENTHAL
General Counsel

JOHN F. DALY
Deputy General Counsel - Litigation

JOHN ANDREW SINGER
Attorney - Office of the General Counsel
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC  20580
Telephone:  (202) 326-3234
Facsimile:   (202) 326-2447
Email: jsinger@ftc.gov

MICHAEL MORA
JULIE MACK
Attorneys - Division of Enforcement
Bureau of Consumer Protection

ATTORNEYS FOR FEDERAL TRADE COMMISSION

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| THE BILLING RESOURCE d/b/a INTEGRETEL, <br><br> Debtor-Plaintiff-Appellee, <br><br> v. <br><br> FEDERAL TRADE COMMISSION et al., <br><br> Defendant-Appellant. | No. 5:07-CIV-5758-JW <br><br> Date:  February 4, 2008 <br> Time:  9:00 a.m. <br> Place: 280 S. First Street <br>          San Jose, CA <br> Judge: Hon. James Ware <br> Courtroom: 8 - 4th Floor |

On Appeal from the United States Bankruptcy Court for the Northern District of California, No. 07-52890, Adversary Proceeding No. 07-5156 (Weissbrodt)

**DEFENDANT-APPELLANT FEDERAL TRADE COMMISSION'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR STAY PENDING APPEAL OF THE BANKRUPTCY COURT'S NOVEMBER 27, 2007, PRELIMINARY INJUNCTION**

In its initial memorandum in support of its stay motion ("FTC Memo")(Dkt Item 14),[1] the Commission demonstrates that a stay should issue because the bankruptcy court abused its discretion by basing its November 27 preliminary injunction on an incorrect legal standard and on clearly erroneous findings of fact. *Contractors' State License Bd. of Cal. v. Dunbar*, 245 F.3d 1058, 1061 (9th Cir. 2001). In this reply, the Commission responds to certain points raised in Integretel's opposition and also incorporates citations to the various hearing transcripts leading up to the preliminary injunction which were not available at the time the Commission filed its initial memorandum.

**INTEGRETEL IGNORED THIS COURT'S ESTABLISHED STANDARD FOR STAY MOTIONS**

This Court has established that the usual standard for granting injunctive relief applies to a stay motion. *In re Dudley*, 2006 WL 862932 at *2 (N.D. Cal. 2006). Thus, to obtain a stay pending appeal the Commission must show: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits are raised and the balance of the hardships tips sharply in its favor. *Id.*

Ignoring *Dudley*, Integretel contends that this Court must limit its analysis to whether the bankruptcy court abused its discretion in denying the Commission's initial stay motion to the bankruptcy court, citing *In re Irwin*, 338 B.R. 839 (E.D. Cal. 2006). This argument also ignores the plain language of Fed. R. Bankr. P. 8005, that while an enjoined party must "ordinarily" seek a stay from the bankruptcy court "in the first instance," such "[a] motion for such relief . . . may [then] be made to the district court," with an explanation of why a stay was not obtained from the bankruptcy judge. Thus, Integretel's argument ignores the well-established procedure that while an enjoined party must initially move for a stay pending appeal in the bankruptcy court, if that court denies the stay then

---

[1] This Reply uses the same abbreviations and short form references as the FTC Memo.

the enjoined party may renew its motion with the district court (the enjoined party does not appeal the denial of a stay motion by a bankruptcy court to a district court).  *See BC Brickyard Assocs. v. Ernst Home Ctr., Inc.*, 221 B.R. 243, 248 (9th Cir. BAP 1998) (concurring opinion).[2]

### THE BANKRUPTCY COURT APPLIED THE WRONG LEGAL STANDARD

The bankruptcy court erred by wholly ignoring the principle that law enforcement actions otherwise exempted from the automatic stay of the bankruptcy code pursuant to 11 U.S.C. § 362(b)(4) – such as the enforcement (through a contempt proceeding) of the Florida District Court's *in rem* injunction requiring the turnover of receivership property in the Commission's consumer protection law enforcement action – can only be enjoined pursuant to the authority of 11 U.S.C. § 105 in limited circumstances, none of which is present here.  *See* FTC Memo (Dkt Item 14) at 15-18.

The bankruptcy court further erred by incorrectly holding that any type of law enforcement action exempted from the automatic stay may be enjoined under § 105 when it "threatens" the assets of the bankruptcy estate.  FTCX 13 at 22.  First, the bankruptcy court erred because the Reserve Funds at issue are the property of the receivership in the Commission's Enforcement Action – the funds are not and never have been the property of Integretel or its bankruptcy estate.  FTC Memo (Dkt Item 14) at 10-15.  Second, the bankruptcy court erred because the case it relied upon, *In re First Alliance Mortgage Co.*, 264 B.R. 634 (C.D. Cal. 2001) ("*FAMCO*"), improperly relied upon cases predating a 1998 amendment to the § 362(b)(4) law enforcement exemption to the automatic stay.  These cases, cited in *FAMCO* at 264 B.R. at 652, have little if any precedential value for the type of law

---

[2] If there were some merit to the suggested "abuse of discretion" review standard, the Commission would easily meet it since the bankruptcy court denied the Commission's oral stay application by tersely stating, "[T]he stay is denied, otherwise it would defeat the purpose of the injunction." Dkt Item 29 at 66:16-23.   In contrast, in *Irwin* the bankruptcy court's decision to deny a stay application was supported by detailed findings of fact and conclusions of law.  338 B.R. at 844-45.

enforcement action at issue here.  The 1998 amendments to § 362(b)(4) expanded the scope of the law enforcement exemption to include actions otherwise stayed under § 362(a)(3) "to obtain *possession* of property of the estate . . . or to exercise *control* over property of the estate."  *United States v. Klein*, 264 B.R. 565, 570 (9th Cir. BAP 2001) (emphasis added); *SEC v. Brennan*, 230 F.3d 65, 74 (2d Cir. 2000).  With this amendment, an *in rem* action in a law enforcement proceeding, such as the enforcement through a contempt proceeding of the Florida District Court's turnover order against Integretel in the Commission's Enforcement Action, is exempt from the automatic stay.  *Klein*, 264 B.R. at 571 (civil asset forfeiture proceeding ancillary to criminal case is *in rem* action exempt from the automatic stay under § 362(b)(4)).  Indeed, the Florida District Court so held in its September 21 Order.  FTCX 11 at 2-4.  Thus, any authority for the proposition that such an *in rem* law enforcement action may be enjoined under § 105 because it "threatens" the assets of the bankruptcy estate has been superseded by statute.

**THE BANKRUPTCY COURT ERRED IN HOLDING THAT THE FLORIDA DISTRICT COURT ONLY FOUND THAT THE RECEIVER HAD AN "ABSTRACT" INTEREST IN THE RESERVE FUNDS**

A keystone to the November 27 preliminary injunction (and Integretel's Opposition ) was the bankruptcy court finding that the Florida District Court's pre-petition September 14 Order only determined that the Receiver had a mere "abstract" interest in the Reserve Funds – not a quantifiable amount of funds being held by Integretel on behalf of Enforcement Action Defendants Access One and Network One.  Dkt Item. 24 at 12:25-13:2.  The bankruptcy court *twice* emphasized that the Receiver's interest could only be abstract in nature because the Florida District Court's September 14 Order did not require Integretel to pay a specific amount to the Receiver.  *Id.* at 15:11-18 ("The [September 14] order does not require [Integretel] to pay any specific amount of funds to the Receiver . . . The Florida Court described such reserves, but did not quantify them."), 17:15-16 ("I say that that [the amount of

the reserve funds] was totally unquantified in the [September 14] Order.").

In fact, the Florida District Court's September 14 Order precisely determined the amount of Reserve Funds that Integretel improperly failed to turn over to the Receiver pursuant to its prior orders:

> Integretel did not advise either the Receiver or FTC that it was holding reserves. Rather its president informed the FTC on March 6, 2006 that "no amounts are currently due and owing" to Access One and Network One. As of August 26, 2006, Integretel was holding $1,186,430.36 in reserves for Access One and $173,918.66 in reserves for Network One. These amounts have increased, and as of June 30, 2007, the reserve amount being held by Integretel . . . is $1,762,762.56.

FTCX 7 at 2.

Thus, the September 14 Order could not be more clear that $1,762,762.56 of the funds in Integretel's accounts were *not* the property of Integretel but, rather, were the property of Access One and Network One and should have be turned over to the Receiver by Integretel under the Florida District Court's prior injunctive orders.

### THE BANKRUPTCY COURT ERRED IN HOLDING THAT THE FLORIDA DISTRICT COURT'S SEPTEMBER 14 ORDER DID NOT HAVE COLLATERAL ESTOPPEL EFFECT

Following from its erroneous finding that the Florida District Court did not quantify the amount of Reserve Funds being held by Integretel on behalf of Access One and Network One, the bankruptcy court held that the Florida District Court's September 14 Order did not have a collateral estoppel effect. Dkt Item 24: 12-15-13:11. The bankruptcy court summarily concluded (as does Integretel's Opposition) that the Florida District Court did not resolve the question of the ownership of the Reserve Funds. As indicated in the prior section and in the FTC Memo (Dkt Item 14) at 10-16, to the contrary this is precisely what the Florida District Court held in its September 14 Order – it categorically determined that $1,762,762.56 of the funds in Integretel's accounts were (and are) the property of Enforcement Action defendants Access One and Network One. Further, pursuant to the

Florida District Court's injunctive orders preceding its September 14 Order, these funds should have been turned over to the Receiver.

### THE PRELIMINARY INJUNCTION DOES NOT PRESERVE THE BANKRUPTCY COURT'S JURISDICTION

The bankruptcy court's November 27 preliminary injunction also cannot be justified as an attempt by the bankruptcy court to "preserve[] its jurisdiction." Integretel Opp. (Dkt Item 36) at 1. The preliminary injuction only serves (improperly) to *expand* the bankruptcy court's jurisdiction. *See* FTC Memo (Dkt Item 14) at 14-16. Rather than broadly expanding the jurisdiction of a bankruptcy court, 28 U.S.C. § 1334(e)(1) *limits* such jurisdiction only to the "property of the debtor * * * as of commencement of" the bankruptcy proceeding. *Id.* Since the Florida District Court's September 14 Order unambiguously held that $1,762,762.56 of the funds in Integretel's accounts were (and are) the property of Access One and Network One, these funds plainly are not part of Integretel's bankruptcy estate and, therefore, cannot be subject to the jurisdiction of the bankruptcy court. The bankruptcy court fundamentally erred by ignoring the collateral estoppel effect of the September 14 Order and expanding its jurisdiction based upon its "personal" opinion that the September 14 Order was "wrong." ("And I now have this district court order which you know, in my personal opinion is incorrect in that these appear to be funds that belong to the [bankruptcy] estate. But now what do I do with that?" – FTCX 18 at 20:17-20).

The bankruptcy court further erred by holding that Integretel's bankruptcy filing divested the Florida District Court of its *in rem* jurisdiction over the assets of the receivership estate, and the jurisdiction to enforce its own *in rem* injunctive orders requiring entities holding receivership property, such as Integretel, to turn the property over to the Receiver. In addition to the reasons discussed in the FTC Memo (Dkt Item 14) at 12-15, in an analogous case relying on the Ninth Circuit's decision in

*CFTC v. Co Petro Marketing,* 700 F.2d 1279, 1283 (9th Cir. 1983), the court in *SEC v. Elmas Trading Corp.*, 620 F. Supp. 231, 240-41 (D. Nev. 1985), held that the filing of a bankruptcy petition by an entity involved in a securities law enforcement action did not divest the district court's jurisdiction to include the debtor, and its assets, within the receivership estate in the securities law enforcement action. In *Elmas Trading*, the court held that the defendant's argument that the court was divested of jurisdiction by the defendant's filing a bankruptcy petition pursuant to 28 U.S.C. § 1471(e) (the predecessor to § 1334(e)(1)) was "wholly without merit" because the action before the district court, brought by the SEC in its regulatory capacity, was excepted from the automatic stay under § 362(b)(4). The argument rejected by the *Elmas Trading* court is precisely the same argument that Integretel made and the bankruptcy court erroneously adopted here. Moreover, the *Elmas Trading* court was acting on the motion by the receiver appointed by that district court in the SEC's enforcement action relating to the scope of the receivership estate, 620 F.Supp. at 232, just as the proceeding in the Florida District Court at issue here involves the Receiver's motion to hold Integretel in contempt in the Commission's Enforcement Action for failing to turn over receivership property.

**THE BANKRUPTCY COURT ERRED BY IMPROPERLY FAILING TO GIVE MORE WEIGHT TO THE PUBLIC INTEREST**

The bankruptcy court erred by failing to give appropriate weight to the harms resulting to the Commission and the public interest by enjoining the contempt proceeding. The Ninth Circuit repeatedly has directed that, in the context of injunctions relating to Commission law enforcement actions, "when a district court balances the hardships of the public interest against a private interest, the public interest should receive greater weight." *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1236 (9th Cir. 1999), *citing FTC v. World Wide Factors, Ltd.*, 882 F.2d 344, 347 (9th Cir. 1989). Obviously, the public interest in preserving the Reserve Funds, which are the revenues from consumers who were

deceived or unfairly duped through the telephone bill cramming scheme that is the subject of the Commission's Enforcement Action and which will be used for consumer redress, is substantial – certainly much greater than the interest of any private creditor that voluntarily chose to do business with Integretel. The public interest is also served by holding parties accountable for their contumacious conduct when they repeatedly violate a district court's injunctive orders in a government law enforcement action, as Integretel has done here.

### THE BANKRUPTCY COURT ERRED BY SUPPLANTING THE ELEVENTH CIRCUIT'S ROLE AS THE PROPER FORUM TO ADDRESS THE PROPRIETY OF THE FLORIDA DISTRICT COURT'S SEPTEMBER 14 ORDER

Integretel initially sought to negate the September 14 Order through an appeal and motion for stay pending appeal to the Eleventh Circuit. Even while pursuing a stay from the Eleventh Circuit, Integretel filed its bankruptcy petition and commenced its parallel adversary proceeding seeking to enjoin the Commission (and the Receiver) from continuing to pursue a contempt proceeding against Integretel before the Florida District Court. After temporarily granting Integretel's motion, the Eleventh Circuit, following merits briefing, vacated the stay on November 5, 2007. FTC Memo (Dkt Item 14) at 6. Denied relief by the Eleventh Circuit, Integretel immediately sought and obtained expedited relief from the bankruptcy court in the pending adversary proceeding – indeed, the bankruptcy court entered a temporary restraining order on November 5, that, in effect, put back in place the stay vacated by the Eleventh Circuit within four hours of the Eleventh Circuit's order vacating the stay. FTC Memo (Dkt Item 14) at 6-7.

The bankruptcy court entered the November 5 TRO even though it knew that it was effectively reversing the Eleventh Circuit. *See* FTCX 13 at 58:6-18 (on November 2 the bankruptcy court declined to issue a preliminary injunction concerning the contempt proceeding because it would be

duplicative of the then in effect temporary stay from the Eleventh Circuit). At a hearing on November 21, 2007, the bankruptcy court, after announcing it had prepared a draft preliminary injunction order enjoining the contempt proceeding, then declined to enter the order because:

> The argument that the Eleventh Circuit has before it now, the propriety of the Florida District Court's [September 14] order before it, and that the Eleventh Circuit has granted and lifted a stay. And that the argument is that *what the Eleventh Circuit does in terms of the stay issue is either identical to or very similar to what this Court would do in the context of issuing an injunction*.

Dkt Item 23 at 14:11-17 (emphasis added).

Unable or unwilling to make a decision on Integretel's preliminary injunction motion and unable to broker a deal between the parties that would obviate the need for a ruling, the bankruptcy court continued the hearing until after the Thanksgiving weekend. On November 26, 2007, the bankruptcy court initially decided not to issue a preliminary injunction, holding that, as a matter of comity, it would be inappropriate for it to enjoin the Commission and the Receiver from pursuing the contempt proceeding against Integretel and thereby prohibit the Florida District Court from enforcing its own order. Dkt Item 24 at 45:11-24. After a colloquy with counsel and a brief recess, however, the court, incredibly, reversed itself, and issued the very preliminary injunction that it had just a few minutes before ruled it would not issue. *Id*. at 62:7-25.[3] The next day, November 27, 2007, the bankruptcy court convened yet another hearing and read a "revised" decision into the record that purportedly supported the issuance of the injunction. That decision was essentially identical to the initial decision read into the record by the bankruptcy court on November 26, which purportedly

---

[3]The bankruptcy court not only enjoined the Commission and the Receiver from pursuing the contempt proceeding against Integretel in the Florida District Court, it enjoined them from having any communication with the Florida District Court concerning Integretel without the approval of Integretel. Thus, the bankruptcy court prohibited the Receiver appointed by the Florida District Court in the Enforcement Action from having unfettered communication with the very court that appointed him.

8

supported *not* issuing the preliminary injunction. *Compare* Dkt. Item 24 at 5:7- 26:1 (revised decision) to Dkt Item 29 at 27:14-45:24 (original decision).

The Florida District Court unambiguously held in its September 14 Order that Integretel was holding $1,762,762.56 in Reserve Funds that are the property of the receivership estate in the Commission's Enforcement Action. Integretel appealed this Order to the Eleventh Circuit and sought a stay pending appeal. The Eleventh Circuit denied Integretel's stay motion. As a result, the propriety of the September 14 Order (and whether its effect should have been stayed pending appeal) are squarely within the Eleventh Circuit's jurisdiction. The bankruptcy court's November 27 preliminary injunction improperly encroached on this jurisdiction.[4]

Moreover, by collaterally attacking the decisions of the Florida District Court and the Eleventh Circuit through a parallel bankruptcy proceeding filed only when Integretel faced an imminent finding that it was in contempt, Integretel gamed the legal system by improperly using the bankruptcy process to attempt to overturn unfavorable rulings. The Ninth Circuit unambiguously teaches that bankruptcy is not to be "a haven for wrongdoers." *Co-Petro Mrktng Group*, 700 F.2d at 1283.

**CONCLUSION**

For the reasons set out above and in the FTC Memo, this Court should grant the Commission's

---

[4] The "conflicts" between courts noted in Integretel's Opposition (Dkt Item 36) at 1 thus are entirely of the bankruptcy court's own making because of its failure to be bound by collateral estoppel and by its exceeding its statutory jurisdiction. As noted in the Commission's change-of-venue motion, the easiest and most effective method for avoiding such conflicts is to transfer venue for this adversary proceeding to the Southern District of Florida so that all of these issues are before sole court that has the jurisdiction to resolve both the Commission's Enforcement Action and any bankruptcy issues that relate to the Enforcement Action. Integretel recently set up the potential for another such "conflict" by amending its adversary proceeding complaint to request that the bankruptcy court enter a declaratory judgment that the Receiver and Commission have no interest in the Reserve Funds, in direct contradiction of the Florida District Court's September 14 and 21 Orders.

motion for a stay pending appeal of the bankruptcy court's November 27 preliminary injunction.

                                                Respectfully submitted,

WILLIAM BLUMENTHAL
General Counsel

JOHN F. DALY
Deputy General Counsel - Litigation

                 /S/
JOHN ANDREW SINGER
Attorney - Office of the General Counsel
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC  20580
Telephone:  (202) 326-3234
Facsimile:  (202) 326-2447
Email: jsinger@ftc.gov

MICHAEL MORA
JULIE MACK
Attorneys - Division of Enforcement
Bureau of Consumer Protection

ATTORNEYS FOR FEDERAL TRADE COMMISSION