Howard Kollitz [State Bar No. 059611],
Walter K. Oetzell [State Bar No. 109769] and
Steven J. Schwartz [State Bar No. 200586] of
DANNING, GILL, DIAMOND & KOLLITZ, LLP
2029 Century Park East, Third Floor
Los Angeles, California 90067-2904
Telephone:  (310) 277-0077
Facsimile:  (310) 277-5735
Email:   woetzell@dgdk.com
Email:   sschwartz@dgdk.com

Attorneys for Defendant, David R. Chase, as Receiver

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>THE BILLING RESOURCE, dba Integretal, a California corporation,<br><br>Debtor.<br><br>___<br><br>THE BILLING RESOURCE, dba INTEGRETEL, a California corporation,<br><br>Plaintiff/Appellee,<br><br>vs.<br><br>FEDERAL TRADE COMMISSION, and DAVID R. CHASE, not individually, but solely in his capacity as receiver for Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., et. al,<br><br>Defendants/Appellant. | USDC Case No. 5:07-cv-05758-JW<br><br>Bankruptcy Case No. 07-52890-ASW<br><br>[Chapter 11]<br><br>Adv. Proc. No. 07-05156 ASW<br><br>**JOINDER OF DEFENDANT DAVID R. CHASE, FEDERAL RECEIVER, IN MOTIONS OF DEFENDANT-APPELLANT FEDERAL TRADE COMMISSION FOR STAY PENDING APPEAL OF THE BANKRUPTCY COURT'S NOVEMBER 27, 2007 PRELIMINARY INJUNCTION AND FOR CHANGE OF VENUE PURSUANT TO 28 U.S.C. § 1412**<br><br>Date: February 4, 2008<br>Time: 9:00 a.m.<br>Place: 280 S. First Street<br>         San Jose, CA<br>Judge: Hon. James Ware<br>Ctrm: 8 – 4th Floor |

On Appeal from the United States Bankruptcy Court for the Northern District of California, No. 07-52890, Adversary Proceeding No. 07-5156 (Weissbrodt)

-1-

319742.01 [XP]    24774

David R. Chase, not individually, but solely in his capacity as Receiver for Nationwide Connections, Inc., Access One Communications, Inc., Network One Services and other related entities ("the Federal Receiver") defendant and appellant in the related appeal pending in the United States District Court for the Northern District of California, No. 5:07-cv-6210-JF (the "Federal Receiver's Appeal") hereby joins in the Federal Trade Commission's Motion for Stay Pending Appeal of the Bankruptcy Court's November 27, 2007 Preliminary Injunction and for Change of Venue Pursuant to 28 U.S.C. § 1412 (the "FTC").

The Federal Receiver is an interested party to this appeal, since the appeal relates to an order entered on or about November 30, 2007[1] granting The Billing Resource, dba Integretel (the "Debtor" or "Integretel") a Preliminary Injunction against both the Federal Receiver and the FTC (the "Preliminary Injunction Order"), in respect of proceedings pending in the United States District Court for the Southern District of Florida. These proceedings comprise two actions. The first was an action by the FTC against Debtor for certain deceptive billing practices (the "FTC Action"). The second was the Federal Receiver's attempt to compel the Debtor to comply with an order of the Florida District Court requiring turnover of the funds described below (the "Contempt Proceedings").

As to the Contempt Proceedings, the Federal Receiver was appointed receiver of numerous entities by the District Court in Florida in the Federal Action. On September 14, 2007, the District Court in Florida entered its Omnibus Order, over the opposition of Integretel, whereby, among other things, it was ordered as follows:

(i)    Integretel must show cause in the Federal Action why it should not be held in contempt for failure to comply with prior orders of the District Court in Florida;

---

[1] The Preliminary Injunction at issue was signed on November 27, 2007, and entered on November 30, 2007.

-2-

319742.01 [XP]    24774

    (ii)    Integretel should immediately deliver to the Receiver $1,762,762, which funds were determined to be property of the Federal Receivership Estate in the Federal Action and not property of Integretel; and,

    (iii)    The District Court in Florida has exclusive in rem jurisdiction over the $1,762,762, that is, exclusive subject matter jurisdiction over the $1,762,762.

Two days later, on Sunday, September 16, 2007, Integretel filed its petition for relief under Chapter 11 of the Bankruptcy Code thereby commencing the above-captioned and pending Bankruptcy Case ("the Bankruptcy Case"). On September 20, 2007, the District Court in Florida entered its Order staying the Federal Action as to Integretel.

On September 21, 2007, in response to the commencement of the Bankruptcy Case, the District Court in Florida entered its Clarification Order in the Federal Action whereby, among other things, it ordered that:

    (i)    The Federal Action was not stayed by the commencement of the Bankruptcy Case;

    (ii)    The commencement and pendency of the Bankruptcy Case did not stay the Omnibus Order of the District Court in Florida, which continues to require the immediate delivery of the Federal Receivership Estate's $1,762,762 to the Federal Receiver;

    (iii)    The commencement and pendency of the Bankruptcy Case does not stay the Omnibus Order which requires Integretel to appear and show cause in the Federal Action why it should not be held in contempt; and,

    (iv)    The District Court Stay Order was vacated.

The Debtor has appealed the September 14 and September 21, 2007 Orders of the District Court in Florida to the United States Court of Appeals for the Eleventh Circuit (the "Eleventh Circuit"), and those appeals are pending.

The Preliminary Injunction Order bars the FTC from proceeding with the FTC Action. It also bars the Federal Receiver from enforcement of the September 14 and September 21, 2007 Orders of the District Court in Florida in the Contempt Proceedings. Moreover, the Preliminary

-3-

1  Injunction Order purports to restrict even the Federal Receiver's communication with the District
2  Court which appointed him, by enjoining him from "without limitation, initiating, <u>suggesting</u>, or
3  participating in any proceedings to hold Integretel in contempt in connection therewith…"
4  [Emphasis Added].  Furthermore, the Preliminary Injunction Order requires the Federal Receiver to
5  "submit any status reports that pertain to Integretel to the Florida Court jointly with Integretel."
6        The Federal Receiver joins in the FTC's Motions, on the grounds that the Bankruptcy
7  Court lacks subject matter jurisdiction over the issues which are pending in the District Court in
8  Florida and the Eleventh Circuit, and the Preliminary Injunction purports to prohibit the Federal
9  Receiver from even reporting the status of the disputes to the United States District Court which
10 appointed him, except in the context of a joint status report with Integretel.  The Federal Receiver
11 requests the Preliminary Injunction be stayed and all matters pending in the Bankruptcy and
12 District Courts relating to the FTC Action be heard by the District Court in Florida and the
13 Eleventh Circuit, which have original and exclusive jurisdiction to hear such matters.

Dated, on this 28th day of January, 2008, at Los Angeles, California.

DANNING, GILL, DIAMOND & KOLLITZ, LLP

By _____
Steven J. Schwartz
Attorneys for Defendant,
David R. Chase, as Federal Receiver

319742.01 [XP]   24774