1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   MICHAEL H. AHRENS, Cal. Bar No. 44766
3  STEVEN B. SACKS, Cal. Bar No. 98875
   JEFFREY K. REHFELD, Cal. Bar No. 188128
4  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4106
5  Telephone:    415-434-9100
   Facsimile:    415-434-3947
6  Email:        mahrens@sheppardmullin.com
                 ssacks@sheppardmullin.com
7
   Attorneys for The Billing Resource, dba
8  Integretel

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                  SAN JOSE DIVISION

12

13  THE BILLING RESOURCE, dba            Case No. 07-CIV-5758-JW
    Integretel, a California corporation,
14
              Debtor-Plaintiff-Appellee     Date:    February 4, 2008
15                                          Time:    9:00 a.m.
                                            Place:   280 S. First Street
16        v.                                         San Jose, CA
                                            Judge:   Hon. James Ware
17  FEDERAL TRADE COMMISSION, et al.                 Courtroom 8- 4th Floor

18            Defendant-Appellant

19   On Appeal from the United States Bankruptcy Court for the Northern District of
                                     California,
20       No. 07-52890-ASW, Adversary Proceeding No. 07-5156

21   **DECLARATION OF STEVEN B. SACKS IN SUPPORT OF PLAINTIFF-
     APPELLEE THE BILLING RESOURCE, dba INTEGRETEL's NOTICE OF
22   RECENT DEVELOPMENTS PERTINENT TO FTC's MOTION FOR STAY
                          PENDING APPEAL**
23

24

25

26

27

28

I, Steven B. Sacks, declare as follows:

1.    I am an attorney duly admitted to practice in the State of California and before this Court. I am a member of Sheppard, Mullin, Richter & Hampton LLP, counsel to The Billing Resource d/b/a Integretel ("Integretel").

2.    This declaration is offered in support of Integretel's Notice of Recent Developments Pertinent to FTC's Motion for Stay Pending Appeal.

3.    Integretel filed a voluntary petition under chapter 11 of title 11 of the United States Code on September 16, 2007 (the "Petition Date") in the United States Bankruptcy Court for the Northern District of California, San Jose Division (the "Bankruptcy Court") commencing bankruptcy case number 07-52890 in the Bankruptcy Court (the "Bankruptcy Case").

4.    On September 19, 2007, Integretel commenced adversary proceeding number 07-5156 (the "Adversary Proceeding") in the Bankruptcy Court against the Federal Trade Commission (the "FTC") and a receiver who had been appointed for two of Integretel's prior customers (the "Receiver"). The FTC filed a notice of appeal to this Court from an order the Bankruptcy Court issued in the Adversary Proceeding on or about November 7, 2007 (the "First FTC Appeal"). The First FTC Appeal commenced the above-captioned case before this Court. Subsequently, the FTC filed a notice of appeal to a separate order the Bankruptcy Court issued in the Adversary Proceeding on or about November 27, 2007 (the "Second FTC Appeal"). The Second FTC Appeal was docketed with the First FTC Appeal under the above-captioned case number for consideration by this Court.

5.    Integretel has continued to pursue a plan of reorganization which addresses and resolves all of Integretel's alleged liability arising from Integretel's actions and/or inactions prior to the Petition Date. On January 14, 2008, Integretel filed in the Bankruptcy Case its "Debtor's Chapter 11 Plan Of Reorganization, Dated January 14, 2008" (Docket Item No. 395 in the Bankruptcy Case) (as such plan may be further modified, revised or amended the "Plan of Reorganization") and an accompanying

-1-

1    disclosure statement in support of the Plan of Reorganization (Docket Item No. 396 in the

2    Bankruptcy Case).  On January 18, 2008, Integretel filed in the Bankruptcy Case its "First

3    Amended Disclosure Statement For The Debtor's Chapter 11 Plan Of Reorganization,

4    Dated January 14, 2008" (Docket Item No. 403 in the Bankruptcy Case) (as such

5    disclosure statement may be further modified, revised or amended the "Disclosure

6    Statement").  A hearing is scheduled in the Bankruptcy Case for February 20, 2008 at 2:15

7    p.m. at which time the Bankruptcy Court will consider approving the Disclosure

8    Statement, as well as setting a hearing to consider confirmation of Integretel's Plan of

9    Reorganization.  A true and correct copy of Integretel's "Notice Of Hearing On Disclosure

10    Statement" regarding the February 20, 2008 hearing in the Bankruptcy Case (Docket Item

11    No. 402 in the Bankruptcy Case) is attached as Exhibit A hereto.

12        6.      The Plan of Reorganization provides a comprehensive framework for

13    addressing and resolving all of Integretel's alleged liability arising from Integretel's actions

14    and/or inactions prior to the Petition Date – whether such liability is alleged by the FTC,

15    the Receiver, or the hundreds of other customers, vendors or taxing authorities which have

16    or may allege liability against Integretel.  In less than one month, on February 20, 2008,

17    the Bankruptcy Court will consider approval of the Disclosure Statement related to the

18    Plan of Reorganization.  At that same February 20, 2008 hearing, the Bankruptcy Court

19    will also consider setting a confirmation hearing for Integretel's Plan of Reorganization.

20        7.      On January 23, 2008, the other billing aggregators named as defendants in

21    the Florida Action filed a joint motion with the FTC to stay the trial date and pretrial

22    deadlines in that case based upon their representation to the Court that they had reached a

23    tentative settlement that will be considered by the FTC's commissioners for approval.

24    Attached hereto as Exhibit B is a true and correct copy of the joint motion filed in the

25    Florida Action. On January 25, 2008, the Florida Court issued an order granting that

26    motion.  Attached hereto as Exhibit C is a true and correct copy of the Florida Court's

27    order.  The joint motion advised the Florida Court that the FTC's summary judgment

28

-2-

1  motion remained pending against the three individual defendants and that the FTC was not

2  seeking a change in the trial date as to these defendants.

3      8.      On December 21, 2007, the Bankruptcy Court entered its order granting

4  Integretel's motion for leave to file an amended complaint in which it adds a claim for

5  relief seeking a determination that Integretel's bank accounts and other assets are free of

6  any interest that the Receiver and the FTC assert was held by the Receiver as a

7  consequence of the Florida Action.  On December 27, 2007, Integretel filed its amended

8  complaint.  A true and correct copy of the amended complaint is attached hereto as Exhibit

9  D.

10     I declare under penalty of perjury that the foregoing is true and correct to the best of

11  my knowledge.

12     Dated: January 28, 2008

13                                    /s/ Steven B. Sacks

14                                Steven B. Sacks

SACKS DECLARATION RE PLAINTIFF-APPELLEE's
NOTICE OF RECENT DEVELOPMENTS

# EXHIBIT A



1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
        A Limited Liability Partnership
2       Including Professional Corporations
    MICHAEL H. AHRENS, Cal. Bar No. 44766
3   STEVEN B. SACKS, Cal. Bar No. 98875
    JEFFREY K. REHFELD, Cal. Bar No. 188128
4   Four Embarcadero Center, 17th Floor
    San Francisco, California 94111-4106
5   Telephone:   415-434-9100
    Facsimile:   415-434-3947
6   Email:       mahrens@sheppardmullin.com
                 ssacks@sheppardmullin.com
7                jrehfeld@sheppardmullin.com

8   Attorneys for The Billing Resource,
    dba Integretel
9

10              UNITED STATES BANKRUPTCY COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                    SAN JOSE DIVISION

13

14  In re:                              Case No. 07-52890 ASW

15  THE BILLING RESOURCE, dba           Chapter 11
16  INTEGRETEL, a California corporation
                                        **NOTICE OF HEARING ON**
17              Debtor.                  **DISCLOSURE STATEMENT**

18
                                        Date:      February 20, 2008
19  Tax ID: 33-0289863                  Time:      2:15 p.m.
                                        Place:     United States Bankruptcy Court
20                                                 280 South First Street
                                                   San Jose, California
21                                      Judge:     Hon. Arthur S. Weissbrodt
                                        Courtroom:    3020
22

23

24

25

26

27

28

    W02-WEST:FJR:400669190.2                      NOTICE OF HEARING ON
                                                  DISCLOSURE STATEMENT

**TO THE DEBTOR'S CREDITORS, EQUITY SECURITY HOLDERS, THE UNITED STATES TRUSTEE, SECURITIES AND EXCHANGE COMMISSION, AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that The Billing Resource, dba Integretel, a California corporation, the debtor and debtor-in-possession (the "Debtor") in the above-captioned bankruptcy case, filed a disclosure statement and a plan (as such plan may be further modified, revised or amended, the "Plan") under chapter 11 of the Bankruptcy Code on January 14, 2008.

**PLEASE TAKE FURTHER NOTICE** that on January 18, 2008 the Debtor filed an amended disclosure statement (as such disclosure statement may be further modified, revised or amended, the "Disclosure Statement").

**PLEASE TAKE FURTHER NOTICE** that:

1.     The hearing to consider the approval of the Disclosure Statement will be held at 2:15 p.m. on February 20, 2008, in the courtroom of the Honorable Arthur S. Weissbrodt, Courtroom 3020, at the United States Bankruptcy Court, located at 280 South First Street, San Jose, California.

2.     February 13, 2008 is fixed as the last day for filing with the Bankruptcy Court and serving written objections to the Disclosure Statement in accordance with Federal Rule of Bankruptcy Procedure 3017(a) and Bankruptcy Local Rule 3017-1(a).  Any objections to the Disclosure Statement shall be served on the following counsel:

Counsel to Debtor:

Sheppard, Mullin, Richter & Hampton LLP
Four Embarcadero Center, Suite 1700
San Francisco, CA 94111
Attn:   Michael H. Ahrens, Esq.
        Steven B. Sacks, Esq.
        Jeffrey K. Rehfeld, Esq.
Email: mahrens@sheppardmullin.com
       jrehfeld@sheppardmullin.com
       ssacks@sheppardmullin.com

Counsel to Committee:

Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500

-1-

W02-WEST:FJR\400669190.2

NOTICE OF HEARING ON
DISCLOSURE STATEMENT

Attn:  John D. Fiero, Esq.
       Maxim B. Litvak, Esq.
Email: jfiero@pszjlaw.com
       mlitvak@pszjlaw.com

<u>Office of the United States Trustee:</u>

Office of the United States Trustee
280 S. First Street, Suite 268
San Jose, CA 94113-0002
Attn:  John Wesolowski, Esq.

3.    Copies of the Disclosure Statement and Plan are concurrently being distributed to certain parties in accordance with Federal Rule of Bankruptcy Procedure 3017(a).

4.    Requests for copies of the Disclosure Statement and Plan should be mailed, faxed or emailed to:  Sheppard Mullin Richter & Hampton LLP, Attn: Peter Stone, Four Embarcadero Center, 17th Floor, San Francisco, CA  94111, fax number: 415-434-3947, email: [pstone@sheppardmullin.com].

5.    In addition to seeking approval of the Disclosure Statement, the Debtor at the February 20, 2008 hearing will seek an order from the Bankruptcy Court which grants the following relief:  (a) approval of the form of ballot(s) to be used in connection with voting on the Plan; (b) establishment of the last date for submission of ballots accepting or rejecting the Plan; (c) establishment of the last date for filing and serving objections to confirmation of the Plan; and (d) establishment of the date for hearing on confirmation of the Plan.

Dated: January 18, 2008

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
        JEFFREY K. REHFELD
   Attorneys for Debtor The Billing Resource, dba
                    Integretel

-2-

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 06-80180-CIV-RYSKAMP/VITUNAC

FEDERAL TRADE COMMISSION,

$\qquad$ Plaintiff,

v.

NATIONWIDE CONNECTIONS, INC.,
*et al.*,

$\qquad$ Defendants.

## JOINT MOTION TO STAY TRIAL DATE
## AND PRE-TRIAL DEADLINES AS TO THE FTC'S CASE AGAINST BSG

Defendants Billing Concepts, Inc. ("BCI"), ACI Billing Services, Inc., d/b/a OAN ("ACI") and BSG Clearing Solutions North America, LLC (collectively "BSG"), and Plaintiff Federal Trade Commission ("FTC" or "Commission"), jointly move to stay the trial and pre-trial deadlines only with respect to the FTC's case against BSG.[1] BSG and the FTC counsel have reached a proposed settlement memorialized in a Proposed Stipulated Final Judgment ("PSFJ") executed by BSG. As BSG and counsel for the FTC advised the Court during the January 14, 2008 status conference, upon reaching such a proposed settlement, BSG and the FTC counsel would jointly move the Court to stay the trial date and all pre-trial deadlines with regard to the FTC's case against BSG. FTC counsel will now present the PSFJ to the full Commission for its approval before formal submission of the PSFJ to the Court.

A Joint Notice of Settlement, subject to the foregoing, will also be submitted to the Court today, pursuant to Local Rule 16.2.F.

---

[1]  The FTC's Motion for Summary Judgment against the remaining individual defendants (Yaret Garcia, Erika Riaboukha, and Qaadir Kaid) is fully briefed and ripe for adjudication [DE 670]. The FTC is not moving for any change in the pre-trial deadlines or trial date with respect to these remaining individual defendants.

Dated: January 22, 2008.

Respectfully submitted,

By:    /s/ Marcos Daniel Jiménez
Marcos Daniel Jimenéz
Fla. Bar. No. 441503
KENNY NACHWALTER, P.A.
201 South Biscayne Blvd.
1100 Miami Center
Miami, Florida 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
*E-mail: mjimenez@kennynachwalter.com*

*Co-Counsel:*
**KING & SPALDING LLP**
Andrew G. Berg, Esq.
*E-mail: aberg@kslaw.com*
Pro hac vice
Kevin M. Dinan, Esq.
*E-mail: kdinan@kslaw.com*
Pro hac vice
1700 Pennsylvania Ave., NW
Washington, D.C. 20006
Tel: (202) 626-2919; Fax: (202) 626-3737

*Counsel for Defendants Billing
Concepts, Inc., ACI Billing Services,
Inc., d/b/a OAN and BSG Clearing Solutions
North America, LLC*

**FEDERAL TRADE COMMISSION**
    /s/ Laura M. Kim
Laura M. Kim (A5500999)
*E-mail: Lkim@ftc.gov*
Collot Guerard (A5500480)
*E-mail: Cguerard@ftc.gov*
Federal Trade Commission
600 Pennsylvania Ave., N.W., Room 288
Washington, DC 20580
Telephone: (202) 326-3734
Facsimile: (202) 326-3395

*Attorneys for Plaintiff*

2

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2008, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being

served this day on counsel of record identified in the manner specified, either via transmission of

the Notices of Electronic Filing by CM/ECF or in some other authorized manner for the those

counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Marcos Daniel Jiménez

SERVICE LIST
Case No. 06-80180-CIV-RYSKAMP/VITUNAC

Laura M. Kim, Esq.
lkim@ftc.gov
Collot Guerard, Esq.
Cguerard@ftc.gov
Richard McKewen
rmckewen@ftc.gov
Robert Schoshinski
rschoshinski@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue, N.W., Room 288
Washington, DC  20580
Telephone:  202-362-3734
Facsimile:  202/326-3395
*Attorneys for the Federal Trade Commission*

Mark D. Johnson, Esq.
markdjohnsonpa@bellsouth.net
10 Central Parkway, Suite 210
Stuart, FL  34994
Telephone:  772-223-7700
Facsimile:  772-223-1177
*Attorney for Defendants & Cross-Claim*
*Defendants Yaret Garcia, Qaadir Kaid, and*
*Erika Riaboukha*

Jeffrey Schneider, Esq.
JCS@tewlaw.com
Michelle Visiedo-Hidalgo, Esq.
mtv@tewlaw.com
Patrick Joseph Rengstl
pjr@tewlaw.com
Tew Cardenas LLP
Four Seasons Tower, 15th Floor
1441 Brickell Avenue
Miami, FL  33131-3407
Telephone:  305-539-2481
Facsimile:  305-536-1116
*Attorneys for Receiver David R. Chase*

Rosanne Brady, Esq.
Rosanne@macalusolaw.com
The Law Office of Peter N. Macaluso
3302 N. Tampa Street
Tampa, FL  33603
Telephone:  813-251-2831
Facsimile:  813-228-7004
*Attorney for Third Party Defendant/Cross*
*Defendant Ronny Morillo*

Richard Gordin, Esq.
rgordin@tighepatton.com
Neal Goldfarb, Esq.
ngoldfarb@tighepatton.com
Max Maccoby
mmaccoby@tighepatton.com
Tighe Patton Armstrong Teasdale, PLLC
1747 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: 202-565-2881
Facsimile: 202-454-2805
*Attorneys for Defendant The Billing Resource,*
*d/b/a Integretel*

Willoughby Farr
DC # 653974
Avon Park Correctional Institution
P.O Box 1100
County Road 64 East
Avon Park, Florida 33826-1100
*Defendant & Cross-Claim Defendant, Pro Se*
**VIA U.S. MAIL**

Michael David McDonough, Esq.
12798 Forrest Hill Boulevard
Wellington, FL 33414
Telephone: 561-791-0590
*Attorney for Third Party Defendants German*
*Miranda and Jesus Sandoval*
**VIA U.S. MAIL**

# **EXHIBIT C**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80180-CIV-RYSKAMP/VITUNAC

FEDERAL TRADE COMMISSION,

     Plaintiff,

v.

NATIONWIDE CONNECTIONS, INC., ET AL.,

     Defendants.

_____/

## ORDER GRANTING MOTION TO STAY TRIAL DATE AND PRETRIAL DEADLINES AS TO BSG

     THIS CAUSE comes before the Court pursuant to Joint Motion to Stay Trial Date and Pretrial Deadlines As to the FTC's Case against BSG, filed January 23, 2008 **[DE 750]**. BSG and the FTC represent that they have reached a proposed settlement memorialized in a Proposed Stipulated Final Judgment executed by BSG. The FTC indicates that it will submit the Proposed Stipulated Final Judgment to the full Commission for its approval prior to submitting same to the Court. Accordingly, it is hereby

     ORDERED AND ADJUDGED that the motion is GRANTED. The trial date and pretrial deadlines as to BSG are hereby STAYED pending execution of the Proposed Stipulated Final Judgment by the Commission and the submission thereof to the Court.

     DONE AND ORDERED at Chambers in West Palm Beach, Florida this 23rd day of January, 2008.

                         S/Kenneth L. Ryskamp
                         KENNETH L. RYSKAMP
                         UNITED STATES DISTRICT JUDGE

# **<u>EXHIBIT D</u>**

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2     Including Professional Corporations
   MICHAEL H. AHRENS, Cal. Bar No. 44766
3  STEVEN B. SACKS, Cal. Bar No. 98875
   JEFFREY K. REHFELD, Cal. Bar No. 188128
4  ORI KATZ, Cal. Bar No. 209561
   Four Embarcadero Center, 17th Floor
5  San Francisco, California  94111-4106
   Telephone:    415-434-9100
6  Facsimile:    415-434-3947
   email: mahrens@sheppardmullin.com
7
   Attorneys for The Billing Resource, dba Integretel
8
                    UNITED STATES BANKRUPTCY COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10
                         [SAN JOSE DIVISION]
11

| 12 | In re | Case No. 07-052890 |
| 13 | THE BILLING RESOURCE, dba INTEGRETEL, a California corporation, | Chapter 11 |
| 14 | Debtor. | |
| 15 | Tax ID: 33-0289863 | |
| 16 | | |
| 17 | THE BILLING RESOURCE, dba INTEGRETEL, a California corporation, | Adv. Proc. No. 07-05156 |
| 18 | Plaintiff, | **AMENDED COMPLAINT FOR DECLARATORY RELIEF, TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND TO DETERMINE VALIDITY, PRIORITY AND EXTENT OF INTEREST IN PROPERTY** |
| 19 | v. | |
| 20 | FEDERAL TRADE COMMISSION, and DAVID R. CHASE, not individually, but solely in his capacity as receiver for Nationwide Connections, Inc., Access One Communications, Inc., Network One Services, Inc., 411TXT, Inc., CELL-INFO-USA, INC., Enhanced Billing Services, Inc., Toll Free Connect, Inc., Cripple Creek Holdings, LLC, Built to Last, LLC, Not Fade Away, LLC, He's Gone, LLC, The Other One, LLC, Turn on Your Love Light, LLC, China Cat Sunflower, LLC, Lazy River Road Holdings, LLC, | |
| 26 | Defendant. | |

27

28

W02-WEST:5SS1\400435989.5

AMENDED COMPLAINT FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER, AND
PRELIMINARY INJUNCTION. . .

Case: 07-05156    Doc #: 114    Filed: 12/27/2007    Page 1 of 14

1      The Billing Resource, dba Integretel, a California corporation, plaintiff herein (the

2 "Debtor"), alleges as follows:

3      1.    This is an adversary proceeding seeking declaratory and injunctive relief, including

4 determination of the validity and extent of defendants' interest in property, pursuant to 28 U.S.C.

5 Sections 1334(e), 2201 and 2202; 11 U.S.C. §§ 105, 362(a) and 541; Federal Rule of Bankruptcy

6 Procedure Rules 7001(2), (7) and (9); and Federal Rule of Civil Procedure 65 incorporated by

7 Federal Rule of Bankruptcy Procedure 7065.

8 **THE PARTIES**

9      2.    The Debtor is a corporation organized and existing under the laws of the State of

10 California with its principal place of business in San Jose, California.  The Debtor performs data

11 processing, account reconciliation, customer service and related services in the

12 telecommunications industry.  The Debtor is the debtor and debtor in possession in the above-

13 referenced chapter 11 bankruptcy case (the "Bankruptcy Case"), to which this adversary

14 proceeding "relates" pursuant to Federal Rule of Bankruptcy Procedure 7008(a).  The Debtor

15 commenced this Bankruptcy Case by filing a voluntary petition under chapter 11 of the United

16 States Code (i.e., the "Bankruptcy Code") on September 16, 2007 (the "Petition Date").  The

17 Bankruptcy Case is pending in the United States Bankruptcy Court for the Northern District of

18 California, San Jose Division.

19      3.    Defendant the Federal Trade Commission (the "FTC") is an independent agency of

20 the United States Government created by statute. 15 U.S.C. §§ 41, *et seq.*

21      4.    David R. Chase (the "Receiver" and the Receiver and the FTC each a "Defendant"

22 and together the "Defendants") is the receiver for the following entities Nationwide Connections,

23 Inc., Access One Communications, Inc., Network One Services, Inc., 411TXT, Inc., CELL-INFO-

24 USA, INC., Enhanced Billing Services, Inc., Toll Free Connect, Inc., Cripple Creek Holdings,

25 LLC, Built to Last, LLC, Not Fade Away, LLC, He's Gone, LLC, The Other One, LLC, Turn on

26 Your Love Light, LLC, China Cat Sunflower, LLC, Lazy River Road Holdings, LLC, appointed

27 by the United States District Court for the Southern District of Florida in the lawsuit captioned

28 <u>Federal Trade Commission v. Nationwide Connections, Inc., et al.</u>, Case No. 06-80180-Civ-

-1-

1    Ryskamp.  The Debtor has brought this action against the Receiver, not individually, but solely in

2    the Receiver's capacity as receiver for the foregoing entities.

3                                    **JURISDICTION AND VENUE**

4           5.      This adversary proceeding arises under title 11, or arises in or is related to the

5    Bankruptcy Case, within the meaning of 28 U.S.C. Section 1334(b).  This Court therefore has

6    jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Sections 157(a), 157(b), 1334(b)

7    and 1334(e) and Rule 5011-1 of the Bankruptcy Local Rules of the United States District Court

8    for the Northern District of California.

9           6.      This Court also has jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202.

10          7.      This adversary proceeding is a core proceeding pursuant to 28 U.S.C. Sections

11   157(b)(2)(A), (G), (K) & (O).

12          8.      Venue is proper in this district pursuant to 28 U.S.C. Section 1409(a).

13          9.      The FTC is subject to the jurisdiction of this Court.

14          10.     The Receiver is subject to the jurisdiction of this Court.

15                              **GENERAL FACTUAL ALLEGATIONS**

16          **A.      The Debtor's Background and the Debtor's Business.**

17          11.     The Debtor was formed in 1988 based on a need for aggregators to facilitate billing

18   and collections on behalf of smaller telecommunications companies that provided "alternative

19   operator services" ("AOS") which otherwise could not afford to compete with the larger local

20   exchange carriers ("LECs" or "Telcos") such as AT&T.

21          12.     AOS involves providing long-distance calling on an occasional or as-needed basis

22   in situations where often the consumer uses the service provider's assets or services without the

23   consumer or the service provider knowing each other's identity.  For example, a service provider

24   owning the telephone service contract for a hotel chain has no idea as to the identity of the

25   consumer using its phones.  If an AOS provider facilitates a collect call, it needs a way to bill the

26   consumer for that call.

27          13.     The Debtor addressed a significant industry void by creating a service bureau

28   focused entirely on billing-related services for AOS providers and others needing a means of

-2-

1   billing consumers for their services.  As the cornerstone to its billing capability, the Debtor

2   maintains a full complement of billing and collection agreements with an estimated 1,400 or more

3   LECs and independent service providers so that it can place calls made through an AOS on a LEC

4   bill.  This infrastructure enables telecommunication service providers to incorporate their charges

5   within the phone bills of about 90% of business and residential consumers throughout the United

6   States and Canada.  By using a billing aggregator like the Debtor, the fixed overhead is already in

7   place and the per unit billing cost is typically lower than the direct approach.  Moreover, the LEC

8   bill adds credibility to the charge and provides a substantially higher collection rate.

9           14.     The Debtor quickly established itself as a leader in providing LEC billing solutions

10  for diverse and emerging products and services.  The Debtor presently offers an array of

11  complementary services including internet-delivered management and settlement reporting, direct

12  billing, customer care and validation support.  As a strategic back-room business partner, the

13  Debtor frees its clients to focus their efforts on promoting and selling products and services.

14          15.     In addition to AOS providers, the Debtor services customers offering enhanced

15  products and services such as voice mail, online directory listings and bundled calling plans.

16  While these services may be billed to credit cards, often consumers are hesitant to use their credit

17  cards for such intangible purchases and, therefore, may prefer alternate billing choices such as the

18  LEC phone bill.

19          16.     The Debtor has served thousands of service providers over the years.  The vast

20  majority of the processed billings have been in support of smaller sized businesses that otherwise

21  may not have been able to compete.  It is the competitive pressure of these smaller companies that

22  has forced down the rates charged to consumers by the larger telecommunication companies.

23          17.     The Debtor's office is in San Jose, California.  The Debtor leases that office space.

24  The Debtor has no other offices or real estate leases.  The Debtor owns no real estate.  The Debtor

25  has approximately thirty-seven employees.  Twenty-two of those employees have been with the

26  company for over five years, and thirteen have been with the Debtor for over ten years.  In

27  addition, the Debtor's services support, through outsourced relationships, approximately 20-30 call

28  center personnel in several different call centers who are employed by a third-party vendor.

-3-

W02-WEST:5SS1\400435989.5

AMENDED COMPLAINT FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION...

Case: 07-05156     Doc #: 114     Filed: 12/27/2007     Page 4 of 14

**B.  Access One and Network One.**

18.    Access One Communications, Inc. ("Access One") and Network One Services, Inc. ("Network One") were two of the Debtor's prior AOS provider customers (Access One and Network One collectively shall be referred to as the "Prior Customers").

19.    The relationship between the Debtor and its AOS provider customers, including each of the Prior Customers, is governed by a contract between the Debtor and the customer.

20.    The Debtor's contracts with the Prior Customers (the "Subject Contracts") provide that the customer submitted to the Debtor the customer's billing transactions (the "Billing Transactions") in a data format acceptable to the Debtor.  The Billing Transaction became an account receivable of the Debtor and not the customer.  The Debtor's Billing Contracts with the LECs are structured as a purchase of accounts receivable between the Debtor and the LECs and the Subject Contracts provided that all necessary rights were transferred to the Debtor.  In fact, the Debtor's contract with Access One explicitly recognizes this by providing: "Client [i.e., the customer] acknowledges that the Billing Contracts with Telcos [i.e., LECs] are structured as a purchase of accounts receivable...."

21.    Payments made by LECs to the Debtor are computed by the LECs based on the total billings & collections for all of Integretel's clients combined rather than on a client-by-client basis.  The payments are made as a lump sum, without any breakdown of the amounts attributable to individual clients and without earmarking particular amounts as being attributable to individual clients. The attribution is performed by Integretel based on contractual terms & formulas after receipt of the payments.

22.    The Prior Customers had no ownership interest in their Billing Transactions after the Billing Transactions were submitted to the Debtor.  The Prior Customers were unsecured creditors of the Debtor, with claims for certain "distributions" under the contract between the Debtor and the customer.  Generally, those "distributions" were paid by the Debtor about 90 or so days after the Billing Transaction is submitted to the Debtor by the customer.  The Debtor was authorized to withhold from the Prior Customers its fees as well as amounts that may be used by

-4-

AMENDED COMPLAINT FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION. . .

1  the Debtor to resolve disputes, make other adjustments and maintain reserves against future

2  disputes and adjustments.

3      23.    The Subject Contracts provide that each week the Debtor shall transfer by wire to

4  the customer's bank account the Net Proceeds identified in the prior week. "Net Proceeds" is

5  defined as the gross value of the Billing Transactions that are remitted to the LECs, less amounts

6  withheld by the LECs, less amounts due to the Debtor, and less other fees and reserves. This

7  amount is due only as such amounts are determined primarily from the information provided from

8  the LECs, and that is generally 90 days after submission of the Billing Transactions.

9      24.    Nowhere in either of the Subject Contracts is there any language purporting to give

10  the Prior Customers any rights against the Debtor with respect to payments due the Prior

11  Customers other than those of a general unsecured creditor. Neither of the Subject Contracts

12  contains language granting the Prior Customers a security interest – or any other property interest,

13  either legal or equitable – in any funds the Debtor receives from a LEC on account of a Billing

14  Transaction.

15      25.    When the Debtor withheld reserve amounts from the Net Proceeds paid to the Prior

16  Customers, the Debtor recorded that amount as a bookkeeping entry. However, the Debtor does

17  not have a corresponding asset, such as a bank account, that contains the monies that were

18  withheld as reserves from the Prior Customers. Moreover, there is no segregated account

19  containing the reserves of any customer, including either of the Prior Customers. The Debtor does

20  not have enough monies to cover the full amount of reserves for all of the Debtor's customers. All

21  "Net Proceeds" that could possibly have arisen from the Debtor's relationship with the Prior

22  Customer have long since passed through Debtor's bank accounts.

23      26.    At all relevant times, receipts for all clients have been commingled.

24      27.    There has never been any separate account or other pool of earmarked funds for

25  reserves relating to the Former Customers.

26      28.    It was not the Debtor's practice to keep sufficient funds in its accounts to cover the

27  amount of the reserves for the Former Customers, or to cover the total amount of the reserves for

28  all clients.

-5-

W02-WEST:5SS1\400435989.5

AMENDED COMPLAINT FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION. . .

Case: 07-05156    Doc #: 114    Filed: 12/27/2007    Page 6 of 14

29.    At all relevant times, the balance of each of the Debtor's bank accounts (and the combined daily balance of all of its accounts) was far below the amount shown on the books for the reserves attributable to the Debtor's customers as of that day. As a result, the Debtor's accounts as of the petition date contained no money that can be traced back to any reserves for the Former Customers.

### C.    The Florida Action.

30.    On February 27, 2006, the FTC filed a complaint commencing the Florida Action in the Florida Court against three AOS providers, Nationwide Connections, Inc. ("Nationwide"), Access One and Network One (collectively, the "Nationwide Parties"), as well as their principals, alleging deceptive and unfair practices for unauthorized billing of charges on phone bills – referred to as "cramming" – in violation of the Federal Trade Commission Act (the "FTCA").

31.    The Florida Court entered a temporary restraining order and later a preliminary injunction. The Florida Court appointed a receiver (i.e., the Receiver) for Nationwide, Access One and Network One and certain of their affiliates. An "Amended Preliminary Injunction Order" was filed on September 25, 2006. (The temporary restraining order and preliminary injunction orders entered by the Florida Court are referred to herein as the "Florida Preliminary Injunction.")

32.    On or about September 21, 2006, the FTC filed an amended complaint (the "Amended Complaint") which Amended Complaint now named as defendants the Debtor as well as another billing aggregator which is comprised of three related companies: Billing Concepts, Inc., ACI Billing Services, Inc. d/b/a OAN, and BSG Clearing Solutions North America, LLC (collectively, "BSG").

33.    The FTC alleged in its Amended Complaint that the Debtor caused certain of the Prior Customers' fraudulent charges to be placed on end users' phone bills and that the Debtor was liable under the FTCA in spite of the fact that the LECs, not the Debtor, performed the billing.

34.    The FTC has sought injunctive relief against the Debtor as well as monetary redress including restitution for the allegedly defrauded consumers.

35.    The Debtor voluntarily stopped providing services for the Prior Customers over a year prior to the FTC filing of its Amended Complaint. At the time that it stopped providing

-6-

W02-WEST:5SS1\400435989.5

AMENDED COMPLAINT FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION. . .

Case: 07-05156    Doc #: 114    Filed: 12/27/2007    Page 7 of 14

1   services, the Debtor set the reserve at 100 percent of the Net Proceeds received on account of the

2   Prior Customers' Billing Transactions and made no further payments to the Prior Customers.  This

3   was done because of the Debtor's possible exposure to claims for refunds of the Prior Customers'

4   Billing Transactions.

5      36.    The Debtor filed an answer denying the FTC's allegations.

6      37.    The Receiver is seeking to collect all assets of the Prior Customers.  Toward that

7   end, the Receiver sought relief in the Florida Action by motion against the Debtor.  The Receiver

8   asserted that the Debtor owes the Prior Customers the amount of the reserves.

9      38.    The Receiver's motion asserting the rights of the Prior Customers sought to compel

10  the Debtor to turn over to the Receiver the amount of the reserves contained in the Debtor's

11  bookkeeping entries, which the Receiver alleged was an asset of the Prior Customers in an amount

12  in excess of $1.4 million.  The Receiver further alleged that the Debtor had violated the Florida

13  Preliminary Injunction and should be held in contempt for failing to turn over the sums demanded

14  by the Receiver.

15     39.    The Debtor filed a response opposing such relief on numerous grounds, including

16  without limitation those set forth in this paragraph.  The Debtor had no obligation to pay any funds

17  to the Receiver under the Subject Contracts.  In addition, the Debtor did not hold any specific

18  funds allocable to reserves for the Prior Customers, because, consistent with the Debtor's general

19  practice regarding reserves, the Debtor treated them solely as balance sheet entries, without

20  maintaining, segregating or otherwise designating specific funds for purposes of the reserves.  At

21  most, any rights the Prior Customers had with respect to the reserves were simply those rights of a

22  general, unsecured creditor.  The Debtor also asserted that it had offsetting claims under the

23  Subject Contracts against the Prior Customers which exceeded the amount of the Prior Customers'

24  alleged reserves.  In particular, to the extent the Debtor has any liability in the Florida Action, it

25  arises from the misconduct of the Prior Customers, not the Debtor, and pursuant to the Subject

26  Contracts, the Prior Customers are liable to the Debtor for such liability, as well as the costs and

27  fees incurred in the Florida Action.  These costs and fees, and the liability asserted against the

28

-7-

W02-WEST:5SS1\400435989.5

AMENDED COMPLAINT FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION. . .

Case: 07-05156    Doc #: 114    Filed: 12/27/2007    Page 8 of 14

1 | Debtor in the Florida Action, far exceed the amount of any sums withheld from the Prior

2 | Customers as reserves.

3 |     40.     The Florida Court entered an order on September 14, 2007 and a further order

4 | on September 21, 2007 (the "Payment Orders") requiring that the Debtor pay over the amounts

5 | sought by the Receiver into a segregated receivership account. The Florida Court held that it was

6 | of no significance that that the Debtor did not maintain any funds in a segregated reserve account

7 | for the benefit of the Prior Customers and did not determine that any funds of the Prior Customers

8 | could be traced to any funds currently held by the Debtor. Though the FTC is a party to the

9 | Florida Action, the Payment Orders were entered upon the motion of the Receiver, not the FTC.

10 | The Debtor has appealed the Payment Orders to the Eleventh Circuit Court of Appeals. The

11 | Debtor brings this action, in part, to have this Court determine that even if the Payment Orders are

12 | upheld on appeal, the Receiver has at most an unsecured claim against the Debtor and that the

13 | Receiver and the FTC had no interest as of the Petition Date, or thereafter, in any funds or other

14 | property in the possession or control of the Debtor. The question whether any funds attributable to

15 | the Former Customers' reserves or transactions could be traced into the Debtor's bank accounts

16 | (or other assets) was not litigated in the Florida Action or decided by the Florida Court.

17 |     41.     Integretel did not have a full and fair opportunity in the Florida Court to litigate any

18 | issues relating to the property belonging to its bankruptcy estate, as the Florida Court's September

19 | 21, 2007 order was entered without notice to Integretel or an opportunity to be heard.

20 |     42.     The Debtor has expended over $700,000 in legal fees and costs to date in defending

21 | the Florida Action. That case is set for trial in February 2008. The Debtor expects that unless the

22 | Florida Action is stayed or the FTC is enjoined from proceeding as to the Debtor that it will be

23 | required to spend as much as $1 million in legal fees and costs in defending the matter. The

24 | Debtor has also had to devote substantial and valuable management and employee time and

25 | resources to this issue and would be forced to further incur such items, to the detriment of its

26 | reorganization efforts, if this action were not stayed as against the Debtor.

27 |

28 |

W02-WEST:5SS1\400435989.5

AMENDED COMPLAINT FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION. . .

Case: 07-05156    Doc #: 114    Filed: 12/27/2007    Page 9 of 14

**FIRST CLAIM FOR RELIEF**

**(Declaratory Relief Pursuant To 28 U.S.C. Sections 2201 and 2202; 11 U.S.C. Sections 105, 362(a)(1), (2), (3) and (6); Rules 7001(7) and (9) of the Federal Rules of Bankruptcy Procedure)**

43.    The Debtor repeats the allegations set forth in Paragraphs 1 through 42 as if fully set forth herein.

44.    This is a claim for declaratory relief brought under the provisions of 28 U.S.C. Sections 2201 and 2202; 11 U.S.C. Sections 105, 362(a)(1), (2), (3) and (6); and Rules 7001(7) & (9) of the Federal Rules of Bankruptcy Procedure.

45.    An actual controversy has arisen and now exists between the Debtor and the Receiver relating to their legal rights and duties for which The Debtor seeks a judicial declaration of rights as to such matters, as well as further necessary or proper relief, including injunctive relief.

46.    A declaratory judgment is necessary and appropriate at this time in that the Debtor contends and the Receiver may deny that the implementation or enforcement of the Payment Orders are automatically stayed including without limitation pursuant to 11 U.S.C. §§ 362(a)(1), (a)(2), (a)(3), and/or (a)(6).

WHEREFORE, the Debtor prays for relief as set forth below.

**SECOND CLAIM FOR RELIEF**

**(Declaratory Relief Pursuant To 28 U.S.C. Sections 2201 and 2202; 11 U.S.C. Sections 105, 362(a)(1), (2), (3) and (6); Rules 7001(7) and (9) of the Federal Rules of Bankruptcy Procedure)**

47.    The Debtor repeats the allegations set forth in Paragraphs 1 through 42 as if fully set forth herein.

48.    This is a claim for declaratory relief brought under the provisions of 28 U.S.C. Sections 2201 and 2202; 11 U.S.C. Sections 105, 362(a)(1), (2), (3) and (6); and Rules 7001(7) & (9) of the Federal Rules of Bankruptcy Procedure.

-9-

W02-WEST:5SS1\400435989.5

AMENDED COMPLAINT FOR DECLARATORY RELIEF, TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION. . .

Case: 07-05156    Doc #: 114    Filed: 12/27/2007    Page 10 of 14

49.    An actual controversy has arisen and now exists between the Debtor and the FTC relating to their legal rights and duties for which the Debtor seeks a judicial declaration of rights as to such matters, as well as further necessary or proper relief, including injunctive relief.

50.    A declaratory judgment is necessary and appropriate at this time in that the Debtor contends and the FTC may deny that

a.    the claims made in the Florida Action against the Debtor, the Debtor's property, property of the Debtor's estate, and/or property held by the Debtor's estate, including without limitation the implementation or enforcement of the Payment Orders, are automatically stayed including without limitation pursuant to 11 U.S.C. §§ 362(a)(1), (a)(2), (a)(3), and/or (a)(6).

b.    while there is an exception, under 11 U.S.C. § 362(b)(4), for regulatory actions, from the Bankruptcy Code's automatic stay provisions set forth in 11 U.S.C. § 362(a), the gist of the Florida Action and the claims made therein against the Debtor, the Debtor's property, property of the Debtor's estate, and/or property held by the Debtor's estate, are monetary in nature and are therefore stayed.

WHEREFORE, the Debtor prays for relief as set forth below.

### THIRD CLAIM FOR RELIEF

**(Temporary Restraining Order and Preliminary Injunction Pursuant To 28 U.S.C. Sections 2201 and 2202; 11 U.S.C. Section 105; Rules 7001(7) and (9) of the Federal Rules of Bankruptcy Procedure; and Federal Rule of Civil Procedure 65 incorporated by Federal Rule of Bankruptcy Procedure 7065)**

51.    The Debtor repeats the allegations set forth in Paragraphs 1 through 42 as if fully set forth herein.

52.    This is a claim for a temporary restraining order and preliminary injunction brought under the provisions of 28 U.S.C. Sections 2201 and 2202; 11 U.S.C. Section 105; Rules 7001(7) and (9) of the Federal Rules of Bankruptcy Procedure; and Federal Rule of Civil Procedure 65 incorporated by Federal Rule of Bankruptcy Procedure 7065.

-10-

W02-WEST:5SS1\400435989.5

AMENDED COMPLAINT FOR DECLARATORY RELIEF, TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION. . .

Case: 07-05156    Doc #: 114    Filed: 12/27/2007    Page 11 of 14

1    53.    If and to the extent that a court determines that the Florida Action is not stayed

2    as to the Debtor, then the Debtor requests that the Court temporarily restrain and preliminarily

3    enjoin the FTC and the Receiver until a plan of reorganization is entered in this Bankruptcy Case

4    from proceeding against the Debtor in the Florida Action, including as to the claims made therein

5    against the Debtor, the Debtor's property, property of the Debtor's estate, and/or property held by

6    the Debtor's estate.

7    54.    Money damages will not be adequate and there exists no adequate remedy at law.

8    55.    Permitting the Florida Action to continue against the Debtor, threatens the Debtor's

9    ability to continue its business operations, affects whether the Debtor's other creditors receive their

10    appropriate share of monies paid by the Debtor to unsecured creditors, threatens the Debtor's

11    ability to successfully confirm a plan of reorganization, interferes with this Court's ability to

12    enforce its jurisdiction over the Debtor's assets and this bankruptcy case, and threatens the

13    integrity of the bankruptcy estate by, among other things, upsetting the well-established and

14    Congressionally-approved goals underlying the uniform bankruptcy laws of rehabilitation of

15    debtors and equality of treatment of creditors.  The objectives of the Bankruptcy Code would be

16    served by issuing a preliminary injunction staying the Defendants' continued pursuit in the Florida

17    Action of the Debtor, the Debtor's property, property of the Debtor's estate, and/or property held

18    by the Debtor's estate.

19    56.    The Debtor has a strong likelihood of successfully reorganizing if the requested

20    temporary restraining order and preliminary injunction are entered.

21    57.    The Debtor is threatened with the possibility of immediate irreparable injury if the

22    temporary restraining order and preliminary injunction are not granted.

23    58.    At the least, serious questions are raised with respect to the FTC's continued

24    pursuit in the Florida Action of claims against the Debtor, the Debtor's property, property of the

25    Debtor's estate, and/or property held by the Debtor's estate, and the balance of the hardships tip

26    strongly in the Debtor's favor.

27    59.    The requested preliminary injunction is in the public interest.  While the FTC

28    action seek to gain, at most five or six dollars for consumers, each or which may have been billed

-11-

AMENDED COMPLAINT FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION. . .

1    a single collect call by the Prior Clients, the Debtor's efforts to reorganize its operations affects the

2    livelihoods of its employees, the Debtor's ability to pay its creditors and the continued viability of

3    its customers.

4        WHEREFORE, the Debtor prays for relief as set forth below.

5                    **FOURTH CLAIM FOR RELIEF**

6                **(Determination of Extent of Property Interest)**

7        60.    The Debtor repeats the allegations set forth in Paragraphs 1 through 42 as if fully

8    set forth herein.

9        61.    The Receiver and the FTC claim that the Receiver has a property or other interest

10   in funds held by the Debtor based on the Florida Preliminary Injunction and/or the Payment

11   Orders that is enforceable in this bankruptcy case.  In fact and in law, the Florida Preliminary

12   Injunction and the Payment Orders do not give the Receiver any interest in property that is in the

13   possession of the Debtor.  Instead, the Debtor is the owner of the funds in its bank accounts and all

14   of its other property from and after the Petition Date.

15       62.    This Court should determine that the Debtor's funds and other property are free of

16   any property interest therein claimed by the Receiver or the FTC.

17       WHEREFORE, the Debtor prays for relief as set forth below.

18                    **PRAYER FOR RELIEF**

19       WHEREFORE, the Debtor prays for relief as follows:

20       1.    For the FIRST CLAIM FOR RELIEF that the Court declare that the

21   implementation or enforcement of the Payment Order is automatically stayed including

22   without limitation pursuant to 11 U.S.C. §§ 362(a)(1), (a)(2), (a)(3), and/or (a)(6).

23       2.    For the SECOND CLAIM FOR RELIEF that:

24           a.    the claims made in the Florida Action against the Debtor, the Debtor's

25                 property, property of the Debtor's estate, and/or property held by the

26                 Debtor's estate, including without limitation the implementation or

27                 enforcement of the Payment Orders, are automatically stayed including

28

-12-

W02-WEST:5SS1\400435989.5

AMENDED COMPLAINT FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION. . .

Case: 07-05156      Doc #: 114      Filed: 12/27/2007      Page 13 of 14

1  without limitation pursuant to 11 U.S.C. §§ 362(a)(1), (a)(2), (a)(3), and/or

2  (a)(6).

3       b.    while there is an exception, under 11 U.S.C. § 362(b)(4), for regulatory

4  actions, from the Bankruptcy Code's automatic stay provisions set forth in

5  11 U.S.C. § 362(a), the gist of the Florida Action and the claims made

6  therein against the Debtor, the Debtor's property, property of the Debtor's

7  estate, and/or property held by the Debtor's estate, are monetary in nature

8  and are therefore stayed.

9       3.    For the THIRD CLAIM FOR RELIEF that the Court temporarily restrain and

10  preliminarily enjoin the FTC and the Receiver until a plan of reorganization is entered in this

11  Bankruptcy Case from proceeding against the Debtor in the Florida Action, including as to the

12  claims made therein against the Debtor, the Debtor's property, property of the Debtor's estate,

13  and/or property held by the Debtor's estate;

14       4.    For the FOURTH CLAIM FOR RELIEF that the Court declare that the

15  Debtor's funds and other property are free of any property interest therein claimed by the

16  Receiver and/or the FTC; and

17       5.    That the Court grant such other and further relief as the Court deems just and

18  proper under the circumstances.

19

20  Dated:  December 27, 2007

21                Respectfully submitted,

22                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

23

24             By                                                                            

25                              MICHAEL H. AHRENS

                            STEVEN B. SACKS

26                              JEFFREY K. REHFELD

                      Attorneys for Plaintiff and Debtor The Billing

27                          Resource, dba Integretel

28

W02-WEST:5SS1\400435989.5

AMENDED COMPLAINT FOR DECLARATORY
RELIEF, TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION. . .