WILLIAM BLUMENTHAL
General Counsel

JOHN F. DALY
Deputy General Counsel - Litigation

JOHN ANDREW SINGER
Attorney - Office of the General Counsel
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC  20580
Telephone:  (202) 326-3234
Facsimile:   (202) 326-2447
Email: jsinger@ftc.gov

MICHAEL MORA
JULIE MACK
Attorneys - Division of Enforcement
Bureau of Consumer Protection

ATTORNEYS FOR FEDERAL
TRADE COMMISSION

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| THE BILLING RESOURCE d/b/a INTEGRETEL,<br><br>    Debtor-Plaintiff-Appellee,<br><br>  v.<br><br>FEDERAL TRADE COMMISSION et al.,<br><br>    Defendant-Appellant. | No. 5:07-CIV-5758-JW<br><br>Date: February 4, 2008<br>Time: 9:00 a.m.<br>Place: 280 S. First Street<br>   San Jose, CA<br>Judge: Hon. James Ware<br>Courtroom: 8 - 4th Floor |

On Appeal from the United States Bankruptcy Court for the Northern District of California, No. 07-52890, Adversary Proceeding No. 07-5156 (Weissbrodt)

**DEFENDANT-APPELLANT FEDERAL TRADE COMMISSION'S NOTICE OF FURTHER DEVELOPMENTS CONCERNING THE FEBRUARY 4, 2008 HEARING**

Defendant-appellant the Federal Trade Commission ("Commission") files this Notice to bring to the Court's attention four developments since the completion of briefing that the Commission believes are relevant to the hearing before the Court scheduled for February 4, 2008.[1] The Commission's understanding is that this hearing will address: (1) the Commission's Combined Motion for a Stay of the bankruptcy court's November 7, 2007, preliminary injunction and for a change of venue pursuant to 28 U.S.C. § 1412 (Dkt Item 3); and (2) the Commission's Motion for a Stay of the bankruptcy court's November 27, 2007, preliminary injunction (Dkt Item 13).

The four developments are:

**1.   The Amended Complaint in the underlying Adversary Proceeding by Debtor–plaintiff-appellee's The Business Resource dba Integretel ("Integretel")**

On December 27, 2007, Integretel amended its complaint in the underlying adversary proceeding to seek a declaratory judgment that neither the Commission nor the Receiver appointed by the United States District Court for the Southern District of Florida in a civil law enforcement action against Integretel, *FTC v. Nationwide Connections, Inc.*, No. 06-CV-80180-Ryskamp/Vitunac (S.D. Fla.) (the "Enforcement Action" in the "Florida District Court"), have any property interest in any funds held by Integretel.[2] The Commission believes that entry of such a declaratory judgment by the bankruptcy court would: (1) directly contradict (and effectively overturn) the Florida District Court's September 14, 2007, Order in the Enforcement Action holding that Integretel holds $1,762,762.56 of funds (the "Reserve Funds") that are the property of the receivership estate in the Enforcement Action; (2) violate the principle of collateral estoppel by ignoring the preclusive effect of the September 14

---

[1] This Notice is supported by the Declaration of Michael Mora.

[2] Integretel previously provided the Court with a copy of the amended complaint, Dkt Item 57, Exh. D.

Order concerning the ownership of the Reserve Funds; and (3) undercut the contempt proceedings against Integretel and the Florida District Court's September 21, 2007, order directing Integretel to show cause why it should not be held in contempt for its failure to turn over the Reserve Funds to the Receiver as required by prior orders entered by the Florida District Court in the Enforcement Action.

The Commission respectfully submits that this amended complaint illustrates the necessity of transferring the adversary proceeding to Florida District Court, the one court with the unique ability to exercise jurisdiction over the interrelated issues (in particular the ownership of the Reserve Funds) between Integretel's bankruptcy proceeding and the Enforcement Action. Absent such transfer, issues relating to the Enforcement Action and the contempt proceeding relating to the Reserve Funds will continue to be pending before this Court, the Florida District Court, the Eleventh Circuit, and the bankruptcy court. By enacting 28 U.S.C. § 1412, presumably the Congress intended to facilitate the elimination of what exactly is occurring here – simultaneous litigation of identical issues in multiple federal courts. Transfer to the Florida District Court would promote judicial efficiency and prevent any further inconsistent rulings concerning the ownership of the Reserve Funds.

**2.  The Commission's Motion to Withdraw the Reference of the Amended Complaint in the Adversary Proceeding from the Bankruptcy Court**

Since the bankruptcy court's November 7 and 27, 2007, preliminary injunctions are both on appeal before this Court, the only open issue in the adversary proceeding is the resolution of the duplicative declaratory judgment action relating to the Reserve Funds that Integretel has added to its complaint. On January 11, 2008, the Commission filed a motion to withdraw the reference of the amended complaint in the adversary proceeding from the bankruptcy court. (Attached as Exh. A to Decl. of Michael Mora). The motion was docketed in this District Court on January 18 as Case No. C-08-00341-RMW. On January 22, the Honorable Judge Whyte issued an Order of Referral of that case

to this Court, which is currently pending. Transfer of the adversary proceeding to the Florida District Court would obviate the need for this Court to address the merits of the issue raised by the amended complaint.

### 3. Integretel's First Interim Professional Fee Applications to the Bankruptcy Court

On January 25, 2008, the array of professionals employed by Integretel (and the creditors committee) in its bankruptcy case filed their first interim fee applications in the bankruptcy case, totaling over $3 million. Notice of Hearing, Bk. Ct. Docket Item 430. (Attached as Exh. B to Decl. of Michael Mora). A large portion of the fees and expenses are attributable to Integretel's litigation and relitigation of its disputes with the Commission and the Receiver in multiple federal courts. If these fee petitions are granted, which is likely, and if Integretel continues to pursue duplicative litigation and incur professional fees at this rate, these fees will significantly deplete the amount of funds otherwise available for distribution to creditors and Integretel will likely liquidate, rather than reorganize.

### 4. Adversary Proceeding filed by Customers of Integretel's Billing Services

On January 23, 2008, a group of plaintiffs (the "Voice Mail Plaintiffs"), all of whom had or have contracts with Integretel to bill and collect charges from consumers through their local telephone bills, commenced an adversary proceeding against Integretel. *Enhanced Long Distance, Inc. v. The Billing Resource dba Integretel*, Adv. Pro. No. 08-05020 (Bankr. N.D. Cal.) (Complaint and Application for Order to Segregate Funds attached as Exh. C and D to Decl. of Michael Mora). The Voice Mail Plaintiffs claim that Integretel holds approximately $5 million of reserve funds that are the property of the Voice Mail Plaintiffs and not Integretel. The Voice Mail Plaintiffs seek to have the bankruptcy court enter a temporary restraining order and preliminary injunction placing $5 million into a frozen segregated account subject to the control of the bankruptcy court, much as the bankruptcy court has done for the Reserve Funds claimed by the Receiver in the Enforcement Action. If the Voice

Mail Plaintiffs obtain this relief, it may significantly deplete the amount of funds otherwise available for distribution to creditors and Integretel will likely liquidate, rather than reorganize.

Respectfully submitted,

WILLIAM BLUMENTHAL
General Counsel

JOHN F. DALY
Deputy General Counsel - Litigation


      /s/
JOHN ANDREW SINGER
Attorney - Office of the General Counsel
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC  20580
Telephone:  (202) 326-3234
Facsimile:   (202) 326-2447
Email: jsinger@ftc.gov

MICHAEL MORA
JULIE MACK
Attorney - Division of Enforcement
Bureau of Consumer Protection

ATTORNEYS FOR FEDERAL
TRADE COMMISSION