1  WILLIAM BLUMENTHAL
2  General Counsel

3  MICHAEL P. MORA
   JULIE A. MACK
4  Federal Trade Commission
5  600 Pennsylvania Ave. NW, Room NJ-2122
   Washington, DC  20580
6  Telephone:  (202) 326-3373, - 2312
   Facsimile:  (202) 326-2558
7  Email: mmora@ftc.gov; jmack@ftc.gov

8  ATTORNEYS FOR FEDERAL
9  TRADE COMMISSION

10              UNITED STATES DISTRICT COURT
11            NORTHERN DISTRICT OF CALIFORNIA
                   SAN JOSE DIVISION
12

13 | In re: | Civ. No. _____ |
14 | THE BILLING RESOURCE, dba Integretel, a California corporation, | |
15 | | Bk. Case No. 07-52890 |
16 | Debtor | Chapter 11 |
17 | | |
18 | THE BILLING RESOURCE, dba INTEGRETEL, a California corporation, | Adv. Pro. No. 07-05156 |
19 | | FTC'S MOTION FOR WITHDRAWAL OF THE REFERENCE UNDER 28 U.S.C. § 157(d) AND NOTICE OF RELATED CASE |
20 | Plaintiff, | |
21 | v. | |
22 | FEDERAL TRADE COMMISSION, et al., | |
23 | | Date: |
24 | Defendants. | Time: |
25 | | Court: |

26
27        Pursuant to Federal Rule of Bankruptcy Procedure 5011(a) and Local Bankruptcy Rule 5011-

28 2(a), Defendant Federal Trade Commission ("FTC" or "Commission") hereby moves this Court for an

   order under 28 U.S.C. § 157(d) withdrawing the reference to the bankruptcy court of Count IV of the

**FTC Exh A**

Amended Complaint filed by Plaintiff The Billing Resource, dba Integretel ("Integretel"), in Adversary

Proceeding No. 07-05156 on December 27, 2007.  (Adversary Proceeding D.E. 114).  In Count IV of

the Amended Complaint, Integretel seeks a declaratory judgment that neither the FTC nor a federal

district court-appointed receiver in an FTC law enforcement action against Integretel have any property

interest in any funds held by Integretel.

Integretel's claim stems from a law enforcement action pending against it in the United States

District Court for the Southern District of Florida ("Florida District Court"), pursuant to the FTC Act,

15 U.S.C. § 41 *et seq.*, *FTC v. Nationwide Connections, Inc.*, No. 06-CV-80180-Ryskamp/Vitunac

(S.D. Fla.) ("Enforcement Action").  The Commission charged Integretel and other defendants with

"cramming" more than $30 million in bogus charges onto consumers' phone bills.  Contrary to

Integretel's claim in its Amended Complaint, on September 14, 2007, before Integretel filed for

bankruptcy, the Florida District Court issued an order against Integretel in an ancillary contempt

proceeding, holding that:  (i) Integretel is holding approximately $1.7 million in reserve funds "on

behalf of, or for the benefit of" certain receivership defendants in the Enforcement Action, for whom

Integretel billed and collected funds from consumers for fabricated charges; (ii) the reserve funds are

property of the receivership estate, which the Florida District Court created to preserve the possibility

of providing equitable monetary relief to consumers; and (iii) Integretel must turn over the funds to the

Receiver or show cause why it should not be held in contempt of the Florida District Court's

preliminary injunctive orders for failing to turn over the receivership property to the Receiver.

**Notice of Related Case:**  This Motion is related to appellate proceedings in this bankruptcy

case, and in this adversary proceeding, now pending in the United States District Court for the Northern

District of California in *The Billing Resource v. Federal Trade Commission*, No. C-07- 05758 JW,

before the Honorable James Ware, United States District Judge.  Specifically, on November 30, 2007,

2

the bankruptcy court entered a preliminary injunction enjoining the Commission and the Receiver from prosecuting the above-referenced contempt motion against Integretel in the Florida District Court.  The Commission's (i) appeal of that bankruptcy court order and related Motion for Stay Pending Appeal and to Transfer Venue, and (ii) appeal of another order entered by the bankruptcy court on November 8, 2007 enjoining the Commission from prosecuting its Enforcement Action against Integretel, and related Motion for Stay Pending Appeal, are pending in Case No. C 07-05758 JW.  A hearing on those Motions is set for February 4, 2008.

The Commission has filed a Memorandum, Declaration, and Exhibits in support of this Motion, which are incorporated herein by reference.

Respectfully submitted,
WILLIAM BLUMENTHAL
General Counsel

Dated: January 11, 2008            /s/ Michael P. Mora

MICHAEL P. MORA
JULIE A. MACK
Attorneys - Division of Enforcement
Bureau of Consumer Protection
Federal Trade Commission
600 Pennsylvania Ave. NW, Room NJ-2122
Washington, DC  20580
Telephone:  (202) 326-3373, - 2312
Facsimile:   (202) 326-2558
Email: mmora@ftc.gov; jmack@ftc.gov

ATTORNEYS FOR FEDERAL TRADE COMMISSION

3

FTC Exh A

WILLIAM BLUMENTHAL
General Counsel

MICHAEL P. MORA
JULIE A. MACK
Federal Trade Commission
600 Pennsylvania Ave. NW, Room NJ-2122
Washington, DC  20580
Telephone:  (202) 326-3373, - 2312
Facsimile:   (202) 326-2558
Email: mmora@ftc.gov; jmack@ftc.gov

ATTORNEYS FOR FEDERAL
TRADE COMMISSION

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>THE BILLING RESOURCE, dba Integretel, a California corporation,<br><br>                        Debtor<br>_____<br><br>THE BILLING RESOURCE, dba INTEGRETEL, a California corporation,<br><br>                        Plaintiff,<br><br>            v.<br><br>FEDERAL TRADE COMMISSION, et al.,<br><br>                        Defendants. | **Civ. No. _____**<br><br>**Bk. Case No. 07-52890**<br><br>Chapter 11<br><br>**Adv. Pro. No. 07-05156**<br><br>**FTC'S MEMORANDUM IN SUPPORT OF MOTION FOR WITHDRAWAL OF THE REFERENCE UNDER 28 U.S.C. § 157(d)**<br><br>**Date:**<br>**Time:**<br>**Court:** |

**FTC Exh A**

**TABLE OF CONTENTS**

I.    STATEMENT OF ISSUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      A.   FTC Enforcement Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      B.   Contempt Proceeding . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      C.   Integretel's Bankruptcy Filing and Adversary Proceeding Against the Receiver and FTC
           . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      D.   Amended Complaint in Adversary Proceeding . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

III.  STATUTORY BASIS FOR WITHDRAWAL OF THE REFERENCE . . . . . . . . . . . . . . . . . 9

IV.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

      A.   Discretionary Withdrawal of the Amended Complaint is Warranted "For Cause" . . . . 10

      B.   Withdrawal of the Reference is Mandatory Because Resolution of this Proceeding Will
           Require Substantial and Material Consideration of Federal Equity Receivership and
           Civil Contempt Law in the Context of a Law Enforcement Action Under the FTC Act
           . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

V.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

-i-

**FTC Exh A**

1

**TABLE OF AUTHORITIES**

2

**CASES**

3

4

*Big Rivers Elec. Corp. V. Green River Coal Co., Inc.,* 182 B.R. 751 (W.D. Ky. 1995) . . . . . . . . . . . 13

5

*City of New York v. ExxonCorp.,* 932 F.2d 1020 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

6

*Congress Credit Corp. v. AJC Int'l Inc.,* 42 F.3d 686 (1ˢᵗ Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . 13, 14

7

*Enviro-Scope Corp. v. Westinghouse Elec. Corp. (In re Enviro-Scope Corp.),* 57 B.R. 1005
(E.D.Pa.1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

8

9

*FTC v. American Nat'l Cellular, Inc.,* 810 F.2d 1511 (9ᵗʰ Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . 15

10

*FTC v. Access Resource Services, Inc.,* No. 02-60226 (S.D. Fla. Feb. 13, 2002) . . . . . . . . . . . . . . . . . 3

11

*FTC v. Verity Int'l, Ltd.,* 443 F.3d 48 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

12

*FTC v. H.N. Singer, Inc.,* 668 F.2d 1107 (9ᵗʰ Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

13

*FTC v. Cyberspace.com, LLC,* No. C00-1806L (W.D. Wash. Oct. 20, 2000) . . . . . . . . . . . . . . . . . . . . 3

14

*FTC v. Nationwide Connections, Inc.,* No. 06-CV-80180-Ryskamp/Vitunac (S.D. Fla. February 27,
2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

15

16

*FTC v. YP.Net, Inc.,* No. 00-1210 (D. Ariz. June 26, 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

17

*In re 3dfx Interactive Inc.,* 2005 WL 1074407 (N.D. Cal. May 6, 2005) . . . . . . . . . . . . . . . . . . . . 14, 17

18

*In re Adelphia Communications Corp.,* 2006 WL 337667 (S.D.N.Y. Feb. 10, 2006) . . . . . . . . . . . . . 14

19

*In re Castlerock Properties,* 781 F.2d 159 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

20

*In re Cinematronics,* 916 F.2d 1444 (9ᵗʰ Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

21

*In re Gruntz,* 202 F.3d 1074 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

22

*In re Ionosphere Clubs, Inc.,* 1990 WL 5203 (S.D.N.Y. Jan. 24, 1990) . . . . . . . . . . . . . . . . . . . . . . . . 15

23

*In re Orion Pictures Corp.,* 4 F.3d 1095 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

24

*In re Sevko, Inc.,* 143 B.R. 114 (N.D. Ill.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

25

*In re Vicars Ins. Agency, Inc.,* 196 F.3d 949 (7ᵗʰ Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

26

*McCrory Corp. v. 99¢ Only Stores (In re McCrory Corp.),* 160 B.R. 502 (S.D.N.Y. 1993) . . . . . . 14-15

27

*SEC v. Wencke,* 622 F.2d 1363 (9ᵗʰ Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

28

-ii-

FTC Exh A

1    *SEC v. American Capital Investments, Inc.*, 98 F.3d 1133 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . 15-16

2    *Security Farms v. Int'l B'hd of Teamsters,* 124 F.3d 999 (9th Cir. 1997) . . . . . . . . . . . . . . . . 11, 12, 14

3    *United States v. Johns-Manville*, 63 B.R. 600 (S.D.N.Y. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

4    *Valley Forge Plaza Associates v. Firemen's Fund Ins. Cos.*, 107 B.R. 514 (E.D. Pa. 1989) . . . . . . . . . 11

5

6                            **STATUTES AND RULES**

7    11 U.S.C. § 105 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

8    11 U.S.C. § 362 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

9    11 U.S.C. § 541 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

10   15 U.S.C. § 41 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

11   15 U.S.C. § 45 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

12   15 U.S.C. § 53 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 15

13   28 U.S.C. § 157 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

14   28 U.S.C. § 754 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

15   28 U.S.C. § 1334 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 16

16   28 U.S.C. § 1412 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

17   N.D.Cal. Local Bankruptcy Rule 5011-1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

18

19

20

21

22

23

24

25

26

27

28

                            -iii-

**FTC Exh A**

1

# I. STATEMENT OF ISSUE TO BE DECIDED

2  Whether to withdraw the reference to the bankruptcy court of Count IV of the Amended

3  Complaint, in which the Debtor, The Billing Resource d/b/a Integretel ("Integretel"), seeks a

4  declaratory judgment that all funds held by it are "free of any property interest therein claimed by" the

5  Federal Trade Commission ("FTC" or "Commission") or a district court-appointed receiver?

6  The issue stems from a law enforcement action pending against Integretel in the United States

7  District Court for the Southern District of Florida ("Florida District Court"), pursuant to the FTC Act,

8  15 U.S.C. § 41 *et seq.*, *FTC v. Nationwide Connections, Inc.*, No. 06-CV-80180-Ryskamp/Vitunac

9  (S.D. Fla.) ("Enforcement Action"). The FTC charged Integretel and other defendants with

10 "cramming" more than $30 million in bogus charges onto consumers' phone bills. Contrary to

11 Integretel's claim in its Amended Complaint, on September 14, 2007, the Florida District Court issued

12 an order against Integretel in an ancillary contempt proceeding, holding that: (i) Integretel is holding

13 approximately $1.7 million in reserve funds "on behalf of, or for the benefit of" certain receivership

14 defendants in the Enforcement Action, for whom Integretel billed and collected funds from consumers

15 for fabricated charges; (ii) the reserve funds are property of the receivership estate, which the Florida

16 District Court created to preserve the possibility of providing equitable monetary relief to consumers;

17 and (iii) Integretel must turn over the funds to the Receiver or show cause why it should not be held in

18 contempt of the Florida District Court's preliminary injunctive orders for failing to turn over the

19 receivership property to the Receiver. Two days later, on September 16, Integretel filed for

20 bankruptcy.

21

22 Integretel has appealed the Florida District Court's order to the Eleventh Circuit. The FTC and

23 the Receiver have appealed to this District Court a preliminary injunction order entered by the

24 bankruptcy court on November 30, 2007, enjoining the FTC and Receiver from prosecuting the

25 Contempt Motion (as defined below) in the Florida District Court (but not enjoining the Eleventh

26

27

28

1

**FTC Exh A**

1    Circuit appeal).  (Case No. C:07-CIV-5758-JW).[1]  Integretel filed its Amended Complaint in this

2    adversary proceeding on December 27, 2007.

3

4                              **II.  STATEMENT OF FACTS**

5        **A.    FTC Enforcement Action**

6        The Amended Complaint stems from the Enforcement Action brought by the Commission

7    against Integretel and other defendants in the Florida District Court, pursuant to §§ 5(a) and 13(b) of

8    the FTC Act, 15 U.S.C. §§ 45(a) and 53(b).[2]  The Commission charged Integretel and its co-defendants

9    with engaging in a massive telephone billing scam in which more than $30 million in fabricated collect

10   call charges were "crammed" onto consumers' telephone bills.  Integretel and another billing

11   aggregator played a pivotal role by, among other things, processing the bogus charges they claimed

12   consumers were liable to pay.  Integretel alone was responsible for billing and collecting approximately

13   $4.5 million from consumer victims for the phony charges.

14

15       The Commission filed its original complaint in the Enforcement Action in February 2006

16   against, *inter alia*, Nationwide Connections and its affiliates, including two former clients of Integretel,

17   Access One and Network One.  (FTCX 1).  The same day the Commission filed suit, the Florida

18   District Court (i) entered an *ex parte* temporary restraining order ("TRO") and asset freeze against the

19   defendants, and (ii) appointed David R. Chase as the receiver (the "Receiver") over, *inter alia*, Access

20   One and Network One, to marshal the receivership defendants' assets and preserve the court's ability to

21   grant monetary relief to consumer victims.  (FTCX 2, TRO ¶¶ II, VII-XI).  The receivership estate

22

23   ───────────────

24       [1]The FTC has also appealed to this Court a preliminary injunction order entered by the
     bankruptcy court on November 8, 2007, enjoining the FTC from prosecuting the Enforcement
25   Action against Integretel.  Further, the FTC has moved the Court for a stay pending appeal of
     that order and for transfer of venue of the appellate proceeding to the Florida District Court, for
26   which the Court has set an expedited hearing on February 4, 2008.  (DE 41).

27       [2]Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or
28   practices in or affecting commerce."

                                          2

**FTC Exh A**

1    included "all assets of the Defendants as of the time this Order was entered" including funds "held on

2    behalf of, or for the benefit of a Defendant." (*Id*. at ¶ II, last proviso, VI.C.1). The Florida District

3    Court ordered the Receiver to "[t]ake exclusive custody, control, and possession of all assets of . . . the

4    Receivership Defendants." (*Id*. at ¶ VIII.B).

5            Upon being served with the TRO, all entities holding assets of the receivership defendants in

6    the Enforcement Action were required to turn over to the Receiver "immediately upon service of this

7    Order * * * or within such time period permitted by the Receiver * * * all assets of the Receivership

8    Defendants" in their possession. (*Id*. at ¶ X). More specifically, the Florida District Court ordered

9    "[third party billing agents" such as Integretel to "cooperate with all reasonable requests of the FTC

10   and the Receiver relating to the implementation of this Order, including the transfer of funds at the

11   Receiver's direction." (*Id*. at ¶ XI). Despite the fact that Integretel was at the time holding more than

12   $1.3 million in reserve funds "on behalf of or for the benefit of" Access One and Network One, in

13   response to the TRO, Kenneth Dawson, the president of Integretel, submitted to the Commission an

14   unsworn statement claiming that "no amounts are currently due and owing" to defendants Access One

15   and Network One. (FTCX 3). The receivership and turnover provisions were continued in a March

16   2006 preliminary injunction (FTCX 4), and a September 2006 amended preliminary injunction.

17   (FTCX 5).

18

19           In September 2006, the FTC filed an amended complaint in the Enforcement Action adding

20   Integretel as a defendant. (FTCX 6).[3] The Commission charged Integretel with violating Section 5(a)

21   of the FTC Act, 15 U.S.C. § 45(a), by: (1) deceptively representing that consumers were obligated to

22

23           [3]Integretel has a long history of involvement in similar schemes. For example, in
24   October 2000, the Commission sued Integretel for its role in a scheme that charged consumers
     for Internet pornography that they never purchased or authorized. Integretel agreed to a
25   Stipulated Final Order by which it released all claims to the $1.6 million in consumer payments
     that it then held and transferred these monies to the Commission for consumer redress. *See FTC*
26   *v. Verity Int'l, Ltd.,* 443 F.3d 48 (2d Cir. 2006). Integretel was also a billing aggregator for the
     defendants in the following FTC cramming cases: *FTC v. Access Resource Services, Inc.*,
27   No. 02-60226 (S.D. Fla. Feb. 13, 2002); *FTC v. Cyberspace.com, LLC*, No. C00-1806L (W.D.
     Wash. Oct. 20, 2000); and *FTC v. YP.Net, Inc.*, No. 00-1210 (D. Ariz. June 26, 2000).

28

3

FTC Exh A

1    pay charges appearing on their telephone bills for collect calls that were never made or authorized; and

2    (2) unfairly billing consumers for collect telephone calls that consumers never received or authorized.

3

4    **B.    Contempt Proceeding**

5            Shortly after the FTC added Integretel as a defendant in the Enforcement Action, the Receiver

6    learned that Integretel was holding funds on behalf of receivership defendants Access One and

7    Network One, which it had withheld as a reserve to cover consumer refund claims for the bogus

8    charges billed by Integretel and its co-defendants ("Reserve Funds").  In October 2006, after Integretel

9    refused the Receiver's request to turnover the Reserve Funds, the Receiver filed a motion for an order

10   to show cause why Integretel should not be held in contempt for violating the Florida District Court's

11   injunctive orders ("Contempt Motion").  In response to the Contempt Motion, Integretel filed an

12   opposition brief, a Motion to Modify Prior Injunctive Orders, a Motion to Stay Contract Claims, and an

13   appeal of the Preliminary Injunction to the Eleventh Circuit.  (*See* FTCX 7 at 1).  The FTC opposed

14   Integretel's motions and filed a reply in support of the Receiver's Contempt Motion.  In April 2007, the

15   Florida District Court held a hearing on the Receiver's Contempt Motion and Integretel's counter-

16   motions, in which the FTC participated.  (*See id.*).

17           On September 14, 2007, the Florida District Court entered an Omnibus Order regarding those

18   motions ("September 14 Order").  (FTCX 7).  Relevant to this Motion, the September 14 Order granted

19   the Receiver's motion for an order to show cause why Integretel should not be held in contempt for not

20   turning over the Reserve Funds.  The September 14 Order (entered *prior* to Integretel's bankruptcy

21   filing) held that the Reserve Funds are receivership property.  (*Id.* at 2).  The court specifically

22   determined that the funds are receivership property because the Reserve Funds are held by Integretel

23   "on behalf of, or for the benefit of" receivership defendants Access One and Network One and thus

24   were "capture[d]" by the receivership and turnover provisions of the Florida District Court's injunctive

25   orders in the Enforcement Action.  (*Id.* at 3).  The Florida District Court ordered Integretel to turn over

26

27

28

4

FTC Exh A

the Reserve Funds (which amounted to approximately $1.7 million) to the Receiver within ten days or

show cause why it should not be held in contempt.  (*Id*. at 10).[4]

### C.    Integretel's Bankruptcy Filing and Adversary Proceeding Against the Receiver and FTC

On September 16, 2007, two days after the September 14 Order was entered in the Enforcement

Action, Integretel filed a voluntary petition under Chapter 11 of the Bankruptcy Code.  *In re The

Billing Resource d/b/a Integretel*, No. 07-52890 (Bankr. N.D. Cal.)  (FTCX 8).  The next day,

Integretel filed a "Notice of Bankruptcy" in the Enforcement Action making a blanket, conclusory

assertion that all court proceedings against it were automatically stayed.  (*See* FTCX 10).

On September 19, Integretel filed an adversary proceeding in the bankruptcy court, *The Billing

Resource dba Integretel v. David Chase and the Federal Trade Commission*, No. 07-AP-5156.  (FTCX

9).  In its original complaint, Integretel sought, pursuant to 11 U.S.C. § 105(a), a preliminary injunction

(i) enjoining the Receiver and the Commission from pursuing the Contempt Motion against Integretel,

and (ii) enjoining the Commission from prosecuting the Enforcement Action against Integretel.

On September 20, based on Integretel's "Notice of Bankruptcy," the Florida District Court

entered an order staying the proceedings before it as to Integretel.  (FTCX 10).  The Commission then

filed an emergency motion for an order clarifying that the bankruptcy automatic stay, 11 U.S.C.

§ 362(a), does not apply to either the FTC's Enforcement Action or the Contempt Motion.  On

September 21, the Florida District Court entered an order granting the FTC's motion (the "September

21 Order") (FTCX 11).  The September 21 Order (entered after Integretel's bankruptcy filing)

reiterated the holdings of the pre-petition September 14 Order about the ownership of the Reserve

Funds and that the Reserve Funds are the property of the receivership estate:

---

[4]The Florida District Court specifically held: "As of August 26, 2006, Integretel was
holding $1,186,430.36 in reserves for Access One and $173,918.66 in reserves for Network One.
These amounts have increased, and as of June 30, 2007, the reserve amount being held by
Integretel (and/or its affiliates) is $1,762,762.56."  (FTCX 7 at 2).

FTC Exh A

1

2

3

4

> Integretel was holding more than $1.35 million in reserve funds that belonged to two of the Nationwide defendants, Access One and Network One, in spite of several provisions of the Temporary Restraining Order in (sic) Preliminary Injunction requiring it to turn said funds over to the Receiver* * * *  *On Friday, September 14, 2007, this Court issued its Omnibus Order in which it ruled that the reserve funds are the property of the receivership estate* and ordered Integretel to pay the current reserve funds, amounting to $1,762,762.56, to the Receiver.

5

(*Id.* at 1) (emphasis added).

6

7

On September 24, Integretel appealed the Florida District Court's September 14 and 21 Orders

8

to the Eleventh Circuit.  On October 10, Integretel filed an emergency motion for a stay pending appeal

9

of the Contempt Motion proceedings.  On October 17, the Eleventh Circuit temporarily granted a stay

10

while it considered certain jurisdictional issues that it had raised *sua sponte*, (FTCX 12), but shortly

11

thereafter the court terminated that stay and denied Integretel's motion, as described below.

12

On November 2, following proceedings held in the bankruptcy court on Integretel's motion for

13

preliminary injunction as to the Enforcement Action and the Contempt Motion, the bankruptcy court

14

issued a Memorandum Decision declining to issue a preliminary injunction concerning the Contempt

15

Motion.  (FTCX 13).  The bankruptcy court stated it was not doing so only because it would be

16

duplicative of the stay issued by the Eleventh Circuit.  (*Id.* at 58:6-18).

17

On November 5, the Eleventh Circuit denied Integretel's motion for a stay pending appeal and

18

terminated its temporary stay. (FTCX 14).  Within 3.5 hours of the Eleventh Circuit's ruling, the

19

bankruptcy court, following a telephonic hearing request by Integretel, orally issued a conflicting ruling

20

reflected only in a docket entry:  a temporary restraining order enjoining the Receiver and the

21

Commission from pursuing the Contempt Motion.  (FTCX 15).

22

The bankruptcy court held a further hearing on Integretel's request for a preliminary injunction

23

as to the Contempt Motion on November 16.  After argument, the bankruptcy court requested that the

24

parties stipulate to the continuation of the November 5 temporary restraining order through December

25

7.  All of the parties declined.  The bankruptcy court then, on its own motion, extended the temporary

26

restraining order through December 6.  On November 21, the bankruptcy court, in a telephonic

27

conference, announced that while it had prepared a draft preliminary injunction order, it was uneasy

28

about entering the order because it was very concerned about the fact that the Eleventh Circuit has the propriety of the September 14 and 21 Orders (holding the Reserve Funds are receivership property) before it on appeal and that the bankruptcy court in issuing a preliminary injunction would, in effect, reach the exact opposite conclusion on the same issue as had the Eleventh Circuit. (FTCX 16, Nov. 21 Tr. at 14:11-17). The bankruptcy court asked the parties to reach an agreement that would obviate the need for the court to make a decision whether or not to issue a preliminary injunction. The parties could not reach an agreement and, given the late hour on Thanksgiving Eve, consented to the bankruptcy court extending its temporary restraining order through November 26, as reflected in a docket entry. (FTCX 17).

On November 26, the bankruptcy court conducted another telephonic hearing. Initially, the court again attempted to broker a deal that would obviate the need for the court to rule on Integretel's motion. When this effort failed, the bankruptcy court announced that it would "abstain," as a matter of comity, from entering a preliminary injunction that would be in conflict with Florida District Court's September 14 Order requiring that Integretel show cause why it should not be held in contempt of the Eleventh Circuit's November 5 Order. (FTCX 18, Nov. 26 Tr. at 27:14 - 28:11; 45:11-24). Rather, the bankruptcy court indicated it would not enjoin the Receiver or the Commission from pursuing the Contempt Motion before the Florida District Court, would permit the Reserve Funds (if ordered by the Florida District Court) to be transferred to the Receiver, but (if the Receiver gained possession of the funds) would enjoin the Receiver from disbursing these funds without the permission of the bankruptcy court. The court then read findings of fact and conclusions of law into the record and restated the limited nature of its intended preliminary injunction. After some brief comments by counsel, the court took a short recess of no more than ten minutes.

When the hearing resumed, the bankruptcy court effectively reversed itself. It announced that it would not permit the Reserve Funds to leave California. It requested the Commission to either (i) acknowledge that the freezing of the funds in California would preclude a contempt finding against Integretel in Florida (by giving it an "impossibility" defense), or (ii) otherwise commit voluntarily to

7

FTC Exh A

not pursue the Contempt Action. The Commission disagreed with the premise that such an order would render compliance impossible, and declined to forego its rights to seek contempt in the Florida District Court. The bankruptcy court then announced it was orally entering a preliminary injunction effective immediately, enjoining the Commission and the Receiver from pursuing the Contempt Motion.

On November 27, the bankruptcy court conducted another telephonic hearing that primarily consisted of it reading into the record what appeared to be slightly revised findings of fact and conclusions of law. (FTCX 19, Nov. 27 Tr.). The court also announced that it was considering entering a second "back up" injunction enjoining the Receiver from disbursing the Reserve Funds without permission of the bankruptcy court. The purpose of this "back up" injunction would be to continue to enjoin the Commission and the Receiver if an appellate court should stay or overturn the bankruptcy court's preliminary injunction.

On November 30, the bankruptcy court entered an amended preliminary injunction order as to the Contempt Motion. (FTCX 20). By its terms, the preliminary injunction remains in effect until further order of the bankruptcy court. It enjoins the Commission and Receiver from pursuing the Contempt Motion and directs that an amount of funds equal to the Reserve Funds remain in a blocked account held by Integretel, also until further order of the court. But, Integretel can move at any time to have these funds released to funds its business operations. The Commission and the Receiver have appealed that preliminary injunction order to this District Court, and the Commission's motion for a stay pending appeal of that order is pending before this Court.

### D. Amended Complaint in Adversary Proceeding

On November 27, 2007, Integretel filed a motion for leave to file an amended complaint in the Adversary Proceeding. (FTCX 21-21A). Integretel sought leave to add a new cause of action for a declaratory judgment "that the Debtor's funds and other property are free of any property interest therein claimed by the Receiver or the FTC" based on the Florida District Court's preliminary

8

1    injunctive and Contempt Motion orders.  Over the FTC's and the Receiver's objections, the bankruptcy

2    court granted Integretel's motion on December 21.  (FTCX 22).  On December 27, Integretel filed and

3    served its Amended Complaint on the Commission and the Receiver.  (FTCX 23).  On January 4, 2008,

4    the Receiver filed a motion to dismiss the Amended Complaint on the grounds that the bankruptcy

5    court lacks subject matter jurisdiction over the Receiver and the Reserve Funds.  On January 7, the

6    Commission filed an Answer denying that the Amended Complaint is a core proceeding, generally

7    denying Integretel's factual and legal allegations, and raising as defenses the collateral estoppel effect

8    of the Florida District Court's orders and the bankruptcy court's lack of subject matter jurisdiction.

9    (FTCX 24).  The Commission now moves for withdrawal of the reference of Count IV of the Amended

10   Complaint to the bankruptcy court pursuant to 28 U.S.C. § 157(d).

11

12

13              **III.  STATUTORY BASIS FOR WITHDRAWAL OF THE REFERENCE**

14          This Court has original, although not exclusive jurisdiction over all proceedings arising under

15   the Bankruptcy Code, or arising in or related to cases under the Code.  28 U.S.C. § 1334(b).  District

16   courts may refer any such proceedings to non-Article III bankruptcy judges, 28 U.S.C. § 157(a), as this

17   District Court has done pursuant to Local Bankruptcy Rule 5011-1(a).  However, § 157(d) provides:

18          The district court may withdraw, in whole or in part, any case or proceeding referred
            under this section, on its own motion or on timely motion of any party, for cause shown.
19          The district court shall, on timely motion of a party, so withdraw a proceeding if the
            court determines that resolution of the proceeding requires consideration of both title 11
20          and other laws of the United States regulating organizations or activities affecting
            interstate commerce.
21

22          Withdrawal of the reference "for cause" under the first sentence of § 157(d) is discretionary.

23   "[I]f the court determines that resolution of the proceeding requires consideration of both title 11 and

24   other laws of the United States regulating organizations or activities affecting interstate commerce"

25   pursuant to the second sentence of § 157(d), withdrawal is mandatory.

26

27

28

                                                   9

**FTC Exh A**

# IV.  ARGUMENT

Pursuant to § 157(d), the Court should withdraw the reference of Count IV of the Amended Complaint for cause to promote judicial efficiency and avoid the risk of inconsistent judgments, and to reduce the delay and costs to the parties of relitigating and appealing the same issues in multiple federal courts.  Discretionary withdrawal of this proceeding is warranted because (i) it is not a core proceeding in which the bankruptcy court can issue a final order on the merits, and (ii) it involves the same facts and issues that have already been or are already being litigated before (a) the Eleventh Circuit, in Integretel's appeal of the Florida District Court's Orders, and (b) before this District Court, in the Commission's and the Receiver's appeal of the bankruptcy court's preliminary injunction as to the Contempt Motion.  The reference of the proceeding should therefore be withdrawn so that it can be consolidated with the appellate proceeding already before this Court, or transferred to the Florida District Court and consolidated with the Contempt Motion proceedings.

Alternatively, the Court should find that withdrawal is <u>mandatory</u> under § 157(d).  Resolving the instant proceeding will require substantial and material consideration of non-bankruptcy federal law relating to the scope of the Florida District Court's jurisdiction and powers in an equity receivership proceeding – in the context of a law enforcement action under the FTC Act – over property of the receivership estate.  It raises significant questions and unusual complexities regarding the effect of the Florida District Court's exercise of its jurisdiction and powers over property it has already adjudicated to be property of the receivership estate, on the bankruptcy court's more limited jurisdiction and powers over property of Integretel and its subsequently-created bankruptcy estate.

## A.  Discretionary Withdrawal of the Amended Complaint is Warranted "For Cause"

Under § 157(d), this Court has discretionary authority to withdraw the reference of a proceeding "for cause shown."  Whether cause exists is generally left to the district court's discretion.  *In re Cinematronics*, 916 F.2d 1444, 1451 (9th Cir. 1990).  In so deciding, a district court should consider: (1) the efficient use of judicial resources; (2) delay and costs to the parties; (3) uniformity of bankruptcy

10

FTC Exh A

1    administration; (4) the prevention of forum shopping; and (5) other related factors.  *Security Farms v.*

2    *Int'l B'hd of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997).

3            The most relevant factors here are (1), (2), (3) and (5).  Among the "related" factors courts

4    typically consider under the fifth factor is whether the proceeding is a "core" matter that the bankruptcy

5    court may fully "hear and determine" and "enter appropriate orders and judgments" in, subject only to

6    appellate review, or a non-core proceeding in which the bankruptcy court – like a magistrate – can only

7    submit proposed findings of fact and conclusions of law to the district court for *de novo* review.  28

8    U.S.C. § 157(b)(1), (2), (c)(1).  Although even core proceedings may be withdrawn for cause shown,

9    *see Valley Forge Plaza Associates v. Firemen's Fund Ins. Cos.*, 107 B.R. 514, 518 (E.D. Pa. 1989), a

10   district court should consider whether the claim is core or non-core, since it is upon this issue that

11   questions of efficiency and uniformity may turn under factors (1), (2) and (3).  *In re Orion Pictures*

12   *Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993).

13

14           Core matters are defined by 28 U.S.C. § 157(b) as "proceedings arising under title 11, or arising

15   in a case under title 11."  "In general, a core proceeding in bankruptcy is one that invokes a substantive

16   right provided by title 11 or ... a proceeding that, by its nature, could arise only in the context of a

17   bankruptcy case."  *In re Gruntz*, 202 F.3d 1074, 1081 (9th Cir. 2000).  Section 157(b)(2) sets forth a

18   non-exhaustive list of matters that are considered core proceedings, including two "catch-all"

19   categories: "matters concerning the administration of the estate," 28 U.S.C. § 157(b)(2)(A), and "other

20   proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor

21   ... relationship...."  § 157(b)(2)(O).  The Ninth Circuit has adopted a narrow interpretation of the catch-

22   all provisions, requiring something more than their literal applicability.  *In re Castlerock Properties,*

23   781 F.2d 159, 162 (9th Cir. 1986) ( "[S]tate law contract claims that *do* not specifically fall within the

24   categories of core proceedings enumerated in 28 U.S.C. § 157(b)(2)(B)-(N) are related proceedings

25   under § 157(c) even if they arguably fit within the literal wording of the two catch-all provisions,

26   sections § 157(b)(2)(A) and (O)").

27

28

11

**FTC Exh A**

1    Here, Count IV of the Amended Complaint is a non-core proceeding, or a proceeding in which

2    non-core issues predominate.  Integretel seeks a declaratory judgment that its alleged funds and other

3    property "are free of any property interest therein claimed by" the Receiver and the FTC, two non-

4    debtors.  (FTCX 23, Amended Complaint at ¶¶ 54-56).  Integretel alleges that this claim is governed by

5    the pre-petition contract rights of the receivership entities for whom it crammed bogus charges on

6    consumers' phone bills, *i.e.*, state law.  (FTCX 23, Amended Complaint at ¶¶ 18-24, 54).  The Receiver

7    and the FTC have argued that this claim is governed in large part by the Florida District Court's pre-

8    petition injunctive and Contempt Motion orders, and federal equity receivership law as applied in

9    government law enforcement actions such as the Commission's Enforcement Action against Integretel.

10   Integretel's claim is not one that arises only in bankruptcy or depends on the Bankruptcy Code for its

11   existence.  It does not fit within any of the specific examples of core matters enumerated in

12   § 157(b)(2)(B)-(N).  Nor can it be shoe-horned into either of the catch-all provisions, § 157(b)(2)(A) or

13   (O), as narrowly interpreted by the Ninth Circuit.  Indeed, Integretel's claim has already been fully

14   

15   litigated before the Florida District Court, pre-petition, in the Contempt Motion proceedings, and

16   Integretel is actively appealing the Florida District Court's orders to the Eleventh Circuit.

17   Accordingly, because a bankruptcy court's determinations on non-core matters are subject to *de*

18   *novo* review by the district court, withdrawing the reference will enhance judicial efficiency and avoid

19   unnecessary costs by having a single proceeding in this District Court, *see Security Farms*, 124 F.3d at

20   1008-1009 (same), or in the Florida District Court, which is the more appropriate forum under the

21   circumstances.[5]

22   

23   

24   _____

25   [5]If the Court grants the Commission's Motion to Withdraw the Reference of the

26   Amended Complaint, the Commission intends to move pursuant to 28 U.S.C. § 1412 to transfer
     venue of the proceeding to the Florida District Court.  This Court already has before it a motion

27   by the Commission to transfer venue to the Florida District Court of the Commission's appeal of
     the bankruptcy court's November 8 order preliminarily enjoining the Commission from

28   prosecuting its Enforcement Action against Integretel.  *See n. 1, supra.*

12

**FTC Exh A**

1    Even if this Court were to determine that the proceeding at issue is a core proceeding, sufficient

2    cause for discretionary withdrawal would still exist.  As the First Circuit held in *Congress Credit Corp.*

3    *v. AJC Int'l Inc.*, 42 F.3d 686 (1st Cir. 1994), when the facts and issues raised in a bankruptcy court

4    proceeding overlap with facts and issues that are already being litigated in a district court, as is the case

5    here, discretionary withdrawal of the reference of the bankruptcy proceeding is warranted to

6    consolidate the proceedings before a single district court, in the interests of judicial economy and to

7    avoid conflicting court rulings.  42 F.3d at 690-91.  *See also Big Rivers Elec. Corp. V. Green River*

8    *Coal Co.,* Inc., 182 B.R. 751 (W.D. Ky. 1995) (same); *In re Sevko, Inc*., 143 B.R. 114, 117 (N.D.

9    Ill.1992) (considerations of judicial economy adequate to meet "cause shown" requirement);

10   *Enviro-Scope Corp. v. Westinghouse Elec. Corp.* (In re Enviro-Scope Corp.), 57 B.R. 1005, 1008-09

11   (E.D.Pa.1985) (same).

12   

13   Here, the same three parties –   Integretel, the Receiver and the FTC – have litigated and are

14   litigating identical or overlapping facts and claims before the Eleventh Circuit, in the context of

15   Integretel's appeal of the Florida District Court's Orders relating to the Contempt Motion.  In its

16   September 14 Order issued before Integretel filed its bankruptcy petition, the Florida District Court

17   held: "As of August 26, 2006, Integretel was holding $1,186,430.36 in reserves for Access One and

18   $173,918.66 in reserves for Network One.  These amounts have increased, and as of June 30, 2007, the

19   reserve amount being held by Integretel (and/or its affiliates) is $1,762,762.56."  (FTCX 7 at 2).  In

20   both that order and its September 21 Order, the Florida District Court held, unequivocally, that the

21   Reserve Funds held by Integretel are property of the receivership estate.  Integretel collaterally attacks

22   and effectively seeks to reverse the Florida District Court's orders via Count IV of its Amended

23   Complaint, contrary to the fundamental doctrine of collateral estoppel and the bankruptcy court's

24   limited jurisdiction over property of the bankruptcy estate – which the Reserve Funds are not.  The

25   parties are actively litigating Integretel's appeal of the Florida District Court's September 14 and 21

26   orders before the Eleventh Circuit.  Among the multitude of arguments Integretel has put forth in its

27   opening brief is precisely the same argument they make in Count IV of their Amended Complaint:  that

28   

13

**FTC Exh A**

1    the receivership estate has no property interest in any funds Integretel is holding. (FTCX 25 at 44-45).

2        Moreover, the Commission's and the Receiver's appeals of the bankruptcy court's preliminary

3    injunction order as to the enforcement of the Contempt Motion in the Florida District Court are

4    pending in this Court, as is the Commission's motion for (i) a stay pending appeal of that bankruptcy

5    court order, and (ii) transfer of venue of the appeal to the Florida District Court. Those proceedings

6    likewise involve many of the same facts and issues raised by Count IV of Integretel's Amended

7    Complaint.

8        Under these circumstances, judicial economy would best be served, and inconsistent rulings by

9    multiple courts would be avoided, by withdrawing the reference of Count IV of the Amended

10   Complaint to this District Court. *Congress Credit Corp.,* 42 F.3d at 690-91. Accordingly, the Court

11   should withdraw the reference of Count IV of the Amended Complaint for cause.

12

13

14   **B.    Withdrawal of the Reference is Mandatory Because Resolution of this Proceeding
            Will Require Substantial and Material Consideration of Federal Equity
15          Receivership and Civil Contempt Law in the Context of a Law Enforcement Action
            Under the FTC Act**

16       Courts in this Circuit, including this Court, have held that a district court <u>must</u> withdraw the

17   reference under § 157(d) when a proceeding cannot be resolved without "substantial and material"

18   consideration of federal non-bankruptcy law. *In re 3dfx Interactive* Inc., 2005 WL 1074407, * 3 (N.D.

19   Cal. May 6, 2005), citing *In re Vicars Ins. Agency, Inc.*, 196 F.3d 949, 952 (7th Cir. 1996).[6] The

20   "substantial and material" test is met when the bankruptcy court would have to engage in "significant

21   interpretation of federal laws that Congress would have intended to have decided by a district judge

22   rather than a bankruptcy judge." *Id.* quoting *In re Vicars,* 196 F.3d at 953, n. 5, and *United States v.*

23   *Johns-Manville*, 63 B.R. 600, 602 (S.D.N.Y. 1986); *City of New York v. ExxonCorp.*, 932 F.2d 1020,

24   1026 (2d Cir. 1991). The issues raised need not be unsettled, or matters of first impression. *In re*

25

26   _____

27       [6]Although the Ninth Circuit alluded to the "substantial and material" standard in dicta in
     *Security Farms,* 124 F.3d at 1008 n. 4, it has not directly ruled on the standard for mandatory
28   withdrawal under § 157(d).

14

FTC Exh A

1  *Adelphia Communications Corp.*, 2006 WL 337667 (S.D.N.Y. Feb. 10, 2006); *McCrory Corp. v. 99¢*

2  *Only Stores (In re McCrory Corp.)*, 160 B.R. 502, 505 (S.D.N.Y. 1993). As the court stated in *In re*

3  *Ionosphere Clubs, Inc.*, "the purpose of § 157(d) is to assure that an Article III judge decides issues

4  calling for more than a routine application of statutes outside the Bankruptcy Code." 1990 WL 5203,

5  *5, (S.D.N.Y. Jan. 24, 1990).

6      Mandatory withdrawal is warranted here. Resolving Count IV of the Amended Complaint will

7  require substantial and material consideration of federal non-bankruptcy law relating to the scope of a

8  federal district court's jurisdiction and powers in an equity receivership proceeding – in the context of a

9  law enforcement action under the FTC Act – over property of the receivership estate. The appointment

10  of an equity receiver in an FTC law enforcement action is authorized by the broad grant of equitable

11  power granted to district courts under section 13(b) of the FTC Act. 15 U.S.C. § 53(b). *FTC v.*

12  *American Nat'l Cellular, Inc.*, 810 F.2d 1511, 1514 (9th Cir. 1987), *citing FTC v. H.N. Singer, Inc.*, 668

13  F.2d 1107, 113 (9th Cir. 1982) (the authority granted under 13(b) is not limited to the power to issue an

14  injunction, but includes the "authority to grant any ancillary relief necessary to accomplish complete

15  justice"). Moreover, as the Ninth Circuit has recognized, "[t]he Supreme Court has repeatedly

16  emphasized the broad equitable powers of federal courts to shape equitable remedies to the necessities

17  of particular cases, especially where a federal agency" – such as the FTC – "seeks enforcement in the

18  public interest." *SEC v. Wencke*, 622 F.2d 1363, 1371 (9th Cir. 1980).

19      The jurisdiction and power of a federal district court over ancillary equity receivership

20  proceedings is governed by, *inter alia*, 28 U.S.C. § 754, which establishes nationwide *in rem*

21  jurisdiction over receivership property in district courts.[7] In relevant part, § 754 provides that "[a]

22  receiver appointed in any civil action or proceeding involving property, real, personal or mixed,

23  situated in different districts shall, upon giving bond as required by the court, be vested with complete

24

25

26

27      [7]Fed.R.Civ.P. Rule 66 authorizes district courts to appoint receivers and administer
receivership estates in accordance with prior practices and procedures followed by federal

28  courts.

15

**FTC Exh A**

1    jurisdiction and control of all such property with the right to take possession thereof." *See SEC v.*

2    *American Capital Investments, Inc.,* 98 F.3d 1133, 1142- 45 (9th Cir. 1996) (district-court appointed

3    receiver, acting as an officer of the court, is vested with complete jurisdiction and control over

4    receivership property under § 754).

5         The cause of action alleged by Integretel in Count IV of the Amended Complaint is inextricably

6    intertwined with the equity receivership proceeding in the Commission's Enforcement Action under the

7    FTC Act.  It cannot be resolved without substantial and material consideration of these applicable non-

8    bankruptcy laws.

9         Integretel's alleged cause of action raises significant questions and unusual complexities

10   regarding the effect of a district court's exercise of its jurisdiction and powers over receivership

11   property nominally held by an entity that subsequently files for bankruptcy, as occurred here, on a

12   bankruptcy court's more limited jurisdiction and power over property of the debtor's bankruptcy estate

13   created subsequently, "as of the commencement of" the bankruptcy case.  *See* 11 U.S.C. § 541(a), 28

14   U.S.C. § 1334(e)(1).  Indeed, in its appeal of the Florida District Court's Orders to the Eleventh Circuit,

15   Integretel stated in its opening brief:  "[T]his case raises important questions about the scope of a

16   district court's equity powers in the context of receivership proceedings ancillary to a governmental

17   enforcement action."  Integretel further stated:  "[I]ssues relevant to some of the orders on appeal from

18   are also being litigated in the bankruptcy court," which also "raises unusual complexities."  (FTCX 25

19   at .pdf p. 2, Statement Regarding Oral Argument).

20        While the Commission of course disagrees with Integretel on the merits, Integretel will most

21   likely argue in this proceeding that the bankruptcy court is free to ignore the Florida District Court's

22   orders because those orders were somehow negated by Integretel's subsequent Chapter 11 filing, and

23   that the Florida District Court did not or could not have decided the issue of whether the Receiver or

24   FTC have any interest in funds held by Integretel because it lacked jurisdiction to do so.  Resolving

25   Count IV of the Amended Complaint will therefore require more than a routine or straightforward

26   application of any statutory language or case law.  It will require "significant interpretation of federal

16

1  laws that Congress would have intended to have decided by a district judge rather than a bankruptcy

2  judge." *In re 3dfx Interactive* Inc., 2005 WL 1074407, * 3 (N.D. Cal. May 6, 2005).  This is precisely

3  the type of proceeding for which the mandatory withdrawal requirement was enacted.  Accordingly,

4  pursuant to 28 U.S.C. § 157(d), the Court must withdraw the reference.

5

6                                      **V.  CONCLUSION**

7          Pursuant to 28 U.S.C. § 157(d), the Commission requests that the Court exercise its discretion

8  under § 157(d) to withdraw the reference of Count IV of the Amended Complaint for cause in the

9  interests of judicial economy and to avoid inconsistent rulings by the multiple courts where

10  overlapping facts and issues have been or are already being litigated.  Alternatively, the Commission

11  respectfully submits that withdrawal under § 157(d) is mandatory because the proceeding cannot be

12  resolved without substantial and material consideration of federal non-bankruptcy law related to the

13  jurisdiction and power of a federal district court in an equity receivership proceeding, in the context of

14  a law enforcement action under the FTC Act.

15

16

17                                      Respectfully submitted,

18                                      WILLIAM BLUMENTHAL

19                                      General Counsel

20

21  Dated: January 11, 2008            /s/ Michael P. Mora

22                                      MICHAEL P. MORA
                                        JULIE A. MACK
23                                      Attorneys - Division of Enforcement
                                        Bureau of Consumer Protection
24                                      Federal Trade Commission
                                        600 Pennsylvania Ave. NW, Room NJ-2122
25                                      Washington, DC  20580
                                        Telephone:  (202) 326-3373, - 2312
26                                      Facsimile:   (202) 326-2558
                                        Email: mmora@ftc.gov; jmack@ftc.gov
27
                                        ATTORNEYS FOR FEDERAL TRADE COMMISSION
28

                                        17

FTC Exh A